# Exhibit A

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM    INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/11/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P. | Index No.: |
| Plaintiff, | |
| -against- | **SUMMONS** |
| SPORT-BLX, INC., GLASSBRIDGE ENTERPRISES, INC., GEORGE HALL AND JOSEPH DEPERIO, | Venue is proper pursuant to §503 New York Civil Practice Law and Rules |
| Defendants. | |

TO THE ABOVE NAME DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action (the "Complaint") and to serve a copy of your response, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: January 11, 2022
       New York, New York

                                         FOX ROTHSCHILD LLP

                              By:    /s/ Marc J. Gross
                                     Marc J. Gross, Esq.
                                     101 Park Ave, 17th Floor
                                     New York, New York 10178
                                     (212) 878-7900

                                     *Attorneys for Plaintiff Cypress
                                     Holdings III, L.P.*

129467087.1

Defendants' Addresses:

SPORT-BLX, INC.
510 Madison Avenue, 9th Floor
New York, New York 10022

GLASSBRIDGE, ENTERPRISES, INC.
411 East 57th Street, Suite 1-A
New York, New York 10022

GEORGE HALL
80 W. River Road
Rumson, NJ 07760

JOSEPH DEPERIO
229 W 60th Street, Apt. 4S
New York, NY 10023

2

129467087.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM          INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM          RECEIVED NYSCEF: 01/27/2022

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/11/2022

**SUPREME COURT OF NEW YORK**
**COUNTY OF NEW YORK**

---

CYPRESS HOLDINGS, III, L.P.

        Plaintiff,

    v.

SPORT-BLX, INC., GLASSBRIDGE
ENTERPRISES, INC., GEORGE HALL
AND JOSEPH DEPERIO,

        Defendants.

---

Index No.

## COMPLAINT

Plaintiff Cypress Holdings, III, L.P. ("Cypress"), by way of Complaint against Defendants

Sport-BLX, Inc., GlassBridge, Enterprises, Inc., George Hall and Joseph DePerio, (collectively,

"Defendants"), alleges as follows.

## THE PARTIES

1.      Cypress is a Delaware limited partnership, having a principle place of business

located at 494 Sycamore Avenue, Shrewsbury, New Jersey.

2.      Defendant Sport-BLX, Inc. ("Sport-BLX") is a Delaware corporation, having its

principle place of business at 510 Madison Avenue, 9th Floor, New York, New York, 10022.

3.      Defendant GlassBridge Enterprises, Inc. ("GlassBridge") is, a Delaware

corporation, having its principle offices located at 411 East 57th Street, Suite 1-A, New York, New

York, 10022.

4.      Defendant George Hall ("Hall") is the executive chairman and CEO of Sport-BLX,

Inc. and is or was the beneficial holder of approximately 31.1% of the outstanding common stock

of GlassBridge.

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 650179/2022
RECEIVED NYSCEF: 01/27/2022
RECEIVED NYSCEF: 01/11/2022

5. Defendant Joseph DePerio ("DePerio") is the president of Sport-BLX and is a member of the Board of Directors of GlassBridge, owning approximately 2.47% of the outstanding common stock of that entity.

## FACTUAL ALLEGATIONS

6. Sport-BLX was formulated by Hall and DePerio (collectively, the "Founders") in an effort to create a "new economy" in sports. Towards this end, the Founders seek to "tokenize" sport assets, such as racehorses and professional athletes, dividing such assets into tradeable, fungible units to be purchased and traded by fans and investors.

7. In this regard, the stated mission of Sport-BLX is to create a block chain platform to improve the dynamics of investing in sport assets.

8. Prior to Cypress making an investment in Sport-BLX, Hall and DePerio individually, and on behalf of Sport-BLX, made a number of written promises to Cypress – sent to Cypress at its business address in New Jersey - concerning the business model of Sport BLX, and the Founders further expressed their present intention for the use of funds invested by Cypress.

9. At the time that the Founders sought to induce Cypress to invest in Sport-BLX, the Founders owned and controlled the majority of the outstanding shares.

10. In connection with their solicitation of Cypress to provide funding to Sport-BLX through an investment in its common stock, the Founders made clear to Cypress that the Sport-BLX platform would improve the dynamics of investing in sport assets through lower minimums, lower fees and greater transparency.

11. So as to induce Cypress' investment, the Founders provided their business plan and represented their present intention to utilize a Cypress investment so as to be able to present a successful proof of concept.

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/11/2022

12.     In this regard, the Founders represented their present intention that all of the proceeds raised through their first "founders' round" of financing will be used solely for technology development, associated legal expenses and marketing.

13.     The Founders also provided Cypress with a road map of their marketplace launch for Sport-BLX, setting forth an April 2019 launch followed by a marketing blitz and growth and scaling in June of 2019.

14.     Moreover, the Founders made clear to Cypress that they had a present intention to pursue a sport asset investment fund (the "Fund"), memorialized the Fund's advantageous affiliation with Sport-BLX, where Sport-BLX would serve as the Fund Manager, and from which they represented, Sport-BLX would receive a revenue stream.

15.     There is no doubt, that in connection with their sales strategy of Sport-BLX stock and in the representations made to induce Cypress' investment, the Founders utilized sharp practices.   Indeed, in an effort to elevate a perception of exclusivity, Hall and/or DePerio affirmatively represented to Cypress' managing partner that an investment in Sport-BLX was not for everyone, and that they were focused on finding "strategic investors", who would assist with the Sport-BLX launch.

16.     On February 28, 2019, based upon the information it received from the Founders and Sport-BLX, including the foregoing representations, Cypress on the one hand, and Sport-BLX, Hall and DePerio on the other, entered into several agreements concerning the purchase by Cypress of certain shares of common stock in Sport-BLX.

17.     Towards this end, the terms of a written Common Stock Purchase Agreement set forth Cypress' purchase of 5,263 shares of common stock in Sport-BLX at a price of $95 per share (the "Founder Agreement").

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM    INDEX NO. 650179/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/11/2022

18.     Additionally, there was another Common Stock Purchase Agreement, also entered on February 28, 2019, setting forth Cypress' purchase of an additional 2,497 shares of Sport-BLX common stock at a price of $200.18 per share (the "Second Agreement").

19.     Neither the Founder Agreement, nor the Second Agreement constituted the entire agreement between the parties with respect to Cypress' purchase of shares in Sport-BLX.  Indeed, Cypress, Sport-BLX, the Founders also executed, on February 28, 2019, another agreement (the "Agreement") governing certain other terms in the parties' arrangement with respect to the sale of Sport-BLX shares to Cypress.

20.     In the Agreement, Sport-BLX and the Founders represented that as long as Cypress continued to hold in the aggregate at least 2.5% of the capital stock of Sport-BLX, the Founders agreed to vote their capital stock in Sport-BLX in favor of a Cypress representative being elected to the Board of Directors.  This covenant in the Agreement was a material provision and a critical piece in Cypress' willingness to invest in Sport-BLX.  Indeed, having a "seat at the table" and being a part of the Sport-BLX governing body through a guaranteed Board Seat was a material inducement for Cypress' investment.  The Agreement also contained anti-dilution protection, among other material provisions, concerning Cypress' purchase of Sport-BLX stock.

21.     Unfortunately, the representations and promises made by Hall and DePerio turned out to be knowingly false when made.

22.     In fact, despite their representations that the proceeds raised through a sale of shares would be used solely for technology development, associated legal expenses and marketing, the Founders caused Sport-BLX to utilize such funds for operating expenses, excessive rent for office space and overhead.

4

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM        INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM        INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/11/2022

23.     In this regard, apparently Sport-BLX had entered into a lease for certain commercial office space, expending approximately $500,000 per annum for occupancy for less than five employees.

24.     Cypress raised the high rent as an issue in connection with its duty as a board member, advising that the rental rate seemed excessively high, and it expressed that the arrangement with Sport-BLX's landlord was also suspect. Indeed, the landlord was an entity, Clinton Group, Inc. ("Clinton Group"), to which the Founders owned a 100% equity interest.

25.     Thus, the arrangement between Sport-BLX and its landlord seemed to be a sweetheart deal to siphon money out of Sport-BLX and into the coffers of the Founders.

26.     Moreover, as further evidence of the suspect nature of the "lease arrangement", although the Founders unilaterally determined to utilize investors' monies to support the excessive rent, at no time had Hall or DePerio provided a copy of the written lease to any other Board Member, including Cypress, despite repeated demand.

27.     By causing a diversion of capital to ordinary overhead, the Founders prevented Sport-BLX from pursuing its business plan or mission statement and handicapped it from obtaining revenue or raising additional capital.

28.     Further, although the Founders had made certain promises and representations concerning the Fund and its affiliation with Sport-BLX, Hall advised Cypress, only after receipt of Cypress' $1.0 million investment, that the Fund was unrelated to Sport-BLX and would not be a source of revenue.

29.     Surprisingly, by late fall of 2019 and without ever advising or involving Cypress of "changes", Hall advised for the first time that Sports-BLX had become a technology company, looking to get contracts to provide technology services to anyone it can. Towards this end, Hall

5

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM

INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/11/2022

admitted on at least one occasion that the Sport-BLX business plan changed, that it is not clear that its business concept will work and that he does not know if there will be "proof of concept".

30.     There is no question that Cypress objected to the manner in which the Founders had utilized Cypress' investment proceeds and the way in which the Founders had managed the business of Sport-BLX.

31.     In an effort to silence Cypress as an objector, and remove it as a Board Member, the Founders constructed a subterfuge, where they divested themselves as shareholders in Sport-BLX and arranged a sale of their ownership interests to a related entity, GlassBridge (the "GlassBridge Transfer") so as to avoid their obligation under the Agreement to vote in favor of Cypress as a Board Member.

32.     With the Founders no longer directly owning a controlling interest in Sport-BLX, they utilized their positions as owners and officers of GlassBridge to cause GlassBridge to vote its newly acquired 50.7% controlling shares in Sport-BLX in a manner so as to remove Cypress as a Board Member of Sport-BLX.  Thus, the Founders, in bad faith, were able to circumvent their obligations to Cypress under the Agreement to vote in favor of Cypress as a Board Member.

33.     On or about December 9, 2019, and immediately prior to the GlassBridge Transaction, the Founders offered to purchase the Cypress shares at a drastically undervalued sum, which they had represented to Cypress was the then fair price.  Naturally, under the circumstances of the offer, Cypress declined a sale of its shares.

34.     On that same date, Hall made an affirmative representation that he would not discuss a sale of his shares, acknowledging that a sale of his shares does not help the company or raise capital for the company.

6

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM       INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 01/27/2022
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM       INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/11/2022

35.     On December 12, 2019, and one day prior to the requisite shareholder of record date of December 13, 2019, by which an investor must be a Shareholder to vote in the election of the Board, the Founders arranged for the sale of their shares to GlassBridge and completed the GlassBridge Transfer at a value at or about $355.00 per share, far in excess of their value representation to Cypress.

36.     After Hall and DePerio completed the GlassBridge Transfer, they caused GlassBridge to formulate other entities, affiliated with GlassBridge and bearing, in some part, the Sport-BLX name, and utilizing the Sport-BLX goodwill and intellectual property to pursue the original investment opportunities pitched to Cypress.

37.     In this regard, rather than pursuing the Sport-BLX business as it had previously been defined, GlassBridge utilized its now controlling interest in Sport-BLX to cause Sport-BLX to forgo its original stated mission and purpose. Indeed, GlassBridge, and not Sport-BLX, is now pursuing the tokenized concept regarding the sale and exchange of "sport assets" for fans and investors through other entities bearing the Sport-BLX name, but where such entities are owned and/or controlled by GlassBridge and not Sport-BLX.

38.     More recently, on December 30, 2021 GlassBridge divested itself of all of its Sport-BLX stock through a sale of that stock back to the Founders through an entity to which the Founders control.

39.     This recent sale back to the Founders essentially enabled the Founders to void the GlassBridge transfer, but also occurred at a price significantly lower than the price per share upon which the GlassBridge transfer was based, resulting in a substantial windfall to the Founders through their manipulation of the sale price.

7

128422600.I

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM
INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM
RECEIVED NYSCEF: 01/27/2022
INDEX NO. 650179/2022

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/11/2022

40.    Unquestionably, the Founders, Sport-BLX and GlassBridge have acted unlawfully to deprive Cypress of the fruits and the intended benefits of its investment in Sport-BLX. As a direct and proximate result of the foregoing, Cypress has been deprived in its entirety of the benefit of its bargain with Sport-BLX and the Founders, and brings this action to obtain injunctive and monetary relief.

## COUNT ONE
### (Securities Exchange Act of 1934 Section 10b and Rule 10b-5 Manipulation Violations)

41.    Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

42.    During the relevant times set forth above, Defendants created an artificial market for the shares of Sport-BLX by engaging in a variety of fraudulent and deceptive tactics including, among other things: (a) threatening to increase the supply of Sport-BLX stock; (b) depressing demand for the stock; or (c) setting artificial price levels for Sport-BLX stock. These acts included, among other things:   (i) acquiring substantial control of the supply of Sport-BLX stock; (ii) diverting investment proceeds received from Cypress; (iii) upon information and belief, leaking confidential non-public information to a limited group of possible purchasers offering to purchase Cypress shares; (iv) selling the Founders' shares to GlassBridge at above market prices; (v) establishing price domination; and (vi) engaging in trading collusion among themselves and/or among entities they influence and/or control.

43.    Defendants knowingly or recklessly employed the above-mentioned manipulative and deceptive devices, scheme or artifices to defraud Plaintiff in connection with the purchase and sale of Sport-BLX securities, in violation of Exchange Act Section 10(b) and Rule 10b-5 (the

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM

INDEX NO. 650179/2022

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

INDEX NO. 650179/2022

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/11/2022

"Act") and/or engaged in an act, practice or course of business which operated as a fraud or deceit in violation of the Act.

44.     Defendants' manipulative and deceptive devices and practices involved devising a scheme whereby Defendants and their related entities would profit from an increase or decrease in Sport-BLX share price, that Defendants themselves orchestrated and controlled behind the scenes.

45.     Defendants acted with scienter, as each Defendant has the motive and opportunity to engage in this scheme, because of their domination and control over Sport-BLX.

46.     This unlawful conduct was undertaken in connection with the purchase and sale of Sport-BLX securities.  The leakage, upon information and belief, of confidential non-public information in an effort to manipulate Sport-BLX's stock price and for Defendants' gain was part of a fraudulent scheme designed to earn Defendants and their related entities profit through the sale or purchase of Sport-BLX stock.  The pre-disposal acts, material misrepresentations and omissions complained of herein induced Cypress to purchase Sport-BLX stock and Defendants' fraudulent scheme fundamentally changed the nature of Cypress' investment without its consent.

47.     By reason of the foregoing, Defendants' fraudulent acts, statements and omissions directly impacted Cypress and were the proximate cause of harm to Cypress.

48.     By virtue of the foregoing, Defendants violated Exchange Act Section 10(b) and Rule 10b-5, as a direct and proximate result of Defendants' wrongful conduct, Cypress has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against George Hall, Joseph DePerio and Sport-BLX, Inc., jointly and severally, and provide the following relief:

a) Compensatory damages, incidental damages, and consequential damages;

9

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM          INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM          INDEX NO. 650179/2022

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/11/2022

b) Costs, interest, and reasonable attorneys' fees,

c) Prejudgment and post-judgment interest; and

d) Such other relief as the Court deems just and equitable.

### COUNT TWO
**(Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), N.J.S.A. § 2C:41-2 as to all Defendants)**

49.     Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of t his Complaint as though they are set forth at length herein.

50.     Each Defendant acted with the knowledge and intent required to violate the statutes identified as racketeering activity, and/or were willfully blind or deliberately ignorant of the falsity of the information that they conveyed to Cypress.

51.     Defendants violated the New Jersey Civil RICO statute by committing or conspiring amongst themselves and others to commit a pattern of racketeering activity.

**A.     The Enterprise.**

52.     Defendants have committed a pattern of racketeering activity through their agreement to participate in and actual participation in an Association-in-Fact Enterprise comprised of the Defendants (the "GlassBridge Association-in-Fact Enterprise"), so that the Defendants could mislead Cypress and commit several, separate acts of fraud.

53.     Each of the Defendants played discrete and well-defined roles in their carefully planned, highly organized scheme to mislead and defraud Cypress.

54.     The Defendants shared the common purpose of obtaining pecuniary gain, in connection with their fraud and misrepresentations to Cypress.

55.     At all relevant times, the Defendants were and remain engaged in trade or commerce in activities affecting trade or commerce in connection with the sale of stock.

10

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM
NYSCEF DOC. NO. 2

INDEX NO. 650179/2022
RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 650179/2022
RECEIVED NYSCEF: 01/11/2022

56.       Defendants are an enterprise within the meaning of N.J.S.A. 2C:41-1(c).

**B.       The Pattern of Racketeering Activity.**

57.       The Defendants engaged in a pattern of racketeering activity consisting of two or more separate and distinct acts of racketeering activity including, but not limited to: (i) fraudulently inducing Cypress to enter into the Founders Agreement; (ii) fraudulently inducing Cypress to enter into the Second Agreement, (iii) fraudulently inducing Cypress to enter the Agreement; (iv) fraudulently concealing information or making material misrepresentations during Cypress' due diligence; and (v) structuring a transaction designed to fraudulently induce and "dupe" Cypress into assuming a role on the Sport-BLX Board, only to remove him unlawfully.

58.       Defendants committed this pattern of racketeering activity during at least 2018 to 2021 and beyond, and in connection with, but not limited to, the sale of stock in Sport-BLX. The acts of racketeering include, but are not limited to, those set forth below:

**1.       Theft by Deception (N.J.S.A. 2C:20-4)**

59.       On two or more occasions, Defendants purposefully committed, attempted to commit, solicited another to commit, conspired to commit, or engaged in acts involving theft by deception by obtaining the assets of another by deceitful means and artful practices with the intention of depriving Cypress of its assets.

60.       As alleged in detail above, Defendants repeatedly used false and misleading information to induce Cypress to enter into the Founders Agreement, the Second Agreement and the Agreement and, among other actions, expend significant money. By this conduct, Defendants created or reinforced Cypress' false impression of existing facts, including facts related and directly relevant to the value of its investment, which Defendants knew or believed to be false, in violation of N.J.S.A. 2C:20-4(a).

11

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/11/2022

61.     Defendants also prevented Cypress from acquiring information pertinent to entering into the Founders Agreement, the Second Agreement and the Agreement and discharging its duty as a Board Member, including information that would have contradicted the false representations of the Defendants, in violation of N.J.S.A. 2C:20-4(b).

62.     By failing to amend the materially false and misleading information provided to Cypress and/or notify Cypress of the true information concerning their business plan and intentions for Sport-BLX. Defendants also failed to correct a false impression, which allowed Defendants to hide their enterprise from discovery by Cypress. Defendants' failure to correct the false impression they created or reinforced in their conversations was in violation of N.J.S.A. 2C:20-4(c).

63.     Defendants' repeated and related violations of N.J.S.A. 2C:20-4(a), -4(b), and -4(c) constitute racketeering activity pursuant to N.J.S.A. 2C:41-1(a)(n).

**2.    Deceptive Business Practices (N.J.S.A. 2C:21-7)**

64.     On two or more occasions, Defendants committed, attempted to commit, solicited another to commit, conspired to commit, or engaged in intentional acts involving deceptive business practices.

65.     As alleged in detail above, Defendants, in the course of their business, made false or misleading statements for the purpose of defrauding Cypress or omitted material information required by law to be disclosed to Cypress.

66.     Defendants knew that the information they were provided to Cypress included untrue statements of fact or material omissions.

67.     Defendants made these misrepresentations and omissions for the purpose of obtaining assets from Cypress for their own pecuniary gain.

12

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM          INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 01/27/2022
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM          INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/11/2022

68.     Defendants' violations of N.J.S.A. 2C:21-7(h) constitute racketeering activity pursuant to N.J.S.A. 2C:41-1(a)(o).

**C.      Relatedness of the Acts of Racketeering Activity.**

69.     The incidents of racketeering activity committed by the Defendants had, among other things, the same or similar intents, results, victims, and methods of commission.

70.     The acts of racketeering activity committed by Defendants relating to the sale of shares to Cypress, affected Cypress and other unrelated shareholders of Sport-BLX.

71.     The acts of racketeering by the Defendants have the same or similar intents in that they sought to obtain assets, including but not limited to Cypress' money, through illegal means.

72.     The acts of racketeering activity committed by Defendants have the same or similar results, in that Defendants actually obtained assets, including, but not limited to Cypress' money, through illegal means.

73.     The acts of racketeering activity committed by Defendants have the same victims: Cypress.

74.     The methods by which Defendants committed the incidents of racketeering were the same or similar, including inducing Cypress to pay $1.0 million in connection with and be bound by the Founders Agreement, the Second Agreement and the Agreement.

75.     The acts of racketeering committed by the Defendants serving as members of an enterprise are interrelated by distinguishing characteristics and are not isolated incidents. The acts involve the same or similar methods of commission, the same or similar types of misrepresentations or omissions, the same or similar benefits to Defendants, the same or similar injuries to Cypress, and the same or similar efforts by Defendants' to conceal their misconduct.

13

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM        INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM        INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/11/2022

### D.   Defendants' Violations of the RICO Statute.

76.    Defendants violated N.J.S.A. 2C:41-2(c) by associating with an enterprise and conducting or participating, indirectly or indirectly, in that enterprise through a pattern of racketeering activity

77.    Defendants also violated N.J.S.A. 2C:41-2(d) by conspiring with each other to violate N.J.S.A. 2C:41-2(c).

78.    In furtherance of that conspiracy, Defendants committed overt acts that include but are not limited to the racketeering activity alleged above.

### E.   Proximate Cause of Injury to Cypress by Defendants' RICO Violations.

79.    Defendants' behavior directly targeted Cypress, which entered into the Founders Agreement, the Second Agreement and the Agreement based upon the false and fraudulent representations and omissions by Defendants.  As a result, Cypress expended significant sums of money, time, and resources.  Defendants' misrepresentations and omissions have adversely affected Cypress.  As a result, Cypress' injuries flow directly from acts of racketeering activity committed by Defendants that constitute part of the pattern of racketeering activity.

80.    Cypress has been injured by reason of these violations of N.J.S.A. 2C:41-2 and is entitled to recover three times the actual damages it has sustained pursuant to N.J.S.A. 2C:41-4(c).

81.    Pursuant to N.J.S.A. 2C:41-4(c), Cypress is also entitled to recover its attorneys' fees in the trial and appellate courts, and its costs of investigation and litigation reasonably incurred.

82.    Pursuant to N.J.S.A. 2C:41-4(a), Cypress  is also entitled to such other and further relief that this Court may deem just and proper, including, but not limited to, the dissolution or reorganization of Defendants' RICO enterprise, the denial, suspension, or revocation of

14

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM

INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/11/2022

Defendants' licenses to do business; and any and all appropriate cease and desist orders necessary to discontinue Defendants' acts or conduct.

**WHEREFORE,** Cypress respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio, Sport-BLX, Inc. and GlassBridge, jointly and severally, and provide the following relief:

a) Treble damages;

b) Compensatory damages, incidental damages, and consequential damages;

c) Punitive damages;

d) Costs, interest, and reasonable attorneys' fees;

e) Prejudgment and post-judgment interest; and

f) Such other relief as the Court deems just and equitable.

## <u>COUNT THREE</u>
### (Racketeering (18 U.S.C. §1962(c)) Against All Defendants)

83. Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

84. Cypress is, and at all relevant times has been, a "person" within the meaning of 18 U.S.C. §§1961(3) and 1962(c).

85. The GlassBridge Association-In-Fact Enterprise was at all relevant times an association-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

86. The purpose of the GlassBridge Association-in-Fact Enterprise was to divert Cypress' assets to the Defendants through a fraudulent inducement to purchase shares of stock in Sport-BLX.

87. There was an ongoing structure and relationships among the entities comprising the GlassBridge Association-in-Fact Enterprise. GlassBridge, Hall and/or DePerio owned and/or

15

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM    INDEX NO. 650179/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/27/2022

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 01/11/2022

controlled Sport-BLX and used it as an instrumentality to commit fraud and thereby generate funds that were funneled through to the Defendants.

88.    The GlassBridge Association-in-Fact Enterprise at all relevant times engaged in, or conducted activities which affected, interstate of foreign commerce.

89.    Defendants were each associated with GlassBridge Association-in-Fact Enterprise, within the meaning of 18 U.S.C. § 1962(c), as a senior officer, director, or major investor in GlassBridge, Sport-BLX and their successors.

90.    Defendants each conducted or participated, directly or indirectly, in the conduct of the affairs of the GlassBridge Association-in-Fact Enterprise through a pattern of racketeering activity, within the meaning of 18 U.S.C. §§ 1961(5) and 1962(c), consisting of mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343.

91.    The aforementioned racketeering activity was intended to and did further a scheme Defendants devised to defraud and obtain money by means of false and fraudulent pretenses, wherein members of the GlassBridge Association-in-Fact Enterprise induced Cypress to purchase shares of stock in Sport-BLX.

92.    Defendants, upon information and belief, during the period extending from at least 2018 into 2019, for the purpose of executing or attempting to execute the aforementioned scheme to defraud and obtain money by means of false and fraudulent pretenses, caused knowingly false and misleading information to be sent across state lines by commercial interstate carrier.  Each shipment constituted a violation of the federal mail fraud statute, 18 U.S.C. § 1343.

93.    Defendants, on occasions during the period extending from at least 2018 into 2019, for the purpose of executing or attempting to execute the aforementioned scheme to defraud and obtain money by means of false and fraudulent pretenses, caused the transmission of knowingly

16

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM    RECEIVED NYSCEF: 01/27/2022
NYSCEF DOC. NO. 1    INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/11/2022

false and misleading information to be sent by means of wire communication in interstate or foreign commerce. Each such transmission constituted a violation of the federal mail fraud statute, 18 U.S.C. § 1343.

94.     The conduct of Defendants' scheme was continuous, escalating, and of substantial duration. Further, Defendants' scheme had no finite end and, on information and belief, targeted multiple victims. Each Defendant's last racketeering activity occurred after the effective date of 18 U.S.C. § 1961, et. seq., and each Defendant's last racketeering act occurred within 10 years after the commission of a prior act of racketeering activity.

95.     Cypress suffered and continues to suffer irreparable harm and damages as a direct and proximate result of Defendants' above-described violation of 18 U.S.C. § 1962(c), including, but not limited to, the loss of the value of its investment in Sport-BLX, the loss of its Board seat and costs incurred in detecting and investigating Defendants' racketeering activity and fraud.

96.     Pursuant to 18 U.S.C. § 1964(c), Cypress is entitled to recover treble its compensatory damages, plus interest, costs and attorneys' fees.

**WHEREFORE**, Cypress respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio, Sport-BLX, Inc. and GlassBridge, jointly and severally, and provide the following relief:

a)     Treble damages;

b)     Compensatory damages, incidental damages, and consequential damages;

c)     Punitive damages;

d)     Costs, interest, and reasonable attorneys' fees;

e)     Prejudgment and post-judgment interest; and

f)     Such other relief as the Court deems just and equitable.

17

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM
INDEX NO. 650179/2022
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 01/27/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM
INDEX NO. 650179/2022
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/11/2022

## COUNT FOUR
### (Racketeering Conspiracy (18 U.S.C. § 1962(d)) Against All Defendants)

97.     Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

98.     During the period from in or about 2018, Defendants violated the provisions of 18 U.S.C. § 1962(d) by conspiring to violate the provisions 18 U.S.C. § 1962(c); to wit, Defendants each knowingly agreed that they and/or others would conduct and/or facilitate conducting the affairs of the GlassBridge Association-in-Fact Enterprise through the above-described pattern of racketeering activity consisting of instances of mail fraud, in violation of 18 U.S.C. § 1343, and wire fraud, in violation of 18 U.S.C. § 1341.

99.     Cypress suffered and continues to suffer irreparable harm and damages as a direct and proximate result of Defendants' above-described violation of 18 U.S.C. § 1962(d), including, but not limited to the loss of value in its shares of Sport-BLX, the loss of its Board seat, together with the costs incurred in detecting and investigating Defendants' racketeering activity and fraud.

100.    Pursuant to 18 U.S.C. § 1964(c), Cypress is entitled to recover treble its compensatory damages, plus interest, costs and attorneys' fees.

**WHEREFORE,** Cypress respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio, Sport-BLX, Inc. and GlassBridge, jointly and severally, and provide the following relief:

a)     Treble damages;

b)     Compensatory damages, incidental damages, and consequential damages;

c)     Punitive damages;

d)     Costs, interest, and reasonable attorneys' fees;

e)     Prejudgment and post-judgment interest; and

18

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM

INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

RECEIVED NYSCEF: 01/27/2022
INDEX NO. 650179/2022

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/11/2022

f)       Such other relief as the Court deems just and equitable.

## COUNT FIVE
### (Breach of the Covenant of Good Faith and Fair Dealing)

101.    Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

102.    As a party to a contractual relationship, the Founders and Sport-BLX owed Cypress an implied duty of good faith and fair dealing.

103.    The implied duty of good faith and fair dealing provides that each party to a contractual relationship will not do anything that will deprive the other parties of the benefits of their bargain, and a breach of this duty gives rise to an action for damages.

104.    The Founders and Sport-BLX precluded Cypress from realizing the full benefit of its bargain under the Founders Agreement, the Second Agreement and the Agreement by engaging in the GlassBridge Transfer so as to circumvent, in bad faith, the requirement in the Agreement that requires the Founders to vote in favor of Cypress for it to hold a Sport-BLX Board Seat, and by otherwise utilizing GlassBridge to pursue Sport-BLX business opportunities.

105.    As a result of the Founders' and Sport-BLX's breach of the implied covenant of good faith and fair dealing, Cypress has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against George Hall, Joseph DePerio and Sport-BLX, Inc., jointly and severally and provide the following relief:

a)  Compensatory damages, incidental damages, and consequential damages;

b)  Costs, interest, and reasonable attorneys' fees,

c)  Prejudgment and post-judgment interest; and

19

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 650179/2022

RECEIVED NYSCEF: 01/11/2022

d)  Such other relief as the Court deems just and equitable.

### COUNT SIX
### (Fraud in the Inducement)

106.    Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

107.    The Founders and Sport-BLX willfully, intentionally, and maliciously deceived and defrauded Cypress.

108.    With full knowledge of the falsity of their representations when made, among other material misrepresentations and omissions, the Founders and Sport-BLX purposefully and intentionally made misrepresentations to Cypress concerning the use of Cypress' investment proceeds and misrepresentations concerning the Fund.

109.    At the time that they made those misrepresentations and omissions, the Founders and Sport-BLX actually knew that they were intentionally misstating relevant information that was of vital importance to Cypress in connection with its decision to enter into the Founders Agreement, the Second Agreement and the Agreement.

110.    The omissions and representations made by the Founders and Sport-BLX are separate and apart from the Founders' and Sport-BLX's obligations under the Founders Agreement, the Second Agreement and the Agreement, in that they do not relate to any duty of the Founders and Sport-BLX under the Founders Agreement, the Second Agreement and the Agreement and relate solely to the Founders' and Sport-BLX's attempts to induce Cypress to enter into the Founders Agreement, the Second Agreement and the Agreement.

111.    The Founders and Sport-BLX intended for Cypress to rely upon those misrepresentations and omissions, as a means by which to deceptively and fraudulently induce Cypress to purchase shares of stock in Sport-BLX and enter into the Founders Agreement, the

20

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM    INDEX NO. 650179/2022
RECEIVED NYSCEF: 01/27/2022

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 01/11/2022

NYSCEF DOC. NO. 1

Second Agreement and the Agreement, and as a result of the Founders' and Sport-BLX's misrepresentations and omissions, Cypress entered into the various agreements and invested approximately $1.0 million in Sport-BLX.

112.   Absent the material misrepresentations and omissions, Cypress would never have entered into the Founders Agreement, the Second Agreement and the Agreement, or purchased any shares in Sport-BLX.

113.   As a direct and proximate result of Founders' and Sport-BLX's misrepresentations and omissions, Cypress has suffered damages.

114.   Founders' and Sport-BLX's conduct was malicious, intentional and outrageous and warrants the imposition of punitive damages.

**WHEREFORE**, Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against George Hall, Joseph DePerio and Sport-BLX, Inc., jointly and severally and provide the following relief:

a)   Punitive damages;

b)   Compensatory damages, incidental damages, and consequential damages;

c)   Rescission;

e)   Costs, interest, and reasonable attorneys' fees;

e)   Prejudgment and post-judgment interest; and

f)   Such other relief as the Court deems just and equitable.

<u>**COUNT SEVEN**</u>
**(Negligent Misrepresentation)**

115.   Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

21

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 650179/2022
INDEX NO. 650179/2022
RECEIVED NYSCEF: 01/27/2022
RECEIVED NYSCEF: 01/11/2022

116.    The Founders and Sport-BLX negligently or carelessly, made, or permitted, or participated in the making of misrepresentations and/or omissions of material fact to Cypress, *to wit*, information relating Cypress' investment in Sport-BLX as aforesaid.

117.    The Founders and Sport-BLX knew that Cypress would rely upon the accuracy and truth of the representations and/or omissions of material fact made by the Founders and Sport-BLX.

118.    As a direct, proximate and reasonably foreseeable result of the misrepresentations and/or omissions of material fact of the Founders and Sport-BLX, Cypress has suffered and continues to suffer damages.

**WHEREFORE**, Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against Founders and Sport-BLX, jointly and severally, and provide the following relief:

a)    Compensatory damages, incidental damages, and consequential damages;

b)    Costs, interest, and reasonable attorneys' fees;

c)    Prejudgment and post-judgment interest; and

d)    Such other relief as the Court deems just and equitable.

## COUNT EIGHT
### (Civil Conspiracy Against All Defendants)

119.    Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

120.    As set forth herein, the Defendants acted in concert with one another to defraud Cypress and/or improperly induce Cypress to, *inter alia*, purchase shares of stock in Sport-BLX, enter into the Founders Agreement, the Second Agreement, the Agreement and expend significant resources in connection therewith.

22

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM    INDEX NO. 650179/2022
NYSCEF DOC. NO. 2                                     RECEIVED NYSCEF: 01/27/2022
FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM     INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 01/11/2022

121.    The Founders and Sport-BLX, by reason and virtue of the conduct alleged herein, wrongfully and unlawfully acted in concert and thus intentionally and deliberately conspired to induce Cypress to enter into the Founders Agreement, the Second Agreement and the Agreement and expend significant resources in connection with the Founders Agreement, the Second Agreement and the Agreement.

122.    As a direct and proximate result thereof, Cypress has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio, Sport-BLX, Inc. and GlassBridge, jointly and severally, and provide the following relief:

a)    Punitive damages;

b)    Compensatory damages, incidental damages, and consequential damages;

c)    Costs, interest, and reasonable attorneys' fees;

d)    Prejudgment and post-judgment interest; and

e)    Such other relief as the Court deems just and equitable.

**COUNT NINE**
**(Breach of Fiduciary Duty)**

123.    Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

123.    The Founders, as members of the Sport BLX Board of Directors and/or as officers or those in control of Sport BLX owed and owe a fiduciary duty to Cypress.

124.    By reason of the foregoing unlawful conduct, the Founders have breached their fiduciary duty.

23

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM       INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM       RECEIVED NYSCEF: 01/27/2022
                                                       INDEX NO. 650179/2022
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 01/11/2022

125.   As a direct and proximate result of the Foundress' breach of fiduciary duty, Cypress has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio and Sport-BLX, Inc., jointly and severally, and provide the following relief:

    a)    Compensatory damages, incidental damages, and consequential damages;

    b)    Costs, interest, and reasonable attorneys' fees;

    c)    Prejudgment and post-judgment interest; and

    d)    Such other relief as the Court deems just and equitable.

## COUNT TEN
### (Unjust Enrichment)

126.   Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs of this Complaint as though they are set forth at length herein.

127.   Based upon the foregoing factual allegations, Defendants have been and continue to be unjustly enriched with respect to their unlawful conduct in connection with their business relationship with Cypress.

128.   As a direct and proximate result of Defendants' unjust enrichment, Cypress has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, Cypress Holdings, III, L.P. respectfully requests that this Court enter judgment in its favor and against Defendants George Hall, Joseph DePerio and Sport-BLX, Inc., jointly and severally, and provide the following relief:

    a)    Compensatory damages, incidental damages, and consequential damages;

    b)    Costs, interest, and reasonable attorneys' fees;

    c)    Prejudgment and post-judgment interest; and

128422600.1

FILED: NEW YORK COUNTY CLERK 01/27/2022 12:07 PM   INDEX NO. 650179/2022

FILED: NEW YORK COUNTY CLERK 01/11/2022 05:28 PM   RECEIVED NYSCEF: 01/27/2022

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/11/2022

     d)       Such other relief as the Court deems just and equitable.

> **FOX ROTHSCHILD LLP**
> *Attorney for Plaintiff Cypress Holdings III, L.P.*
>
> By:  _____
>      MARC J. GROSS

Dated:  January 11, 2022

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable in the within matter.

> **FOX ROTHSCHILD LLP**
> *Attorney for Plaintiff Cypress Holdings III, L.P.*
>
> By:  _____
>      MARC J. GROSS

Dated:  January 11, 2022

25

128422600.1