

March 4, 2022

Hon. Lorna Gail Schofield
United States District Court, Southern District of New York
500 Pearl Street, New York, New York 10007
<u>By Electronic Filing.</u>

   Re: Case No. 22-cv-01243, <u>Cypress Holdings, III, L.P. v Sport-BLX, Inc., et al</u>.

Dear Judge Schofield:

  Along with Wylie Stecklow, my firm represents Defendants Sport-BLX, George Hall, and Joseph DePerio (for convenience, "Defendants") in the case above. Under the Court's Individual Rules, Section III.C.2, we submit this pre-motion letter to inform the Court we intend to move to dismiss the complaint in whole. For formal briefing, we propose the following schedule: Moving papers due on or before March 18, 2022; Opposition due on or before April 1, 2022; Reply due on or before April 8, 2022; and oral argument, if the Court finds it would be helpful, in or around the week of April 11, 2022.

## DISCUSSION

  Plaintiff's Complaint is, at its heart, a (doomed) contract[1] claim that shuns any direct contract theory. That does not work. Claims for non-performance of a contract must rise and fall by the terms of that contract. A contract claim "dressed up as a 'RICO' action" (or for that matter, anything else) necessarily fails. *Prichard v 164 Ludlow Corp.*, 390 F Supp 2d 408, 409 (SDNY 2005). Plaintiff throws ten counts at the wall here. In three pages, completely detailing their faults is impossible. That said, they can be grouped into three categories: (1) Federal RICO (Counts II-IV); (2) Securities/10b (Count I); and (3) quasi-contract and contract adjacent claims (Counts V-VII; IX-X[2]). And this letter gives the gist of why all of those claims fail to meet any pleading standard — let alone the heightened standard Fed. R. Civ. P. 9(b) sets for the theories Plaintiff chooses.

  **I. Plaintiff's RICO claims fail.**

  Plaintiff's RICO claims fail on virtually every level a RICO claim can.[3] Many Courts have offered stern words for contract claims dressed up in RICO clothing, but the promise of treble

---

[1] There are three contracts at issue (and identified within the four corners of the Complaint): two stock-purchase agreements (*see* Dkt. 2-1 ¶¶ 17-18) and a three-page side letter setting out agreements about a "Right of First Offer," "Board Composition," and "Anti-Dilution Protection[s]" (*see* Dkt. 2-1 ¶ 19; quotes from side letter). Given the Court's Practices, Defendants do not attach the agreements, but will happily file them if the Court believes having them would be useful before briefing.

[2] Plaintiff also pleads a "count" for civil conspiracy. Dkt. 2-1 ¶¶ 119-122. But there is no freestanding claim for conspiracy. Instead, if Plaintiff "fails to state causes of action for" all of "torts underlying the alleged conspiracy … it necessarily fails to state an actionable claim for civil conspiracy." *Kirch v Liberty Media Corp.*, 449 F3d 388, 401 (2d Cir. 2006). In other words, if the Court dismisses the other claims, conspiracy goes as well.

[3] And this letter thus cannot set out every failure — but, of course, the full motion will.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

damages and negative press[4] inevitably draws more dress-up.  *See, e.g.*, *Prichard*, 390 F Supp 2d at 409 (dressing up contract claims as RICO "inures to no one's benefit but those who hold the legal profession in low esteem.").  Putting aside pure legal conclusions (e.g., ¶ 42), Plaintiff's RICO claim goes something like this: (i) the individual Defendants, along with the companies they represent, conspired against Plaintiff because they shared a profit motive.  Dkt. 2-1 ¶ 54; (ii) they didn't tell Plaintiff about the (characteristically high) rent for a plush Madison Avenue suite, and Plaintiff would not have invested if he knew that.  ¶¶ 23-27.  Plaintiff invested a million dollars (under two contracts, both executed and effective) on February 28, 2019.  And eventually, (iii) Defendants changed their business plan — and Plaintiff objected to that new plan, but didn't get its way.  ¶¶ 29-30.

Start with one of the baselines of RICO:  continuity.  "A plaintiff must identify at least two predicate acts[5] and show that (1) the acts are related both to each other (horizontal relatedness) and to the enterprise (vertical relatedness) and (2) the conduct continued over a substantial period of time."  *Halvorssen v Simpson*, 807 F App'x 26, 29 (2d Cir. 2020).  "A plaintiff may allege either an open-or close-ended pattern of racketeering activity."  *Id.* at 30.  Here, Plaintiff only alleges closed-ended continuity — that is, "predicate acts extending over a requisite minimum period of time with no threat of future repetition."  *Id.* (*citing Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997).  The Second Circuit "generally require[s] that conduct extend for a minimum of two years" for there to be closed-ended continuity.  *Id.*  In fact, in *Halvorssen*, an eleventh-month enterprise received no further analysis before being brushed aside.  *Id.  See also, Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008).  Plaintiff's allegations span, at most, the same eleven months at issue in *Halvorssen*.  Dkt. 2-1 ¶ 35.  But as Plaintiffs explain, it really is *less* than that:  the acts they are concerned with are the handful of days spent persuading Plaintiff to invest.  *Id.* ¶¶ 71-75.  That is not enough under clear Second Circuit law — it's not even continuity at all:  as alleged, it's one scheme.

Plaintiff's RICO claims also fail for other reasons.  For example, Plaintiff alleges no specific use of mail or the wires (¶ 92[6]) — and routine use of the mail or wires by businesses does not suffice.  *Cf. Patrizzi v Bourne in Time, Inc.*, 2012 US Dist LEXIS 146861, at *16 (SDNY Oct. 11, 2012) ("a 'garden variety fraud or breach of contract case[]' cannot be 'transform[ed] into a vehicle for treble damages' by simply alleging the use of interstate mail, wires, or, as is the case here, the Internet.") (*quoting Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 394 (S.D.N.Y. 2000)).  And the group of people identified as the enterprise are simply not a RICO enterprise because the Second Circuit has "long since rejected the idea that a RICO enterprise may consist merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant."  *Cruz v Fxdirectdealer, LLC*, 720 F3d 115, 121 (2d Cir. 2013).  Past there, Plaintiff's predicate acts appear to be solely alleged under

---

[4] See Ivan Moreno, Startup For Investing In Athletes Is Accused of $1M Fraud, Law360 (Feb. 16, 2022).
[5] Read fairly, Plaintiff really only alleges a single fraudulent act:  hiding the size of the rent.  That is not enough for RICO.  *M'Baye v New Jersey Sports Prod.*, 2007 US Dist LEXIS 9101, at *25 (SDNY Feb. 7, 2007) ("Plaintiff makes it appear as if they are each separate predicate acts, when in fact, they are nothing more than reaffirmations of the original misrepresentation. And, in the context of RICO, courts must take care to ensure that a plaintiff is not artificially fragmenting a singular act into multiple acts") (cleaned up).
[6] If Plaintiff was in fact defrauded by information "sent across state lines by commercial interstate carrier," it could allege the specific facts supporting that.  Instead, there is only a bare legal conclusion.



Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

New Jersey law — but the parties agreed that their relationship is governed by Delaware law. So the New Jersey claims fail as a matter of contract, and thus cannot serve as RICO predicate acts. *Acosta v Campbell*, 2005 US Dist LEXIS 39889, at *28 (MD Fla Nov. 4, 2005).

### II. Plaintiff's securities claim fails.

Plaintiff's 10b claims fail to allege the basic, required elements — particularly given the who, what, when, where, and how of each alleged fact under Fed. R. Civ. P. 9(b). *See Williams v Affinion Group, LLC*, 889 F3d 116, 124 (2d Cir 2018). Among other things, a 10b claim requires a material misrepresentation, scienter, loss, and loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005). But Plaintiff fails to allege any of these. On misrepresentation, as explained below, Plaintiff was literally told the rent before investing. On scienter, Plaintiff only alleges bare legal conclusions. On loss, Plaintiff seems to even allege that during the same time frame, Defendants' actions **increased** the stock value from Plaintiff's purchase price.[7] *Compare* Dkt. 2-1 ¶¶ 17-18 *with* ¶ 35. And on causation, Plaintiff alleges no connection between the (non-)failure to disclose the rent and any (non-)loss. In short, "[e]ach of the figures plaintiff cites and relies on was included in the original" disclosures. *Steed Fin. LDC v Nomura Sec. Intl., Inc.*, 2004 US Dist LEXIS 18580, at *25 (SDNY Sep. 13, 2004). In fact, the contract "provides that Plaintiff "is relying solely on [its] own counsel and not on any statements or representations of [Sport-BLX.]" Stock Purchase Agreements ¶ H. So no reliance on some other promise **would** be actionable. *Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020, 1033 (2d Cir. 1993). Thus (and for other reasons), the claims fail.

### III. Plaintiffs' other claims fail too.

Plaintiff's other claims fail for a grab-bag of reasons. Plaintiff claims unjust enrichment in Count X. But the "presence of a valid contract which covers the dispute at issue" — which Plaintiff specifically alleges and even attempts to recover because of (Dkt. 2-1 ¶ 104) — "makes recovery under quasi-contractual theories unavailable." *Endeavor Cap. Holdings Group, LLC v Umami Sustainable Seafood, Inc.*, 2014 US Dist LEXIS 111574, at *15 (SDNY Aug. 6, 2014). Perhaps most importantly, most of Plaintiff's theory of fraud and so on (Counts V-IX) turns on their claim that a large Madison Avenue office rent was a surprise. Dkt. 2-1 ¶¶ 21-27. But that claim borders on bad faith. The pre-agreement disclosures Plaintiff reviewed as part of its diligence included just this fact:

| General & Administrative | | | | |
|---|---|---|---|---|
| SportsBLX Executive Headcount | SportsBLX Executive Headcount | Monthly | $833,333 | $1,000,000 |
| G&A Headcount | G&A Headcount | Monthly | $169,167 | $379,167 |
| T&E | T&E | Annually | $552,318 | $1,759,800 |
| Rent & Utility | Rent & Utility | Annually | $500,000 | $1,200,000 |

(highlight added). Plaintiff reviewed the diligence, and decided to invest (and as it alleges, raised concerns and apparently got over them before putting money down). There is no claim for fraud when all cards are on the table, particularly when the contract disclaims any reliance on outside representations. And the unpled breach of contract claim "cannot be 'bootstrapped' into a fraud claim merely by adding the words 'fraudulently induced' or alleging that the contracting parties never intended to perform." *IOTEX Communs., Inc. v Defries*, 1998 Del. Ch. LEXIS 236, at *17 (Ch. Dec. 21, 1998). With that, all of Plaintiff's claims should be dismissed.

---

[7] Put differently, Plaintiff's theory is not that Defendants manipulated the stock value *per se*. It's that Defendants refused to offer to buy him out at the stock's actual value. Even if there were non-conclusory fact allegations to support that theory (there are none), it does not sound in 10b.

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com

  Thus, Defendants intend to move to dismiss and ask the Court to set the schedule above for a motion.  We thank the Court for its time and consideration.

                Respectfully submitted,

                 /s/
                _____

                J. Remy Green
                 *Honorific/Pronouns: Mx., they/their/them*
                **COHEN&GREEN P.L.L.C.**
                *Attorneys for Plaintiff*
                1639 Centre St., Suite 216
                Ridgewood, New York 11385

cc:
All counsel of record by ECF.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com