

**CHRISTIAN D. CARBONE**
Partner and Co-Chair, Litigation

345 Park Avenue
New York, NY  10154

**Direct** 212.407.4852
**Main** 212.407.4000
**Fax** 212.937.3683
ccarbone@loeb.com

Via ECF

March 4, 2022

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

  We represent Defendant GlassBridge Enterprises, Inc. ("GlassBridge"), and write pursuant to Section III.C.2 of your Honor's Individual Rules and Procedures for Civil Cases in anticipation of GlassBridge's motion to dismiss Plaintiff Cypress Holdings, III, LP's ("Cypress") Complaint as against GlassBridge in its entirety.  (ECF Doc. No. 2-1 ("Compl.").)  GlassBridge joins in co-Defendants Sport-BLX, Inc., George Hall, and Joseph DePerio's ("Co-Defendants") proposed briefing and oral argument schedule submitted to the Court in their pre-motion letter.  (Defs.' Letter, ECF Doc. No. 7 (March 4, 2022).)

  Although the counts as pled concern the sale of securities and contracts related to Cypress's Sport-BLX investment, Cypress does not, and indeed cannot, assert any such claims against GlassBridge because GlassBridge was not involved in any sale of securities to Cypress nor was GlassBridge a party to any contracts with Cypress.  Accordingly, only four out of the ten counts in Cypress's Complaint seek relief against GlassBridge:  Count 2 (New Jersey's RICO statute, N.J. § 2C:41-2); Count 3 (RICO, 18 U.S.C. § 1962(c)); Count 4 (Racketeering Conspiracy, 18 U.S.C. § 1962(d)); and Count 8 (Civil Conspiracy).  These claims consist of vague and conclusory allegations that GlassBridge, a shareholder of Defendant Sport-BLX, was somehow part of a RICO conspiracy.  For the reasons explained herein, these allegations are legally deficient on their face and will be the subject of GlassBridge's forthcoming motion to dismiss pursuant to Rule 12(b)(6).

***Cypress Fails to Plead a RICO Claim and Fraud with Particularity Under Rule 9(b)***

  Cypress's Complaint is replete with pleading failures warranting dismissal of its RICO claim against GlassBridge.  To allege a RICO claim, a plaintiff must show "'(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.
21929707.1

Case 1:22-cv-01243-LGS   Document 8   Filed 03/04/22   Page 2 of 3



'enterprise' (7) the activities of which affect interstate or foreign commerce." *Williams v. Affinion Grp. LLC*, 889 F.3d 116, 123-24 (2d Cir. 2018) (citation omitted).

Cypress's allegations in the Complaint concerning GlassBridge's alleged RICO predicate acts—mail and wire fraud—do not meet Rule 9(b)'s heightened pleading standard. (*See, e.g.*, Compl. ¶¶ 92, 93); *see Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010), *aff'd Curtis v. Law Offices of Bushman*, 443 Fed. App'x 582 (2d. Cir. 2011). To plead mail and wire fraud, Cypress must allege that specific mailings and communications were fraudulent or were part of the alleged scheme to defraud. *See id.* at 168; *Williams*, 889 F.3d at 124-25. Cypress, however, has failed to point to any communications from GlassBridge or allege that any specific communications were in furtherance of a scheme to defraud. (*See, e.g.*, Compl. ¶¶ 31-32, 35-39, 90-93, 98.)

For similar reasons, Cypress has failed to allege a pattern of related predicate acts. *See Boneta v. Rolex Watch USA, Inc.*, 232 F. Supp. 3d 354, 358-59 (S.D.N.Y. 2017). Because Cypress's bare bones Complaint does not contain a single allegation describing the specifics of the alleged predicate acts, it also has not alleged a pattern of racketeering activity. But even putting the dearth of allegations aside, the Second Circuit has routinely dismissed RICO claims that are based on conduct occurring over a period of less than two years. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d. Cir. 2008). Here, Cypress's allegations concerning the alleged time period of the purported wire and mail fraud span from "at least 2018 into 2019" (Compl. ¶¶ 92, 93); yet GlassBridge is not alleged to have been involved until December 2019, well short of the Second Circuit's two-year pattern period, (Compl. ¶¶ 33, 35.). Cypress's failure to allege specific predicate acts make it impossible to determine a pattern of racketeering activity to support its RICO claim.

Next, Cypress has not alleged the existence of a RICO enterprise. As an initial matter, Cypress has failed to allege facts showing that GlassBridge is a distinct RICO "person" from Co-Defendants. *See, e.g.*, *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994). Moreover, the Complaint contains only conclusory allegations concerning GlassBridge and Co-Defendants' coordinated efforts, which are insufficient to allege that GlassBridge and Co-Defendants were operating together with a common purpose. *See Boyle v. United States*, 556 U.S. 938, 948 (2009) (describing an enterprise as a "continuing unit that functions with a common purpose").

Cypress also alleges that Defendants purportedly engaged in a RICO conspiracy (in violation of 18 U.S.C. § 1962(d)) without any supporting allegations of conspiracy. This claim must also be dismissed because, as explained, Cypress fails to adequately plead a substantive RICO violation. *See First Cap. Asset Mgmt. v. Satinwood*, 385 F.3d 159, 182 (2d Cir. 2004) (affirming dismissal of RICO conspiracy claim where no substantive RICO claim was established). Cypress's civil conspiracy claim fails for the same reason—Cypress has not alleged any actionable claim to support its standalone conspiracy claim. *See Kirch v. Liberty Media Corp.*, 449 F3d 388, 401 (2d Cir. 2006).



Finally, Cypress's pleading failures cannot be cured by its improper group pleading. Cypress repeatedly refers to "Defendants" collectively, and makes allegations based "upon information and belief." (*See, e.g.*, Compl. ¶¶ 92, 94.) Group pleading and allegations based upon "information or belief" do not satisfy Rule 9(b)'s pleading standards. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); *Gutterman v. Herzog*, No. 20-CV-1081, 2020 U.S. Dist. LEXIS 214027, *13, 2020 WL 6728787 (E.D.N.Y. Nov. 16, 2020).[1]

***Cypress's Securities Law Claim Prevents It From Asserting A Federal RICO Claim***

Cypress's allegations against GlassBridge should be dismissed because Cypress's claim sounding in securities law, even though not alleged against GlassBridge, cannot serve as the basis for the predicate acts underlying its RICO claim. *See MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 277 (2d Cir. 2011); *DNV Inv. P'ship v. SGM Holdings LLC*, 670 Fed. Appx. 732, 733, 2016 U.S. App. LEXIS 21387, *4, 2016 WL 6998997 (2d Cir. 2016) (summary order). Accordingly, Cypress's allegations of mail and wire fraud that relate to its securities claim cannot also be RICO predicate acts.

For the foregoing reasons, GlassBridge intends to move to dismiss Cypress's Complaint as against GlassBridge in its entirety. We thank the Court for its consideration.

Respectfully submitted,

Christian D. Carbone

cc: all counsel of record

---

[1] GlassBridge also intends to move to dismiss Cypress's state law claim on the ground that New Jersey law does not apply. GlassBridge is a Delaware corporation with its principal place of business in New York, and none of the allegations against GlassBridge relate to New Jersey. But even if New Jersey law applies—which it does not—Cypress's claim against GlassBridge fairs no better than its federal RICO claim. Accordingly, GlassBridge intends to move to dismiss Cypress's New Jersey state law claim on the same grounds that it intends to dismiss its federal RICO claim: failure to allege a predicate act, enterprise, or pattern that establishes a RICO violation.