

**CHRISTIAN D. CARBONE**
Partner and Co-Chair, Litigation

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4852
**Main**    212.407.4000
**Fax**     212.937.3683
ccarbone@loeb.com

Via ECF

April 14, 2022

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

We represent Defendant GlassBridge Enterprises, Inc. ("GlassBridge"), and write pursuant to Section III.A.1 of your Honor's Individual Rules and Procedures for Civil Cases seeking a pre-motion conference in anticipation of GlassBridge's motion to disqualify Plaintiff Cypress Holdings, III, LP's ("Cypress") counsel, Fox Rothschild. GlassBridge separately writes, pursuant to Section III.C.2 of Your Honor's Individual Rules and Procedures for Civil cases, to inform the Court of GlassBridge's anticipated motion to dismiss Cypress's Amended Complaint as against GlassBridge in its entirety, ECF Doc. No. 17 ("Am. Compl."). GlassBridge joins co-Defendants' proposed briefing schedule for Defendants' motions to dismiss.

**GlassBridge's Anticipated Motion to Disqualify Fox Rothschild**

Fox Rothschild must be disqualified from representing Cypress in this substantially related matter against its former client GlassBridge because Fox Rothschild's representation of Cypress seriously prejudices GlassBridge.[1]

Fox Rothschild represented GlassBridge before and during the time period at-issue in this litigation on substantially related matters concerning GlassBridge's Directors and Officers Liability Insurance policy ("D&O Policy"), and negotiations that involved co-Defendant Sport-BLX's assets ("Prior Representations"). Through the Prior Representations, and at a time when GlassBridge first purchased and owned Sport-BLX assets, Fox Rothschild obtained sensitive and confidential information having to do with GlassBridge's business, including business risks and

---

[1] GlassBridge apprised Cypress's counsel of this issue by letter dated March 25, 2022, which has gone unanswered.

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



sensitives relating to its management's decision-making and confidential information concerning GlassBridge's valuation of its Sport-BLX assets—information essential to Cypress's allegations and GlassBridge's defense. (*See* Am. Compl. ¶¶ 57-61, 127, 130-33.) GlassBridge paid Fox Rothschild $847,285.00 in legal fees before Fox Rothschild ended the representation on or about November 5, 2021. Just two months later, on January 11, 2022, Cypress (represented by Fox Rothschild) filed its initial complaint in New York Supreme Court. Because of the nature of the Prior Representations, the timing of Fox Rothschild's disengagement as GlassBridge's counsel, and the prejudice GlassBridge will suffer in defending an action brought by its former law firm, Fox Rothschild is conflicted from representing Cypress in this matter.[2] *See Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 453 (S.D.N.Y. 2000) ("[A]n attorney cannot avoid disqualification . . . merely by 'firing' the disfavored client, dropping the client like a hot potato, and transforming a continuing relationship to a former relationship by way of client abandonment."); *see also* 22 N.Y.C.R.R. § 1200, Rules 1.9, 1.10.

For these reasons, GlassBridge requests a pre-motion conference and permission to move to disqualify Fox Rothschild from representing Cypress in this action.

**GlassBridge's Anticipated Motion to Dismiss**

**A.** *Cypress Fails to Plead an Unjust Enrichment Claim.*

Cypress does not plead facts to support its claims that GlassBridge was "unjustly enriched with respect to [Defendants'] unlawful conduct in connection with their business relationship ***with Cypress***" (Count Six) or that GlassBridge was "unjustly enriched with respect to [Defendants'] unlawful conduct in connection with their actions taken in their roles ***with Sport-BLX***" (Count Seven). (Am. Compl. ¶¶ 127, 127 (emphasis added).) To allege unjust enrichment under New York law,[3] Plaintiff must show that "(1) defendant was enriched (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit defendant to retain what is sought to be recovered." *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 160 (2d Cir. 2019); *see also Clark v. Daby*, 300 A.D.2d 732, 732 (3d Dep't 2002) (explaining plaintiff must "demonstrate that services were performed for the defendant resulting in [defendant's] unjust enrichment." (citations omitted)).

As an initial matter, Cypress does not allege that Cypress conferred a benefit on GlassBridge. In fact, Cypress fails to plead plausible facts that GlassBridge was enriched at all,

---

[2] Moreover, given the allegations in the Amended Complaint — that GlassBridge somehow procured co-Defendants' breach of their agreements with Cypress and was otherwise unjustly enriched by its relationship with Cypress and Sport-BLX at the same time Fox Rothschild represented GlassBridge, Fox Rothschild attorneys may be necessary witnesses to rebut Cypress's baseless allegations. (*See* Am. Compl. ¶¶ 61, 127, 130-33); 22 N.Y.C.R.R. § 1200, Rule 3.7.

[3] Cypress does not allege whether its claims are brought under New York law. For purposes of its motion, GlassBridge assumes that New York law applies to Cypress's claims.



(*see* Am. Compl. ¶ 61 (alleging a windfall "*to the Founders*")), let alone that GlassBridge was enriched at Cypress's expense.  See *Kaplan*, 919 F.3d at 160.  Moreover, because Cypress has not alleged facts to support that GlassBridge was enriched, Cypress has likewise put forth no allegations that it "is against equity and good conscience to permit defendant to retain what is sought to be recovered."  *See id.*  There is nothing inequitable about an asset management firm choosing to invest in a company and later divesting its shares.  (*See* Am. Compl. ¶¶ 57, 60-61.)

Accordingly, the Amended Complaint does not allege any plausible facts to support Cypress's unjust enrichment claims, and these claims should be dismissed.

**B.  *Cypress Fails to Plead Tortious Interference with Contract.***

Cypress's claim for tortious interference with contract also fails to state a claim against GlassBridge.  "Under New York law, the elements of tortious interference with contract are:  (1) the existence of a valid contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract, and (5) damages resulting therefrom."  *Highland Capital Mgmt. LP v. Schneider*, 198 Fed. App'x 41, 45 (2d Cir. Aug. 16, 2006) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413 (1996)); *see also Knopf v. Phillips*, 802 Fed. App'x 639, 641-42 (2d Cir. Feb. 25, 2020).

Cypress's Amended Complaint contains zero factual allegations that GlassBridge: (i) knew of Cypress's and co-Defendants' agreement; (ii) that GlassBridge somehow *procured* co-Defendants' breach of the agreement *without justification*; or that (iii) Cypress's damages resulted from GlassBridge's purported procurement of a breach of the agreement.  *See Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773, 2021 U.S. Dist. LEXIS 97031, *21 (S.D.N.Y. May 21, 2021) (Schofield, J.) (holding that plaintiff failed to plead tortious interference with contract where the complaint alleged no facts that plausibly showed defendants "procured the breach," that they "did so intentionally," or that "their actions were the 'but for cause' of the alleged breach").  Because of these pleading failures, Cypress's Amended Complaint does not contain any plausible facts to support Cypress's tortious interference with contract claim.

We thank the Court for its time and consideration of these matters.

Respectfully submitted,

Christian D. Carbone
Loeb & Loeb LLP

cc:  all counsel of record
22078789.3