

49 Market Street
Morristown, NJ 07960-5122
Tel (973) 992-4800  Fax (973) 992-9125
www.foxrothschild.com

MARC J. GROSS
PARTNER
Direct No:  973.548.3301

April 22, 2022

**VIA ECF**

The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Cypress Holdings, III, L.P. v. Sport-BLX, Inc. *et al.*</u>
            <u>Civil Action No. 1:22-cv-01243-LGS</u>

Dear Judge Schofield:

      We represent plaintiff Cypress Holdings, III, L.P. ("Cypress").  We write in response to the pre-motion letters filed by defendants Sport BLX, Inc. ("Sport-BLX"), George Hall ("Hall") and Joseph DePeiro ("DePeiro") (ECF No. 18) and GlassBridge Enterprises ("GlassBridge") (ECF No. 19).  For the reasons set forth herein, the Court should deny Defendants' requests to file motions to dismiss, and GlassBridge's attempt to disqualify Fox Rothschild LLP ("Fox Rothschild") as counsel.

      **I.**    **Cypress Adequately Pleads a Claim For Securities Fraud**

      To state a claim for Securities Fraud, Cypress must allege "that in connection with the purchase or sale of securities, the defendant, acting with scienter, made a false material representation or omitted to disclose material information and that plaintiff's reliance on defendant's conduct caused [plaintiff] injury." *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 264 (2d Cir. 1993)(additional citation omitted).  Undeniably, Cypress sufficiently pled each element to support its claim. Indisputably, the Amended Complaint: (i) identifies the specific false representations.  (*See* ECF No. 16, ¶¶ 18, 22-30 and 32-35); (ii) set forth the "who, what, when, where and how" as required under Fed. R. Civ. P 9(b); (iii) demonstrates that the representations were knowingly false when made (<u>Id.</u> at ¶¶ 43, 56-59, 76, 80 and 87); (iv) scienter (<u>Id.</u> at ¶¶ 56-

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota
Nevada    New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Washington



The Honorable Lorna G. Schofield, U.S.D.J.
April 22, 2022
Page 2

59, 73, 75-79, 86 and 93); and (v) reasonable reliance and injury.  (Id. at ¶¶ 23, 38, 31, 42, 62, 67, 70 and 92).

Defendants raise a litany of arguments to avoid liability for their unlawful conduct.  For example, rather than address the sufficient of Cypress' pleadings, Defendants dispute factual allegations. Of course, disputed facts cannot support a motion to dismiss.  Defendants also attempt to avoid liability by citing to general disclaimer language in the Stock Purchase Agreements.  Certainly, it is axiomatic in the Second Circuit that a general disclaimer does *not* immunize defendants from liability for material misrepresentations.  *See e.g. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 186 (2d Cir. 2015) ("A valid disclaimer provision must contain explicit disclaimers of the particular representations that form the basis of the fraud claim").  Finally, defendants argue, in general terms, that Cypress knew all of the "facts constituting the violation" more than two years ago, and that its claims are barred by the statute of limitations.  Defendants' argument, however, is without merit, as they rely only upon undated allegations in the Amended Complaint, and illogically conclude that since Cypress raised objections to *some* of Defendants' misconduct at some unspecified point after January 2019, it must have discovered all the necessary components of its claim more than two years ago.  This argument is not supported by fact and is pure conjecture.  Certainly, it is insufficient to dismiss Cypress' claims, especially at this juncture.  Accordingly, Defendants attempt to sidestep the clear allegations in the Amended Complaint, in favor of their own narrative, should be rejected.

## II.   Cypress Adequately Pleads Claims For Unjust Enrichment Against Each Defendant

"Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, he must establish (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001).  On its face, Cypress' Amended Complaint satisfies each of those elements, both in its individual capacity and in its derivative capacity, on behalf of Sport-BLX.

Initially, Defendants overstate the law by suggesting that unjust enrichment claims are categorically precluded any time a contract addressing tangential subject matter exists. Defendants' argument is incorrect.  *See e.g. IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009) ("[Unjust enrichment] is an obligation imposed by equity to prevent injustice, ***in the absence of an actual agreement between the parties concerned***." (emphasis added)); *Bradkin v. Leverton*, 257 N.E.2d 643 (N.Y. 1970) (finding the plaintiff pled a right to quasi-contractual relief despite there being a contract between the plaintiff and another defendant on the same subject matter).  Initially, Cypress alleges claims for unjust enrichment against Hall, DePerio, and Glassbridge, who are not parties to each of the contracts with Cypress that are at

Case 1:22-cv-01243-LGS Document 23 Filed 04/25/22 Page 3 of 6



The Honorable Lorna G. Schofield, U.S.D.J.
April 22, 2022
Page 3

issue in this lawsuit.  Thus, Defendants' attempt to dismiss Cypress' unjust enrichment claims against Hall, DePerio, and GlassBridge, based upon the existence of contracts between Cypress and Sport-BLX, is without merit.

With respect to Cypress' derivative claim against Glassbridge (brought on behalf of Sport-BLX), Glassbridge ignores entirely the express allegations in the Amended Complaint that establish Cypress' unjust enrichment claim, in a clear attempt to avoid liability.  For example, paragraph 59 of the Amended Complaint demonstrates that, upon obtaining a controlling interest in Sport-BLX, "GlassBridge, and not Sport-BLX, is now pursuing the tokenized concept regarding the sale and exchange of 'sport assets' for fans and investors through other entities bearing the Sport-BLX name, but where such entities are owned and/'or controlled by GlassBidge, and not Sport-BLX." (*See* ECF No. 16 at ¶59).  Stated differently, Cypress' Amended Complaint specifically alleges that, upon acquiring a majority interest in Sport-BLX, GlassBridge usurped Sport-BLX's business operations, intellectual property, and goodwill to establish separate business opportunities, to Sport-BLX's detriment.  Thus, contrary to GlassBridge's arguments, its clear theft of Sport-BLX's opportunities and operations is far more than "an asset management firm choosing to invest in a company and later divesting its shares."

With respect to Sport-BLX, Defendants' argument also fails.  Sport-BLX argues that a general disclaimer in the two Stock Purchase Agreements immunizes it from *all* liability, including claims for unjust enrichment.  Defendants' argument is without merit and premature.  This Court has repeatedly held that, even where a contract between parties exists, a plaintiff is permitted to defer making an election of remedies and damages.  *See .e.g. Chase v. Am. Stock Exch. LLC*, No. 03-cv-1304-LL, 2003 WL 23281592, at *1 (S.D.N.Y. Mar. 14, 2003)(plaintiff permitted to defer an election of remedies and damages due to dispute over the existence, scope, or enforceability of the putative contract).  Consequently, the existence of a contract between Cypress and Sport-BLX is not *per se* dispositive of Cypress's unjust enrichment claim and requires the denial of Defendants' request to dismiss Cypress's Amended Complaint.

### III.    Cypress Adequately Pleads A Claim For Fraudulent Inducement

Defendants make two arguments in an attempt to avoid liability for fraudulent inducement, both of which fail.  First, Defendants advance an alternative narrative, relying upon allegations outside the Amended Complaint, arguing broadly – and without any facts or specific reference to the Amended Complaint - that Cypress' claim for fraudulent inducement is a "bootstrapped" version of a breach of contract claim.  Undeniably, Defendants' unsupported narrative, which is contrary to the facts set forth in the Amended Complaint, is insufficient to sustain a motion to dismiss.

133285296.1



The Honorable Lorna G. Schofield, U.S.D.J.
April 22, 2022
Page 4

Second, Defendants argue that a general disclaimer in the two Stock Purchase Agreements and an alleged arms-length relationship between commercially sophisticated parties requires dismissal of Cypress' fraudulent inducement claim.  Defendants' broad statements are incorrect. Instead, "[a] valid disclaimer provision must contain explicit disclaimers of the particular representations that form the basis of the fraud claim." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 186 (2d Cir. 2015); *Pike Co., Inc. v. Jersen Const. Grp., LLC*, 147 A.D.3d 1553, 1555 (4th Dep't 2017) ("a disclaimer clause will preclude a fraud claim only where the clause specifically disclaims representations concerning the very matter to which the fraud claim relates")[1]. Moreover, even a "specific disclaimer will not undermine another party's allegation of reasonable reliance on the misrepresentations" if "the allegedly misrepresented facts are peculiarly within the misrepresenting party's knowledge." *Koch v. Greenberg*, 626 F. App'x 335, 338 (2d Cir. 2015) (quoting *Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins. Co.*, 149 F.3d 134, 136 (2d Cir. 1998)); *Basis Yield Alpha Fund*, 115 A.D.3d at 139 (quoting *Steinhardt Grp. Inc. v. Citicorp*, 272 A.D.2d 255, 256 (1st Dep't 2000). Absent a specific disclaimer to the contrary, "undisclosed intent to willfully misrepresent facts is generally deemed peculiar knowledge." *LBBW Luxemburg S.A.*, 10 F. Supp. 3d at 519.

Here, each of the misrepresentations at issue relate to facts that were peculiarly within the Defendants' unique knowledge. Consequently, Cypress has adequately pled a claim for fraudulent inducement and Defendants' attempts to avoid liability for their unlawful conduct should be rejected.

### IV. Cypress Adequately Pleads a Claim For Tortious Interference With Contract

Under New York law, the elements of a tortious interference with contract claim are "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach result in damage to the plaintiff." *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir. 1996). "In order to state a claim [for tortious interference with a contract], the plaintiff is required to 'identify a specific contractual term that was breached.'" *Millar v. Ojima*, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) (quoting Risley v. Rubin, 272 A.D.2d 198, 199 (1st Dep't 2000)).

Cypress has easily satisfied these requirements.  First, Cypress alleges facts to establish the existence of the Agreement.  (*See* ECF No. 16 at ¶¶ 41-42, 130).  Second, Cypress alleges that

---

[1] Furthermore, at the pleading stage, it is premature to find that a contractual disclaimer precludes reliance on an alleged misrepresentation. *Loreley*, 797 F.3d at 186 n.19 (declining to decide at the pleading stage whether contractual disclaimers precluded reliance).



The Honorable Lorna G. Schofield, U.S.D.J.
April 22, 2022
Page 5

GlassBridge had knowledge of the Agreement. (Id. at ¶¶ 130-131). Third, Cypress alleges that GlassBridge intentionally and improperly interfered with the Agreement, causing damage to Cypress. (Id. at ¶¶ 131-133). Indeed, Cypress goes well beyond the low burden, at the pleading stage, by specifically identifying the exact provision of the underlying Agreement that was breached as a result of GlassBridge's unlawful interference. (Id. at ¶¶ 42 and 130).

Undeniably, Cypress has borne its burden of establishing, at this early stage, that GlassBridge is liable for tortiously interfering with Cypress' contracts. As Cypress has clearly established the elements to sustain its claim for tortious interference with Contract, GlassBridge's request to dismiss Cypress' claim should be denied.

### V. Cypress Pleads Sufficient Facts To Establish Article III Standing

In passing, Defendants contend "Plaintiff pleads independent shareholders decided – on their own – to vote for someone other than Salerno." Cypress makes no such allegation in its Amended Complaint. Instead, Cypress alleges: "[w]ith the Founders no longer directly owning a controlling interest in Sport-BLX, they utilized their positions as owners and officers of GlassBridge to vote its newly acquired 50.7% controlling shares in Sport-BLX in a manner so as to remove Cypress as a Board Member of Sport-BLX." (See ECF No. 16 at ¶ 54). These and the other allegations, concerning Defendants' misrepresentations and acts to deprive Cypress of a promised board seat, are more than sufficient to establish Article III standing. As the Second Circuit explained in *Rothstein* (cited by Defendants) the "fairly traceable" standard is lower than that of proximate cause and is a "relatively modest" burden for a plaintiff to establish at the pleading stage. *Rothstein v. UBS AG*, 708 F.3d 82, 92-93 (2d Cir. 2013). The Amended Complaint makes clear that Cypress has met this modest burden. Accordingly, Defendants' passing argument concerning Article III standing should be rejected.

### VI. GlassBridge's Attempt to Disqualify Fox Rothschild Should be Rejected

Rather than litigate the merits of this case, GlssBridge seeks to distract the Court from its unlawful conduct by arguing that Cypress' counsel should be disqualified because Fox Rothschild represented GlassBridge in matters "concerning GlassBridge's Directors and Officers Liability Insurance policy, and negotiations *that involved* co-Defendant Sport-BLX's assets." (See ECF No. 19). Notably, GlassBridge omits discussion of any detail regarding Fox Rothschild's prior representation, and for good reason: Fox Rothschild does not possess any confidential, non-public information that would preclude its representation of Cypress in this action.



The Honorable Lorna G. Schofield, U.S.D.J.
April 22, 2022
Page 6

      Prior to this litigation, Fox Rothschild represented GlassBridge in connection with matters relating to insurance coverage and pension benefit plans. In March 2019, in the course of Fox Rothschild's representation, Fox Rothschild was advised that GlassBridge had, at the time, a "pending" investment in the stock of Sport-BLX. Fox Rothschild was not involved in GlassBridge's purchase of Sport-BLX stock and Fox Rothschild was not provided with any confidential materials relating to GlassBridge's "pending" investment. Ultimately, that "pending" investment was publicly disclosed after GlassBridge had acquired an interest in Sport-BLX on December 12, 2019. (*See* ECF No. 16). Thus, GlassBridge's contention that Fox Rothschild possesses confidential, non-public information that would prejudice GlassBridge or preclude Fox Rothschild's representation of Cypress in this action, is without merit.

      Also without merit is GlassBridge's contention that Fox Rothschild "fired" GlassBridge in favor of Cypress. Setting aside GlassBridge's rhetoric, the facts demonstrate that: (i) Fox Rothschild last performed work for GlassBridge *prior* to May 15, 2021. Thereafter, Fox Rothschild formally sent a letter terminating its relationship with GlassBridge on November 9, 2021. Fox Rothschild, on behalf of Cypress, then filed this lawsuit against GlassBridge on January 11, 2022. Certainly, the eight month span between the time that Fox Rothschild last performed work for GlassBridge and the commencement of this litigation does not *per se* preclude Fox Rothschild from representing Cypress in this action. Accordingly, GlassBridge's request to disqualify Fox Rothschild as counsel should be rejected in its entirety.

                                    Respectfully submitted,

                                      MARC J. GROSS

cc:    Counsel of Record (*via ECF*)

Defendants Sport-BLX Inc., George Hall and Joseph DePerio (the "Sport-BLX Defendants") shall file their motion to dismiss, and Defendant Glassbridge Enterprises, Inc. ("Glassbridge") shall file its motion to dismiss and to disqualify Plaintiff's counsel, by **May 24, 2022**. The Sport-BLX Defendants and Glassbridge shall each file one memorandum of law that shall not exceed 20 pages. Plaintiff shall file a single memorandum of law in opposition that shall not exceed 40 pages by **June 21, 2022**. Defendants shall each file a reply not to exceed 10 pages by **June 30, 2022**. The application for a pre-motion conference is DENIED as moot.

So Ordered.

Dated: April 25, 2022
New York, New York

                                    LORNA G. SCHOFIELD
                                    **UNITED STATES DISTRICT JUDGE**