UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P.<br><br>          Plaintiff,<br>v.<br>GEORGE HALL, JOSEPH DEPERIO and SPORT-BLX, INC., and GLASSBRIDGE ENTERPRISES, INC.<br><br>          Defendants. | Case No. 22-CV-01243 (LGS)<br><br>**DECLARATION OF THOMAS D. PARADISE, ESQ. IN OPPOSITION TO MOTION TO DISQUALIFY FOX ROTHSCHILD AS COUNSEL FOR PLAINTIFF CYPRESS HOLDINGS, III, L.P.** |

Thomas D. Paradise, Esq., of full age, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows

1. I am an attorney at law of the State of New Jersey and the Commonwealth of Pennsylvania. I serve as the General Counsel for the law firm Fox Rothschild LLP ("Fox"), attorneys for plaintiff Cypress Holdings III, L.P. ("Cypress"). I submit this declaration in opposition to defendants GlassBridge Enterprises, Inc. ("GlassBridge"), George Hall ("Hall"), Joseph De Perio ("De Perio") and Sport-BLX, Inc.'s ("Sport-BLX") (collectively, "Defendants") motion to disqualify Fox as Cypress' counsel in this litigation. Based upon my review of documents maintained by Fox – including, but not limited to, emails and invoices from client files – I possess personal knowledge of the facts set forth herein.

**A.    Fox Previously Represented GlassBridge in Two Unrelated Matters**

2. Beginning in August 2018, Fox commenced representing GlassBridge in matters relating to: (i) negotiations concerning a defined benefits plan; and (ii) litigation relating to severance packages of former employees of GlassBridge's predecessor in interest.

135211192.2

3.  With respect to prior lawsuits, where Fox represented GlassBridge, those lawsuits – which were filed in 2017 and 2018 – alleged claims against GlassBridge in connection with severance packages paid to former employees of GlassBridge and its predecessor in interest, Imation Corp. A true and accurate copy of the summonses and complaints filed in those lawsuits are annexed hereto as Exhibits "A" and "B."

4.  With respect to the negotiations concerning a defined benefits plan, Fox negotiated a settlement on behalf of GlassBridge, with Pension Benefit Guaranty Corporation ("PBGC").

5.  As part of the negotiation process, PBGC examined certain assets owned by GlassBridge that could be offered as collateral, to ensure that GlassBridge - which was potentially financially responsible for the pension plan - would be able to satisfy any financial shortcomings that could arise in connection with the administration of the pension plan.

6.  As it pertains to GlassBridge's investment in Sport-BLX, Fox acted solely as a messenger, delivering information from GlassBridge to PBGC concerning GlassBridge's analysis as to the anticipated value of its "planned" investment in Sport-BLX.

7.  It is important to note that Fox *did not* provide GlassBridge with advice to influence GlassBridge's decision to invest in Sport-BLX. Rather, independent of Fox's involvement in the negotiations with PBGC, GlassBridge conducted its own due diligence in connection with its decision to invest in Sport-BLX.

**B.   Fox Withdraws its Prior Representation of Cypress Based Upon a Conflict Between Then-Current Clients**

8.  On June 10, 2019, Fox transmitted a demand letter, on behalf of Cypress, to Sport-BLX, concerning: (i) Sport-BLX's "partnership interest" in an investment fund that was intended

to generate income; and (ii) Sport-BLX's excessive spending on a lease for an occupancy for fewer than five (5) employees. (*See* ECF No. 28-2).

9. On July 10, 2019, one month after Fox sent its demand letter to Sport-BLX, De Perio wrote an e-mail to several Fox attorneys, advising of his receipt of the June 10, 2019 demand letter to Sport-BLX. (*See* ECF No. 28-1 at p. 15).

10. On July 11, 2019, without any further communications, negotiations with, or promises from GlassBridge, Fox withdrew from representing Cypress in connection with the claims raised in the June 10, 2019 letter. (*See* ECF No. 28-1 at p. 12).

11. Fox's unilateral decision to withdraw as Cypress' counsel in 2019 was not based upon any promise made by GlassBridge or pursuant to a separate contract between the parties. Instead, Fox unilaterally withdrew its representation when, in July 2019, it was advised of a conflict between two then-current clients.

12. Upon Fox's withdrawal as counsel, Cypress was represented by the law firm Wilentz, Goldman & Spitzer. A true and accurate copy of an engagement letter between Cypress and law firm Wilentz, Goldman & Spitzer, is annexed hereto as Exhibit "C."

13. A true and accurate copy of correspondence to Defendants from the law firm representing Cypress, Wilentz, Goldman & Spitzer, and sent in connection with Wilentz, Goldman & Spitzer's representation of Cypress, is annexed hereto as Exhibit "D."

**C.  Fox Ceases Performing Work for GlassBridge in April 2020 and Formally Terminates the Relationship in November 2021**

14. Fox last performed legal services for GlassBridge in April 2020, sending its final invoice for services in May 2020.

15. On November 9, 2021, over one year after Fox had last performed legal services for GlassBridge, Fox formally terminated its relationship with GlassBridge. A true and accurate copy of a letter from Fox attorney Pamela Thein, Esq, dated November 9, 2021, reflecting the termination of the attorney/client relationship between Fox and GlassBridge, is annexed hereto as Exhibit "E."

16. GlassBridge has not, in response to Fox's letter, asked that any documents be returned to it, or transferred to alternate counsel.

I declare under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 21, 2022

THOMAS D. PARADISE, ESQ.
GENERAL COUNSEL

4