UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
:
CYPRESS HOLDINGS, III, L.P., individually and   :
derivatively on behalf of SPORT-BLX, INC.,      :
: Case No. 22-cv-01243 (LGS)
Plaintiff,              :
:
-against-              :
:
GEORGE HALL, JOSEPH DEPERIO, SPORT-  :
BLX, INC. and GLASSBRIDGE ENTERPRISES, :
INC.,                                  :
:
Defendants.             :
:
----------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLASSBRIDGE ENTERPRISES INC.'S MOTION TO DISQUALIFY FOX ROTHSCHILD LLP**

                                           LOEB & LOEB LLP
                                           Christian D. Carbone
                                           Danielle C. Quinn
                                           345 Park Avenue
                                           New York, New York 10154
                                           (212) 407-4000

## **ARGUMENT**

In 2019, Fox acknowledged that its representation of Cypress adverse to Sport-BLX and GlassBridge was inappropriate and promptly withdrew. After withdrawing from the Cypress representation, Fox continued to represent GlassBridge and was paid hundreds of thousands of dollars in legal fees. However, when that work (and Fox's invoices) ebbed, Fox dropped GlassBridge like a hot potato, re-engaged with Cypress, and sued GlassBridge directly; initially accusing GlassBridge of engaging in a criminal enterprise during the very same time that Fox was acting as its counsel and involving some of the very same matters that Fox handled.

Cypress argues that this motion is somehow an underhanded tactic, but GlassBridge raised this conflict to Cypress before the Amended Complaint was filed, GlassBridge's request went unanswered, and GlassBridge filed this motion to resolve the conflict issue at the *outset of litigation*. Should this Court grant GlassBridge's motion to disqualify Fox, Cypress will be permitted to retain new counsel and pursue the claims it asserts in this litigation. Any conceivable prejudice to Cypress – of which there is no showing whatsoever – does not outweigh the potential for information gained during Fox's former representations of GlassBridge to taint the remainder of this case.

On the merits, Cypress fails to put forth arguments or facts to support why Fox should not be disqualified in this case. *First*, Cypress fails to address the case law holding that a current client conflict cannot be converted into a former-client relationship simply by firing one client. *Second*, even under the former-client conflict standard, Cypress urges a self-serving view of the issues in the prior representations. It ignores the overlap of information GlassBridge provided to Fox during the PBGC negotiations and procurement of GlassBridge's D&O Policy, that is, in fact, substantially related to the issues in this case and will taint this litigation. *Third* and finally, Fox

has not attempted to show, as it must, that it took appropriate steps to ensure that GlassBridge's confidences were protected at Fox and not accessed by Mr. Gross or Mr. Kaplan.

I. **THE CONCURRENT CLIENT CONFLICT STANDARD APPLIES.**

Cypress does not address GlassBridge's argument that the concurrent client conflict standard applies because GlassBridge was dropped as a client immediately before suit was filed. (ECF No. 27 at 6-8; ECF No. 36 at 9-14); *see, e.g.*, *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 67-68 (S.D.N.Y. 2017); *see also Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 209 (S.D.N.Y. 2009) (collecting cases), *aff'd*, No. 08 Civ. 0035 (RMB) (JCF), 2009 U.S. Dist. LEXIS 150655 (S.D.N.Y. Nov. 12, 2009). The facts here are even more striking than a typical "hot potato" situation, because here, Fox had a concurrent client conflict in 2019 that took months to resolve, and resulted in GlassBridge being told that Fox would not represent Cypress in this matter adverse to GlassBridge. (ECF No. 28-1 at 1). Fox engaged in the precise legal maneuvering that courts have admonished: "counsel may not avoid a disqualifying conflict by dropping the less desirable client like a 'hot potato.'" *Merck*, 670 F. Supp. 3d at 209. Concurrent client conflicts are *per se* improper, and for this reason alone, Fox must be disqualified.

II. **FOX'S PRIOR REPRESENTATIONS ARE SUBSTANTIALLY RELATED.**

Fox's representation is also improper under the former-client standard. Cypress argues that this litigation and Fox's prior representation in the PBGC negotiation[1] are not "substantially related" because: (i) GlassBridge's Sport-BLX investment was "pending" during the PBGC representation, (ECF No. 36 at 3, 11); (ii) Fox never advised GlassBridge on its investment

---

[1] Cypress's opposition does not address Fox's prior representation of GlassBridge concerning its D&O Policy. For the reasons stated in GlassBridge's opening memorandum of law, (*see, e.g.*, ECF No. 27 at 3, 9), the information learned during the D&O policy representation will disadvantage GlassBridge's ability to defend against damages awards and will hamper GlassBridge's ability to negotiate settlement, (ECF No. 27 at 9).

2

decision in Sport-BLX, (ECF No. 36 at 11); and (iii) Fox was "just a messenger" to the PBGC, communicating the Sport-BLX settlement package, (ECF No. 36 at 4, 11).[2]

*First*, GlassBridge invested in Sport-BLX in January 2019, with several additional investments throughout 2019, (ECF No. 28 ¶ 13; ECF No. 31 ¶ 16) – it was not "pending" during the course of the Fox representation, as Cypress suggests. (ECF No. 28 ¶¶ 3-11). GlassBridge's decision to become a majority shareholder in 2019 is key to Cypress's claims. (ECF No. 17 ¶¶ 53-58; ECF No. 31 ¶¶ 21-26). *Second*, it is inconsequential that Fox did not advise GlassBridge on its due diligence of Sport-BLX, (ECF No. 36 at 11), because Fox concedes it received GlassBridge's confidential valuation and assessment of its Sport-BLX assets during the PBGC negotiations, (ECF No. 36 at 3-4, 12-14). *Third*, Cypress's (factually incorrect) argument that Fox was merely a "messenger" of information concerning Sport-BLX, (ECF No. 36 at 11) stretches credulity and does not save it. GlassBridge submitted a declaration describing its conversations with its lawyers, (*see* ECF No. 28 ¶¶ 3-11),[3] and tellingly, not one Fox lawyer involved in the prior representations submitted a declaration to the contrary. That Fox sent parts of GlassBridge's analysis of Sport-BLX to third parties does not waive the privileged nature of what GlassBridge told Fox to allow Fox to negotiate on its behalf.

The crux of GlassBridge's disqualification motion is that Fox gained sensitive information concerning the very investment that is at issue in this case, and gained sensitive information about

---

[2] Fox's General Counsel's declaration attaches the complaint in the PBGC litigation in a purported effort to show that the legal issues are different, but this is irrelevant. GlassBridge is not arguing that the PBGC litigation is substantially related; GlassBridge's argument is that to settle the PBGC litigation GlassBridge and Fox had to prove to the PBGC that GlassBridge's Sport-BLX investment was valuable, which required GlassBridge and Fox to discuss and evaluate the Sport-BLX asset together.

[3] Cypress mentions that it is disclosing GlassBridge's confidential information to the extent necessary, as permitted by Rule of Professional Conduct 1.6(b). (ECF No. 36 at 3, n.1). GlassBridge disagrees that Rule 1.6(b) permits Fox to disclose any of its confidential information in response to a motion to disqualify. That rule makes no provision for disclosure in the context of a disqualification motion.

GlassBridge's D&O policy, both of which Fox can use to GlassBridge's disadvantage during the litigation and in any potential settlement negotiations. Cypress admits that the information Fox provided to the PBGC on GlassBridge's behalf will be the subject of discovery, (ECF No. 36 at 12, n.7), which is exactly GlassBridge's point – the factual issues in the prior representations and this case overlap, and Fox's access to GlassBridge's confidential information puts it on the back-foot defending itself. That is, GlassBridge must argue that it invested in Sport-BLX in 2019 because it thought Sport-BLX was a sound investment, and later withdrew its investment for reasons unrelated to Cypress – such that any information that GlassBridge provided to Fox to the contrary could be used against GlassBridge and taints the litigation. Because there is a clear factual nexus between the information provided to Fox in the prior representations and the facts at issue in this litigation, the representations are substantially related. *See United States Football League v. Nat'l Football League*, 605 F. Supp. 1448, 1459 (S.D.N.Y. 1985).

### III. FOX HAS NOT EVEN ATTEMPTED TO REBUT THE PRESUMPTION OF ACCESS.

To rebut the presumption that Mr. Gross and Mr. Kaplan had access to GlassBridge's confidential information, Cypress was required, and failed, to show that there were sufficient safeguards in place at Fox to protect GlassBridge's confidential information. Fox has made no such showing. Fox's General Counsel's declaration curiously omits the firm's processes, if any, for protecting GlassBridge's information. (ECF No. 37). Equally curious is Cypress's failure to submit declarations from any of GlassBridge's prior Fox counsel with personal knowledge detailing the nature of the information received from GlassBridge, and how that information was protected from Mr. Gross and Mr. Kaplan. Instead of offering evidence of an ethical wall or process to protect GlassBridge's information to rebut the presumption, *see Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 138 (2d Cir. 2005), Fox once again points

the finger at GlassBridge arguing that GlassBridge should have requested its files back, (ECF No. 36 at 6; ECF No. 37 ¶ 16); as if GlassBridge should have known Fox planned to sue it. Instead of rebutting the presumption that a conflict exists, Cypress's opposition is full of assumptions and speculations, including its contention that Cypress accidently copied Mr. Gross – *twice* – in the summer of 2019. (ECF No. 36 at 5, n.5). Because Cypress has done nothing to show that GlassBridge's confidential information concerning its Sport-BLX assets and its D&O Policy was not accessible to Mr. Gross and Mr. Kaplan, Cypress has not rebutted the presumption that the conflict is imputed to its lawyers in this case.

Dated: New York, New York
June 28, 2022

                                       Respectfully Submitted,

                                       LOEB & LOEB LLP

                                       By: */s/ Christian D. Carbone*
                                               Christian D. Carbone
                                               Danielle C. Quinn
                                               345 Park Avenue
                                               New York, New York 10154
                                               (212) 407-4000

                                       *Attorneys for Defendant GlassBridge Enterprises, Inc.*