

October 12, 2022

Hon. Lorna Gail Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, New York, New York 10007

By Electronic Filing on Both Dockets.

> Re:   Case No. 22-cv-1243 (LGS), <u>Cypress Holdings, III, L.P. v. Sport-BLX, et al.</u>
>        Case No. 22-cv-8111 (LGS), <u>Sport-BLX v. Salerno, et al.</u>

Dear Judge Schofield:

My firm, with co-counsel, represents a number of the parties in the two cases (for convenience, referred to as "*Cypress*" and "*Sport-BLX*" for the respective lead party) named above. I write jointly with other counsel, as directed by the Court (*Cypress*, Dkt. Nos. 6 and 46; *Sport-BLX*, Dkt. No. 7), to provide various information in advance of the currently scheduled initial pre-trial conference.

In addition, as set out in more detail below, there is a little (for lack of a better phrase) shuffling going on with the pleadings and jurisdiction right now, and the parties believe it may be more productive to hold the initial pre-trial conference after those issues are more fully resolved. Specifically, Cypress Holdings' incoming counsel have asked for consent to file an amended complaint in *Cypress*, which counsel for the other parties have agreed to evaluate promptly upon receiving a proposed draft. And as set out in a letter filed on Monday, Sport-BLX believes there are preliminary jurisdictional issues that must be resolved before proceeding on the *Sport-BLX* docket. On the other hand, Cypress Holdings believes that it has fully satisfied its obligations to plead diversity in removing the action from state court and will fully set forth its position in the letter ordered by the Court. But the parties are amenable to holding the conference whenever the Court believes is best — or having a brief status conference to discuss a plan if the Court prefers.

### I.   Coordination/Consolidation (*Sport-BLX,* Dkt. No. 7).

The Court asked the parties to state "their positions on whether [*Sport-BLX*] should be consolidated with [*Cypress*] or coordinated for the purposes of discovery or otherwise." *Sport-BLX*, Dkt. No. 7. Subject to the jurisdictional issues Sport-BLX has raised (*Sport-BLX,* Dkt. No. 8),[1] the parties agree that some form of coordination or consolidation for discovery purposes should be ordered. However, both parties wish to reserve their right to argue either for or against a consolidated trial based on both (1) the pleadings (which are not yet final, as discussed below) and (2) the results of discovery and various motion practice.

Thus, the parties ask that the Court direct the cases be consolidated for discovery purposes

---

[1] With that said, even if there is a remand, the parties agree that coordinating discovery would make sense — and intend to figure out a way to cooperatively minimize the burdens on all involved in any event.

only, and reserve decision on whether a consolidated trial makes sense.

## II. Standard Matters (*Cypress*, Dkt. No. 6).

### 1. Statement of the case.

*Cypress* is an action brought by Plaintiff Cypress Holdings, III, L.P. ("Cypress Holdings") against Defendants Sport-BLX, Inc., GlassBridge Enterprises, Inc. ("GlassBridge"), George Hall, and Joseph DePerio (collectively, the "*Cypress* Defendants"). On April 7, 2022, Cypress Holdings, individually and derivatively on behalf of Sport-BLX, filed a First Amended Complaint against those same Defendants (the "Amended Complaint"). (*See Cypress*, Dkt. No. 17). As alleged in the Amended Complaint, Sport-BLX is a company that was formed by Hall and DePerio for the purpose of creating a "new economy" in sports by "tokenizing" sports assets and creating a blockchain platform to improve the dynamics of investing in those assets. Cypress Holdings, an investment company whose Managing Partner is Michael Salerno ("Salerno"), purchased almost 8,000 shares of Sport-BLX common stock in February 2019. A material part of the inducement for Cypress Holdings to invest in Sport-BLX were the representations made by the *Cypress* Defendants that the investment would be used solely to develop the technology and that the *Cypress* Defendants would support Salerno's (or another representative designated by Cypress Holdings') election as a member of the Sport-BLX Board. On December 12, 2019, Hall and DePerio sold their shares in Sport-BLX to GlassBridge, an asset management company they also owned and controlled, so as to bring its ownership in Sport-BLX to a controlling 50.7%. GlassBridge then voted Salerno off of Sport-BLX's Board. In its Amended Complaint, Cypress Holdings alleges that Hall and DePerio used the sale to GlassBridge to breach their agreement to vote their shares in favor of a Cypress Holdings representative to Sport-BLX's Board and to reap windfall profits by manipulating the company's stock price. Cypress Holdings further alleges, in addition to other allegations, that Hall and DePerio made certain misrepresentations in connection with Cypress Holdings' investments in Sport-BLX. Based on this conduct, Cypress Holdings asserts claims against the *Cypress* Defendants for securities fraud, breach of the implied covenant of good faith and fair dealing, fraud in the inducement, negligent misrepresentation, tortious interference with contract, unjust enrichment, and breach of fiduciary duty. The latter two claims are asserted both directly and derivatively on behalf of Sport-BLX. As mentioned above, Cypress Holdings seeks to amend its complaint by adding additional causes of action and naming additional defendants relating to the *Cypress* Defendants' stripping and siphoning off of Sport-BLX's assets. Of particular factual importance are questions bearing on the representations made by the *Cypress* Defendants to Cypress Holdings and the propriety of certain transactions conducted by and between Sport-BLX, GlassBridge, their respective principals, and/or other related entities.

Both sets of Defendants in *Cypress* believe the current complaint does not state a claim (*see Cypress*, Dkt. Nos. 18 and 19), and reserve other defenses for the appropriate time — particularly in light of Cypress's expressed intention to amend once again. They have followed the Court's individual practices to file a motion to dismiss, and the Court granted leave — but stayed the schedule (at the parties' request) pending the motion to disqualify.

*Sport-BLX* is an action asserting a small handful of appropriate business torts because of Defendant Salerno's (and his various corporate partners') violation of his fiduciary duties as a member

Page 2 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

of the Sport-BLX Board, particularly in refusing to disclose basic information about his investment entity — Cypress — such that Sport-BLX could not get FINRA approval and follow its proven business plan.  Of particular factual importance to Sport-BLX are questions like why Salerno believed he was allowed to withhold that information — as well as why he did not engage in any efforts to mitigate the harm of that withholding.

Defendants in *Sport-BLX*, namely Salerno, Northeast Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, contend that the complaint fails to state a claim upon which relief can be granted and reserve other defenses pending further discovery in this matter. Among other things, it is Defendants' contention that the alleged disclosure to FINRA was not required and could have been made through other available means.

2. **Subject matter jurisdiction and venue.**

Because each case was removed, the statements below are made by the relevant defendants, rather than the plaintiff as contemplated by the Court's standard order.

*Cypress*:  The initial complaint — as well as the current complaint — asserted a variety of federal causes of action.  *See, e.g.,* Dkt. No. 16  ¶¶ 68-95 (claims under Securities and Exchange Act).  Given that, the Court has federal question jurisdiction under 28 U.S.C. § 1331.  Venue is appropriate because the *Cypress* Defendants' offices and primary places of business are in this District.

*Sport-BLX*: This action is a civil action over which the United States District Court for the Southern District of New York has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship in civil actions where the matter in controversy exceeds $75,000.00), and was removable to this Court pursuant to 28 U.S.C. § 1441. Venue is appropriate because "a substantial part of the [alleged] events or omissions giving rise to [Plaintiff's] claim[s] [allegedly] occurred" in this District. 28 U.S.C. § 1391(b)(2).

3. **Diversity jurisdiction issues.**

On September 22, 2022, Defendants in *Sport-BLX* (*i.e.*, Salerno, NPPG, and Cypress Holdings) filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, and Local Rule 81.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), to remove the *Sport-BLX* action, then pending in the Supreme Court of the State of New York, New York County, Index No. 652732/2022 (the "State Court Action"), to the United States District Court for the Southern District of New York ("the Notice"). (*See Sport-BLX*, Dkt. No. 3).

On September 28, 2022, Your Honor entered an Order in this action stating that "the Notice failed to allege the citizenship of any party at both the time of removal and the time the original action was filed in state court." (*Sport-BLX*, Dkt. No. 4). The Order further provided "that, by **October 7, 2022**, Defendants shall file an amended notice of removal that sufficiently alleges the requirements of removal jurisdiction on the basis of diversity of citizenship, or a letter stating why the case should not be remanded to state court." (*Sport-BLX*, Dkt. No. 4).

On October 4, 2022, in accordance with Your Honor's September 28, 2022 Order, Salerno,

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com

NPPG, and Cypress Holdings filed an Amended Notice of Removal that corrected the deficiency identified in that Order. (*See Sport-BLX*, Dkt. No. 6). Specifically, in their Amended Notice of Removal, Defendants in *Sport-BLX* alleged that the citizenships of the parties, as originally alleged in the Notice, were and are the citizenships of those parties "[a]t the time the State Court Action was filed on August 3, 2022 and from the time that Defendants filed the Notice to remove this action to the United States District Court for the Southern District of New York on September 22, 2022 to present." (*Sport-BLX*, Dkt. No. 6).

Pursuant to Section IV(A)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, Defendants in *Sport-BLX* (*i.e.*, Salerno, NPPG, and Cypress Holdings) state the following:

- Plaintiff's Verified Complaint alleges damages in excess of $75,000.00 (*See Sport*-BLX, Dkt No. 6-1, at ¶ 151) (alleging that "[t]ogether, those refusals cost Sport-BLX's shareholders approximately $35,000,000.00 looking backward from Salerno's termination, and a significant amount more to be determined at trial looking forward."). Accordingly, the Verified Complaint satisfies the requirement of 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

- The parties' citizenship satisfies the diversity requirement of 28 U.S.C. § 1332(a)(1) in that, at the time the State Court Action was filed on August 3, 2022 and from the time that Defendants filed the Notice to remove this action to the United States District Court for the Southern District of New York on September 22, 2022 to present: (1) Plaintiff Sport-BLX was and is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in New York, New York. Sport-BLX, therefore, was and is a citizen of both the State of Delaware and the State of New York; (2) Defendant Salerno was and is a citizen of the State of New Jersey; (3) Defendant NPPG was and is a domestic profit corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business in Shrewsbury, New Jersey. NPPG, therefore, was and is a citizen of the State of New Jersey; (4) Defendant Cypress was and is a limited partnership organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Shrewsbury, New Jersey. For purposes of diversity jurisdiction, limited partnerships such as Cypress have the citizenship of each of its general and limited partners. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'Ship*, 213 F.3d 48, 52 (2d Cir. 2000). All of Cypress' general and/or limited partners were and are citizens of the State of New Jersey and none were or are citizens of either the State of Delaware or the State of New York.

For the *Sport-BLX* Plaintiff's part, as set out in Dkt. No. 8, it notes that the *Sport-BLX* Defendants fail to allege the membership of Cypress — or its citizenship in anything other than conclusory fashion. But "[i]n pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *CT Espresso LLC v Lavazza Premium Coffees Corp.*, 2022 US Dist LEXIS 109785, at *3 (SDNY June 21, 2022). Defendants have refused to provide "the identity and citizenship of each member," notwithstanding clear authority. And even now, they fail to

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

provide any authority for their assertion that the Court — or an opposing party — may rely on a conclusion rather than details.

4. **Anticipated motions.**

*Cypress*: Both sets of Defendants still intend to move to dismiss. They have followed the Court's Practice III(C)(2) and the motion is ripe, though the schedule was stayed pending the now-granted disqualification motion. As discussed above, Plaintiff intends to seek to amend its pleading by adding additional causes of action and naming additional defendants to the action. The parties have agreed that Plaintiff will serve a proposed amended complaint on or before October 21, 2022, and Defendants will let Plaintiff know whether they consent to amendment on or before October 28, 2022. If Defendants do not consent to the filing of a Second Amended Complaint, Plaintiff will file a motion for leave to amend its pleading on or before November 4, 2022.

*Sport-BLX*: Defendants intend to move to dismiss Plaintiff's Verified Complaint and will seek leave to do so in advance in accordance with Section III(C)(2) of Your Honor's Individual Rules and Procedures for Civil Cases.

5. **Discovery to date.**

*Cypress*: No discovery has taken place to date.

*Sport-BLX:* As described in *Sport-BLX,* Dkt. No. 8, "Sport-BLX has sought informal jurisdictional discovery." *Platinum-Montaur Life Sciences, LLC v Navidea Biopharmaceuticals, Inc.*, 943 F3d 613, 615 (2d Cir 2019). Defendants oppose Plaintiff's request for informal jurisdictional discovery and, in accordance with Your Honor's October 11, 2022 Order, (*see Sport-BLX*, Dkt. No. 9), will submit a responsive letter to Plaintiff's October 10, 2022 Letter Brief on or before October 14, 2022. No other discovery has taken place.

6. **Damages.**

Both plaintiffs (*e.g.*, in *Cypress* and in *Sport-BLX*) have provided initial computations of damages in their complaints. With other measures reserved, the largest category of damages here is that each side blames the other for the total loss of value in the Sport-BLX start-up — which, as alleged by Sport-BLX, measures at approximately $35 million.

7. **Settlement.**

There have been no formal settlement discussions. The parties are open to and would welcome the Court's assistance.

8. **Other information.**

At this time, the parties cannot think of any other information that would assist the Court in resolving this action.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record by ECF.

The *Cypress* and *Sport-BLX* cases, 22 Civ. 1243 and case 22 Civ. 8111 respectively, shall be coordinated for purposes of discovery. Until the close of all discovery, the parties shall include both case captions on all filings that pertain to discovery or that otherwise pertain to both cases, and the parties shall file all such documents on both dockets.

The parties' request to adjourn the initial pretrial conference is DENIED. As soon as possible, and no later than **October 17, 2022**, the parties shall file a proposed civil case management plan and scheduling order pursuant to the Court's prior orders.

So Ordered.

Dated: October 13, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Page 6 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com