# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 3, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
             *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

    We represent Sport-BLX, Inc. ("Sport-BLX") and George Hall in the above-referenced actions. We write to request a pre-motion conference in anticipation of filing a motion to compel Michael Salerno, Northeast Professional Planning Group, Inc. ("NPPG"), and Cypress Holdings, III, L.P. ("Cypress") (collectively, the "Cypress Parties") to respond to straightforward discovery requests that seek relevant and important information concerning the investors in Cypress.

    In early November 2022, Sport-BLX and Mr. Hall served discovery requests on the Cypress Parties seeking information concerning the identities of Cypress's limited partners. Each of those requests was carefully tailored to the claims at issue in these actions. But, to date, the Cypress Parties have refused to comply with those requests, incorrectly asserting that Your Honor's earlier order concerning identification of citizenship for diversity purposes excuses them from producing the requested information. As detailed below, Cypress's limited partners are likely to have relevant evidence, and the Court's earlier order concerned a different issue which has no bearing on the current dispute.

    I.    **Information Concerning the Identities of Cypress's Limited Partners Is Relevant to Claims and Defenses in the Actions**

    The Cypress Parties are refusing to comply with Request No. 19 from Sport-BLX and Mr. Hall, which seeks documents and communications "sufficient to identify all members of" Cypress. The Cypress Parties likewise are refusing to identify Cypress's limited partners in response to Request Nos. 24 and 28—which concern communications with Cypress's limited

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
January 3, 2023
Page 2

partners about disclosure of their identities—and Interrogatory Nos. 2, 5, and 6, which seek similar information.[1]

In the two actions before the Court, Cypress has alleged securities fraud, fraudulent inducement, and related violations arising out of its $1,000,000 investment in Sport-BLX; and Sport-BLX has alleged breaches of fiduciary duty and related violations arising out of disloyal and self-interested interference by Cypress and its sole general partner, defendant Salerno, with the conduct of Sport-BLX's business. Central to these actions is Cypress's decision to invest in Sport-BLX, the information it received concerning that investment opportunity, and the Cypress Parties' conduct following its $1,000,000 investment. Cypress is an investment vehicle organized by Mr. Salerno that includes fewer than 20 investors. Aff. of Michael Salerno, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 18-1. Cypress's limited partners are likely to have documents and information that relate to core allegations in these actions—including those concerning Cypress's investment in Sport-BLX, which underlies every claim Cypress brings against Sport-BLX and Mr. Hall. *See* First Am. Compl. ¶¶ 20-42, *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), ECF No. 17; *see also id.* ¶¶ 19-31 (allegations re: initial investment), 33-34 (allegations re: Sport-BLX diligence materials), 45-49 (alleged overpayment for rent), 51-52 (allegations re: Sport-BLX's business model and use of investment funds).

The Cypress limited partners are also likely to have documents and information concerning Mr. Salerno's refusal to identify Cypress's ownership in response to a request from the Financial Industry Regulatory Authority. That refusal, which forced Sport-BLX to abandon its original business model, is central to Sport-BLX's claims of misconduct against Mr. Salerno and his co-defendants. *See* Compl. ¶¶ 62-72, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS), ECF No. 3-1. Sport-BLX also seeks to explore the limited partners' knowledge of Mr. Salerno's other misconduct over a multi-year period.

Any information that may relate to the claims or defenses in these two actions plainly falls within the heartland of proper discovery. *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) ("A request for discovery is considered relevant if there is a possibility that the information sought may have a bearing on any party's claim or defense."). That includes any documents that may be in the possession of the limited partners themselves. It also includes the limited partners' knowledge of alleged facts, which Sport-BLX and Mr. Hall are entitled to explore in depositions.

---

[1] After receiving the Cypress Parties' deficient responses, Sport-BLX and Mr. Hall sent a discovery letter requesting a meet-and-confer pursuant to Section III.C.3 of the Court's Individual Rules and Procedures. The parties met and conferred on the present issue on December 22 and 28, 2022. During the latter meeting, the Cypress Parties reiterated their refusal to identify Cypress's limited partners and agreed the parties were at an impasse on this issue.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
January 3, 2023
Page 3

      Obtaining that information and taking such depositions require identifying Cypress's limited partners. The Cypress Parties have asserted that the limited partners lack relevant information, but that sort of self-serving denial does not control a party's right to seek reasonable and appropriate discovery. Other courts have permitted the very sort of discovery now sought by Sport-BLX and Mr. Hall. *See, e.g.*, *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 12-6383, 2016 WL 4703656, at *15 (E.D.N.Y. Sept. 7, 2016) (holding that, "notwithstanding Defendants' generalized objections," the "identifies of the corporate principals of [Defendant], including its owners, officer/directors and board member" were likely to lead to relevant information); *Water St. Bank & Tr. Ltd. v. Rep. of Panama*, No. 94 Civ. 2609 (HB), 1995 WL 51160, at *1 (S.D.N.Y. Jan. 8, 1995) (similar). The Court should do the same here and require the Cypress Parties to disclose the identities of limited partners in discovery.

### II.    The Court's October 17, 2022 Order Does Not Address, Much Less Preclude, the Requested Discovery

      The Cypress Parties incorrectly claim that that the documents and information sought are "protected from disclosure" by the Court's October 17, 2022 Order. That Order, however, addressed only the narrow, threshold issue of whether Cypress could meet its initial burden of demonstrating diversity of citizenship without disclosing its members' identities. *See* Order, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS) (S.D.N.Y. 2022), ECF No. 14 at 4 (requiring Cypress to submit affidavits "attesting to the facts required to establish citizenship" and show that "complete diversity is established"). The Order has no bearing on whether the requested information is subject to merits discovery.

      The Cypress Parties also offer a slew of boilerplate objections—that the Requests and Interrogatories are overbroad, unduly burdensome, and designed to harass non-parties. But the requested information—which concerns *Cypress's own limited partners*—is discrete and easily obtainable by Cypress. And those protests fail regardless. Such vague, generalized objections are not sufficient under the Federal Rules. *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 27, 2017); *see also* Fed. R. Civ. P. 33(b)(4) (objections to interrogatories must be "stated with specificity"); Fed. R. Civ. P. 34(b)(2)(B) (similar).

      We look forward to addressing these issues further at a pre-motion conference.

                                          Respectfully submitted,

                                          /s/ *Jonathan S. Sack*

                                          Jonathan S. Sack

cc: Counsel of record (by ECF)