

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100     F  973.325.1501

**BY ECF**　　　　　　　　　　　　　　　　　January 17, 2023
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

　　　　　　Re:　*Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 22-cv-01243 (LGS)

Dear Judge Schofield,

　　　This firm represents Plaintiff Cypress Holdings, III, L.P. ("Plaintiff" or "Cypress") in the above-referenced action. Pursuant to Rule III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), we write to respectfully request a pre-motion conference in anticipation of filing a motion, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Second Amended Complaint.

　　　**Procedural History**

　　　On January 11, 2022, Cypress filed its initial Complaint in this action against Defendants Sport-BLX, Inc. ("Sport-BLX"), GlassBridge Enterprises, Inc. ("GlassBridge"), George Hall ("Hall") and Joseph De Perio ("De Perio") (collectively, "Defendants") in the Supreme Court of the State of New York, County of New York, Index No. 650179/2022. On February 14, 2022, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.* and Local Rule 81.1 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), to remove this action to the United States District Court for the Southern District of New York (ECF No. 2).

　　　On March 4, 2022, pursuant to Rule III.C.2 of Your Honor's Individual Rules, Defendants Sport-BLX, Hall and De Perio and Defendant GlassBridge filed separate pre-motion letters expressing their intentions to file separate motions to dismiss Cypress' Complaint (ECF Nos. 7, 8). On March 11, 2022, in light of the issues raised in Defendants' letters, Cypress' previous counsel requested leave to file an amended complaint (ECF No. 14). On March 14, 2022, the Court granted Cypress' request (ECF No. 15) and, on April 7, 2022, Cypress' previous counsel filed a First Amended Complaint ("FAC") (ECF No. 17).

　　　On April 14, 2022, Defendants Sport-BLX, Hall and De Perio filed a pre-motion letter expressing their intention to file a motion to dismiss Cypress' FAC (ECF No. 18). On that same date, Defendant GlassBridge submitted a pre-motion letter to the Court wherein it sought a pre-motion conference in anticipation of its filing of a motion to disqualify Cypress' then-counsel, Fox Rothschild LLP ("Fox Rothschild"), and advised the Court of its intention to file a motion to dismiss the FAC

NEW JERSEY　　　NEW YORK

(ECF No. 19). On May 13, 2022, counsel for Sport-BLX, Hall and De Perio advised the Court via letter that those Defendants wished to join in GlassBridge's contemplated disqualification motion (ECF No. 24). Counsel further requested that the Court stay the briefing schedule on its motion to dismiss pending a ruling on the forthcoming disqualification motion. On May 16, 2022, the Court ordered that Defendants Sport-BLX, Hall and De Perio and Defendant GlassBridge each file a separate motion for disqualification by May 31, 2022 (ECF No. 25). The Court further ordered that the briefing schedule for Defendants' proposed motions to dismiss be stayed until further order of the Court. On May 31, 2022, in accordance with the Court's Order, Defendants Sport-BLX, Hall and De Perio and Defendant GlassBridge filed their respective motions to disqualify (ECF Nos. 26, 29). On August 23, 2022, the Court entered an Opinion and Order (1) granting Defendants' motions to disqualify Fox Rothschild as counsel for Cypress and (2) staying discovery in this action for thirty days to permit Cypress to secure substitute counsel (ECF No. 46). This firm entered its appearance on behalf of Cypress on September 22, 2022 (ECF No. 48).

After entering this action upon the disqualification of Fox Rothschild, this firm, based on its review of the FAC and its own investigation of the allegations contained therein, determined it necessary to add additional claims and parties, as well as additional factual allegations, to Cypress' FAC. To that end, on October 24, 2022, this firm circulated a draft Proposed Second Amended Complaint ("PSAC") to Defendants and inquired as to whether Defendants would consent to its filing. On November 3, 2022, counsel for Sport-BLX and Hall advised that they would give their conditional consent to the filing of the PSAC. At this same time, counsel for proposed additional defendant I Got It Holdings Corp. d/b/a Metabilia ("Metabilia") (who also represents De Perio in this action) contacted this firm to express his concerns regarding the claims asserted against Metabilia in the PSAC. In November and December 2022, this firm engaged in multiple discussions and meet and conferrals with counsel to Metabilia regarding Cypress' proposed claims against that entity. On December 15, 2022, this firm circulated a revised PSAC to Defendants and requested that Defendants indicate their consent, or lack thereof, to the filing of the revised PSAC. On December 19, 2022, counsel for De Perio, counsel for Sport-BLX and Hall, and counsel for GlassBridge separately advised that their respective clients would not consent to the filing of the revised PSAC. Since that time, after further discussions with counsel for Metabilia, Cypress has agreed to remove the claims against Metabilia in the revised PSAC on the condition that Metabilia provide Cypress with certain information from certain of its corporate officers and employees attesting to facts related to the allegations set forth in the December 15, 2022 PSAC. On January 12, 2023, counsel for Metabilia confirmed that Metabilia will produce this information to Cypress this week. Accordingly, the latest version of the PSAC for which Cypress now seeks leave to file, a copy of which is attached, excludes Metabilia as a defendant to this action.

### **Justice Requires Granting Cypress Leave to Amend and Good Cause for the Proposed Amendment Exists**

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") sets forth a generous standard for when leave to amend a pleading should be granted. It provides, in relevant part: "a party may amend its pleading only with the opposing party's written consent or the court's leave. <u>The court should freely give leave when justice so requires</u>." FED. R. CIV. P. 15(a)(2) (emphasis added). It is well settled that whenever possible, a party "ought to be afforded an opportunity to test [its] claim[s] on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). This standard means that "[a]bsent undue delay,

bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (citing Foman v. Davis, 371 U.S. at 182).

As a general matter, most courts interpreting this rule hold that "[i]f no prejudice is found [to the non-moving party], then leave normally will be granted."  6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure, § 1484 (2d ed. 2009).  Further, mere delay, without a showing of bad faith or undue prejudice, is an insufficient basis on which to deny a motion to amend under Rule 15. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (noting that granting leave to amend a complaint even four years after filing was proper in the absence of undue delay or prejudice).  Here, Plaintiff's application meets this standard.  The new pleading will not in any way unfairly prejudice Defendants. Discovery has just commenced and only Defendant Hall has produced documents in response to Plaintiffs' discovery requests (on January 13, 2023). Little additional discovery will be needed because the issues relating to the PSAC are already the subject of discovery or are otherwise known to the Defendants.  Moreover, Plaintiff has acted diligently and there has been no undue delay.

There is also good cause for Plaintiff's proposed amendment.  When a scheduling order has been issued pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("Rule 16") limiting the timeframe in which a party may move to amend the pleadings, the schedule may be modified "for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4). Where a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause." Salomon v. Adderley Indus., Inc., 960 F. Supp. 502, 508 (S.D.N.Y. 2013) (citing Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009)). In such situations, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs[.]" Parker v. Columbia Pictures Indus., 204 F.3d 326, 339–40 (2d Cir. 2000). Whether good cause exists turns on the diligence of the moving party. Holmes, 568 F.3d at 335 (citations omitted).

As set forth above, Plaintiff's application meets the generous standard under Rule 15 and good cause exists pursuant to Rule 16. The Scheduling Order in this case does not permit the addition of new parties after April 1, 2022. (ECF No. 59). Notably, this firm did not appear in this case until after that date, on September 22, 2022. Plaintiff's PSAC is made in good faith, diligently, and with good cause. Furthermore, this firm did not participate in the drafting of the FAC and only entered the case after prior counsel had been disqualified and the deadline in the Scheduling Order for the addition of new parties had passed. Therefore, this firm had no opportunity to assert additional claims against parties to this action as well as additional parties that this firm believes to be necessary and meritorious. Further, because a number of the corporate defendants are private companies, some of the new allegations could not have been added until they disclosed information in their public filings in March 2022. For these reasons, Plaintiff submits that leave to amend to file a Second Amended Complaint is necessary under Rule 16's good cause standard.

                                            Respectfully submitted,

                                            */s/ A. Ross Pearlson*
                                            A. Ross Pearlson
                                            Member

cc: All Counsel of Record (*by ECF*)