

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536 fax

New York
—
Delaware
—
Maryland
—
Texas
—
Florida

David S. Gold
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6305
Writer's Direct Fax: 201.678.6305
Writer's E-Mail: DGold@coleschotz.com

January 24, 2023

**Via Electronic Case Filing**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cypress Holdings, III, L.P. v. Hall, et al.*
              Docket No. 22-cv-01243 (LGS)

Dear Judge Schofield:

      We represent defendant Joseph De Perio in the above case. We are writing in accordance with the Court's January 17, 2023 Order [Dkt. No. 71] to briefly respond to Plaintiff's request for a pre-motion conference in furtherance of Plaintiff's belated efforts to amend and file a Second Amended Complaint. As discussed below,[1] Plaintiff falls woefully short of the standard to amend and, accordingly, Plaintiff's request for leave should be denied.

      Second Circuit authority is clear: "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Rule 16(b)(4) provides that a scheduling order "may be modified ***only*** for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis supplied). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence," and if "a party was not diligent, the good cause inquiry should end." *Rent-A-Ctr. V. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (citations and alterations omitted). Although the Court may consider other, secondary factors, those factors, such as the timing of trial and prejudice to the non-moving party, "will ***not*** excuse a lack of diligence." *Sec. Investors Protection Corp. v. Bernard L. Madoff Investment Sec. LLC*, Adv. P. No. 08-1789 (SMB), 2017 WL 2829676, at *3 (Bankr. S.D.N.Y. June 28, 2017) (emphasis supplied; citing *Oppenheimer &*

---

[1] Mr. De Perio also joins in the arguments made by co-defendants Sport-BLX, Inc., George Hall, and GlassBridge Enterprises, Inc.



Hon. Lorna G. Schofield, U.S.D.J.
January 24, 2023
Page 2

*Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697 (FM), 2009 WL 2432729, at *3-4 (S.D.N.Y. July 31, 2009), *adopted by* No. 08 Civ. 3697 (LTS), 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010)); *see also Torres v. Mamadou*, No. 19 Civ. 6973 (SLC), 2022 WL 17475708, at *2 (S.D.N.Y. Nov. 16, 2022) (quoting *Oppenheimer*, recognizing "[a] lack of prejudice … will not excuse a lack of diligence"). "The Second Circuit has *repeatedly stated* that a finding of good cause depends on the diligence of the moving party" and the district courts "are not at liberty to ignore this binding precedent." *See Willet v. City of Buffalo*, No. 15-330, 2016 WL 6432724, at *3 (W.D.N.Y. Oct. 31, 2016) (citations omitted; emphasis in original). While "[s]trict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine …, if the courts do not take seriously their own scheduling orders who will?" *Id.*

Plaintiff cannot establish good cause to amend. As outlined in Plaintiff's letter request, this case has been pending for over a year. Pursuant to the Scheduling Order [Dkt. No. 59], additional parties and amendments were to be completed no later than April 1, 2022, nearly 10 months ago. In accordance with the Scheduling Order, the parties have already served and responded to written discovery, documents have been collected, reviewed, and produced, and several depositions have been noticed, all based on the operative pleading (the First Amended Complaint) that was filed on April 7, 2022 [Dkt. No. 17]. Now, less than 2 months before the close of fact discovery, Plaintiff has decided to seek to amend to add countless new factual allegations, 6 new defendants, and 10 new causes of action. As should be clear from Plaintiff's markup, Plaintiff is not contemplating minor changes to the operative pleading, but a complete overhaul that will essentially put this case back at "square one."

Plaintiff does not even attempt to establish the requisite diligence. Instead, Plaintiff's request turns almost entirely on the appearance of substitute counsel, Chiesa, Shahinian & Giantomasi P.C. ("<u>CSG</u>"), following the disqualification of Fox Rothschild LLP ("<u>Fox Rothschild</u>") over 4 months ago. Acceptance of Plaintiff's argument would permit any party to establish the requisite diligence by retaining substitute counsel during the pendency of the case. That is why the law is clear that "substitution of counsel does ***not*** constitute 'good cause'; a party cannot restart the litigation clock by firing one counsel and hiring another." *Hudson Techs., Inc. v. RGAS, LLC*, 21-CV-297 (JPO), 2022 WL 1644913, at *1 (S.D.N.Y. May 24, 2022) (emphasis supplied; quoting *Cheng v. Via Quadronno LLC*, 20-cv-8903 (LJL), 2022 WL 1210839, at *4 (S.D.N.Y. Apr. 25, 2022); additional citations omitted); *see also Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 CV 2333 (KMW), 2013 WL 364210, at *2 (S.D.N.Y. Jan. 30, 2013) (denying motion for leave to amend; collecting cases; holding that "substitution of counsel, even where prior counsel was negligent, has routinely been found to not constitute sufficient cause to justify amendment"). Even if attorney negligence was a basis to amend (which it is not), Plaintiff does not claim Fox Rothschild was negligent, only that substitute counsel felt it prudent to add additional parties and claims. The law is clear that parties are free to choose their own counsel but must live with the consequences of those choices.

Equally important, these individuals and entities were, or should have been, well known to Plaintiff (whose principals, agents, and/or representatives were intimately involved in the subject



Hon. Lorna G. Schofield, U.S.D.J.
January 24, 2023
Page 3

transactions) from the outset, and are, in certain cases, referenced in the Original and First Amended Complaints (for example, Clinton Group Inc. is referenced in the Original and First Amended Complaint, while Messrs. Strauss, Ruchalski, Baez, and Johnson are Sport-BLX board members that were known to Plaintiff at the outset). *See Sherman v. Fivesky*, LLC, 19-cv-8015 (LJL), 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020) (*quoting* D*eCastro v. City of New York*, 16-CV-3850 (RA), 2020 WL 4932778, at *7 (S.D.N.Y. Aug. 24, 2020)) ("[T]he good cause standard of Rule 16 is *not* satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline."). In fact, as noted above, Plaintiff circulated the proposed Second Amended Complaint in October 2022, prior to the exchange of written discovery, obviating any argument that Plaintiff first learned of these individuals and entities during fact discovery. The reality is that Plaintiff was familiar, or at a minimum should have been familiar, with each of these proposed defendants and the manufactured allegations directed at same, and Plaintiff's counsel does not argue otherwise.[2]

Plaintiff falls woefully short of the good cause standard to amend at this late stage of the proceeding. Accordingly, leave to amend should be denied.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ David S. Gold*

David S. Gold

cc: All counsel of record (via ECF)

---

[2] The only other argument presented by Plaintiff is that it had to wait for certain corporate defendants to make certain unidentified public filings in March 2022. This argument also rings hallow. Plaintiff fails to identify what filings they are referring to, what "new" information was contained in those filings, or why they were unable to assert these claims without that information. Even if there was "new" information in those filings, however, Plaintiff concedes that those filings were complete in March 2022 (10 months ago), prior to the Court-ordered deadline to amend.