

LOEB &
LOEB LLP

**CHRISTIAN D. CARBONE**
Partner and Co-Chair,
Litigation

345 Park Avenue
New York, NY 10154

**Direct** 212.407.4852
**Main** 212.407.4000
**Fax** 212.937.3683
ccarbone@loeb.com

Via ECF

January 24, 2023

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

We represent Defendant GlassBridge Enterprises, Inc. ("GlassBridge"), and write pursuant to Section III.A.1 of your Honor's Individual Rules and Procedures for Civil Cases, and the Court's January 17, 2023 Order (ECF #71), in opposition to the letter (ECF #70) filed by Plaintiff Cypress Holdings, III, LP ("Cypress"), seeking a pre-motion conference for leave to file a (Proposed) Second Amended Complaint (ECF #71-1) (the "PSAC").[1]

Cypress concedes, as it must, that it bears the burden of demonstrating "good cause" under Rule 16(b)(4), which turns on the "diligence of the moving party." (ECF #70 at 3 (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). In order to do so, Cypress must show that "despite its having exercised diligence, the applicable deadline [set in the court's scheduling order] could not reasonably have been met." *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2021 U.S. Dist. LEXIS 45915, at *17 (S.D.N.Y. Jan. 22, 2021) (alterations in original). Cypress has not and cannot make such a showing.

At the outset, Cypress' utter lack of diligence is made plain by the fact that it first brings this application nearly ten months after the Court's deadline and nearly four months after it requested consent from GlassBridge to file an earlier iteration of the PSAC. Now, even though the parties are engaged in written discovery based upon Cypress' operative pleading (Cypress' second),[2] Cypress essentially seeks to restart this case by adding dozens of paragraphs of allegations, *six* new defendants – including GlassBridge's Chief Executive Officer, Daniel Strauss, and Chief Financial Officer, Francis Ruchalski – and *ten* new claims.

[1] GlassBridge also joins in the arguments made by co-defendants Sport-BLX, Inc. and George Hall and Joseph De Perio.

[2] Cypress has ignored GlassBridge's offer to meet and confer with counsel for Cypress regarding targeted and proportional search terms in accordance with Section III.A of your Honor's Individual Rules and Procedures for Civil Cases.

Los Angeles New York Chicago Nashville Washington, DC San Francisco Beijing Hong Kong www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

23476484
233797-10018



Cypress relegates its discussion of "good cause" to the last half-page of its letter and baldly claims that it exists because: (i) its current counsel, Chiesa, Shahinian & Giantomasi P.C., appeared after the deadline to add parties; and (ii) it was waiting for privately held defendants to disclose information in their public filings. (ECF #70 at 3). Each of these claims fail.

First, the fact that Cypress' current attorneys "did not appear in this case until after" the deadline to add new parties (ECF #70 at 3) is entirely irrelevant. Simply put, "the fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause." *Field Day, LLC v. Cnty. of Suffolk*, No. 04 CV 2202(DRH)(ETB), 2013 U.S. Dist. LEXIS 1074, at *11 (E.D.N.Y. Jan. 3, 2013); *see also Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) ("apparent negligence of [plaintiff's] former attorney was not sufficient to establish 'good cause' for amending" under Rule 16(b)).

Cypress' claim that it needed to wait for certain "private companies" to make "public filings" to make unspecified "new allegations," (ECF #70 at 3), is inapplicable to GlassBridge (a publicly traded corporation) and is meritless in any event. In fact, a cursory comparison of the PSAC with Cypress' operative First Amended Complaint (ECF #17) reveals that Cypress plainly knew of the conduct underlying its new claims, much of which is referred to in the First Amended Complaint. Even crediting Cypress' claim, Cypress offers no excuse for why it waited ten months from the date that it claims the purportedly necessary public filings were complete (in March 2022) before filing this application.

Cypress also knew of each of the six new parties it seeks to add from the outset of this case, including Messrs. Strauss and Ruchalski, GlassBridge's officers who have appeared in GlassBridge's public filings with the U.S. Securities Exchange Commission and *Cypress' own Rule 26(a) disclosures*. *See Int'l Techs. Mktg. v. Verint Sys.*, 850 F. App'x 38, 43 (2d Cir. 2021) (no good cause where "new claims are based on information that has been publicly available in [defendant]'s SEC filings"); *G.E. v. City of N.Y.*, No. 12-CV-5967 (RRM) (SLT), 2017 U.S. Dist. LEXIS 161905, at *25 (E.D.N.Y. Sept. 29, 2017) (no good cause where plaintiff knew of proposed new defendant "at least as early as the date of the first initial conference in this case, when the defendants identified [the individual] in their Rule 26(a) disclosures").

Because Cypress "was not diligent, the [good cause] inquiry should end," and leave to amend should be denied out of hand. *Morgan Art Found. Ltd.*, 2021 U.S. Dist. LEXIS 45915, at *17 (alterations in original).

We thank the Court for its time and consideration of these matters.

Respectfully submitted,

Christian D. Carbone
Loeb & Loeb LLP

cc: All counsel of record (via ECF)