# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
———
WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND
———
COUNSEL
JASMINE JUTEAU
———
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

January 24, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

We represent Sport-BLX, Inc. ("Sport-BLX") and George Hall in the above-referenced action, along with Wylie Stecklow PLLC and Cohen&Green P.L.L.C. We write in opposition to the letter filed by Cypress Holdings, III, L.P. ("Cypress") seeking a pre-motion conference for leave to amend the First Amended Complaint. Dkt. 70. For the reasons explained below, that request should be denied.

On January 17, 2023, just 28 days before the deadline for completion of fact depositions, Cypress wrote this Court seeking to add six new defendants and 10 new claims. Even apart from the utter lack of merit to its claims, its request is untimely: it comes nine months after the court-ordered April 1, 2022 deadline for amendments, and nearly four months after initially seeking consent from Sport-BLX and Mr. Hall (on October 24, 2022) to file the Proposed Second Amended Complaint (the "PSAC"). Cypress's attempted justification for its months-long delay lacks merit; Cypress could have sought to add parties and assert new claims many months ago.

Cypress's approach to this litigation has been haphazard at best. For example, it has not answered Sport-BLX's Complaint in the related case, *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS).[1] Instead, its principal focus has been to increase the cost and burdens of this litigation for Sport-BLX and Mr. Hall. The PSAC would needlessly expand this case by adding

---

[1] Cypress also has refused to identify its limited partners, who are likely to have highly relevant evidence, and has repeatedly delayed the meet-and-confer process, most recently by waiting 10 days to provide its portion of the joint submission as required by this Court's January 5, 2023 order. *See* Dkt. 69.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
January 24, 2023
Page 2

four former Sport-BLX directors as defendants, among others, based on questionable legal theories, in a dispute that centers on Cypress's $1 million investment in Sport-BLX. If permitted, the PSAC would add substantially to the scope and cost of this already expensive litigation and require discovery to be put on hold while the additional parties engage counsel, determine whether to move to dismiss, and get up to speed on this litigation. Leave to amend therefore should be denied.

### I. Cypress's Proposed Amendments Would Needlessly Expand the Scope of the Case and Derail Discovery

Discovery in this and the Sport-BLX actions is currently underway. The parties exchanged document requests and responses in November and December 2022. Sport-BLX then collected over 63 gigabytes of electronic data in December 2022 and proposed running 14 targeted search terms against those documents. Cypress (after waiting eight days to respond) proposed nearly 70 additional search terms for Sport-BLX's data; those additional search requests, which Cypress eventually narrowed after a meet-and-confer, generated more than 38,000 hits. Despite Cypress's onerous demands, Sport-BLX and Mr. Hall have sought to keep this case on the Court's discovery timetable. We have produced over 7,000 documents to date and noticed depositions starting January 27, 2023, with all depositions to be completed by February 14, 2023 pursuant to the Court's Scheduling Order. *See* Dkt. 17 at 3.

Adding the PSAC's new claims and parties would throw the case back to square one. Each new defendant would be entitled to review the PSAC, file dispositive motions, exchange discovery requests, and participate in depositions. Discovery would grind to a halt. In the meantime, Sport-BLX and Mr. Hall would be forced to spend time and money with the aim of simply bringing the case back to the point where it stands today, more than one year after its inception. Those excessive burdens warrant denying leave to amend. *See, e.g.*, *Fossil Grp., Inc. v. Angel Seller LLC*, 20-CV-02441 (HG) (TAM), 2022 WL 4131963, at *8 (E.D.N.Y. Sept. 12, 2022) (no leave to amend where new claims "raise[d] issues beyond the scope of the" prior claims and were "highly likely to derail" discovery); *In re Int. Rate Swaps Antitrust Litig.*, No. 16-MC-2704 (PAE), 2018 WL 2332069, at *22 (S.D.N.Y. May 23, 2018) (denying leave where amendment "would negate [prior] work, waste [discovery] efforts, and largely send the parties back to the discovery drawing board"); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (similar).

### II. Cypress Has Not Shown Good Cause for Its Delay

Cypress fails to justify its delay in seeking leave to amend, which comes over nine months after the Court's April 1, 2022 deadline for amendments. When a party requests leave to amend after the court-ordered deadline, the request should be granted only upon a showing of good cause. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Good cause in this

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
January 24, 2023
Page 3

context turns on the diligence of the movant.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (burden is on movant).

Cypress does not come close to meeting the good cause standard.  Crucially, Cypress had enough information to seek leave to amend many months ago.  A party does not act diligently—and thus cannot show good cause for missing a court-ordered deadline for amendment—"where the proposed amendment is based on information that the party knew, or should have known, in advance" of the deadline.  *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014).  Cypress knew, for instance, about the roles of the six proposed additional parties when it filed the First Amended Complaint on April 7, 2022.  Four (Messrs. Strauss, Ruchalski, Baez, and Johnson) were Sport-BLX board members.  The other two—Sport-BLX Securities, Inc. and Clinton Group Inc.—were counterparties in Sport-BLX transactions described in detail in the First Amended Complaint.  First Am. Compl., Dkt. 17 ¶¶ 44-49 (allegations regarding Clinton Group), 58-59 (allegations regarding Sport-BLX Securities).  Cypress also plainly had information about the conduct underlying the new claims, much of which is referred to in the First Amended Complaint.  As a Sport-BLX board member, Cypress's general partner, Mr. Salerno, was apprised of the company's affairs and thus was aware of the facts underlying almost all of the PSAC's new claims when Cypress filed its earlier pleading.

Cypress's prior knowledge of those facts undermines its request for leave to amend.  *Fresh Del Monte Produce*, 304 F.R.D. at 174-75.  Cypress offers nothing to change that result.  It tries to justify its delay by noting that Cypress's current counsel joined the case only in September 2022 (after original counsel was disqualified).  But that is of no consequence.  A change in counsel "is not an excuse for a late amendment."  *iMedicor, Inc. v. Access Pharms., Inc.*, 290 F.R.D. 50, 53 (S.D.N.Y. 2013).  And Cypress's excuse fails regardless, given that Cypress still waited over four months after finding new counsel to seek leave to amend.  Cypress also claims that it could not bring some of its proposed allegations until information appeared in public filings in March 2022.  But it does not identify what (if any) new facts justify such a late-filed request, or the delay since first raising the prospect of the PSAC in October 2022.  *Cf. Lesnik v. Lincoln Fin. Advisors Corp.*, No. 18 Civ. 3656, 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019).

Nor can Cypress explain its delay by pointing out that it was involved in negotiations with potential defendant Metabilia in the interim.  Dkt. 70 at 2.  Such discussions are not enough to excuse such a delay.  *E.g.*, *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (settlement discussions no excuse for three-month delay in seeking leave to amend).  Moreover, Cypress dropped its meritless claims against Metabilia following a threatened Rule 11 motion.  That Cypress would bring the same meritless claims against Sport-BLX and Mr. Hall confirms that the PSAC is an attempt to strain the Defendants with bogus allegations.  *In re Int. Rate Swaps Antitrust Litig.*, 2018 WL 2332069, at *27 (no leave given "unacceptable gamesmanship").  Leave to amend should be denied.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
January 24, 2023
Page 4

                                                Respectfully submitted,

                                                /s/ *Jonathan S. Sack*

                                                Jonathan S. Sack

cc: Counsel of record (by ECF)