**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC.<br><br>     Plaintiff,<br><br>  v.<br><br>GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC.<br><br>     Defendants. | Case No. 22-cv-01243 (LGS)<br><br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendant Joseph De Perio ("De Perio"), by and through his attorneys, Cole Schotz P.C., as for his Answer to the Second Amended Complaint (the "Complaint") filed by Cypress Holdings, III, L.P., individually and derivatively on behalf of Sport-BLX, Inc. ("Plaintiff" or "Cypress"), states as follows:

## INTRODUCTION

1.  De Perio neither admits nor denies the allegations contained in Paragraph 1 of the Complaint as the Complaint speaks for itself as to the claims and relief sought. To the extent a response is required, De Perio denies the allegations contained in Paragraph 1 of the Complaint.

2.  De Perio denies the allegations contained in Paragraph 2 of the Complaint.

3.  De Perio denies the allegations contained in Paragraph 3 of the Complaint.

4.  De Perio denies the allegations contained in Paragraph 4 of the Complaint.

5.  De Perio denies the allegations contained in Paragraph 5 of the Complaint.

6.  De Perio denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required.

8.      The allegations contained in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.

9.      The allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required.

## THE PARTIES

10.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     De Perio admits, upon information and belief, the allegations contained in the first sentence of Paragraph 12 of the Complaint.  De Perio denies the allegations contained in the second sentence of Paragraph 12 of the Complaint.

13.     De Perio admits, upon information and belief, the allegations contained in Paragraph 13 of the Complaint.

14.     De Perio admits, upon information and belief, that Hall is the Executive Chairman and Chief Executive Officer of Sport-BLX, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.     De Perio denies that he is currently the President of Sport-BLX.  De Perio admits that he is a member of the Board of Directors of GlassBridge.  De Perio admits, upon information and belief, that he owns approximately 2.47% of the outstanding common stock of

2

GlassBridge.  De Perio admits that he is the CEO of Metabilia.  De Perio admits that he was a Senior Portfolio Manager of Clinton Group for over ten years, but denies that he is currently a Senior Portfolio Manager of Clinton Group.

16.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 19 of the Complaint.  De Perio denies that he and Hall "are the majority shareholders of S-BLX Securities, owning 90% of the outstanding common stock."  De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 19 of the Complaint.

20.     De Perio admits, upon information and belief, the allegations contained in Paragraph 20 of the Complaint, except that he is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Defendant Strauss's current membership on the Board of Directors of Adara Enterprises Corp. and Sport-BLX.

21.     De Perio admits, upon information and belief, that Defendant Ruchalski is the Chief Financial Officer of GlassBridge.  De Perio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

## PLAINTIFF'S STANDING

22.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     De Perio denies the allegations contained in Paragraph 24 of the Complaint.

25.     De Perio denies the allegations contained in Paragraph 25 of the Complaint.

26.     De Perio denies the allegations contained in Paragraph 26 of the Complaint.

## FACTUAL ALLEGATIONS

27.     De Perio admits the allegations contained in Paragraph 27 of the Complaint.

28.     De Perio admits the allegations contained in the first sentence of Paragraph 28 of the Complaint.  De Perio neither admits nor denies the allegations contained in the second sentence of Paragraph 28 of the Complaint, and instead refers to the referenced "marketing materials" for a true and accurate description of its contents.

29.     De Perio denies the allegations contained in Paragraph 29 of the Complaint.

30.     De Perio denies the allegations contained in Paragraph 30 of the Complaint.

31.     De Perio denies the allegations contained in Paragraph 31 of the Complaint.

32.     De Perio denies the allegations contained in Paragraph 32 of the Complaint.

33.     De Perio denies the allegations contained in Paragraph 33 of the Complaint.

34.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

62527/0004-44600059

36.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     De Perio denies the allegations contained in Paragraph 37 of the Complaint.

38.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     De Perio denies the allegations contained in Paragraph 39 of the Complaint.

40.     De Perio neither admits nor denies the allegations contained in Paragraph 40 of the Complaint, and instead refers to the referenced "email" and "PowerPoint Deck" for a true and accurate description of its contents.

41.     De Perio neither admits nor denies the allegations contained in Paragraph 41 of the Complaint, and instead refers to the referenced "Sports Asset Investment Fund" document for a true and accurate description of its contents.

42.     De Perio denies the allegations contained in Paragraph 42 of the Complaint.

43.     De Perio admits the allegations contained in Paragraph 43 of the Complaint.

44.     De Perio neither admits nor denies the allegations contained in Paragraph 44 of the Complaint, and instead refers to the referenced "email" and "PowerPoint Decks" for a true and accurate description of its contents.

45.     De Perio neither admits nor denies the allegations contained in Paragraph 45 of the Complaint, and instead refers to the referenced "Frequently Asked Diligence Questions" document for a true and accurate description of its contents.

46.     De Perio neither admits nor denies the allegations contained in Paragraph 46 of the Complaint, and instead refers to the referenced "email" for a true and accurate description of

its contents.  To the extent a response is required, De Perio is without knowledge or information sufficient to form a belief as to the parties' understanding of the referenced "email."

47.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     De Perio denies the allegations contained in Paragraph 48 of the Complaint.

49.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, except to admit that, on or about February 28, 2019, Cypress, Sport-BLX, Hall, and De Perio entered into several agreements concerning the purchase by Cypress of certain shares of common stock in Sport-BLX.

50.     De Perio neither admits nor denies the allegations contained in Paragraph 50 of the Complaint, and instead refers to the referenced "Founders Agreement" for a true and accurate description of its contents.

51.     De Perio neither admits nor denies the allegations contained in Paragraph 51 of the Complaint, and instead refers to the referenced "Second Agreement" for a true and accurate description of its contents.

52.     De Perio neither admits nor denies the allegations contained in Paragraph 52 of the Complaint, and instead refers to the referenced "Third Agreement" for a true and accurate description of its contents.

53.     De Perio neither admits nor denies the allegations contained in the first and fourth sentences in Paragraph 53 of the Complaint, and instead refers to the referenced "Third Agreement" for a true and accurate description of its contents.  De Perio is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint.

54.    De Perio denies the allegations contained in Paragraph 54 of the Complaint.

55.    De Perio denies the allegations contained in Paragraph 55 of the Complaint.

56.    De Perio denies the allegations contained in Paragraph 56 of the Complaint.

57.    De Perio denies the allegations contained in Paragraph 57 of the Complaint.

58.    De Perio denies the allegations contained in Paragraph 58 of the Complaint.

59.    De Perio denies the allegations contained in Paragraph 59 of the Complaint.

60.    De Perio denies the allegations contained in Paragraph 60 of the Complaint.

61.    De Perio denies the allegations contained in Paragraph 61 of the Complaint.

62.    De Perio denies the allegations contained in Paragraph 62 of the Complaint.

63.    De Perio denies the allegations contained in Paragraph 63 of the Complaint.

64.    De Perio denies the allegations contained in Paragraph 64 of the Complaint.

65.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.    De Perio denies the allegations contained in Paragraph 66 of the Complaint.

67.    De Perio denies the allegations contained in Paragraph 67 of the Complaint.

68.    De Perio denies the allegations contained in Paragraph 68 of the Complaint.

69.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.    De Perio denies the allegations contained in Paragraph 71 of the Complaint.

62527/0004-44600059

72.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     De Perio admits, upon information and belief, the allegations contained in Paragraph 73 of the Complaint, except to deny that the Founders' decision to sell their personal shares in Sport-BLX had any connection to, or relationship with, any alleged representations made by the Founders to Cypress.

74.     De Perio admits, upon information and belief, the allegations contained in Paragraph 74 of the Complaint, except that De Perio is without knowledge or information sufficient to form a belief as to the truth as to whether the allegations contained in Paragraph 74 are "important."

75.     De Perio denies the allegations contained in Paragraph 75 of the Complaint.

76.     De Perio denies the allegations contained in Paragraph 76 of the Complaint.

77.     De Perio denies the allegations contained in Paragraph 77 of the Complaint.

78.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     De Perio denies the allegations contained in Paragraph 79 of the Complaint.

80.     De Perio denies the allegations contained in Paragraph 80 of the Complaint.

81.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     De Perio denies the allegations contained in Paragraph 82 of the Complaint.

83.     De Perio refers to the referenced "website" for a true and accurate description of its contents.  De Perio otherwise denies the allegations contained in Paragraph 83 of the Complaint.

84.     De Perio denies the allegations contained in Paragraph 84 of the Complaint.

85.     De Perio admits the allegations contained in the first three sentences of Paragraph 85 of the Complaint, except that De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegation that "GlassBridge divested itself of all of its Sport-BLX stock through a sale of that stock back to the Founders through FinTech" because that allegation is unclear.  De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 85 of the Complaint.

86.     De Perio denies the allegations contained in Paragraph 86 of the Complaint.

87.     De Perio denies the allegations contained in Paragraph 87 of the Complaint.

88.     De Perio refers to the referenced "public filings" for a true and accurate description of its contents.  De Perio otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     De Perio denies the allegations contained in Paragraph 90 of the Complaint.

91.     De Perio denies the allegations contained in Paragraph 91 of the Complaint.

92.     De Perio denies the allegations contained in Paragraph 92 of the Complaint.

## <u>COUNT ONE</u>
**(Violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 (17 C.F.R. § 240.10b-5) – Against Hall, De Perio and Sport-BLX)**

93.     De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

94.     De Perio neither admits nor denies the allegations contained in Paragraph 94 of the Complaint as the Complaint speaks for itself as to the claims and relief sought.  To the extent

a response is required, De Perio denies the allegations contained in Paragraph 94 of the Complaint.

95.    De Perio denies the allegations contained in Paragraph 95 of the Complaint.

96.    Paragraph 96 of the Complaint is a recitation of law to which no response is required.

97.    Paragraph 97 of the Complaint is a recitation of law to which no response is required.

98.    Paragraph 98 of the Complaint is a recitation of law to which no response is required.

99.    De Perio denies the allegations contained in Paragraph 99 of the Complaint.

100.    De Perio denies the allegations contained in Paragraph 100 of the Complaint.

101.    De Perio denies the allegations contained in Paragraph 101 of the Complaint.

102.    De Perio denies the allegations contained in Paragraph 102 of the Complaint.

103.    De Perio denies the allegations contained in Paragraph 103 of the Complaint.

104.    De Perio denies the allegations contained in Paragraph 104 of the Complaint.

105.    De Perio denies the allegations contained in Paragraph 105 of the Complaint.

106.    De Perio denies the allegations contained in Paragraph 106 of the Complaint.

107.    De Perio denies the allegations contained in Paragraph 107 of the Complaint.

108.    De Perio neither admits nor denies the allegations contained in Paragraph 108 of the Complaint, and instead refers to the referenced "email" and "PowerPoint Deck" for a true and accurate description of its contents.

109.    De Perio neither admits nor denies the allegations contained in Paragraph 109 of the Complaint, and instead refers to the referenced "Sports Asset Investment Fund" document for a true and accurate description of its contents.

110.    De Perio denies the allegations contained in Paragraph 110 of the Complaint.

111.    De Perio denies the allegations contained in Paragraph 111 of the Complaint.

112.    De Perio denies the allegations contained in Paragraph 112 of the Complaint.

113.    De Perio denies the allegations contained in Paragraph 113 of the Complaint.

114.    De Perio denies the allegations contained in Paragraph 114 of the Complaint.

115.    De Perio denies the allegations contained in Paragraph 115 of the Complaint.

116.    De Perio denies the allegations contained in Paragraph 116 of the Complaint.

117.    De Perio denies the allegations contained in Paragraph 117 of the Complaint.

118.    De Perio denies the allegations contained in Paragraph 118 of the Complaint.

119.    De Perio denies the allegations contained in Paragraph 119 of the Complaint.

**<u>COUNT TWO</u>**
**(Breach of the Covenant of Good Faith and Fair Dealing – Against Hall, De Perio and Sport-BLX)**

120.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

121.    The allegations contained in Paragraph 121 of the Complaint call for a legal conclusion to which no response is required.

122.    Paragraph 122 of the Complaint is a recitation of law to which no response is required.

123.    De Perio denies the allegations contained in Paragraph 123 of the Complaint.

124.    De Perio denies the allegations contained in Paragraph 124 of the Complaint.

62527/0004-44600059

## COUNT THREE
### (Fraud in the Inducement – Against Hall, De Perio and Sport-BLX)

125.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

126.    De Perio denies the allegations contained in Paragraph 126 of the Complaint.

127.    De Perio denies the allegations contained in Paragraph 127 of the Complaint.

128.    De Perio denies the allegations contained in Paragraph 128 of the Complaint.

129.    De Perio denies the allegations contained in Paragraph 129 of the Complaint.

130.    De Perio denies the allegations contained in Paragraph 130 of the Complaint.

131.    De Perio denies the allegations contained in Paragraph 131 of the Complaint.

132.    De Perio denies the allegations contained in Paragraph 132 of the Complaint.

133.    De Perio denies the allegations contained in Paragraph 133 of the Complaint.

## COUNT FOUR
### (Negligent Misrepresentation – Against Hall, De Perio and Sport-BLX)

134.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

135.    De Perio denies the allegations contained in Paragraph 135 of the Complaint.

136.    De Perio denies the allegations contained in Paragraph 136 of the Complaint.

137.    De Perio denies the allegations contained in Paragraph 137 of the Complaint.

138.    De Perio denies the allegations contained in Paragraph 138 of the Complaint.

## COUNT FIVE
### (Breach of Fiduciary Duty– Against Hall and De Perio)

139.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

62527/0004-44600059

140.    The allegations contained in Paragraph 140 of the Complaint call for a legal conclusion to which no response is required.

141.    De Perio denies the allegations contained in Paragraph 141 of the Complaint.

142.    De Perio denies the allegations contained in Paragraph 142 of the Complaint.

## COUNT SIX
### (Unjust Enrichment – Against George Hall, Joseph De Perio, S-BLX Securities, and GlassBridge)

143.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

144.    De Perio denies the allegations contained in Paragraph 144 of the Complaint.

145.    De Perio denies the allegations contained in Paragraph 145 of the Complaint.

146.    De Perio denies the allegations contained in Paragraph 146 of the Complaint.

147.    De Perio denies the allegations contained in Paragraph 147 of the Complaint.

148.    De Perio denies the allegations contained in Paragraph 148 of the Complaint.

## COUNT SEVEN
### (Unjust Enrichment – Against George Hall, Joseph De Perio, and S-BLX Securities Derivatively on Behalf of Sport-BLX)

149.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

150.    De Perio denies the allegations contained in Paragraph 150 of the Complaint.

151.    De Perio denies the allegations contained in Paragraph 151 of the Complaint.

## COUNT EIGHT
### (Tortious Interference with Contract – Against GlassBridge)

152.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

153.   The allegations in Paragraph 153 of the Complaint are not directed at De Perio and therefore no response is required.

154.   The allegations in Paragraph 154 of the Complaint are not directed at De Perio and therefore no response is required.

155.   The allegations in Paragraph 155 of the Complaint are not directed at De Perio and therefore no response is required.

156.   The allegations in Paragraph 156 of the Complaint are not directed at De Perio and therefore no response is required.

## <u>COUNT NINE</u>
### (Tortious Interference with Contract – Against Clinton Group)

157.   De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

158.   The allegations in Paragraph 158 of the Complaint are not directed at De Perio and therefore no response is required.

159.   The allegations in Paragraph 159 of the Complaint are not directed at De Perio and therefore no response is required.

160.   The allegations in Paragraph 160 of the Complaint are not directed at De Perio and therefore no response is required.

161.   The allegations in Paragraph 161 of the Complaint are not directed at De Perio and therefore no response is required.

162.   The allegations in Paragraph 162 of the Complaint are not directed at De Perio and therefore no response is required.

163.   The allegations in Paragraph 163 of the Complaint are not directed at De Perio and therefore no response is required.

**COUNT TEN**
**(Tortious Interference with Contract – Against S-BLX Securities)**

164.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

165.    The allegations in Paragraph 165 of the Complaint are not directed at De Perio and therefore no response is required.

166.    The allegations in Paragraph 166 of the Complaint are not directed at De Perio and therefore no response is required.

167.    The allegations in Paragraph 167 of the Complaint are not directed at De Perio and therefore no response is required.

168.    The allegations in Paragraph 168 of the Complaint are not directed at De Perio and therefore no response is required.

**COUNT ELEVEN**
**(Unjust Enrichment – Against Clinton Group, Derivatively on behalf of Sport-BLX)**

169.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

170.    The allegations in Paragraph 170 of the Complaint are not directed at De Perio and therefore no response is required.

171.    The allegations in Paragraph 171 of the Complaint are not directed at De Perio and therefore no response is required.

172.    The allegations in Paragraph 172 of the Complaint are not directed at De Perio and therefore no response is required.

173.    The allegations in Paragraph 173 of the Complaint are not directed at De Perio and therefore no response is required.

**COUNT TWELVE**
**(Aiding and Abetting a Breach of Fiduciary Duty – Against Clinton Group, Glassbridge, and S-BLX Securities)**

174.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

175.    The allegations contained in Paragraph 175 of the Complaint call for a legal conclusion to which no response is required.

176.    Paragraph 176 of the Complaint is a recitation of law to which no response is required.

177.    The allegations in Paragraph 177 of the Complaint are not directed at De Perio and therefore no response is required.

178.    The allegations in Paragraph 178 of the Complaint are not directed at De Perio and therefore no response is required.

179.    The allegations in Paragraph 179 of the Complaint are not directed at De Perio and therefore no response is required.

180.    The allegations in Paragraph 180 of the Complaint are not directed at De Perio and therefore no response is required.

181.    The allegations in Paragraph 181 of the Complaint are not directed at De Perio and therefore no response is required.

182.    Paragraph 182 of the Complaint is a recitation of law to which no response is required.

183.    The allegations in Paragraph 183 of the Complaint are not directed at De Perio and therefore no response is required.

184.    The allegations in Paragraph 184 of the Complaint are not directed at De Perio and therefore no response is required.

185.    The allegations in Paragraph 185 of the Complaint are not directed at De Perio and therefore no response is required.

186.    The allegations in Paragraph 186 of the Complaint are not directed at De Perio and therefore no response is required.

187.    The allegations in Paragraph 187 of the Complaint are not directed at De Perio and therefore no response is required.

188.    The allegations in Paragraph 188 of the Complaint are not directed at De Perio and therefore no response is required.

189.    The allegations in Paragraph 189 of the Complaint are not directed at De Perio and therefore no response is required.

190.    The allegations in Paragraph 190 of the Complaint are not directed at De Perio and therefore no response is required.

191.    The allegations in Paragraph 191 of the Complaint are not directed at De Perio and therefore no response is required.

192.    The allegations in Paragraph 192 of the Complaint are not directed at De Perio and therefore no response is required.

## COUNT THIRTEEN
**(Breach of Fiduciary Duty - Against Hall and De Perio, Derivatively on behalf of Sport-BLX)**

193.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

194.    The allegations contained in Paragraph 194 of the Complaint call for a legal conclusion to which no response is required.

195.    De Perio denies the allegations contained in Paragraph 195 of the Complaint.

196.    De Perio denies the allegations contained in Paragraph 196 of the Complaint.

17

## COUNT FOURTEEN
### (Breach of Fiduciary Duty – Against Ruchalski and Daniel Strauss Derivatively on behalf of Sport-BLX)

197.     De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

198.     The allegations contained in Paragraph 198 of the Complaint call for a legal conclusion to which no response is required.

199.     The allegations in Paragraph 199 of the Complaint are not directed at De Perio and therefore no response is required.

200.     The allegations in Paragraph 200 of the Complaint are not directed at De Perio and therefore no response is required.

201.     The allegations in Paragraph 201 of the Complaint are not directed at De Perio and therefore no response is required.

202.     The allegations in Paragraph 202 of the Complaint are not directed at De Perio and therefore no response is required.

## COUNT FIFTEEN
### (Breach of Fiduciary Duty – Against Francis Ruchalski and Daniel Strauss)

203.     De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

204.     The allegations contained in Paragraph 204 of the Complaint call for a legal conclusion to which no response is required.

205.     The allegations in Paragraph 205 of the Complaint are not directed at De Perio and therefore no response is required.

206.     The allegations in Paragraph 206 of the Complaint are not directed at De Perio and therefore no response is required.

62527/0004-44600059

207.    The allegations in Paragraph 207 of the Complaint are not directed at De Perio and therefore no response is required.

## COUNT SIXTEEN
### (Breach of Fiduciary Duty – Against Christopher Johnson and Cesar Baez Derivatively on behalf of Sport-BLX)

208.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

209.    The allegations in Paragraph 209 of the Complaint are not directed at De Perio and therefore no response is required.

210.    The allegations in Paragraph 210 of the Complaint are not directed at De Perio and therefore no response is required.

211.    The allegations in Paragraph 211 of the Complaint are not directed at De Perio and therefore no response is required.

212.    The allegations in Paragraph 212 of the Complaint are not directed at De Perio and therefore no response is required.

213.    The allegations in Paragraph 213 of the Complaint are not directed at De Perio and therefore no response is required.

214.    The allegations in Paragraph 214 of the Complaint are not directed at De Perio and therefore no response is required.

215.    The allegations in Paragraph 215 of the Complaint are not directed at De Perio and therefore no response is required.

216.    The allegations in Paragraph 216 of the Complaint are not directed at De Perio and therefore no response is required.

217.    The allegations in Paragraph 217 of the Complaint are not directed at De Perio and therefore no response is required.

62527/0004-44600059

218.    The allegations in Paragraph 218 of the Complaint are not directed at De Perio and therefore no response is required.

## COUNT SEVENTEEN
**(Usurpation of a Corporate Opportunity – Against George Hall and Joseph De Perio Derivatively on behalf of Sport-BLX)**

219.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

220.    The allegations contained in Paragraph 220 of the Complaint call for a legal conclusion to which no response is required.

221.    De Perio denies the allegations contained in Paragraph 221 of the Complaint.

222.    De Perio neither admits nor denies the allegations contained in Paragraph 222 of the Complaint, and instead refers to the referenced "Subscription Agreement" for a true and accurate description of its contents.

223.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 223 of the Complaint.  De Perio denies the allegations contained in the second sentence of Paragraph 223 of the Complaint.

224.    De Perio denies the allegations contained in Paragraph 224 of the Complaint.

225.    De Perio denies the allegations contained in Paragraph 225 of the Complaint.

226.    De Perio denies the allegations contained in Paragraph 226 of the Complaint.

227.    De Perio denies the allegations contained in Paragraph 227 of the Complaint.

## COUNT EIGHTEEN
**(Corporate Waste – Against George Hall, Joseph De Perio, Francis Ruchalski, Daniel Strauss, Cesar Baez, and Christopher Johnson, Derivatively on behalf of Sport-BLX)**

228.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

229.    De Perio denies the allegations contained in Paragraph 229 of the Complaint.

62527/0004-44600059

230.    De Perio denies the allegations contained in Paragraph 230 of the Complaint.

231.    De Perio denies the allegations contained in Paragraph 231 of the Complaint.

## COUNT NINETEEN
### (Minority Shareholder Oppression - Against George Hall, Joseph De Perio, and Glassbridge)

232.    De Perio repeats and restates each and every answer contained in the preceding paragraphs as if same were fully set forth herein.

233.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Complaint.

234.    De Perio denies the allegations contained in Paragraph 234 of the Complaint.

235.    De Perio denies the allegations contained in Paragraph 235 of the Complaint.

236.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Complaint.  To the extent a response is required, De Perio denies the allegations contained in Paragraph 236 of the Complaint.

237.    De Perio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the Complaint.  To the extent a response is required, De Perio denies the allegations contained in Paragraph 237 of the Complaint.

238.    De Perio denies the allegations contained in Paragraph 238 of the Complaint.

239.    De Perio denies the allegations contained in Paragraph 239 of the Complaint.

240.    De Perio denies the allegations contained in Paragraph 240 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, or one or more claims for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, estoppel, and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole of in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the result of its own actions or inaction over which De Perio had no control or responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

Any purported damages sustained by Plaintiff are subject to De Perio's right of set-off and recoupment arising from the damages sustained by De Perio as a result of Plaintiff's improper and/or unlawful conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts of third person(s) or entities over which De Perio had no control or responsibility.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

62527/0004-44600059

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to adequately allege demand futility with the requisite particularity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing or legal capacity to assert some or all of the causes of action set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

## FOURTEENTH AFFIRMATIVE DEFENSE

De Perio reserves the right to amend this Answer and Affirmative Defenses to assert additional defenses and/or supplement, alter, or change same upon the revelation of more definite facts during and/or upon completion of further discovery and investigation.

**WHEREFORE**, Defendant Joseph De Perio respectfully requests that this Court enter judgment against Plaintiff as follows:

(a)     Dismissing each and every claim for relief asserted against Joseph De Perio in the Complaint; and

(b)     Granting such other and further relief as may be just and equitable under the circumstances.

23

DATED:  New York, New York
           February 10, 2023

COLE SCHOTZ P.C.

By:   /s/ David S. Gold
         David S. Gold
         1325 Avenue of the Americas, 19th Floor
         New York, New York 10019
         (212) 752-8000
         Fax: (212) 752-8393

         *Attorneys for Joseph De Perio*

62527/0004-44600059