UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.,

                             Plaintiff,

              v.

GEORGE HALL, JOSEPH DE PERIO,
DANIEL STRAUSS, FRANCIS
RUCHALSKI, CESAR BAEZ,
CHRISTOPHER JOHNSON, SPORT-BLX,
INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP, INC., and
GLASSBRIDGE ENTERPRISES, INC.,

                         Defendants.

Civil Action No. 1:22-cv-1243-LGS

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Cesar Baez and Christopher Johnson, by their attorneys, Morvillo Abramowitz Grand Iason & Anello P.C., hereby answer or otherwise respond to the Second Amended Complaint of Plaintiff Cypress Holdings, III, L.P. ("Plaintiff" or "Cypress") as follows:

1.      Baez and Johnson deny the allegations in Paragraph 1 insofar as they pertain to Baez and Johnson, except admit that Cypress purports to bring this action under § 10(b)(5) of the Securities Exchange Act of 1934, Rule 10(b)-5, codified at 17 C.F.R. § 240.10b-5, and for various alleged state-law violations that include fraudulent inducement, breach of contract, breach of fiduciary duty, shareholder oppression, unjust enrichment, and tortious interference with contract.

2.      Baez and Johnson deny the allegations in Paragraph 2 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Baez and Johnson deny the allegations in Paragraph 3 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Baez and Johnson deny the allegations in Paragraph 4 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Baez and Johnson deny the allegations in Paragraph 5 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      Baez and Johnson deny the allegations in Paragraph 6 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Paragraph 7 calls for a legal conclusion to which no response is required.

8.      Paragraph 8 calls for a legal conclusion to which no response is required.

9.      Paragraph 9 calls for a legal conclusion to which no response is required.

10.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Baez and Johnson admit the allegations in Paragraph 12.

13.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Baez and Johnson deny the allegations in Paragraph 16, except admit that Baez was a member of the Board of Directors of Sport-BLX, Inc. ("Sport-BLX") and a member of Sport-BLX's Related Party Transactions Committee.

17.     Baez and Johnson deny the allegations in Paragraph 17, except admit that Johnson was a member of the Board of Directors of Sport-BLX and a member of Sport-BLX's Related Party Transactions Committee.

18.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Regarding the allegations of Paragraph 22, Baez and Johnson admit that Cypress purports to bring this action, in part, on behalf of Sport-BLX.

23.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     Baez and Johnson deny the allegations in Paragraph 25 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Baez and Johnson deny the allegations in Paragraph 26 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Baez and Johnson admit the allegations in Paragraph 28.

29.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.      Baez and Johnson deny the allegations in Paragraph 53 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.      Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     Baez and Johnson deny the allegations in Paragraph 55 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     Baez and Johnson deny the allegations in Paragraph 56 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, except admit that Sport-BLX utilized commercial office space and that Sport-BLX shared costs for use of that space with Clinton Group.

57.     Baez and Johnson deny the allegations in Paragraph 57 insofar as they pertain to Baez and Johnson, except admit that Cypress, through counsel, stated that Sport-BLX was making excessive payments for office space to Clinton Group.

58.     Baez and Johnson deny the allegations in Paragraph 58 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     Baez and Johnson deny the allegations in Paragraph 59 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Baez and Johnson deny the allegations in Paragraph 60 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     Baez and Johnson deny the allegations in Paragraph 61 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     Baez and Johnson deny the allegations in Paragraph 62 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, except admit that in 2019 and 2020, Orix pursued and completed transactions with GlassBridge.

63.     Baez and Johnson deny the allegations in Paragraph 63 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     Baez and Johnson deny the allegations in Paragraph 64 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Baez and Johnson deny the allegations in Paragraph 65 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Baez and Johnson deny the allegations in Paragraph 66 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Baez and Johnson deny the allegations in Paragraph 67 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Baez and Johnson deny the allegations in Paragraph 68 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, except admit that at Sport-BLX's 2019 annual

meeting, Salerno was not reelected to Sport-BLX's Board of Directors by the holders of a majority of Sport-BLX's shares.

69.     Baez and Johnson deny the allegations in Paragraph 69 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     Baez and Johnson deny the allegations in Paragraph 70 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Baez and Johnson deny the allegations in Paragraph 71 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.     Baez and Johnson deny the allegations in Paragraph 72 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, except admit that December 13, 2019 was Sport-BLX's shareholder record date.

75.     Baez and Johnson deny the allegations in Paragraph 75 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, except admit that December 13, 2019 was Sport-BLX's shareholder record date.

77.     Baez and Johnson deny the allegations in Paragraph 77 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, except admit that at Sport-BLX's 2019 annual meeting, Salerno was not reelected to Sport-BLX's Board of Directors by the holders of a majority of Sport-BLX's shares.

78.     Baez and Johnson deny the allegations in Paragraph 78 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Baez and Johnson deny the allegations in Paragraph 79 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Baez and Johnson deny the allegations in Paragraph 80 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Baez and Johnson deny the allegations in Paragraph 81 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Baez and Johnson deny the allegations in Paragraph 82 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Baez and Johnson deny the allegations in Paragraph 83 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Baez and Johnson deny the allegations in Paragraph 84 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Baez and Johnson lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     Baez and Johnson deny the allegations in Paragraph 86 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     Baez and Johnson deny the allegations in Paragraph 87 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     Baez and Johnson deny the allegations in Paragraph 88 insofar as they pertain to Baez and Johnson, except admit that Sport-BLX and Sport-BLX Securities entered into a Subscription Agreement for the licensing and use of Sport-BLX's proprietary alternative-asset trading platform, and respectfully refer the Court to the Subscription Agreement for its terms.

89.     Baez and Johnson deny the allegations in Paragraph 89 insofar as they pertain to Baez and Johnson, except admit that Sport-BLX's proprietary trading technology was transferred to Sport-BLX Securities.

90.     Baez and Johnson deny the allegations in Paragraph 90 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Baez and Johnson deny the allegations in Paragraph 91 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, except admit that Sport-BLX's Board of Directors approved transactions to which Sport-BLX was a party.

92.     Baez and Johnson deny the allegations in Paragraph 92 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93-119.  Paragraphs 93-119 do not purport to state claims against Baez and Johnson and thus no response is required.

120-124.  Paragraphs 120-124 do not purport to state claims against Baez and Johnson and thus no response is required.

125-133.  Paragraphs 125-133 do not purport to state claims against Baez and Johnson and thus no response is required.

134-138.  Paragraphs 134-138 do not purport to state claims against Baez and Johnson and thus no response is required.

139-142.  Paragraphs 139-142 do not purport to state claims against Baez and Johnson and thus no response is required.

143-148.  Paragraphs 143-148 do not purport to state claims against Baez and Johnson and thus no response is required.

149-151.   Paragraphs 149-151 do not purport to state claims against Baez and Johnson and thus no response is required.

152-156.   Paragraphs 152-156 do not purport to state claims against Baez and Johnson and thus no response is required.

157-163.   Paragraphs 157-163 do not purport to state claims against Baez and Johnson and thus no response is required.

164-168.   Paragraphs 164-168 do not purport to state claims against Baez and Johnson and thus no response is required.

169-173.   Paragraphs 169-173 do not purport to state claims against Baez and Johnson and thus no response is required.

174-192.   Paragraphs 174-192 do not purport to state claims against Baez and Johnson and thus no response is required.

193-196.   Paragraphs 193-196 do not purport to state claims against Baez and Johnson and thus no response is required.

197-202.   Paragraphs 197-202 do not purport to state claims against Baez and Johnson and thus no response is required.

203-207.   Paragraphs 203-207 do not purport to state claims against Baez and Johnson and thus no response is required.

208.    Baez and Johnson adopt and incorporate by reference the responses to Paragraphs 1-207 as fully set forth above.

209.    Baez and Johnson admit the allegations in Paragraph 209.

210.    Baez and Johnson deny the allegations in Paragraph 210 insofar as they pertain to Baez and Johnson, except admit that the Related Party Transactions Committee was formed on November 26, 2019.

211.    Baez and Johnson admit the allegations in Paragraph 211, except deny that Baez and Johnson were appointed to Sport-BLX's Related Party Transactions Committee solely by Hall and De Perio.

212.    Baez and Johnson deny the allegations in Paragraph 212 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.

213.    Baez and Johnson deny the allegations in Paragraph 213 insofar as they pertain to Baez and Johnson, except admit that Baez and Johnson were appointed to the Related Party Transactions Committee upon its formation, and that the Related Party Transactions Committee approved various transactions concerning Sport-BLX, including the transfer of Sport-BLX's proprietary trading platform to Sport-BLX Securities.

214.    Baez and Johnson admit the allegations in Paragraph 214.

215.    Paragraph 215 calls for a legal conclusion to which no response is required.

216.    Baez and Johnson deny the allegations in Paragraph 216 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216.

217.    Baez and Johnson deny the allegations in Paragraph 217 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, except admit that Cypress stated that Sport-BLX was making excessive payments for office space to Clinton Group.

218.     Baez and Johnson deny the allegations in Paragraph 218.

219-227.  Paragraphs 219-227 do not purport to state claims against Baez and Johnson and thus no response is required.

228.     Baez and Johnson adopt and incorporate by reference the responses to Paragraphs 1-227 as fully set forth above.

229.     Baez and Johnson deny the allegations in Paragraph 229 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

230.     Baez and Johnson deny the allegations in Paragraph 230 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.     Baez and Johnson deny the allegations in Paragraph 231 insofar as they pertain to Baez and Johnson, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231.

232-240.  Paragraphs 232-240 do not purport to state claims against Baez and Johnson and thus no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Baez and Johnson assert the following affirmative and other defenses with respect to the causes of action alleged in the Second Amended Complaint.  In doing so, Baez and Johnson do not concede that the assertion of such defenses imposes any burden on them with respect thereto. To the extent that investigation and/or discovery warrant, Baez and Johnson reserve the right to supplement, amend, or withdraw and or all of the following affirmative or other defenses prior to any trial of this proceeding.

## FIRST DEFENSE

241.    The Second Amended Complaint fails to state a claim against Baez and Johnson upon which relief can be granted.

## SECOND DEFENSE

242.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

243.    Plaintiff's claims fail because, at all times relevant hereto, Baez and Johnson acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

## FOURTH DEFENSE

244.    The Second Amended Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**FIFTH DEFENSE**

245.    The Second Amended Complaint is barred, in whole or in part, because Baez's

and Johnson's alleged conduct did not cause Plaintiff's loss, and Plaintiff cannot establish

proximate causation.

**SIXTH DFENSE**

246.    The Second Amended Complaint occurred because of, were proximately caused

by, and/or were contributed to by Plaintiff's own acts or failures to act.

**SEVENTH DEFENSE**

247.    Plaintiff would be unjustly enriched if allowed to recover any relief claimed to be

due.

**EIGHTH DEFENSE**

248.    Without admitting fault on Baez's or Johnson's part, the Second Amended

Complaint is barred by the doctrine of *in pari delicto*.

**NINTH DEFENSE**

249.    The Second Amended Complaint is barred, in whole or in part, by the doctrine of

unclean hands.

**TENTH DEFENSE**

250.    The Second Amended Complaint is barred, in whole or in part, because Article

VIII of Sport-BLX's Certificate of Incorporation provides that Baez and Johnson may not be

held personally liable to Sport-BLX or its shareholders for monetary damages for breach of

fiduciary duties as directors to the fullest extent permitted by applicable law.

**ELEVENTH DEFENSE**

251.     By virtue of Plaintiff's breach of fiduciary duty in placing its personal interests

ahead of the best interests of Sport-BLX (as detailed in *Sport-BLX, Inc. v. Salerno*, et al., 22-cv-

08111 (LGS) (S.D.N.Y.)), Plaintiff is not a proper party to assert purported derivative claims on

behalf of Sport-BLX.

**TWELFTH DEFENSE**

252.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing or

legal capacity to assert some or all of the causes of action set forth in the Second Amended

Complaint.

**THIRTEENTH DEFENSE**

253.     Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

Dated: February 10, 2023
New York, New York

                                        MORVILLO ABRAMOWITZ GRAND
                                        IASON & ANELLO P.C.

                                        By:  */s/ Jonathan S. Sack*
                                              Jonathan S. Sack
                                              Edward M. Spiro
                                              W. Alex Harris
                                        565 Fifth Avenue
                                        New York, New York 10017
                                        (212) 856-9600 (phone)
                                        (212) 856-9494 (fax)
                                        jsack@maglaw.com

                                        Wylie M. Stecklow
                                        Wylie Stecklow PLLC
                                        Carnegie Hall Tower
                                        152 W. 57th Street
                                        Ste 8th Floor
                                        New York, New York 10019
                                        (212) 566-8000 (phone)
                                        (212) 202-4952 (fax)
                                        wylie@wylielaw.com

                                        Remy Green
                                        Cohen&Green P.L.L.C.
                                        1639 Centre Street, Ste. 216
                                        Ridgewood, New York 11385
                                        (929) 888-9480 (phone)
                                        (929) 888-9457 (fax)
                                        remy@femmelaw.com

                                        *Attorneys for Defendants Cesar Baez*
                                        *and Christopher Johnson*

19