UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.,

                                    Plaintiff,

        v.

GEORGE HALL, JOSEPH DE PERIO,
DANIEL STRAUSS, FRANCIS
RUCHALSKI, CESAR BAEZ,
CHRISTOPHER JOHNSON, SPORT-BLX,
INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP, INC., and
GLASSBRIDGE ENTERPRISES, INC.,

                                    Defendants.

Civil Action No. 1:22-cv-1243-LGS

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("Sport-BLX

Securities"), Clinton Group, Inc. ("Clinton Group"), and George Hall (together, "Defendants"), by

their attorneys, Morvillo Abramowitz Grand Iason & Anello P.C., hereby answer or otherwise

respond to the Second Amended Complaint of Plaintiff Cypress Holdings, III, L.P. ("Plaintiff" or

"Cypress") as follows:

1.      Defendants deny the allegations in Paragraph 1, except admit that Cypress

purports to bring this action under § 10(b)(5) of the Securities Exchange Act of 1934, Rule

10(b)-5, codified at 17 C.F.R. § 240.10b-5, and for various alleged state-law violations that

include fraudulent inducement, breach of contract, breach of fiduciary duty, shareholder

oppression, unjust enrichment, and tortious interference with contract.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 calls for a legal conclusion to which no response is required.

8.      Paragraph 8 calls for a legal conclusion to which no response is required.

9.      Paragraph 9 calls for a legal conclusion to which no response is required.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admit that Salerno purports to be the managing partner of Cypress.

12.      Defendants admit the allegations in Paragraph 12.

13.      Defendants admit the allegations in Paragraph 13.

14.      Defendants admit that Hall is Executive Chairman and Chief Executive Officer ("CEO") of Sport-BLX, a shareholder of GlassBridge, and sole owner and shareholder of Clinton Group, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except deny that Defendant De Perio is the President of Sport-BLX, and admit that De Perio is a member of the Board of Directors of GlassBridge and served as Senior Portfolio Manager of Clinton Group for over 10 years.

16.    Defendants deny the allegations in Paragraph 16, except admit that Defendant Baez was a member of the Board of Directors of Sport-BLX and a member of Sport-BLX's Related Party Transactions Committee.

17.    Defendants deny the allegations in Paragraph 17, except admit that Defendant Johnson was a member of the Board of Directors of Sport-BLX and a member of Sport-BLX's Related Party Transactions Committee.

18.    Defendants admit the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19, except admit that Sport-BLX is a corporation organized and existing pursuant to the laws of the State of Delaware.

20.    Defendants deny that Defendant Strauss is a member of the Board of Directors of Sport-BLX.  Defendants admit that Defendant Strauss is the CEO of GlassBridge and was a Portfolio Manager at Clinton Group.  Defendants further admit the existence of an Amended Services Agreement between GlassBridge and Clinton Group and respectfully refer the Court to the document for its terms.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    Defendants deny that Defendant Ruchalski is Chief Financial Officer ("CFO") of Clinton Group, that Defendant Ruchalski is CFO of Sport-BLX, and that Defendant Ruchalski is a member of the Board of Directors of Sport-BLX.  Defendants admit that Defendant Ruchalski is a member of the Board of Directors of Clinton Group.  Defendants further admit the existence of an Amended Services Agreement between GlassBridge and Clinton Group and respectfully refer the Court to the document for its terms.

22.    Defendants admit that Cypress purports to bring this action, in part, on behalf of Sport-BLX.

23.     Defendants deny the allegations in Paragraph 23, except admit that Cypress currently is a shareholder of Sport-BLX.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29, except admit that before Cypress agreed to invest in Sport-BLX, Salerno was provided with materials concerning Sport-BLX, including PowerPoint decks.

30.     Defendants deny the allegations in Paragraph 30, except admit that Hall and De Perio owned the majority of outstanding shares of Sport-BLX at the time that Salerno began pursuing an investment in Sport-BLX.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32, except admit that Salerno was provided with Sport-BLX's business plan in 2019.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34, except admit that Hall discussed Sport-BLX with Salerno at Hall's home in Rumson, New Jersey in January 2019.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40, except respectfully refer the Court to the email and PowerPoint Deck referenced in Paragraph 40 for their full terms.

41.     Defendants deny the allegations in Paragraph 41, except respectfully refer the Court to the document referenced in Paragraph 41 for its full terms.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43, except admit that, as part of Cypress's investment in Sport-BLX, Hall and De Perio agreed with Cypress to vote their Sport-BLX shares in favor of a Cypress representative's seat on Sport-BLX's Board of Directors if Cypress continued to own at least 2.5% of the capital stock of Sport-BLX.

44.     Defendants deny the allegations in Paragraph 44, except admit that in February 2019, Salerno was provided with a PowerPoint deck and respectfully refer the Court to the deck for its terms.

45.     Defendants deny the allegations in Paragraph 45, except admit that in February 2019, Salerno was provided with materials concerning Sport-BLX and respectfully refer the Court to the materials for their terms.

46.     Defendants deny the allegations in Paragraph 46, except admit that on January 29, 2019, De Perio sent an email to Salerno concerning a prospective investment in Sport-BLX that included the phrase "[b]oard appointment at closing."

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49, except admit that on February 28, 2019, Salerno executed on behalf of Cypress three agreements that memorialized Cypress's investment in Sport-BLX.

50.     Defendants admit the allegations in Paragraph 50.

51.     Defendants admit the allegations in Paragraph 51.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53, except admit that, as part of Cypress's investment in Sport-BLX, Hall and De Perio entered an agreement with Cypress in which Hall and De Perio agreed to vote their Sport-BLX shares in favor of a Cypress representative's seat on Sport-BLX's Board of Directors if Cypress continued to own at least 2.5% of the capital stock of Sport-BLX, and that such agreement contained a provision entitled "Anti-Dilution Protection."

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56, except admit that Sport-BLX utilized commercial office space and that Sport-BLX shared costs for use of that space with Clinton Group.

57.     Defendants deny the allegations in Paragraph 57, except admit that Cypress, through counsel, stated that Sport-BLX was making excessive payments for office space to Clinton Group.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62, except admit that in 2019 and 2020, Orix pursued and completed transactions with GlassBridge.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66, except admit that Cypress, through counsel, stated that Sport-BLX was making excessive payments for office space to Clinton Group.

67.     Defendants deny the allegations in Paragraph 67, except admit that Hall and De Perio sold Sport-BLX shares to GlassBridge in a secondary market transaction.

68.     Defendants deny the allegations in Paragraph 68, except admit that at Sport-BLX's 2019 annual meeting, Salerno was not reelected to Sport-BLX's Board of Directors by the holders of a majority of Sport-BLX's shares.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73, except admit that on or about December 12, 2019, GlassBridge purchased from Hall 37,924 shares of Sport-BLX common stock in exchange for $1,346,302 in cash and a $12,116,718 promissory note, and that on or about December 12, 2019, GlassBridge purchased shares of Sport-BLX common stock from De

Perio, but lack knowledge or information sufficient to form a belief as to the details of such purchase from De Perio.

74.     Defendants deny the allegations in Paragraph 74, except admit that GlassBridge's December 2019 purchase of Sport-BLX shares from Hall and De Perio occurred before Sport-BLX's shareholder record date of December 13, 2019.

75.     Defendants deny the allegations in Paragraph 75, except admit that on or about December 12, 2019, GlassBridge purchased from Hall 37,924 shares of Sport-BLX common stock in exchange for $1,346,302 in cash and a $12,116,718 promissory note, and that on or about December 12, 2019, GlassBridge purchased shares of Sport-BLX common stock from De Perio, but lack knowledge or information sufficient to form a belief as to the details of such purchase from De Perio.

76.     Defendants deny the allegations in Paragraph 76, except admit that GlassBridge's December 2019 purchase of Sport-BLX shares from Hall and De Perio occurred before Sport-BLX's shareholder record date of December 13, 2019.

77.     Defendants deny the allegations in Paragraph 77, except admit that at Sport-BLX's 2019 annual meeting, Salerno was not reelected to Sport-BLX's Board of Directors by the holders of a majority of Sport-BLX's shares.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81, except admit that Sport-BLX Securities was incorporated in Delaware on April 1, 2020, and that Sport-BLX Securities was described on wefunder.com as "a revolutionary financial technology company which has developed a marketplace for a wide variety of investments including, but not limited to sports assets."

82.     Defendants deny the allegations in Paragraph 82 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85, except admit that in December 2021, GlassBridge sold the entirety of its Sport-BLX stock to FinTech Debt Corp., an entity controlled by Hall and De Perio, for $137.038.00, at a loss to GlassBridge.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88, except admit that Sport-BLX and Sport-BLX Securities entered into a Subscription Agreement for the licensing and use of Sport-BLX's proprietary alternative-asset trading platform, pursuant to which Sport-BLX

Securities was to pay Sport-BLX an initial $150,000 fee, followed by monthly fees $100,000 in the first year of the Agreement's term and $137,500 in the second year of the Agreement's term.

89.     Defendants deny the allegations in Paragraph 89, except admit that Sport-BLX's proprietary trading technology was transferred to Sport-BLX Securities.

90.     Defendants deny the allegations in Paragraph 90 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91, except admit that Sport-BLX's Board of Directors approved transactions to which Sport-BLX was a party.

92.     Defendants deny the allegations in Paragraph 92 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Defendants adopt and incorporate by reference the responses to Paragraphs 1-92 as fully set forth above.

94.     Defendants deny the allegations in Paragraph 94, except admit that Cypress purports to bring this action under § 10(b)(5) of the Securities Exchange Act of 1934, Rule 10(b)-5, codified at 17 C.F.R. § 240.10b-5.

95.     Defendants deny the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to quote 17 C.F.R. § 240.10b-5 to which no response is required.

97.     The allegations in Paragraph 97 purport to quote *Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68 (2d Cir. 2018), to which no response is required.

98.     The allegations in Paragraph 98 purport to quote *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), to which no response is required.

99.     Defendants deny the allegations in Paragraph 99, except admit that on February 1, 2019, Cypress was provided with a document entitled "Frequently Asked Diligence Questions" and respectfully refer the Court to that document for its terms.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103, except admit that, as part of Cypress's investment in Sport-BLX, Hall and De Perio agreed with Cypress to vote their Sport-BLX shares in favor of a Cypress representative's seat on Sport-BLX's Board of Directors if Cypress continued to own at least 2.5% of the capital stock of Sport-BLX.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106, except admit that Hall discussed Sport-BLX with Salerno at Hall's home in Rumson, New Jersey in January 2019.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-119 as fully set forth above.

121.    The allegations in Paragraph 121 purport to state a legal conclusion to which no response is required.

122.    The allegations in Paragraph 122 purport to state a legal conclusion to which no response is required.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-124 as fully set forth above.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130, except admit that Cypress invested $1 million in Sport-BLX.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-133 as fully set forth above.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-138 as fully set forth above.

140.    The allegations of Paragraph 140 purport to state a legal conclusion to which no response is required.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-142 as fully set forth above.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-148 as fully set forth above.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152-156.  Paragraphs 152-156 do not purport to state claims against Defendants and thus no response is required.

157.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-156 as fully set forth above.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159, except admit that in 2019 and 2020, Orix pursued and completed transactions with GlassBridge.

160.    Defendants deny the allegations in Paragraph 160, except admit that Sport-BLX utilized commercial office space and that Sport-BLX shared costs for use of that space with Clinton Group.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny the allegations in Paragraph 163.

164.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-163 as fully set forth above.

165.    Defendants deny the allegations in Paragraph 165, except admit that Sport-BLX's original business plan was to create an online marketplace for sports-related assets.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168 insofar as they pertain to Defendants, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-168 as fully set forth above.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171, except admit that Sport-BLX utilized commercial office space and that Sport-BLX shared costs for use of that space with Clinton Group.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-173 as fully set forth above.

175.    The allegations of Paragraph 175 purport to state a legal conclusion to which no response is required.

176.    The allegations of Paragraph 176 purport to state a legal conclusion to which no response is required.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178, except admit that Hall is the sole owner and shareholder of Clinton Group.

179.    Defendants deny the allegations in Paragraph 179, except admit that Hall is the sole owner and shareholder of Clinton Group.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    The allegations of Paragraph 182 purport to state a legal conclusion to which no response is required.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-192 as fully set forth above.

194.     The allegations of Paragraph 194 purport to state a legal conclusion to which no response is required.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196.

197-202.  Paragraphs 197-202 do not purport to state claims against Defendants and thus no response is required.

203-207.  Paragraphs 203-207 do not purport to state claims against Defendants and thus no response is required.

208-218.  Paragraphs 208-218 do not purport to state claims against Defendants and thus no response is required.

219.     Defendants adopt and incorporate by reference the responses to Paragraphs 1-218 as fully set forth above.

220.     The allegations of Paragraph 220 purport to state a legal conclusion to which no response is required.

221.     Defendants deny the allegations in Paragraph 221.

222.     Defendants deny the allegations in Paragraph 222, except admit that Sport-BLX and Sport-BLX Securities entered into a Subscription Agreement for the licensing and use of Sport-BLX's proprietary alternative-asset trading platform, and respectfully refer the Court to the Subscription Agreement for its terms.

223.     Defendants deny the allegations in Paragraph 223, except admit that on December 21, 2021, Sport-BLX agreed to sell its proprietary trading technology to Sport-BLX Securities and admit that Sport-BLX's Board of Directors approved that transaction.

224.     Defendants deny the allegations in Paragraph 224.

225.     Defendants deny the allegations in Paragraph 225.

226.     Defendants deny the allegations in Paragraph 226.

227.     Defendants deny the allegations in Paragraph 227.

228.     Defendants adopt and incorporate by reference the responses to Paragraphs 1-227 as fully set forth above.

229.     Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants adopt and incorporate by reference the responses to Paragraphs 1-231 as fully set forth above.

233.    Defendants admit the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants deny the allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses with respect to the causes of action alleged in the Second Amended Complaint.  In doing so, Defendants do not concede that the assertion of such defenses imposes any burden on them with respect thereto.  To the extent that investigation and/or discovery warrant, Defendants reserve the right to supplement, amend, or withdraw and or all of the following affirmative or other defenses prior to any trial of this proceeding.

## FIRST DEFENSE

241.    The Second Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

242.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

243.    Plaintiff's claims fail because, at all times relevant hereto, Defendants acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

### FOURTH DEFENSE

244.    The Second Amended Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### FIFTH DEFENSE

245.    The Second Amended Complaint is barred, in whole or in part, because Defendants' alleged conduct did not cause Plaintiff's loss, and Plaintiff cannot establish proximate causation.

### SIXTH DFENSE

246.    The Second Amended Complaint occurred because of, were proximately caused by, and/or were contributed to by Plaintiff's own acts or failures to act.

## SEVENTH DEFENSE

247.    Any purported damages sustained by Plaintiff are subject to Defendants' right of
set-off and recoupment arising from the damages sustained by Defendants as a result of
Plaintiff's improper and/or unlawful conduct.

## EIGHTH DEFENSE

248.    Plaintiff would be unjustly enriched if allowed to recover any relief claimed to be
due.

## NINTH DEFENSE

249.    Without admitting fault on Defendants' part, the Second Amended Complaint is
barred by the doctrine of *in pari delicto*.

## TENTH DEFENSE

250.    The Second Amended Complaint is barred, in whole or in part, by the doctrine of
unclean hands.

## ELEVENTH DEFENSE

251.    The Second Amended Complaint is barred, in whole or in part, because Article
VIII of Sport-BLX's Certificate of Incorporation provides that Hall may not be held personally
liable to Sport-BLX or its shareholders for monetary damages for breach of fiduciary duties as a
director to the fullest extent permitted by applicable law.

## TWELFTH DEFENSE

252.    By virtue of Plaintiff's breach of fiduciary duty in placing its personal interests
ahead of the best interests of Sport-BLX (as detailed in *Sport-BLX, Inc. v. Salerno*, et al., 22-cv-
08111 (LGS) (S.D.N.Y.)), Plaintiff is not a proper party to assert purported derivative claims on
behalf of Sport-BLX.

**THIRTEENTH DEFENSE**

253.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing or legal capacity to assert some or all of the causes of action set forth in the Second Amended Complaint.

**FOURTEENTH DEFENSE**

254.   Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

Dated: February 10, 2023
        New York, New York

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

By:  */s/ Jonathan S. Sack*
        Jonathan S. Sack
        Edward M. Spiro
        W. Alex Harris
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (phone)
(212) 856-9494 (fax)
jsack@maglaw.com

Wylie M. Stecklow
Wylie Stecklow PLLC
Carnegie Hall Tower
152 W. 57th Street
Ste 8th Floor
New York, New York 10019
(212) 566-8000 (phone)
(212) 202-4952 (fax)
wylie@wylielaw.com

Remy Green
Cohen&Green P.L.L.C.
1639 Centre Street, Ste. 216
Ridgewood, New York 11385
(929) 888-9480 (phone)
(929) 888-9457 (fax)
remy@femmelaw.com

*Attorneys for Defendants Sport-BLX, Inc.,*
*Sport-BLX Securities, Inc., Clinton Group, Inc.,*
*and George Hall*