MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
———
WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND
———
COUNSEL
JASMINE JUTEAU
———
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 2, 2023

**BY ECF**
Hon. Lorna G. Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
       *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

We represent Sport-BLX, Inc. ("Sport-BLX") and George Hall in the above-referenced actions. We write to request that the Court permit Sport-BLX and Mr. Hall to use alternative methods to serve a deposition and document subpoena on non-party Dennis Nathan.[1]

Sport-BLX and Mr. Hall have spent the past month attempting to serve Mr. Nathan personally at the address provided by Cypress Holdings, III, L.P. ("Cypress") and Mr. Salerno (together, the "Cypress Parties"). We also have attempted service on Mr. Nathan's home address, based on publicly available information in recent court filings. Yet despite that diligence, we have been unable to serve Mr. Nathan personally. Our efforts have been further hampered by the refusal of the Cypress Parties—who, as Mr. Nathan's business partners, plainly have the means to contact him—to accept service on Mr. Nathan's behalf or provide additional contact information.

In light of those difficulties, we respectfully request an order permitting us to serve Mr. Nathan through alternative means—namely, by (1) attaching a copy of the subpoena to the door of Mr. Nathan's residence; (2) mailing a copy of the subpoena to Mr. Nathan's residential

---

[1] Consistent with the Court's May 1, 2023 order (*Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), ECF No. 100), we resubmit this letter on ECF after obtaining consent from the Cypress Parties to publicly file certain information they previously designated as Confidential pursuant to the December 20, 2022 Stipulation and Order Governing the Production and Exchange of Confidential Information.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
May 2, 2023
Page 2

address by certified mail; (3) leaving a copy of the subpoena with a person of suitable age and discretion at Mr. Nathan's place of business; and (4) serving a copy of the subpoena upon counsel for non-party Allen Cohen, who also has been noticed for a deposition and who is, according to LinkedIn, the Chief Operating Officer at a New Jersey-based company where Mr. Nathan is reported to be President.[2]  Taken together, those alternative means are "reasonably calculated under the circumstances to provide [Mr. Nathan] with both notice and an opportunity to present any objections." *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009).

### I. Despite Sport-BLX and Mr. Hall's Diligence, Personal Service on Mr. Nathan Has Been Unsuccessful

Discovery has shown that Mr. Nathan—a non-party who, on information and belief, resides in Saddle River, New Jersey and is the President of South Hackensack, New Jersey-based Communications Components Inc. ("CCI")—is a central figure in these actions.  The Cypress Parties have represented that Mr. Nathan has a financial connection to Cypress; indeed, Mr. Nathan has an apparent relationship to five separate Cypress limited partners, who collectively own over 29% of Cypress.  And public court filings show that Mr. Nathan was a co-plaintiff with several entities owned or controlled by Mr. Salerno in an investment-related lawsuit filed in January 2019, mere weeks before Cypress's investment in Sport-BLX.  *See* Compl., *Brinker-Cohen Family Trust v. Ebury Fund I, LP*, No. 50611/2019 (N.Y. Sup. Ct. Westchester Cnty. 2019), NYSCEF No. 1.  Those facts demonstrate that Mr. Nathan likely has highly relevant testimony concerning key issues and events in these actions—including, but not limited to, Cypress's investment in Sport-BLX, which underlies every claim Cypress brings against Sport-BLX and Mr. Hall, and Salerno's and Cypress's obstruction of Sport-BLX's business plan and other fiduciary-duty breaches they committed.  *See* Second Am. Compl. ¶¶ 29-53, *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), ECF No. 78.  They also suggest that Mr. Nathan, as Mr. Salerno's investment partner, has knowledge of Mr. Salerno's decisions about Cypress's investment in Sport-BLX.  As this Court previously ruled, there is no reason to believe that the limited partners "and the information they hold is irrelevant" to these actions.  *Id.* ECF No. 77.

Based on Mr. Nathan's role in Cypress's investment in Sport-BLX, along with his apparent relationship with Mr. Salerno, Sport-BLX and Mr. Hall served all parties with a deposition and document subpoena for Mr. Nathan on March 3, 2023.  When counsel for the Cypress Parties represented on March 15, 2023 that they would not accept service on Mr. Nathan's behalf, Sport-BLX and Mr. Hall promptly attempted to serve Mr. Nathan at the business address provided by Cypress's counsel.  After three failed attempts at that address, Sport-BLX and Mr. Hall also began attempting to serve him personally at the residential address

---

[2] Counsel for Mr. Cohen also is counsel for the Cypress Parties in these actions.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
May 2, 2023
Page 3

listed in a 2019 court filing. *See* Compl. ¶ 4, *Brinker-Cohen Family Trust v. Ebury Fund I, LP*, No. 50611/2019 (N.Y. Sup. Ct. Westchester Cnty. 2019), NYSCEF No. 1 ("Plaintiff, Dennis Nathan . . . resides at 1 Alford Drive, Saddle River, New Jersey."). A process server then completed ten more attempts—six at Mr. Nathan's residential address, and four additional attempts at Mr. Nathan's business address—for a total of thirteen attempts at service. None of those attempts were successful. During one recent attempt on March 22, 2023, an employee at CCI told a process server that Mr. Nathan was in Mexico, but provided no additional information.

The Cypress Parties have offered little help. On April 4, 2023, we asked the Cypress Parties—who have longstanding relationships with Mr. Nathan and thus plainly can contact him—to provide an email address or a telephone number for Mr. Nathan. Though counsel for the Cypress Parties agreed to confer with Mr. Salerno, they refused to provide that information.

**II.   Alternative Service is Reasonably Calculated to Give Mr. Nathan Notice**

In light of our repeated failed attempts to personally serve Mr. Nathan with a deposition subpoena, we respectfully request an order permitting alternative service—namely, by (1) attaching a copy of the subpoena to the door of Mr. Nathan's residence; (2) mailing a copy of the subpoena to Mr. Nathan's residential address by certified mail; (3) leaving a copy of the subpoena with a person of suitable age and discretion at Mr. Nathan's place of business; and (4) delivering a copy of the subpoena on counsel for the Cypress Parties—who also represent non-party Allen Cohen, Chief Operating Officer at CCI where Mr. Nathan is President.

The combination of those four methods would reasonably ensure that Mr. Nathan receives a copy of the subpoena. If Mr. Nathan returns to his home or place of business soon, attaching and mailing copies of the subpoena to his residence would be "quite likely to provide [him] with actual timely notice." *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783 (PAE), 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014). And if those methods fail, hand-delivering copies to his place of business and serving them on Mr. Cohen's counsel are more than sufficient as backstop methods to ensure that Mr. Nathan receives the subpoena. *See Fed. Trade Comm'n v. PCCare 247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013). Courts have come to similar conclusions before. *Tube City*, 2014 WL 6361746, at *3; *JPMorgan Chase Bank*, 2009 WL 1313259, at *3. Moreover, there is little doubt that Sport-BLX and Mr. Hall—who have made thirteen unsuccessful attempts to personally serve Mr. Nathan so far—have demonstrated prior diligence. *See Ultradent Prods., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002). Further attempts at personal service would likely cause further delay and would do nothing to ensure that Mr. Nathan receives notice of the subpoena.

Thank you for your consideration of this matter.

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
May 2, 2023
Page 4

                                                Respectfully submitted,

                                                /s/ *Jonathan S. Sack*

                                                Jonathan S. Sack

cc: Counsel of record (by ECF)