UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
: 
CYPRESS HOLDINGS, III, L.P.,                  :
                     Plaintiff,   :
:     22 Civ. 1243 (LGS)
      -against-                                    :
:
SPORT-BLX, INC. et al.,                           :     ORDER
                   Defendants.  :
------------------------------------------------------------- X
:
SPORT-BLX, INC.,                                     :
                     Plaintiff,   :
:     22 Civ. 8111 (LGS)
      -against-                                    :
:
SALERNO et al.,                                       :
                   Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, counsel for Sport-BLX and George Hall filed a letter on May 2, 2023, requesting leave to use alternative methods to serve a deposition and document subpoena on non-party Dennis Nathan;

     WHEREAS, Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person."  There is no Second Circuit case law interpreting Rule 45 to require personal service.  *See Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18 Civ. 4921, 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021).  Courts in this District have repeatedly noted that Rule 45 "neither requires in-hand service nor prohibits alternative means of service."  *Id.* (quoting *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)).  Alternative means of service are permitted when they (1) are reasonably designed to ensure that a witness actually receives a

subpoena and (2) comport with due process requirements of providing the witness with notice and an opportunity to lodge objections. *See Sparrow Fund Mgmt. LP*, 2021 WL 2767131, at *1. A party seeking to serve a subpoena by alternative means must ordinarily "demonstrate a prior diligent attempt to personally serve" the witness. *Id.*;

WHEREAS, Sport-BLX and Mr. Hall have made thirteen attempts to serve personally Mr. Nathan at both his residential and business addresses. These attempts have been unsuccessful. Counsel for the other Defendants have not agreed to accept service on Mr. Nathan's behalf;

WHEREAS, the proposed means of alternative service are reasonably designed to ensure Mr. Nathan will receive the subpoena, and are likely to provide Mr. Nathan with notice and the opportunity to object. The four proposed methods of serving Mr. Nathan offer overlapping assurances that Mr. Nathan will receive notice of the subpoena at either his residence or his place of business. It is hereby

**ORDERED** that Sport-BLX and Mr. Hall may serve Mr. Nathan through the four alternative means described in their letter: (1) attaching a copy of the subpoena to the door of Mr. Nathan's residence; (2) mailing a copy of the subpoena to Mr. Nathan's residential address by certified mail; (3) leaving a copy of the subpoena with a person of suitable age and discretion at Mr. Nathan's place of business and (4) serving a copy of the subpoena upon counsel for non-party Allen Cohen, a business associate of Mr. Nathan.

Dated: May 3, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**