

49 Market Street
Morristown, NJ  07960-5122
Tel 973.992.4800  Fax 973.992.9125
WWW.FOXROTHSCHILD.COM

JORDAN B. KAPLAN
Direct No: 973.994.7819
Email: JBKaplan@FoxRothschild.com

May 25, 2023

**VIA ECF**

The Honorable Lorna Schofield
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, Courtroom 1106
40 Foley Square
New York, NY 10007

    **Re: Cypress Holdings, III, LP v. Sport-BLX, Inc., et. al., No. 22 Civ. 1243 (LGS)**

Dear Judge Schofield:

  We represent non-party Fox Rothschild LLP ("Fox Rothschild").  Pursuant to Your Honor's Individual Practices and Local Rule 37.2, we write to request a pre-motion conference, in advance of filing a motion to quash the subpoena that defendant Sport-BLX, Inc. served upon Fox Rothschild (the "Subpoena").  (A copy of the Subpoena is attached hereto as Exhibit "A").  For the reasons set forth herein, the Court should quash the Subpoena in its entirety.

**A.**   **Fox Rothschild's Only Involvement in This Action Was as Plaintiffs' Former Counsel**

  As Your Honor may recall, this matter arises out of claims by plaintiff Cypress Holdings, III, LP ("Cypress"), alleging that defendants Sport-BLX, George Hall, Joseph DePeiro, and GlassBridge Enterprises, Inc. (collectively, "Defendants") engaged in securities fraud, common law fraud, and other tortious conduct.  (*See* ECF No. 16).  At the same time, Defendants allege that Cypress engaged in wrongful conduct, when Cypress purportedly refused to disclose information reflecting the identity of each of its limited partners.  Fox Rothschild formerly represented Plaintiff in this action.  On August 23, 2022, however, the Court entered an order disqualifying Fox Rothschild as Cypress's counsel, based upon Fox Rothschild's prior representation of GlassBridge Enterprises, Inc.

  Fox Rothschild was never a party to the underlying litigation.  In fact, Fox Rothschild was never a party to the transactions that underlie the claims asserted in this litigation.  Notwithstanding the clear lack of *any* nexus between Fox Rothschild and the facts at issue in this litigation (in any capacity *other than* as counsel for Cypress), Defendants have engaged in an unnecessary course of discovery, serving a subpoena upon Fox Rothschild that bears no relation to the facts at issue in this case.



The Honorable Lorna Schofield
Page 2

     In addition to the subpoena at issue in this letter, the Court should note that on May 3, 2023, Defendants conducted the deposition of Cypress's former counsel at Fox Rothschild, Marc J. Gross, Esq. During the five (5) hour deposition of Mr. Gross, Defendants largely addressed topics not relevant to the facts at issue in this case, including questions relating the prior motion to disqualify counsel. Among other irrelevant and time-wasting areas of inquiry, Defendants quired as to whether Mr. Gross filed a declaration in connection with Defendants' prior motion to disqualify counsel, a fact that counsel could have easily confirmed upon a cursory review of the docket. Certainly, no questions asked of Mr. Gross had any bearing upon the facts at issue in this lawsuit.

     Unfortunately, following Mr. Gross' deposition, Defendants "doubled down" on their efforts to needlessly harass Fox Rothschild and its attorneys (and perhaps Cypress), by serving the overbroad Subpoena. Among other information not relevant to the underlying action, the Subpoena seeks information relating to Fox Rothschild's internal procedures relating to its retention of new clients. *See* Exhibit "A".

     Clearly, Defendants' Subpoena to Fox Rothschild – seeking information concerning, *inter alia,* Fox Rothschild's procedure for clearing conflicts with potential clients - is improper, bears no relevance to the facts at issue in this case, particularly where Fox Rothschild has already been disqualified, and is contrary to established law. In addition to the sheer irrelevance of the information sought, Defendants' Subpoena clearly seeks the production of privileged documents and information. For these reasons, along with those set forth at length below, the Court should quash the Subpoena in its entirety.

**B.    The Subpoena Served Upon Fox Rothschild, LLP should be Quashed Because it Seeks Information Protected by Privilege**

     The attorney-client privilege "enable[s] attorneys to give informed legal advice to clients" and "protects communications between a client and its attorney that are intended to be, and in fact were, kept confidential." *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015); *United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017). Similarly, the Work Product Doctrine prevents the disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). Fed. R. Civ. P. 25(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495 (1947).

     In this regard, New York law is clear, that materials protected by privilege are not discoverable by subpoena. *Matter of Bekins Record Storage Co., Inc.*, 62 N.Y.2d 324 (1984) (a letter, which has not been revealed outside the attorney-client relationship, is the classic situation of the discussion by a person of a matter under litigation with his or her attorney. This document, therefore, should be protected from disclosure pursuant to a subpoena). Similarly, "materials prepared in anticipation of litigation are not discoverable absent a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the equivalent without undue hardship." *In re Vecco Instruments, Inc. Sec. Litig*, 2007 WL 210110 at *1 (S.D.N.Y., Jan. 25, 2007)

146169888.1



Indisputably, the Subpoena should be quashed, as it seeks information that is clearly protected from disclosure by the attorney/client privilege and the Attorney Work Product Doctrine. Consistent with established New York law, communications by, among, and between Fox Rothschild attorneys and Cypress, along with documents created by Fox Rothschild in connection with this litigation, are privileged. As Fox Rothschild's *sole* connection to this litigation was its former representation of Cypress, there can simply be no doubt that the requested correspondence and memoranda were created for the purpose of rendering legal services and commencing the instant lawsuit. Accordingly, to the extent that the Subpoena seeks information protected by privilege, it should be quashed.

**C. The Subpoena Upon Fox Rothschild, LLP should be Quashed Because it Fails to Seek Information Relevant to the Underlying Claims**

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *Breaking Media, Inc. v. Jowers*, 21 Misc. 194, 2021 WL 1299108 at *5 (S.D.N.Y., April 7, 2021). Documents sought via subpoena must be relevant to the subject matter of the action; a subpoena which calls for the production of irrelevant material should not be enforced. *See Eisemann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. April 8, 1998).

Furthermore, when disclosure is sought from a non-party, as here, courts generally require a stronger showing of relevance as compared to discovery sought from a party. *Trellian Pty., Ltd. v. Admarketplace, Inc.*, 2021 WL 363965, at *2 (S.D.N.Y. Feb. 3, 2021) ("Courts thus afford special weight to the burden on non-parties of producing documents to parties involved in litigation"); *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) ("[W]here, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.").

Indisputably, *all* information sought in the Subpoena is irrelevant to the facts at issue in this action. Cypress's claims and Defendants' counterclaims relate *solely* to the parties' conduct with respect to Sport-BLX and Defendants' fraud relating thereto. No fact at issue in this lawsuit reflects – or even comes close to – issues surrounding Fox Rothschild's "policies and/or procedures for addressing potential conflicts involving [its] clients." (*See* Exhibit A at No. 8). Nor will this Court need to adjudicate issues relating to Fox Rothschild's "policies and/or procedures for ending [its] representation of a client." (*See* Exhibit A at No. 9). Indeed, Fox Rothschild has already been disqualified. Moreover, nothing in the Subpoena seeks information that bears upon the facts alleged by Cypress or any of the Defendants.

There is simply no reason for Defendants to continually drag Cypress's former counsel into the discovery process, especially where the information sought bears *no relevance whatsoever* to the facts at issue in this lawsuit. Accordingly, the Court should quash the Subpoena in its entirety, and bar Defendants from seeking further discovery from Fox Rothschild.



The Honorable Lorna Schofield
Page 4

       As always, we thank the Court for its time and attention to this matter.

                                       Respectfully submitted,

                                       Jordan B. Kaplan

Attachment

146169888.1

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southen District of New York

| (See attached addendum) | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. (See attached addendum) |
| (See attached addendum) | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Custodian of Records, Fox Rothschild LLP, 101 Park Avenue 17th Floor, New York, NY  10178

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit B.

| Place: Morvillo Abramowitz Grand Iason & Anello PC<br>565 Fifth Avenue<br>New York, NY 10017 | Date and Time:<br><br>05/15/2023 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/05/2023

           *CLERK OF COURT*                                        OR

    _____                    /s/ Edward M. Spiro
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   George Hall and Sport-BLX, Inc.                                                            , who issues or requests this subpoena, are:

Jonathan S. Sack, Edward M. Spiro, and W. Alex Harris, Morvillo Abramowitz Grand Iason & Anello P.C.; Wylie M. Stecklow, Wylie Stecklow PLLC; Remy Green, Cohen&Green P.L.L.C.

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Case 1:22-cv-01243-LGS   Document 108   Filed 05/25/23   Page 7 of 16

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. (See attached addendum)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

The foregoing subpoena is issued in the following actions that are coordinated for purposes of discovery pursuant to order of the Honorable Lorna G. Schofield, dated October 13, 2022:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., AND GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-1243-LGS |
| SPORT-BLX, INC., individually and derivatively on behalf of its shareholders, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL M. SALERNO, CYPRESS HOLDINGS, III, L.P., <br><br> Defendants. | Civil Action No. 1:22-cv-8111-LGS |

# EXHIBIT B

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3.

2. "You" and "Yours" means Fox Rothschild LLP, its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, its current or former general and limited partners, shareholders, directors, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all Persons and entities acting or purporting to act on its behalf.

3. "Salerno" means Michael Salerno, including all agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

4. "Cypress" means Cypress Holdings, III, L.P., its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, its current or former general and limited partners, shareholders, directors, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all Persons and entities acting or purporting to act on its behalf.  Additionally, "Cypress" means Cypress Property Holdings, LLC.

5. "Hall" means George Hall, including all agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

6. "Sport-BLX" means Sport-BLX, Inc., its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, its current or former partners, shareholders, directors, employees, officers, agents, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all Persons and entities acting or purporting to act on its behalf.

## INSTRUCTIONS FOR PRODUCING DOCUMENTS

1. In producing the requested documents, please furnish all documents available to You, including documents in the possession of any and all persons acting on Your behalf.

2. You should produce documents separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below. To the extent documents are furnished in connection with one Request, You need not re-produce them in response to a subsequent Request.

3. Each Request below extends to any documents in Your possession, custody or control. A document is in Your possession, custody, or control: (i) if it is in Your physical custody or (ii) if it is in the physical custody of any other person and You: (a) own such document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You have sought to do so. Such documents shall include, without limitation, documents in the custody of Your attorneys or other agents.

4. Video should be provided in its original form and should not be edited or cut.

5. The Requests which follow are to be considered as continuing, and You are requested to provide, by way of supplementary responses thereto, such additional documents as You or any persons acting on Your behalf may hereafter obtain which relate to any of the Requests contained herein. Such supplementary responses are to be filed and served upon counsel for Sport-BLX and Mr. Hall promptly upon receipt of such additional information or documents.

6. With respect to any document that You refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:

    a. the full identity of the document, including the following:

        i. the date of the document;

        ii. its title (if any);

        iii. its authors, addresses, recipients, or parties;

        iv. the nature of the document (*e.g.*, letter, memorandum, etc.);

        v. the individual or source from whom or from which You obtained it; and

        vi. its present location and identity of its custodian;

    b. whether Your objection or refusal is directed to the entire document or part thereof;

    c. if Your objection or refusal goes to part of the document, specify the specific part(s) of the document to which Your objection or refusal is directed;

    d. the specific factual basis which gives rise to the objection or refusal; and

    e. the specific legal ground on which the objection or refusal is based.

7. If a requested document is no longer in Your possession, subject to Your control, or is no longer in existence, You should include in Your response to the Request:

   a. whether the document is: missing or lost, destroyed, transferred to another, or has been otherwise disposed of;

   b. the reasons for, and circumstances surrounding, any of these dispositions;

   c. the date or best approximate date of any such disposition;

   d. its type (e.g., letter, interoffice memo), subject matter, title, date, and the number of pages thereof;

   e. the identity of each person who participated in its preparation;

   f. the identity of each of its signers;

   g. the identity of each person to whom it was addressed or sent or by whom it was reviewed or received; and

   h. the identity of each person represented or purportedly represented by the persons identified in response to subparagraphs (b), (c) and (d), above.

8. The use of the singular herein shall be deemed to include the plural.

9. The use of the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

10. The terms "all," "any," and "each" shall be construed as encompassing any and all.

11. For purposes of interpreting or construing the following Requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the Request itself. Verb tenses shall be interpreted to include past, present, and future

tenses; references to a gender shall be interpreted to include the masculine, feminine, and neuter; and the word "including" should be read as "including, but not limited to" and the word "includes" should be read as "includes, but is not limited to."

12. Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

13. In responding to the below Requests, for any Request that does not have a temporal identification, the Request includes the period January 1, 2018 through the present.

## DOCUMENTS TO BE PRODUCED

1. All time records and billing records reflecting any work performed by You, whether billed or unbilled, for Cypress and/or Salerno in connection with any matter concerning Sport-BLX or Hall.

2. Documents and communications sufficient to identify each of Your partners, associates, counsel and other employees who performed any work, whether billed or unbilled, for Cypress and/or Salerno in connection with any matter concerning Sport-BLX or Hall.

3. For all matters concerning Sport-BLX in which You represented Cypress and/or Salerno, all documents and communications concerning the initiation of Your representation of that matter, including, but not limited to, new business memoranda, conflicts checks, account opening agreements, and/or engagement letters.

4. All documents and communications concerning Your decision to cease representing Cypress and/or Salerno on or about July 11, 2019.

5. All documents and communications concerning Your decision to resume representation of Cypress and/or Salerno in 2021.

6. All documents and communications concerning the Firm's decision to terminate its attorney-client relationship with GlassBridge Enterprises, Inc. in 2021.

7. Your policies and/or procedures for addressing potential conflicts involving Your clients. For purposes of this Request, "clients" include current, former, and potential clients.

8. Your policies and/or procedures for commencing Your representation of (i) a new client, and (ii) an existing client in connection with a new matter.

9. Your policies and/or procedures for ending Your representation of a client.

10. For the period from July 11, 2019 to November 9, 2021, all documents and communications concerning Hall and/or Sport-BLX.

11. For the period from July 11, 2019 to November 9, 2021, all communications between You and Cypress and/or Salerno.

Dated: May 5, 2023
     New York, New York

                                        MORVILLO ABRAMOWITZ GRAND
                                        IASON & ANELLO P.C.

                                        By:  */s/ Edward M. Spiro*
                                                Edward M. Spiro
                                                Jonathan S. Sack
                                                W. Alex Harris
                                        565 Fifth Avenue
                                        New York, New York 10017
                                        (212) 856-9600 (phone)
                                        (212) 856-9494 (fax)
                                        jsack@maglaw.com

                                        Wylie M. Stecklow
                                        Wylie Stecklow PLLC
                                        Carnegie Hall Tower
                                        152 W. 57th Street
                                        Ste 8th Floor
                                        New York, New York 10019
                                        (212) 566-8000 (phone)
                                        (212) 202-4952 (fax)
                                        wylie@wylielaw.com

                                        Remy Green
                                        Cohen&Green P.L.L.C.
                                        1639 Centre Street, Ste. 216
                                        Ridgewood, New York 11385
                                        (929) 888-9480 (phone)
                                        (929) 888-9457 (fax)
                                        remy@femmelaw.com

                                        *Attorneys for Sport-BLX, Inc. and George Hall*