

49 Market Street
Morristown, NJ 07960-5122
Tel 973.992.4800  Fax 973.992.9125
WWW.FOXROTHSCHILD.COM

JORDAN B. KAPLAN
Direct No: 973.994.7819
Email: JBKaplan@FoxRothschild.com

**Defendant Sport-BLX, Inc. shall file a response to this letter, not to exceed three pages, by June 2, 2023.**

**So Ordered.**

**Dated: May 26, 2023**
**New York, New York**

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

May 25, 2023

**VIA ECF**

The Honorable Lorna Schofield
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse, Courtroom 1106
40 Foley Square
New York, NY 10007

      **Re: Cypress Holdings, III, LP v. Sport-BLX, Inc., et. al., No. 22 Civ. 1243 (LGS)**

Dear Judge Schofield:

      We represent non-party Fox Rothschild LLP ("Fox Rothschild"). Pursuant to Your Honor's Individual Practices and Local Rule 37.2, we write to request a pre-motion conference, in advance of filing a motion to quash the subpoena that defendant Sport-BLX, Inc. served upon Fox Rothschild (the "Subpoena"). (A copy of the Subpoena is attached hereto as Exhibit "A"). For the reasons set forth herein, the Court should quash the Subpoena in its entirety.

    **A.**     **Fox Rothschild's Only Involvement in This Action Was as Plaintiffs' Former Counsel**

      As Your Honor may recall, this matter arises out of claims by plaintiff Cypress Holdings, III, LP ("Cypress"), alleging that defendants Sport-BLX, George Hall, Joseph DePeiro, and GlassBridge Enterprises, Inc. (collectively, "Defendants") engaged in securities fraud, common law fraud, and other tortious conduct. (*See* ECF No. 16). At the same time, Defendants allege that Cypress engaged in wrongful conduct, when Cypress purportedly refused to disclose information reflecting the identity of each of its limited partners. Fox Rothschild formerly represented Plaintiff in this action. On August 23, 2022, however, the Court entered an order disqualifying Fox Rothschild as Cypress's counsel, based upon Fox Rothschild's prior representation of GlassBridge Enterprises, Inc.

      Fox Rothschild was never a party to the underlying litigation. In fact, Fox Rothschild was never a party to the transactions that underlie the claims asserted in this litigation. Notwithstanding the clear lack of *any* nexus between Fox Rothschild and the facts at issue in this litigation (in any capacity *other than* as counsel for Cypress), Defendants have engaged in an unnecessary course of discovery, serving a subpoena upon Fox Rothschild that bears no relation to the facts at issue in this case.

146169888.1



The Honorable Lorna Schofield
Page 2

In addition to the subpoena at issue in this letter, the Court should note that on May 3, 2023, Defendants conducted the deposition of Cypress's former counsel at Fox Rothschild, Marc J. Gross, Esq. During the five (5) hour deposition of Mr. Gross, Defendants largely addressed topics not relevant to the facts at issue in this case, including questions relating the prior motion to disqualify counsel. Among other irrelevant and time-wasting areas of inquiry, Defendants quired as to whether Mr. Gross filed a declaration in connection with Defendants' prior motion to disqualify counsel, a fact that counsel could have easily confirmed upon a cursory review of the docket. Certainly, no questions asked of Mr. Gross had any bearing upon the facts at issue in this lawsuit.

Unfortunately, following Mr. Gross' deposition, Defendants "doubled down" on their efforts to needlessly harass Fox Rothschild and its attorneys (and perhaps Cypress), by serving the overbroad Subpoena. Among other information not relevant to the underlying action, the Subpoena seeks information relating to Fox Rothschild's internal procedures relating to its retention of new clients. *See* Exhibit "A".

Clearly, Defendants' Subpoena to Fox Rothschild – seeking information concerning, *inter alia,* Fox Rothschild's procedure for clearing conflicts with potential clients - is improper, bears no relevance to the facts at issue in this case, particularly where Fox Rothschild has already been disqualified, and is contrary to established law. In addition to the sheer irrelevance of the information sought, Defendants' Subpoena clearly seeks the production of privileged documents and information. For these reasons, along with those set forth at length below, the Court should quash the Subpoena in its entirety.

**B.     The Subpoena Served Upon Fox Rothschild, LLP should be Quashed Because it Seeks Information Protected by Privilege**

The attorney-client privilege "enable[s] attorneys to give informed legal advice to clients" and "protects communications between a client and its attorney that are intended to be, and in fact were, kept confidential." *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015); *United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017). Similarly, the Work Product Doctrine prevents the disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). Fed. R. Civ. P. 25(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495 (1947).

In this regard, New York law is clear, that materials protected by privilege are not discoverable by subpoena. *Matter of Bekins Record Storage Co., Inc.*, 62 N.Y.2d 324 (1984) (a letter, which has not been revealed outside the attorney-client relationship, is the classic situation of the discussion by a person of a matter under litigation with his or her attorney. This document, therefore, should be protected from disclosure pursuant to a subpoena). Similarly, "materials prepared in anticipation of litigation are not discoverable absent a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the equivalent without undue hardship." *In re Vecco Instruments, Inc. Sec. Litig*, 2007 WL 210110 at *1 (S.D.N.Y., Jan. 25, 2007)

146169888.1



The Honorable Lorna Schofield
Page 3

Indisputably, the Subpoena should be quashed, as it seeks information that is clearly protected from disclosure by the attorney/client privilege and the Attorney Work Product Doctrine. Consistent with established New York law, communications by, among, and between Fox Rothschild attorneys and Cypress, along with documents created by Fox Rothschild in connection with this litigation, are privileged. As Fox Rothschild's *sole* connection to this litigation was its former representation of Cypress, there can simply be no doubt that the requested correspondence and memoranda were created for the purpose of rendering legal services and commencing the instant lawsuit. Accordingly, to the extent that the Subpoena seeks information protected by privilege, it should be quashed.

**C.    The Subpoena Upon Fox Rothschild, LLP should be Quashed Because it Fails to Seek Information Relevant to the Underlying Claims**

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *Breaking Media, Inc. v. Jowers*, 21 Misc. 194, 2021 WL 1299108 at *5 (S.D.N.Y., April 7, 2021). Documents sought via subpoena must be relevant to the subject matter of the action; a subpoena which calls for the production of irrelevant material should not be enforced. *See Eisemann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. April 8, 1998).

Furthermore, when disclosure is sought from a non-party, as here, courts generally require a stronger showing of relevance as compared to discovery sought from a party. *Trellian Pty., Ltd. v. Admarketplace, Inc.*, 2021 WL 363965, at *2 (S.D.N.Y. Feb. 3, 2021) ("Courts thus afford special weight to the burden on non-parties of producing documents to parties involved in litigation"); *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) ("[W]here, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.").

Indisputably, *all* information sought in the Subpoena is irrelevant to the facts at issue in this action. Cypress's claims and Defendants' counterclaims relate *solely* to the parties' conduct with respect to Sport-BLX and Defendants' fraud relating thereto. No fact at issue in this lawsuit reflects – or even comes close to – issues surrounding Fox Rothschild's "policies and/or procedures for addressing potential conflicts involving [its] clients." (*See* Exhibit A at No. 8). Nor will this Court need to adjudicate issues relating to Fox Rothschild's "policies and/or procedures for ending [its] representation of a client." (*See* Exhibit A at No. 9). Indeed, Fox Rothschild has already been disqualified. Moreover, nothing in the Subpoena seeks information that bears upon the facts alleged by Cypress or any of the Defendants.

There is simply no reason for Defendants to continually drag Cypress's former counsel into the discovery process, especially where the information sought bears *no relevance whatsoever* to the facts at issue in this lawsuit. Accordingly, the Court should quash the Subpoena in its entirety, and bar Defendants from seeking further discovery from Fox Rothschild.



The Honorable Lorna Schofield
Page 4

      As always, we thank the Court for its time and attention to this matter.

                                Respectfully submitted,

                                Jordan B. Kaplan

Attachment

146169888.1