MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

August 18, 2023

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
    *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

  We represent Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez, and Christopher Johnson (together, "Sport-BLX" or "Sport-BLX Parties") in the above-referenced actions. We write to request a pre-motion conference in anticipation of filing a motion to compel Michael Salerno and Cypress Holdings, III, L.P. (together, "Cypress") to provide essential discovery specifying its damages claims as requested by the Sport-BLX Parties in discovery.

  **I.** **Relevant Background**

  Cypress served its responses to Sport-BLX's and George Hall's First Set of Interrogatories on December 7, 2022. As part of that set of interrogatories, Interrogatory No. 13 asked Cypress, for each cause of action, to "state with specificity each category of damages alleged, the computation of each category of damages alleged, the basis for each category of damages alleged, and identify all Documents upon which You rely to support any claim by You for damages." Cypress's response objected on the grounds that this interrogatory was "premature because discovery and investigation is ongoing," and cited to Cypress's initial disclosures served on November 1, 2022. The initial disclosure stated: "[p]ursuant to Rule 26(a)(1)(A)(iii), Cypress claims compensatory and consequential damages as a result of Defendants' breaches, in an amount totaling no less than $5,000,000. Cypress also claims incidental damages resulting for any and all expenses incurred as a result of the breach." No further detail was provided.

Hon. Lorna G. Schofield
August 18, 2023
Page 2

In the course of fact discovery, Cypress repeatedly represented that it intended to provide an expert's report setting forth its alleged damages. Based on those representations, the Sport-BLX Parties anticipated an expert report that would address Cypress's damages claims based on its 47-page Second Amended Complaint (incorporating numerous new parties and claims for relief), filed in January 2023. Fact discovery has now closed, and Cypress revealed for the first time on the evening of August 14—the due date for expert reports, which was mutually agreed upon only one week prior—that it would not be putting forth an affirmative damages expert, a statement contrary to multiple representations made over the last few months.[1] Given this about-face, the Sport-BLX Parties requested that by August 17, Cypress advise the Sport-BLX Parties whether it would provide a full and adequate responses to Interrogatory 13, specifically the following:

1) The damages for each of Cypress's nine direct claims against any of our clients (on a claim-by-claim basis), including with specificity each category of damages, the computation of each category of damages, the basis for each category of damages, and all documents upon which Cypress relies to support each claim for damages. The materials provided in support of your direct claims must establish your basis for asserting damages specific to Cypress that are separate and apart from damages to Sport-BLX the company;

2) The damages for each of Cypress's seven derivative claims against any of our clients (on a claim-by-claim basis), including with specificity each category of damages, the computation of each category of damages, the basis for each category of damages, and all documents upon which Cypress relies to support each claim for damages.

Cypress did not respond as requested by Sport-BLX counsel. Accordingly, in light of the importance of receiving this information immediately, we ask the Court to grant Sport-BLX's anticipated motion and direct Cypress to produce the needed discovery.

II.     Discussion

Under Rule 37(a), "a party may move for an order compelling disclosure" of interrogatory responses from another party. Fed. R. Civ. P. 37. The party objecting to providing the discovery carries the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012).

By submitting no damages expert report, and by failing to provide appropriate responses to Interrogatory 13 and under Rule 26(a)(1)(A)(iii), Cypress has purposely withheld any

---

[1] On August 14, the Sport-BLX Parties submitted an expert report on damages in accordance with their prior representations to Cypress.

meaningful disclosure to Sport-BLX regarding the specifics and bases of Cypress's damages claims. And, to make matters worse, Cypress has done so on the eve of mediation and summary judgment briefing. At present, the Sport-BLX Parties do not know, and cannot discern, which of the numerous transactions in the complaint are alleged to have caused damages, what amount of damages particular transactions allegedly caused, how those damages were computed, what evidence allegedly supports the claims for damages, and whether the damages are claimed as direct or derivative damages. Considering that the Sport-BLX Parties are defending against 16 separate derivative and direct claims, many of which conflate injury to Cypress individually (a direct claim) with injury to Sport-BLX generally (a derivative claim), the Sport-BLX Parties are entitled to and require an adequate response to Interrogatory 13 before litigating this case any further.

Given that such information is required to be produced as a matter of course under Rule 26(a)(1)(A)(iii), Cypress has no grounds for objecting to this request over a year into this litigation.[2] Indeed, courts in the Second Circuit routinely grant motions to compel such information under Rule 26(a)(1)(A)(iii) or Rule 33 governing interrogatories. *See, e.g.*, *J.P. Morgan Sec. LLC v. Mariano*, No. 117CV01080GBDSDA, 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (concluding that party was entitled to response "now" on damages interrogatory "so that it knows the various categories of damages that comprise the over $100 million of damages alleged by Mariano, and the computation of each category of damages."); *Fox v. Cheminova, Inc.*, No. CV00-5145(TCP)(ETB), 2006 WL 508087, at *7 (E.D.N.Y. Mar. 1, 2006) (granting motion to compel and stating, "[w]hile plaintiffs may disagree with the theory, there is no precedent which permits the plaintiffs to refuse to provide discovery based on their lack of agreement with defendants' theory of damages."); *Antolini v. McCloskey*, 335 F.R.D. 361, 364 (S.D.N.Y. 2020) (finding under Rule 26(a)(1)(A)(iii) that defendant was entitled to plaintiff's computation and theory of damages); *see also Pilitz v. Inc. Vill. of Freeport*, No. 12-CV-5655(JS)(ARL), 2020 WL 6945927, at *4 (E.D.N.Y. Nov. 25, 2020) ("As the Second Circuit noted in *Design Strategy*, a party's failure to comply with Rule 26(a) is 'especially troubling' when the requesting party specifically requests a calculation of damages, as Defendants repeatedly did here" through interrogatories and requests for production). The Court should do the same here.

For these reasons, the Court should grant Sport-BLX's anticipated motion to compel Cypress's response to Interrogatory 13. The Court should further order Cypress to produce the required information within one week of the Court's order. Should Cypress fail to meet that deadline, the Court should preclude Cypress from using the information that it has timely failed to produce under Rules 37(b) (failure to comply with a Court order) or 37(c) (failure to provide information required by Rule 26(a)).

---

[2] Failure to produce information required under Rule 26(a) precludes that party from using that information "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless" under Rule 37(c)(1). The Court may also impose additional sanctions including awarding fees caused by the party's failure and informing the jury of the party's failure. *See* Fed. R. Civ. P. 37(c)(1).

Hon. Lorna G. Schofield
August 18, 2023
Page 4

            Respectfully submitted,

            */s/ Jonathan S. Sack*

            Jonathan S. Sack

cc: Counsel of record (by ECF)