

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O 973.530.2100    F 973.325.1501

September 15, 2023

**BY ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 22-cv-01243 (LGS)
             *Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 22-cv-08111 (LGS)

Dear Judge Schofield,

      This firm represents Plaintiff Cypress Holdings, III, L.P. ("Cypress") in the action entitled *Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 22-cv-01243 (LGS) (the "Cypress Action"). This firm also represents Defendants Michael M. Salerno ("Mr. Salerno") and Cypress (collectively, the "Cypress Parties") in the related action entitled *Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 22-cv-08111 (LGS) (the "Sport-BLX Action") (collectively, with the Cypress Action, the "Actions"). Pursuant to Local Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and in accordance with Rules III.A.1 and III.C.3 of Your Honor's Individual Rules and Procedures for Civil Cases ("Individual Rules"), the Cypress Parties respectfully submit this letter motion for a pre-motion discovery conference in anticipation of the Cypress Parties' request to file a motion requesting the following relief: (1) to compel non-party Greenberg Traurig, LLP ("GT") to comply with the Non-Party Subpoena issued to GT by the Cypress Parties on July 26, 2023 (the "Subpoena"); (2) to compel all parties to produce a privilege log; and (3) to strike the untimely expert report of Mahdi Eslamimehr, submitted by Sport-BLX, Sport-BLX Securities Inc., the Clinton Group, George Hall, Christopher Johnson and Cesar Baez (collectively, the "Sport-BLX Parties").

      I.    **Greenberg Traurig's Failure to Comply With the Subpoena**

      On May 19, 2023, my office, via a process server, attempted service of the Subpoena on GT at its offices located at One Vanderbilt Avenue, New York, New York 10017. On June 8, 2023, the process server provided notification (a "No-Serve") that service upon GT had not been effectuated. The No-Serve listed the reason that the process server was unable to effectuate service as follows: "[a]ccording to security they called up and the recipient said they won't come down to accept any court docs." Thereafter, my office contacted GT's general counsel, Martin I. Kaminsky, on two separate occasions (June 9, 2023, and June 30, 2023) to inquire whether GT would accept service of the Subpoena via electronic mail, but received no response. My office again attempted service of the

Subpoena via Guaranteed Subpoena at GT's offices located at One Vanderbilt Avenue, New York, New York 10017. On July 6, 2023, a second No-Serve was received. The No-Serve listed the reason that the process server was unable to effectuate service as follows: "[a]ccording to security, they called but they won't come down to accept."

After two unsuccessful attempts of service of the Subpoena, on July 6, 2023, my office executed a corporate search for a registered corporate agent authorized to accept service on behalf of GT. On July 26, 2023, a copy of the Subpoena was successfully left with an individual authorized to accept service on behalf of GT at 28 Liberty Street, New York, New York 10005. On August 7, 2023, GT and the Cypress Parties agreed upon search terms for GT's search for electronic documents. On August 18, 2023, my office contacted to GT to inquire as to when a document production pursuant to the agreed-upon search terms would be received. GT responded that it was still in the data collection phase and would have the search completed by the following week and would have a better gauge of an estimated date of production based on data volume. Thereafter, my office contacted GT on August 30, 2023, and September 5, 2023 requesting an update on the production. On September 5, 2023, GT notified my office that the search for documents was completed and yielded "about 1650 documents." We were further notified that GT expected to send all responsive documents to Sport-BLX for "privilege review" by Friday, September 8, 2023, and that the documents would be produced following privilege review. On the same date, my office requested that the responsive documents be produced no later than Tuesday, September 12, 2023, and that GT supply a privilege log. The Cypress Parties have yet to any receive documents or a privilege log from GT, despite reaching out for an update on Wednesday, September 13, 2023. As set forth above, the Cypress Parties met and conferred with GT on numerous occasions to facilitate its production of documents responsive to the Subpoena but said efforts have only been met with further delay and no documents. We believe that judicial intervention is needed to end this gamesmanship. Accordingly, we respectfully request that the Court grant the Cypress Parties leave to file the appropriate motion to compel and for sanctions.

## II.     All Defendants Have Not Produced Privilege Logs

Pursuant to Federal Rule of Civil Procedure 26(b)(5), when a party withholds documents and information otherwise discoverable by claiming the information is protected by privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Fed. R. Civ. P.* 26(b)(5)(A)(i)-(ii). On August 21, 2023, my office sent the Cypress Parties' privilege log to all counsel, and inquired as to when the Cypress Parties could expect to receive respective privilege logs from the remaining parties in the Actions.[1] On August 30, 2023, counsel to the Sport-BLX Parties responded that producing a privilege log would constitute an unreasonable burden and expense on the Sport-BLX Parties. Counsel to the Sport-BLX Parties also stated they did not believe they were obliged to produce a privilege log given that they exceeded the threshold of 160 hours of document review and therefore, were somehow excused from producing a privilege log. However, the Sport-BLX parties cannot unilaterally excuse their obligation

---

[1] Counsel for Joseph De Perio stated that no documents in Mr. De Perio's document production were withheld on the basis of privilege.

to produce a privilege log simply based on a claim that they have already done "too much" in connection with discovery. The email from counsel for the Sport-BLX Parties on August 30 only further highlights the need for a privilege log, because counsel cites to the "extensive communications that our clients had with counsel" as another reason the Sport-BLX Parties refuse to produce a privilege log. The Cypress Parties must be afforded an opportunity to assess such "extensive" claims of privilege. For that reason, the Cypress Parties respectfully request that this Court hold a pre-motion conference to discuss production of privilege logs from all parties except Mr. De Perio.

### III. The Sport-BLX Parties' Untimely Expert Report

The Sport-BLX Parties served the report of Expert Mahdi Eslamimehr (the "Eslamimehr Report") on September 13, 2023, and claimed that it purportedly "related to the sale of software in December of 2021," that the Cypress Parties "address" in its Supplemental Response to Interrogatory No. 13 served on August 25, 2023. The Eslamimehr Report was served well after the agreed-upon deadline for affirmative expert reports on September 1, 2023. This report is untimely and improper for the following additional reasons. To begin, Your Honor's Civil Case Management Plan and Scheduling Order dated July 17, 2023 (the "Third Amended Scheduling Order") set September 11, 2023 as the expert discovery deadline. Prior to submitting its September 12, 2023, request to extend expert discovery and pre-motion conference deadlines, the Cypress Parties sought consent from all counsel via electronic mail. Counsel for the Sport-BLX Parties, on September 8, 2023 (just five days prior to service of the Eslamimehr Report) noted that they "believe[d] a brief extension of expert discovery is warranted for the deposition of Ms. Bour [Cypress Parties' Rebuttal Expert]." Shortly after that, counsel agreed to September 28, 2023 as the date of Ms. Bour's deposition, which formed the basis for the Cypress Parties' request to extend expert discovery until October 4, 2023. It was only after the Cypress Parties requested Your Honor's consent to extend the expert discovery deadline that the Sport-BLX Parties served the Eslamimehr Report. The belated service of the request is especially troublesome because the contention that the sale of Sport-BLX's technology was made for less than fair market value was expressly alleged in the Cypress Parties' Second Amended Complaint filed on January 30, 2023[2], and the topic of discovery. The Sport-BLX Parties therefore had every opportunity to address the issue in expert discovery prior the original September deadline. At no point prior to the filing of the Cypress Parties' request to extend expert discovery did the Sport-BLX Parties mention a second expert report, and therefore the Cypress Parties' request to extend expert discovery did not, and could not account for sufficient time for the Cypress Parties to review and prepare for the deposition of Mr. Eslamimehr. For the foregoing reasons, the Cypress Parties request leave to file a motion to strike the Eslamimehr Report.

Respectfully submitted,
/s/ A. Ross Pearlson
A. Ross Pearlson, Esq.

---

[2] The sale of the technology at less than fair market value is specifically referenced in paragraphs 88, 89, 167 and 222-225 of the Cypress Parties' Second Amended Complaint. (Cypress Docket, ECF No. 80).