# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

September 20, 2023

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
      *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS)

Dear Judge Schofield:

We represent Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez, and Christopher Johnson (together the "Sport-BLX Parties" or "Sport-BLX") in the above-referenced actions. We write in opposition to the September 15, 2023 pre-motion conference letter submitted by counsel for Cypress Holdings, III, L.P. and Michael M. Salerno (the "Cypress Parties" or "Cypress"), *see* ECF No. 131 (22-cv-1243 case) and ECF No. 67 (22-cv-8111 case).

The parties completed fact discovery in mid-July and now are on the cusp of completing expert discovery. Pre-motion letters for summary judgment are due in one week (September 27). Now that the case is nearing dispositive rulings or trial, the Cypress Parties belatedly raise meritless issues in yet one more effort to delay the case. In its latest scheduling order, the Court stated that "[n]o further discovery extension will be granted absent exceptional circumstances." ECF No. 130. No such circumstances are present, and the Cypress Parties' requests should be denied.

**Background**. The pending cases arise out of Cypress's investment of $1 million in Sport-BLX in early 2019. With the Second Amended Complaint ("SAC"), Cypress's claims have mushroomed into 19 separate counts (11 direct and eight derivative claims) against 10 corporate and individual defendants. Responding to the Cypress Parties' discovery requests – they originally presented 69 search terms or phrases for electronic discovery which we were able to reduce to 50 terms or phrases – the Sport-BLX Parties have produced over 50,000 documents, totaling more than 319,000 pages, and requiring more than 300 hours of attorney work – well in

Hon. Lorna G. Schofield
September 20, 2023
Page 2

excess of the threshold outlined in the Court's individual rules and procedures.  *See* Individual Rules and Procedures for Civil Cases, II.A.1.(d).  These efforts have dwarfed Cypress's own production of documents, which, to date, amounts to approximately 700 documents and fewer than 3,500 pages.

Now that we are through fact discovery and the Cypress Parties have not found evidence to support claims in the SAC, they want further delay.  This is not the first time.  For example, on two occasions, Mr. Salerno declared his unavailability for deposition after agreeing to specific dates for continued testimony, necessitating in one case an extension of the fact-discovery deadline.  The Sport-BLX Parties have accommodated several of these requests on the basis of representations of opposing counsel, and to avoid bringing issues to the Court unnecessarily.

**Discussion**.  Turning to Cypress's present requests, each is unfounded and should be denied.  *First*, as to Cypress's third-party subpoena to Greenberg Traurig ("GT"), the Cypress Parties have known since 2019 that GT was advising Sport-BLX in connection with securing a FINRA broker-dealer license – an essential part of Sport-BLX's business plan – and that GT might have relevant documents.  This was apparent from Sport-BLX board meetings in 2019, which Salerno attended and secretly recorded; it was also apparent from hundreds of documents that were produced in the litigation that referenced GT and/or its partner Will Mack, Esq.  Yet Cypress failed to serve GT with its subpoena until *after* the close of fact discovery (in July).  Now that fact discovery is closed and summary judgment is in the offing, Cypress is belatedly raising this issue for the first time in a thinly-veiled effort to delay the close of fact discovery and summary judgment briefing.

Cypress wrongly, and without basis, suggests that the Sport-BLX Parties have engaged in "gamesmanship."  The reason for the present request, and its timing, lies with Cypress, not Sport-BLX.  The Sport-BLX Parties have not requested or contributed to any delay in GT's response to the belated Cypress subpoena.  The only party engaged in gamesmanship is Cypress.

*Second*, as to Cypress's request for a privilege log, Sport-BLX and other parties have been providing Cypress with productions on a rolling basis since January 2023.  At no point during this period did Cypress raise the issue of any party producing a privilege log, and no party produced one.

Out of the blue, unprompted by any of the defendants, Cypress sent out a purported "privilege log" on August 21 – nearly one month after the close of fact discovery and in the midst of expert discovery – and asked when the other parties would produce theirs.  That log, consisting of only 25 entries, is plainly intended to provide a pretext for making a request of the defendants, as shown by its timing and its gross deficiencies.  To take just one example, the log has no entries for calendar year 2019 even though discovery has revealed that Cypress and Salerno had engaged at least four different law firms and attorneys for, among other tasks, negotiating stock purchase agreements and threatening legal action against Sport-BLX.  One of those firms is Fox Rothschild, which moved to quash a subpoena on grounds of attorney-client privileged communications, and yet Cypress has not listed on its log a single communication with that firm (or Marc Gross, Esq.) for the period in 2019 during which Fox Rothschild was

Hon. Lorna G. Schofield
September 20, 2023
Page 3

representing Cypress and Mr. Salerno.  The deficient log is symptomatic of Cypress's productions throughout the case – for example, Sport-BLX has produced emails sent or received by Mr. Salerno and/or his counsel, and yet these same materials were not produced by Cypress.

As shown by the volume of Sport-BLX's productions (over 300,000 pages) and the breadth of Cypress's discovery demands, producing a privilege log at this late stage would be a tremendous burden and expense.  The Sport-BLX Parties are already far in excess of Your Honor's rule providing that attorney ESI review be limited to 160 hours, including privilege review.  Cypress knows all this and knows that its request will either disrupt the current case schedule, or force Sport-BLX to devote substantial time and financial resources to creating a privilege log during summary judgment briefing, or both.  Even after its request to Sport-BLX on August 21, Cypress waited until now, on the eve of summary judgment pre-motion letters, to raise this issue with the Court.  Cypress's request should be denied.  *See Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242 (VEC), 2018 WL 4112816, at *2 n.2 (S.D.N.Y. Aug. 29, 2018) ("where, as here, providing a privilege log would be unduly burdensome, courts have discretion to limit a party's obligation to provide one").

*Third*, the Cypress Parties' request to strike the expert report of Dr. Eslamimehr should be rejected.  His expert report is a rebuttal report served in response to Cypress's damages statement of August 25, 2023.  The parties had previously agreed that expert reports on issues for which a party has the burden of proof were to be served on August 14.  Cypress repeatedly represented that it would be providing a report from a damages expert but, on August 14 at 6:27 p.m., advised Sport-BLX that no such report would be forthcoming.  As a result, the Sport-BLX Parties were required to make an application to the Court for a supplemental response to their damages interrogatory to Cypress.  Cypress's court-ordered response was served on August 25 (11 days after expert reports were due).  In its response, Cypress for the first time stated a theory of damages regarding technology sold by Sport-BLX, Inc. to Sport-BLX Securities, Inc.  Dr. Eslamimehr's expert opinion rebuts this damages claim.

Dr. Eslamimehr's report was served on September 13, just over two weeks after Cypress provided its supplemental interrogatory response.  Service of the report on this schedule was in line with the parties agreed-upon schedule to serve rebuttal reports (on September 1) two weeks after affirmative reports (August 14).  In light of Cypress's request to adjourn the pre-motion conference, which was initiated by Cypress and to which Sport-BLX consented, together with an extension of the expert discovery period, Cypress has ample time to take the deposition of Dr. Eslamimehr.[1]  Cypress is in no way prejudiced by Dr. Eslamimehr's report, which was served in a timeframe consistent with what the parties had previously agreed.  Cypress's motion to strike Dr. Eslamimehr's report should be denied.

---

[1] Cypress incorrectly states that the Sport-BLX Parties were on notice of its damages claim since the filing of the SAC, and thus could have produced a report by September 1.  The SAC, with 240 paragraphs and 19 counts, fails to set forth the amount of, or method for computing, Cypress's alleged damages from Sport-BLX's sale of technology (or any other claim).  Before receipt of Cypress's interrogatory response on August 25, Sport-BLX lacked a proposed theory of damages to which to respond.

Hon. Lorna G. Schofield
September 20, 2023
Page 4

          Respectfully submitted,

          */s/ Jonathan S. Sack*

          Jonathan S. Sack