

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O 973.530.2100      F 973.325.1501

**BY ECF**

September 27, 2023

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Cypress Holdings, III, L.P. v. Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS)

Dear Judge Schofield,

  This firm represents Plaintiff Cypress Holdings, III, L.P. ("Cypress") in the above-referenced action (the "Cypress Action"). Pursuant to Local Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and in accordance with Rules III.A.1 and III.C.3 of Your Honor's Individual Rules and Procedures for Civil Cases, Cypress respectfully submits this pre-motion letter for leave to file a motion for partial summary judgment on the below-referenced counts of Cypress' Second Amended Complaint in the Cypress Action. [ECF No. 80].[1]

  As set forth further below, even when the facts are viewed in their most favorable light to Defendants, there is no genuine dispute that Defendants breached their fiduciary duties to Cypress, engaged in acts of oppression, and breached the covenant of good faith and fair dealing. Accordingly, Cypress respectfully requests leave to file a motion for partial summary judgment as to these causes of action.

  **I.** **Counts Five, Thirteen, Fourteen, Fifteen, and Sixteen – Breach of Fiduciary Duty**

  Cypress has asserted breach of fiduciary duty claims, both individually and derivatively on behalf of Defendant Sport-BLX, Inc. ("Sport-BLX"), against all of the Defendants in this action. These claims are premised, in part, on Defendants' improper use of Sport-BLX's resources on

---

[1] This firm also represents Defendants Michael M. Salerno ("Mr. Salerno") and Cypress (collectively, the "Cypress Parties") in the related action entitled *Sport-BLX, Inc. v. Salerno, et al.*, Civ. Action No. 22-cv-08111 (LGS) (the "Sport-BLX Action"). The Cypress Parties are also filing a separate pre-motion letter in the Sport-BLX Action in connection with their request for leave to file a partial summary judgment motion as to the claims asserted against them in the Sport-BLX Action.

expenses actually incurred by Clinton Group, Inc. ("Clinton Group"), an entity owned by Defendant George Hall ("Hall") and with which Defendant Joseph De Perio ("De Perio") is affiliated. For instance, Hall and De Perio caused Sport-BLX to enter into a purported lease agreement for commercial office space with Clinton Group, pursuant to which Sport-BLX paid Clinton Group approximately $500,000 per year in "rent" to utilize the space then-leased by Clinton Group, without ever advising Cypress that this sublease was unlawful or that Clinton Group had become delinquent on and stopped making its rental payments on its lease. Notwithstanding this delinquency, Sport-BLX continued to make its "rental" payments to Clinton Group, thereby depleting Sport-BLX's assets for no legitimate purpose, but rather only to provide funding to an entity owned solely by Hall.

Moreover, when Mr. Salerno discovered that Defendants had made material misrepresentations to him regarding how his invested funds were being used, Defendants devised a plan to circumvent their obligation to provide Cypress the Board seat it was promised pursuant to the parties' contracts (as discussed further below), and confirmed this plan via email and during a Board Meeting, stating that they would simply "go around" Mr. Salerno. Hall and De Perio ultimately did so, by selling their controlling interests of Sport-BLX stock to Defendant GlassBridge Enterprises, Inc. ("GlassBridge"), a public company, at a price of $355 per share—a significantly higher value than any price paid for the stock or the $50 per share price they told the Board it was worth days earlier. Hall and De Perio sold their personal shares to GlassBridge and pocketed the proceeds, despite the fact that Sport-BLX was in desperate need of capital at the time.

Other Board members of Sport-BLX approved the transactions with Clinton Group and, as officers of GlassBridge, participated in the sale of Hall and De Perio's personal shares in Sport-BLX to GlassBridge. For all of these reasons, Cypress believes it will be able to succeed on its claim that Defendants breached their fiduciary duties to Cypress. *See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 191 (S.D.N.Y. 2011) (stating that a breach of fiduciary duty claim requires a plaintiff establish (1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach).

## II. Count Nineteen – Minority Shareholder Oppression

The evidence elicited in discovery also demonstrates that Defendants Hall, De Perio, and GlassBridge have engaged in a systematic pattern of oppressive and unfair behavior towards Cypress, which frustrated Cypress' reasonable expectations as a shareholder of Sport-BLX. Specifically, the evidence demonstrates that Hall, De Perio, and GlassBridge engaged in a series of self-interested transactions which provided them with millions of dollars and, at the same time, stripped Sport-BLX of its assets and transferred Sport-BLX's business to other entities that these Defendants owned and controlled. As set forth above, Hall, De Perio and GlassBridge used Sport-BLX's assets to defray the expenses incurred by Clinton Group without seeking the approval of Cypress, a shareholder. Critically, although Cypress was provided with tag-along rights in connection with any sale of control of Sport-BLX (rights which were further confirmed by Hall during a Sport-BLX Board Meeting), neither Cypress nor any other shareholder was offered such tag-along rights when Hall's and De

Hon. Lorna G. Schofield, U.S.D.J.
September 27, 2023
Page 3

Perio's controlling interests were sold. Further, Hall and De Perio used the sale of their controlling interest in Sport-BLX to GlassBridge to deprive Cypress of its seat on Sport-BLX's Board;[2] through these machinations, Defendants were able to deny Cypress access to information regarding Sport-BLX including the transfer of Sport-BLX's technology (for which it paid more than $2 million to have developed) to a company controlled by Defendants for $225,000 and their repurchase of Sport-BLX stock through another affiliate for $2 per share. As a result of these series of self-interested transactions, Defendants Hall and De Perio received millions, and owned a controlling interest in Sport-BLX and Sport-BLX's technology, while Cypress was left with an interest in an empty shell.

Based on the above conduct, there is no genuine dispute that Cypress has been oppressed. *See, e.g., Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 290 (S.D.N.Y. 2006) (referencing a "two-pronged test" for oppression, including a "violation of the reasonable expectations of the minority shareholder" and "a visible departure from the standards of fair dealing and fair play"). Accordingly, Cypress respectfully submits that it should be entitled to seek summary judgment as to this claim as well.

### III. Count Two – Breach of the Covenant of Good Faith and Fair Dealing

Sport-BLX entered into two Stock Purchase Agreements with Cypress, pursuant to which Cypress purchased shares in Sport-BLX. Cypress thereafter entered into a Side Letter Agreement with Defendants Hall and De Perio, wherein Sport-BLX, Hall, and De Perio represented that, as long as Cypress continued to hold in the aggregate at least 2.5% of the capital stock of Sport-BLX, Hall and De Perio would vote their capital stock (constituting approximately 83% of the outstanding stock at the time) in favor of a Cypress representative being elected to the Board of Directors. The Side Letter Agreement also contained anti-dilution protection tag-along rights, among other material provisions, concerning Cypress' purchase of Sport-BLX stock. Pursuant to these agreements, Sport-BLX, Hall, and De Perio were required to comply with the covenant of good faith and fair dealing. *See, e.g., Nat'l Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004). However, the undisputed facts in this matter demonstrate that they did not do so. Rather, as set forth above, Defendants engaged in bad-faith, improper self-dealing in connection with their agreements with Cypress so as to avoid their obligations to provide Cypress with a seat on the Board or tag-along rights in the event of a change in control. As such, Cypress respectfully requests leave to seek summary judgment as to this cause of action.

For all of the above reasons, Cypress respectfully requests leave to file a partial summary judgment motion as to the above causes of action asserted in Cypress's Second Amended Complaint.

---

[2] While Defendants claim that this sale of stock was unrelated to Mr. Salerno, Cypress's expert uncovered a hidden portion of a spreadsheet produced by Defendants in discovery explicitly considering, in connection with this sale, which shareholders would vote Mr. Salerno off of the Board—undisputedly demonstrating Defendants' intention to frustrate Cypress' reasonable expectations of a Board seat through the transaction.

Hon. Lorna G. Schofield, U.S.D.J.
September 27, 2023
Page 4

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ A. Ross Pearlson*
A. Ross Pearlson

cc:  All counsel of record (via ECF and email)

4874-9711-1682