# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

September 27, 2023

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

  We represent Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez and Christopher Johnson (the "Sport-BLX Parties") in the above-referenced action. We submit this pre-motion letter pursuant to Section III(A)(1) of Your Honor's Individual Rules and Procedures in anticipation of filing a motion pursuant to Fed. R. Civ. P. 23.1 to dismiss the derivative claims (Counts 7, 11-14, and 16-18) brought by Cypress Holdings, III, L.P. ("Cypress") in the Second Amended Complaint ("SAC"). All defendants join this letter.

  Under Rule 23.1(a), a plaintiff may not maintain a derivative action "if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders . . . who are similarly situated in enforcing the right of the corporation[.]" Cypress is not an adequate shareholder representative, and its derivative claims should be dismissed for two reasons. *First*, Cypress's direct claims are in direct conflict with its derivative claims. *Second*, Cypress fails to satisfy the multi-factor test courts apply to determine whether a plaintiff is a fair and adequate shareholder representative.

  I. **Cypress's Pursuit of Direct and Derivative Claims Creates a Disqualifying Conflict**

  "Courts in this Circuit have long found that plaintiffs attempting to advance derivative and direct claims in the same action face an impermissible conflict of interest." *Clair Shores Gen. Emp. Ret. Sys. v. Eibeler*, 2006 WL 2849783, at *7 (S.D.N.Y. Oct. 4, 2006). Accordingly, courts apply "a strict standard in scrutinizing simultaneous direct and derivative actions for signs of conflict." *Cordts-Auth v. Crunk, LLC*, 815 F. Supp.2d 778, 793 (S.D.N.Y. 2011), *aff'd*, 479 F. App'x 375 (2d Cir. 2012). Applying this "strict standard," courts in this District consistently dismiss derivative claims due to the conflict that arises from the simultaneous pursuit of direct and derivative claims. *See, e.g., Prime Mover*

Morvillo Abramowitz Grand Iason & Anello P.C.

Hon. Lorna G. Schofield
September 27, 2023
Page 2

*Cap. Partners L.P. v. Elixir Gaming Techs., Inc.*, 898 F. Supp. 2d 673, 692 (S.D.N.Y. 2012); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 5248815, at *1 (S.D.N.Y. Dec. 14, 2010); *Ryan v. Aetna Life Ins. Co.*, 765 F. Supp. 133, 135 (S.D.N.Y. 1991).

This "strict standard" calls for dismissal of Cypress's derivative claims because the simultaneous pursuit of direct and derivative claims creates an impermissible conflict. This conflict pervades the SAC: Cypress purports to be suing on behalf of Sport-BLX in eight derivative claims, yet Sport-BLX is a named defendant in four of the SAC's 11 direct claims. *See, e.g., Prime Mover*, 898 F. Supp. 2d at 692 (dismissing derivative claim where the plaintiff also brought direct claim against the same corporation); *Bank of Am.*, 2010 WL 5248815, at *1-*3 (same). Moreover, Cypress is pursuing direct claims against all but two of the defendants from whom it is also seeking to recover on derivative claims (Hall, De Perio, Clinton Group, Sport-BLX Securities, Glassbridge, Ruchalski and Strauss as well as Sport-BLX). The causes of action vary, but the underlying claims (for example, improper rent payments) substantially overlap. A plaintiff may recover only once for an alleged wrong. Cypress is not an adequate shareholder representative because recovery on its direct claims would directly conflict with recovery to the company on derivative claims. *See, e.g., Tatintsian v. Vorotyntsev*, 2018 WL 2324998, at *3 (S.D.N.Y. May 22, 2018); *Kamerman v. Steinberg*, 113 F.R.D. 511, 516 (S.D.N.Y. 1986).

This disqualifying conflict is compounded by Cypress's incentive, as a less than six percent shareholder of Sport-BLX, to favor its direct claims. *See, e.g., WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 2013 WL 12203024, at *12 (C.D. Cal. Apr. 4, 2013) (that derivative plaintiff was four percent shareholder of company and "st[ood] to gain substantially more in damages through its direct claims" supported dismissing derivative claims). In fact, based on Cypress's recent court-ordered disclosure of its damages theories, it stands to receive little to nothing even if it prevails on its derivative claims.[1] As a result, Cypress has a strong incentive to favor its direct claims and use the derivative claims as leverage by needlessly complicating and prolonging the case – the very misuse of Rule 23.1 that has been condemned by courts. *See, e.g., id.* (citing *Zarowitz v. BankAmerica Corp.*, 866 F.2d 1164, 1165-66 (9th Cir. 1989)); *Meimaris v. Hudner,* 1995 WL 413164 (S.D.N.Y. 1995).

  **II.**  **Cypress is Not a Proper Shareholder Representative Under Fed. R. Civ. P. 23.1**

Courts consider the following factors when judging whether a derivative plaintiff is a proper shareholder representative: (1) economic antagonisms between the representative and class; (2) other litigation pending between the plaintiff and the defendants; (3) the relative magnitude of the plaintiff's personal interest in matters beyond the scope of the derivative action, as compared to his or her interest in the derivative action; (4) the plaintiff's vindictiveness towards the defendants; and (5) the degree of support the plaintiff receives from the other shareholders that he or she purports to represent. *JFURTI,*

---

[1] Cypress is a 5.74% shareholder in Sport-BLX; defendants Hall and De Perio (and an affiliated entity) hold a combined interest of 84.75% in Sport-BLX. As of year-end 2021, shortly before Cypress filed suit, Sport-BLX owed over $3.4 million on an outstanding demand note, including principal and accrued interest, and the company had over $900,000 in other liabilities. These obligations are superior to those of the equity holders. As a result, even if Cypress were to secure a judgment on its derivative claims, it is likely to receive little to no value after Sport-BLX's obligations are satisfied.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
September 27, 2023
Page 3

*LLC v. Singal*, 2018 WL 6332907, at *11 (S.D.N.Y. Nov. 12, 2018) (citing *Priestley v. Comrie*, 2007 WL 4208592, at *6 (S.D.N.Y. Nov. 27, 2007)). Each of these factors weighs against allowing Cypress to pursue derivative claims on behalf of Sport-BLX.

First, as demonstrated above, Cypress has economically antagonistic interests to the other minority shareholders.

Second, Cypress is a defendant in the consolidated action brought by Sport-BLX. Cypress is being sued by Sport-BLX for fraud and breaches of fiduciary duty for actions it took to *harm* the company and the other shareholders. *See* Am. Compl., *Sport-BLX, Inc. v. Salerno*, No. 1:22-cv-8111 (LGS).[2] "Outside entanglements", such as other litigation, "render it likely that the representative may disregard the interests of the other class members." *Blum v. Morgan Guaranty Tr. Co of N.Y.*, 539 F.2d 1388, 1390 (5th Cir. 1976); *see also Darrow v. Southdown, Inc.*, 574 F.2d 1333, 1337 (5th Cir. 1978) (rejecting derivative claim where the individual "attempt[ed] to occupy simultaneously the position of a defendant sued by the corporation and that of a shareholder seeking to advance the interest of this corporation"); *Meimaris v. Hudner,* 1995 WL 413164 (S.D.N.Y. 1995).

Third, Cypress's interests in pursuing its direct claims, and in defending itself against Sport-BLX's claims against it, greatly exceed its interests in the derivative claims, and this factor also weighs strongly against Cypress as a derivative plaintiff, as demonstrated above.

Fourth, Cypress, through Michael Salerno, has demonstrated personal vindictiveness against the defendants. The record is rife with Salerno's demonstrated vindictiveness and personal animosity towards the defendants, and particularly Messrs. Hall and De Perio, including but not limited to Salerno's secret recording of board meetings and phone calls starting three days after investing in Sport-BLX, repeated threats of bringing legal claims against them starting within two months of investing, personal barbs against them in emails and texts, and ludicrous conspiracy theories about them expressed in Salerno's deposition testimony.

Fifth, no other Sport-BLX shareholder has supported these derivative claims, as Salerno admitted during his deposition. This further militates against allowing Cypress to pursue derivative claims.

---

[2] Sport-BLX's claims against Cypress and Michael Salerno demonstrate the degree to which Salerno (as sole manager of Cypress) is, and always was, pursuing his and Cypress's interest at the expense of the company. This is manifest in Cypress's unjustified refusal in 2019 to provide Sport-BLX with beneficial owner information for Sport-BLX's licensing application to FINRA, which required Sport-BLX to abandon its original business plan. In another example, in 2019 Salerno wanted Sport-BLX to purchase Cypress's shares for $2 million three months after Cypress had invested. This was double what Cypress had paid less than three months earlier, and materially more than the price at which investors had been buying Sport-BLX shares at the time. Cypress rejected Sport-BLX's counter-offer of $1.6 million – still a substantial premium to Cypress's recent purchase price.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
September 27, 2023
Page 4

                                      Respectfully submitted,

                                      /s/ *Jonathan S. Sack*

                                      Jonathan S. Sack

cc: Counsel of record (by ECF)