

**CHRISTIAN D. CARBONE**
Partner and Co-Chair,
Litigation

345 Park Avenue
New York, NY  10154

Direct   212.407.4852
Main    212.407.4000
Fax      212.937.3683
ccarbone@loeb.com

Via ECF

September 27, 2023

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

      We represent Defendants GlassBridge Enterprises, Inc. ("GlassBridge"), Daniel Strauss and Francis Ruchalski (collectively, the "GlassBridge Parties") in the above-referenced action and write in anticipation of the GlassBridge Parties' motion for summary judgment on all claims that Cypress Holdings, III, L.P. ("Cypress") asserts against them in its Second Amended Complaint. The GlassBridge Parties join in the arguments made by the Sport-BLX Parties and Joseph De Perio and write to highlight additional issues that ostensibly apply only to them.

      The crux of each and every one of Cypress's claims against the GlassBridge Parties is the wholly unsubstantiated contention that GlassBridge was somehow controlled and dominated by Sport-BLX's founders, George Hall and Joseph De Perio. Cypress now knows that these allegations are false, and that GlassBridge acted independently and in accord with the judgment of its executives and independent board. GlassBridge made a substantial investment in Sport-BLX and incurred substantial losses in large part because of Cypress's fraud and misconduct. As detailed below, summary judgment should be granted in the GlassBridge Parties' favor because Cypress's claims fail as a matter of fact and law.

      ***Unjust Enrichment.*** Cypress's unjust enrichment claim against GlassBridge (Count 6) fails because Cypress cannot establish that GlassBridge was enriched at Cypress's expense and, instead claims only that GlassBridge was enriched "*through Hall and De Perio…*" The record shows that GlassBridge had no transactions with Cypress or its principal, Michael Salerno, and was not enriched *at all* by its investment in Sport-BLX. Cypress cannot demonstrate any of the elements of unjust enrichment and summary judgment is warranted.[1]

      ***Tortious Interference With Contract.*** In late 2019, GlassBridge acquired a controlling interest in Sport-BLX and nominated an alternative slate of directors for consideration at Sport BLX's annual meeting. Cypress contends that GlassBridge tortiously interfered with Cypress's "side letter" agreement with Sport-BLX in which Hall and De Perio agreed to vote their shares for

---

[1] *See Jet Star Enters. v. Soros*, 2006 U.S. Dist. LEXIS 54955, at *18 (S.D.N.Y. Aug. 9, 2006).

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



The Honorable Lorna G. Schofield
September 27, 2023
Page 2

Salerno to serve as a director of Sport-BLX (Count 8). This claim fails at every level: there was no underlying breach of the side letter because Hall and De Perio voted their shares in favor of Salerno's board position;[2] and GlassBridge was justified in protecting its investment as Sport-BLX's majority shareholder by nominating an alternative board for consideration.[3]

*Aiding and Abetting Breach of Fiduciary Duty.* Cypress asserts that GlassBridge aided and abetted Hall and De Perio's breach of fiduciary duty by way of GlassBridge's purchase of their shares in Sport-BLX (Count 12). However, this claim is baseless, among other reasons, because (i) Cypress's underlying claims for breach of fiduciary duty against Hall and De Perio fail as detailed in the Sport-BLX Parties' letter; and (ii) Strauss and Ruchalski owed fiduciary duties to Sport-BLX and cannot be liable under a theory of aiding and abetting Hall and De Perio's alleged breach of their own duties to the company.[4]

*Breach of Fiduciary Duty.* Cypress alleges that Strauss and Ruchalski breached their fiduciary duties to Sport-BLX by: (1) approving and accepting a success fee from a transaction with non-party Orix PTP Holdings, LLC ("Orix") that Cypress claims should have gone to Sport-BLX; and (2) approving the sale of Hall and De Perio's shares in Sport-BLX to GlassBridge (Counts 14 and 15). Both of these contentions are simply wrong as a matter of fact and law.

First, GlassBridge's transaction with Orix had nothing to do with Sport-BLX (and Cypress appears to have abandoned this claim for damages in any event). Second, there is no evidence supporting Cypress's claim that Strauss and Ruchalski made any statements on the value of shares of Sport-BLX at the December 9, 2019 Sport-BLX board meeting. In fact, Salerno's secret recording of the meeting demonstrates that neither Strauss or Ruchalski said *a single word* about Sport-BLX's stock at the meeting. Cypress's citation to the minutes of the December 9, 2023 meeting of the GlassBridge Board is similarly unavailing: GlassBridge's "*Management* suggested to the [GlassBridge] Board that acquiring additional ownership in SportBLX from … De Perio and Hall could be beneficial to the Company" as it "would give the Company voting control of SportBLX," and made no statements regarding valuation of Sport-BLX stock.

*Corporate Waste.* Cypress's waste claim (Count 18) alleges that (1) Sport-BLX received inadequate consideration for the sale of its trading platform to Sport-BLX Securities, Inc., and (2) that Sport-BLX's directors approved the sale "to serve an outside interest, their goal of siphoning assets out of Sport-BLX and putting them into entities over which they exercised full control." In addition to the reasons stated by the Sport-BLX Parties, this claim fails because Strauss and Ruchalski were not officers or directors of Sport-BLX Securities, Inc., and did not own any interest in the entity. Accordingly, they could not have been serving "an outside interest" of "siphoning assets out of Sport-BLX and putting them into entities over which they exercised full control."[5]

---

[2] *See Acorn United States Holdings Ltd. Liab. Co. v. Premark Int'l, Inc.*, No. 00C-10-226 HLA, 2003 Del. Super. LEXIS 499, at *8 (Del. Super. Ct. July 16, 2003).
[3] *See WaveDivision Holdings, LLC v. Highland Capital Mgmt., Ltd. P'ship*, 49 A.3d 1168, 1174 (Del. 2012).
[4] *See Caspian Select Credit Master Fund Ltd. v. Gohl*, 2015 Del. Ch. LEXIS 246, at *41 (Del. Ch. Sep. 28, 2015).
[5] Cypress also asserts a claim against GlassBridge for minority shareholder oppression (Count 19), which fails because "[t]here is no standalone remedy for stockholder oppression in Delaware." *Lidya Holdings Inc. v. Eksin*, No. 2021-0110-JRS, 2022 Del. Ch. LEXIS 22, at *7 (Del. Ch. Jan. 31, 2022).



The Honorable Lorna G. Schofield  
September 27, 2023  
Page 3

Respectfully submitted,

Christian D. Carbone  
Loeb & Loeb LLP

cc: All counsel of record (via ECF)