

**CHRISTIAN D. CARBONE**
Partner and Co-Chair,
Litigation

345 Park Avenue
New York, NY 10154

| **Direct** | 212.407.4852 |
| **Main** | 212.407.4000 |
| **Fax** | 212.937.3683 |
| ccarbone@loeb.com |

Via ECF

October 5, 2023

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

We represent Defendants GlassBridge Enterprises, Inc. ("GlassBridge"), Daniel Strauss and Francis Ruchalski (collectively, the "GlassBridge Parties") in the above-referenced action and write in response to the pre-motion letter filed by Cypress Holdings, III, L.P. ("Cypress") (ECF #139, the "Letter").[1]

Nothing in Cypress's letter changes the fact that its claims against the GlassBridge Parties are legally deficient and, as confirmed by extensive discovery, factually baseless.  As detailed in the GlassBridge Parties' pre-motion letter (ECF #142), Strauss and Ruchalski did not breach their fiduciary duties to Sport-BLX because GlassBridge's transaction with non-party Orix PTP Holdings, LLC had nothing to do with Sport-BLX (or, sports generally).  Moreover, there is no evidence supporting Cypress's claim that Strauss and Ruchalski made any statements to Cypress about the value of its shares of Sport-BLX at the December 9, 2019 Sport-BLX board meeting.

Incredibly, while Cypress alleges in its Second Amended Complaint that GlassBridge purchased Hall and De Perio's shares of Sport-BLX for an inflated price, it has now reversed course entirely and claims that the $355 per share valuation *was fair and reasonable*.[2]  Indeed, Cypress conceded that GlassBridge is "a public company with a disinterested Board" that relied upon a "$50 million valuation underlying the $355 share price …[which] was supported by a valuation performed by its consultant" and "the consultant for another third-party, Orix PTP Holdings."  *See Sport-BLX, Inc. v. Salerno, et al.*, No. 22-cv-08111, ECF #74 at 3.  Cypress's concession is fatal to its claims for breach of fiduciary duty; Strauss and Ruchalski were entitled to rely upon the GlassBridge board's exercise of its business judgment.  *See Benihana of Tokyo, Inc. v. Benihana, Inc.*, 906 A.2d 114, 122 (Del. 2006) (affirming application of business judgment rule).

---

[1] The GlassBridge Parties join in the arguments made by the Sport-BLX Parties and Joseph De Perio and write to highlight additional issues that ostensibly apply only to them.

[2] GlassBridge purchased Hall and De Perio's shares for a total of approximately $1,952,500 in cash, along with promissory notes.

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



The Honorable Lorna G. Schofield
October 5, 2023
Page 2

While Cypress also seeks to move for summary judgment on its claim for minority shareholder oppression, "the Delaware Supreme Court has unequivocally rejected the notion that there are any special, judicially-created rules to protect the minority shareholders of Delaware corporations." *Kikis v. McRoberts Corp.*, 225 A.D.2d 455, 455 (App. Div. 1996) (citing *Nixon v. Blackwell*, 626 A.2d 1366, 1380 (Del. 1993)).

Furthermore, the record belies Cypress's claims of oppression because (as Cypress recognizes) GlassBridge was justified in relying on its disinterested Board's business judgment. And, there is no evidence that "GlassBridge used Sport-BLX's assets to defray the expenses incurred by Clinton Group" – GlassBridge was not involved with the rent that Sport-BLX purportedly paid to the Clinton Group. Finally, the spreadsheet produced by Sport-BLX that Cypress references in its Letter does not demonstrate GlassBridge's intention to "frustrate Cypress' reasonable expectations of a Board seat through the transaction" as Cypress wrongfully contends. Letter at 3 n.2. In fact, Hall and De Perio never breached their side letter with Cypress, and GlassBridge was justified in protecting its investment as Sport-BLX's majority shareholder by nominating an alternative board for consideration.

Accordingly, Cypress is not entitled to partial summary judgment.

Respectfully submitted,

Christian D. Carbone
Loeb & Loeb LLP

cc:  All counsel of record (via ECF)