

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100     F  973.325.1501

**BY ECF**

October 5, 2023

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cypress Holdings, III, L.P. v. Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS)

Dear Judge Schofield,

      This firm represents Plaintiff Cypress Holdings, III, L.P. ("Cypress") in the above-referenced action.  We write in response to the September 27, 2023 pre-motion letter filed by the Sport-BLX Parties.[1] [ECF No: 141.]  For the following reasons, the Sport-BLX Parties should not be permitted to file a motion pursuant to Federal Rule of Civil Procedure 23.1 ("Rule 23.1") to dismiss Cypress's derivative claims (Counts 7, 11-14, and 16-18) in the Second Amended Complaint.

      As discussed below, the direct claims that Cypress has asserted alongside its derivative claims do not create a disqualifying conflict of interest requiring dismissal of Cypress's derivative claims.  Moreover, the Sport-BLX Parties will be unable to demonstrate that Cypress is not a proper shareholder representative under Rule 23.1.  For these reasons, the Sport-BLX Parties should not be permitted to file a motion to dismiss pursuant to Rule 23.1.

**I.**    **There Is No Conflict of Interest Disqualifying Cypress's Derivative Claims**

      There is no *per se* rule in the Second Circuit against bringing derivative and direct claims simultaneously.  *See Tatintsian v. Vorotyntsev*, 2018 WL 2324998, at *2 (S.D.N.Y. May 22, 2018) (citing *Abrams v. Life Med. Techs., Inc.*, 135 F. Supp. 3d 185, 194 (S.D.N.Y. 2015)).  While a court may apply a "strict standard" to scrutinize simultaneous direct and derivative claims, the sheer existence of direct and derivative claims in the same action does not automatically create an actual conflict of interest.  Rather, "[a]n actual conflict may exist where 'substantial recovery on the [direct] claim may reduce the potential recovery on behalf of the corporation on the derivative claim.'" *Id.* (quoting *Brickman v. Tyco Toys, Inc.*, 731 F. Supp. 101, 108-09 (S.D.N.Y. 1990)).  Indeed:

---

[1] The "Sport-BLX Parties" refers collectively to Defendants Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall ("Hall"), Cesar Baez and Christopher Johnson.

Hon. Lorna G. Schofield, U.S.D.J.
October 5, 2023
Page 2

> The general rule is that 'when a derivative plaintiff demonstrates . . . an intent and desire to vigorously prosecute the underlying corporate claim and . . . has engaged competent counsel to assist in that endeavor then, absent either a conflict of interest which goes to the forcefulness of the prosecution or the existence of antagonism between the plaintiff and other shareholders arising from differences of opinion concerning the best method of vindicating the corporate claim, the representation requirement of Rule 23.1 is met.

*Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 753 (S.D.N.Y. 2004) (quoting *Sweet v. Bermingham*, 65 F.R.D. 551, 554 (S.D.N.Y. 1975)). The Sport-BLX Parties have not and cannot assert that Cypress is not vigorously pursuing both sets of claims.

The Sport-BLX Parties also cannot demonstrate an impermissible conflict of interest as a result of Cypress's direct claims in this action. First, contrary to the Sport-BLX Parties' unsupported implication, Cypress is not seeking a double recovery on its direct and derivative claims. However, Cypress *does* have *additional* claims that other shareholders do not have, pursuant to, among other things, the Side Letter Agreement granting Cypress tag-along rights and a seat to Cypress' representative, Mr. Salerno, on the Sport-BLX Board. Cypress's direct claims based upon these additional rights—which no other shareholder possesses—do not conflict with the derivative claims asserted by Cypress even if they are based in part on the same self-serving conduct of the Defendants.[2]

Second, as the Sport BLX Parties' pre-motion letter recognizes, Defendants Hall and De Perio own a combined interest of 84.75% in Sport-BLX and are therefore by far the largest percentage owners of the company. (*See* ECF No. 141 at 2, n.1). Accordingly, the fact that Cypress is a less than six percent owner of Sport-BLX should not raise an inference that Cypress has any incentive "to favor its direct claims," as the Sport-BLX Parties claim without explanation or support. If Cypress is not permitted to assert derivative claims in this action, what shareholder would have the incentive or resources to do so? Further, the Sport-BLX Parties have identified no basis for their unsupported conclusion that Cypress has any intention of "us[ing] the derivative claims as leverage;" indeed, Cypress's counsel has vigorously prosecuted this action and all of the claims asserted.

The Sport-BLX Parties have simply presented no basis to conclude that there is any impermissible conflict of interest between Cypress's direct claims and the derivative claims in this action, and therefore the Sport-BLX Parties should not be permitted to file a motion to dismiss pursuant to Rule 23.1.

---

[2] For example, Defendants Hall and De Perio's sale of their personal shares to GlassBridge at a time when Sport-BLX desperately needed cash constitutes both a breach of fiduciary duty as to the company (derivative) claim and a shareholder oppression (direct) claim as to Cypress for frustrating its "reasonable expectations" under the Side Letter.

Hon. Lorna G. Schofield, U.S.D.J.
October 5, 2023
Page 3

## II. The Sport-BLX Parties Cannot Demonstrate That Cypress Is Not A Proper Shareholder Representative For Its Derivative Claims

The Sport-BLX Parties have also failed to demonstrate that Cypress does not satisfy Rule 23.1's representation requirement.  Rule 23.1 states that a plaintiff cannot maintain a derivative action "if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). The burden of demonstrating that Cypress is not able to "render 'fair and adequate representation' rests with" the Sport-BLX Parties. *See Daventree Ltd.*, 349 F. Supp. 2d at 753. The Sport-BLX Parties have not and cannot meet this burden.

"An adequate representative must have the capacity to prosecute a derivative suit vigorously and need be free from interests that are antagonistic to the interests of the class." *JFURTI, LLC v. Singal*, 2018 WL 6332907, at *11 (S.D.N.Y. Nov. 12, 2018).  "The 'fair and adequate representative' inquiry focuses on the degree of certainty that a derivative plaintiff will vigorously prosecute the corporate claim in the interest of the minority stockholders." *Cohen v. Bloch*, 507 F. Supp. 321, 324 (S.D.N.Y. 1980).

Other than conclusory statements, the Sport-BLX Parties have identified no basis for their contention that Cypress is not a fair and adequate representative of Sport-BLX shareholders, or that Cypress has not and will not continue to vigorously prosecute its derivative claims. Although the Sport-BLX Parties purport to analyze Cypress's ability to adequately represent other minority shareholders as a reason separate and apart from the alleged conflict of interest, the focus of the Sport-BLX Parties' arguments as to the propriety of Cypress serving as a shareholder representative focus on the contention that Cypress's direct claims allegedly render Cypress unfit to serve as a representative of the other shareholders. (*See* ECF No. 141 at 3).  As set forth above, Cypress's direct claims do not conflict with its derivative claims or detract from its ability to assert derivative claims on behalf of the company.

Separately, the series of self-serving and self-dealing transactions as outlined in Cypress's Second Amended Complaint only further highlight that Cypress is one of the only shareholders able to vigorously prosecute the derivative suit and act free from interests that are antagonistic to those of the other minority shareholders. The Sport-BLX Board of Directors is comprised almost entirely of defendants (Hall, De Perio, Strauss, Ruchalski, Johnson, Baez, and GlassBridge) who participated in some manner in the series of transactions that form the basis for Cypress's Second Amended Complaint.  Additionally, the remaining minority shareholders of Sport-BLX have no economic incentive to litigate these issues given their nominal stake in the company and limited potential recovery. Cypress is the only investor who has both the incentive and ability to prosecute the derivative claims against the defendants.

The Sport-BLX Parties have failed to satisfy their burden of demonstrating that Cypress is not a "fair and adequate representative" pursuant to Rule 23.1, and should therefore not be permitted to file a motion to dismiss the derivative claims on this basis.

Hon. Lorna G. Schofield, U.S.D.J.
October 5, 2023
Page 4

      We thank the Court for its consideration of this matter.

                    Respectfully submitted,

                    */s/ A. Ross Pearlson*
                    A. Ross Pearlson

cc:  All counsel of record (via ECF)