

**CHIESA SHAHINIAN & GIANTOMASI PC**

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100      F  973.325.1501

**BY ECF**

October 5, 2023

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Cypress Holdings, III, L.P. v. Hall, et al.*, Civ. Action No. 22-cv-01243 (LGS)

Dear Judge Schofield,

    This firm represents Plaintiff Cypress Holdings, III, L.P. ("Cypress") in the above-referenced action. We write in response to the September 27, 2023 pre-motion letter filed by Defendants Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc., Clinton Group, Inc. ("Clinton Group"), George Hall ("Hall"), Cesar Baez ("Baez") and Christopher Johnson ("Johnson") (collectively, the "Sport-BLX Parties") (ECF No. 140) as well as the separate letter filed on the same date by Defendants GlassBridge Enterprises, Inc. ("GlassBridge"), Daniel Strauss ("Strauss"), and Francis Ruchalski ("Ruchalski") (collectively, the "GlassBridge Parties") (ECF No. 142) in the above-referenced action. For the following reasons, neither the Sport-BLX Parties nor the GlassBridge Parties should be permitted to file a summary judgment motion as to Cypress's claims in this action.

    Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment may only be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Neither the Sport-BLX nor GlassBridge Parties will be able to meet this burden as there is ample evidence of Defendants' self-dealing and misconduct.[1]

**I.    Cypress's Misrepresentation Claims**

    Cypress's claim pursuant to Section 10(b) of the Securities and Exchange Act is timely. Contrary to the Sport-BLX Parties' contention that "Cypress was aware of its claims by December 2019 at the latest," it was only after being alerted through various public filings and through discovery that Cypress learned of critical facts underpinning its Section 10(b) claim. Specifically, although Cypress had requested information from Defendants in 2019; those requests were denied and Cypress only learned through discovery and public filings in 2020 of, among other things, Defendants'

---

[1] For the sake of clarity, Cypress will address the points in the order presented by the Sport-BLX Parties' letter and reference the GlassBridge Parties' positions where appropriate.

Page 2

improper self-dealing by way of payments they caused to be made by Sport-BLX to Clinton Group for "rent" (for an illegal sublease on which the Clinton Group had defaulted) and salaries Clinton Group to defray its expenses, notwithstanding the express representation that Cypress' investment would be used solely for technology.[2]  As Cypress's Section 10(b) claim was filed in January 2022, it is timely, as it was pled within two years of discovery of the facts underlying the claim.

Moreover, Cypress has unquestionably demonstrated that it sustained damages as a result of Defendants' misrepresentations. Hall and De Perio induced Cypress to invest in Sport-BLX through a series of fraudulent misrepresentations concerning, among other things, the intended use of its investment, Sport-BLX's business plan, including its purported ability to generate revenue through a relationship with a sports asset management fund that would result in advisory, investment and management fees to Sport-BLX, and promised seat for a Cypress representative on the Sport-BLX Board.  After Cypress invested, the Sport-BLX and GlassBridge Parties frustrated Cypress's expectations as to its investment by engaging in a series of self-interested transactions that resulted in lining their own pockets, stripping Sport-BLX of its assets, and transferring Sport-BLX's business to other entities owned by the Defendants—depriving Cypress of the entire value of its investment.

The Sport-BLX Parties are also not entitled to summary judgment as to the issue of scienter. Scienter is typically a factual question that cannot be resolved on a motion for summary judgment. *See RMED Intern., Inc. v. Sloan's Supermarkets, Inc.*, 185 F. Supp. 2d 389, 403 (S.D.N.Y. 2002) ("[S]cienter is a question of fact, and therefore 'appropriate for resolution by the trier of fact.'") (quoting *Press v. Chem. Investment Servs. Corp.*, 166 F.3d 529, 537-38 (2d Cir. 1999)).[3]

Contrary to Sport-BLX's contention, an integration clause in the agreement does not automatically preclude Cypress's misrepresentation claims.  *See Alpha Capital Anstalt v. Oxysure Systems, Inc.*, 252 F. Supp. 3d 332, 341 (S.D.N.Y. 2017) (permitting fraudulent inducement claim to proceed notwithstanding existence of integration clause because the agreement did not contain specific disclaimers).  The integration clause of the Stock Purchase Agreements here contained only general representations and warranties which are insufficient to preclude Cypress's specific claims of misrepresentation.  *See, e.g., PetEdge, Inc. v. Garg*, 2234 F. Supp. 3d 477, 488 (S.D.N.Y. 2017); *see also Manufacturers Hanover Trust Co. v. Yanakas*, 7 F.3d 310, 315 (2d Cir. 1993).

Finally, the Sport-BLX Parties will be unable to establish the absence of a genuine issue as to any material facts regarding the falsity of the representations made to Cypress.  Cypress disputes the Sport-BLX Parties' version of events as set forth on pages 3-4 of their pre-motion letter. For example, the evidence (including an Excel spreadsheet prepared by Defendants) shows that Hall and De Perio used the sale of their personal shares in Sport-BLX stock to line their own pockets and throw Salerno

---

[2] Similarly, it was only learned through discovery that Defendants never made any efforts to establish the fund as represented and instead steered advisory and management fees to Clinton Group.

[3] Hall and De Perio sold a large portion of their personal shares to GlassBridge for $355 per share days before the Sport-BLX annual shareholder meeting. A spreadsheet prepared by De Perio in connection with the transaction contains a calculation of those "for" and "against" Salerno, demonstrating that one of the intended purposes of the transaction was to remove him from the Board.

off the Sport-BLX Board. If the Court permits the Sport-BLX Parties to file their motion, Cypress will present evidence demonstrating the existence of a substantial factual dispute as to these issues.

**II.     Cypress's Other Direct Claims**

The Sport-BLX Parties erroneously contend that Cypress's direct claims (Counts 2, 5, 6, 9, 10, and 19 of the Second Amended Complaint) are derivative claims improperly pled as direct claims. However, Sport-BLX overlooks the fact that Cypress's claims are based on rights that are specific to Cypress and conduct that was directed at Cypress. Specifically, Cypress's Side Letter Agreement provided it with tag-along rights and a seat for a Cypress representative on the Sport-BLX Board—rights not granted to other shareholders. The evidence is clear that, after Defendants told Salerno that they would "work around him," they took steps to do just that. Other shareholders, and Sport-BLX itself, would therefore be unable to assert claims based on the violation of these rights.[4]

The GlassBridge Parties' arguments regarding Cypress's direct claims fall the same reasons (*See* ECF No. 142), including the parties' dispute regarding critical facts demonstrating GlassBridge Parties' role and involvement (through its CEO, Strauss, and CFO, Ruchalski, also members of Sport-BLX's Board) in frustrating Cypress's reasonable expectations regarding its investment in Sport-BLX. GlassBridge played a key role in removing Salerno from the Sport-BLX Board and in the series of self-serving transactions that left Hall and De Perio with the vast majority of Sport-BLX Stock and its technology, and Cypress and the other shareholders with nothing. Those transactions began with GlassBridge's purchase of Hall and De Perio's shares at $355 per share (which they later sold back to their affiliate at $2 per share) just days before the Sport-BLX annual shareholder meeting as a means to vote Salerno off the Board. Accordingly, neither the Sport-BLX Parties nor the GlassBridge Parties will ultimately succeed on a summary judgment motion as to Cypress's direct claims.

**III.    Cypress's Derivative Claims**

The Sport-BLX Parties claim that Cypress's derivative claims lack merit, for various reasons. (*See* ECF No. 140 at 5). However, the fact-sensitive discussion of the issues in the Sport-BLX Parties' letter only highlight that they cannot show that there is no genuine issue as to any material fact. The claims by the Sport-BLX Parties that there is no evidence to support Cypress's claims is simply not true. There is ample evidence in the record that: (i) the fees paid by Orix to the Clinton Group was for the first successful capital raise to purchase sports related assets, something which the promised Sport-BLX "fund" was expected to do; (ii) the rent paid to the Clinton Group was excessive, not paid to the landlord and part of an illegal sublease; and (iii) Defendants sold Sport-BLX's sole remaining asset, its technology platform, which the company had paid over $2 million to develop, to their affiliate, Sport-BLX Securities, for $225,000 without justification in a self-interested transaction that left Sport-BLX an empty shell. Thus, Defendants' factual contentions in its letter are hotly disputed.

---

[4] For example, it is alleged that Defendants' conduct in removing Salerno from the Sport-BLX Board and Hall and De Perio's failure to provide Cypress with tag-along rights in their sale of their personal stock (resulting in a change of control) was a breach of the implied covenant of good faith (Count 2) and was part of a series of actions that constituted shareholder oppression. (Count 19).

We thank the Court for its consideration of this matter.

                                                Respectfully submitted,

                                                */s/ A. Ross Pearlson*
                                                A. Ross Pearlson

cc:  All counsel of record (via ECF)