# LAW OFFICES OF
# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100   FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL
LOUIS R. ROSENTHAL
GEORGE H. VALLARIO, JR.

YEHUDA FARKAS
FABIAN G. PALOMINO
(1924 - 2014)

December 4, 2023

Hon. Lorna Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Cypress Holdings, III, LLP v. George Hall, et al.*
      Case No.: 22-cv-01243 (LGS)

Your Honor:

I am the attorney for plaintiff Cypress Holdings, III, L.P. ("Cypress"). Please accept this letter a formal application to have Exhibits A-N to the Declaration of Alexander M. Dudelson filed under seal pursuant to Your Honor's Individual Rule (I)(D), 21-mc-13 and § 6 of the SDNY Rules and Instructions. Said documents were exchanged in discovery by the defendants and marked as "Confidential - Subject to Protective Order." It is respectfully requested that access to these documents be restricted to attorneys appearing for filer the following Selected Parties:

a. Sport-BLX, Inc.;
b. Glassbridge Enterprises, Inc.;
c. George Hall;
d. Joseph Deperio;
e. Clinton Group, Inc.;
f. Sport-BLX Securities, Inc.;
g. Cesar Baez;
h. Christopher Johnson;
i. Francis Ruchalski; and
j. Daniel Strauss.

Thank you for your consideration.

**Via ECF:** All parties

Very truly yours,

/s/ Alexander Dudelson

Alexander M. Dudelson

---

"The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onandaga,* 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The parties' confidentiality stipulations are not dispositive to the question of whether filings should be sealed.

The request is DENIED without prejudice to renewal. Defendant may refile a request to seal by **December 12, 2023**, with an explanation of the basis for the request that is sufficient under Second Circuit case law. The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Defendant. The Clerk of Court is respectfully direct to close the motion at Dkt. 166.

Dated: December 5, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE