EXHIBIT G

# MINUTES OF THE SPECIAL MEETING
# OF THE BOARD OF DIRECTORS
# OF SPORT-BLX, INC.

## December 9, 2019

The Board of Directors (the "***Board***") of Sport-BLX, Inc. (the "***Corporation***") held a special meeting (the "***Meeting***") on Monday, December 9, 2019 commencing at approximately 5:00 pm Eastern Time pursuant to a call made by the President of the Corporation:

All of the members of the Board were present at the Meeting without objection to the calling or convening of the Meeting:

>   George E. Hall, Executive Chairman
>   Cesar A. Baez
>   Joseph A. De Perio
>   Christopher Johnson
>   Francis A. Ruchalski
>   Michael Salerno
>   Daniel A. Strauss

Mr. G. Hall presided at the Meeting.

Mr. De Perio served as Secretary of the Meeting.

The Executive Chairman reported that notice of the Meeting was waived by each director present in accordance with the Bylaws, that a quorum was present and that the Meeting was open.

## Annual Meeting Items

Mr. G. Hall asked Mr. De Perio to detail items for consideration at the upcoming annual meeting of the Corporation's stockholders ("Annual Meeting").

Mr. De Perio detailed the first item for consideration – the proposal to elect the seven standing directors for a one-year term. Mr. De Perio stated that the following votes to be recorded were to determine whether the individual members would stand for election at the Annual Meeting. Mr. De Perio stated that all of the seven directors were willing to serve if recommended by the Board and elected by shareholders. Upon a motion duly made and seconded for the proposal to elect Mr. G. Hall, the Board recorded a vote of 6 in favor, 1 abstention, with the one abstaining vote being cast by Mr. Salerno. Upon a motion duly made and seconded for the proposal to elect Mr. De Perio, the Board recorded a vote of 6 in favor, 1 abstention, with the one abstaining vote being cast by Mr. Salerno. Upon a motion duly made and seconded for the proposal to elect Mr. Strauss, the Board recorded a vote of 6 in favor, 1 abstention, with the one abstaining vote being cast by Mr. Salerno. Upon a motion duly made and seconded for the proposal to elect Mr. Ruchalski, the Board recorded a vote of 6 in favor, 1 abstention, with the one abstaining vote being cast by Mr. Salerno. Upon a motion duly made and seconded for the proposal to elect Mr. Ruchalski, the Board recorded a vote of 6 in favor, 1 abstention, with the one abstaining vote being cast by Mr. Salerno. Upon a motion duly made and seconded for the proposal to elect Mr. Ruchalski, the Board recorded a vote of 6 in favor, 1 against, with the one against vote being cast by Mr. Salerno. Upon a motion duly made and seconded for

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER                                                                                                                                   GBE_0000507

the proposal to elect Mr. Baez, the Board recorded a vote of 7 in favor. Upon a motion duly made and seconded for the proposal to elect Mr. Salerno, the Board recorded a vote of 7 in favor.

Mr. De Perio detailed the second item for consideration – the proposal to increase the number of authorized shares of the corporation from 300,000 to 2,000,000 shares. Mr. De Perio read the proposed amendment to the Board. A discussion ensued on the merits of the amendment. Mr. De Perio stated the main purpose of the amendment was to give the Board and management team the flexibility to raise additional capital to support needs of the Corporation. Mr. De Perio also stated that the previously approved option plan of the Board further decreased the availability of shares for issuance. Mr. Salerno suggested that the increase in authorized shares (i) gave the Board too much power to execute transactions and (ii) that, going forward, authorizations for shareholder votes should be voted on by the shareholders of the Corporation on an as needed basis. Mr. De Perio opined that having insufficient shares authorized would hamper the Corporation's ability to raise capital, it was impractical to convene a special meeting and shareholder vote for every capital raise going forward, and further the Board did not always require a shareholder vote to raise capital. Mr. De Perio also stated the vote from the Board would determine whether the amendment proposal would be an agenda item in the Annual Meeting. Upon a motion duly made and seconded for the inclusion of the amendment proposal, the Board recorded a vote of 6 in favor, 1 against, with the one against vote being cast by Mr. Salerno.

Mr. De Perio detailed the third item for consideration – the proposal for the Corporation's 2019 Stock Option Plan ("Option Plan"). Mr. De Perio stated that the Option Plan and the Board's desire to include it in the upcoming annual meeting was previously unanimously approved at the regular quarterly meeting of the Board on August 14, 2019.

## Capital Plan

Mr. G. Hall led a discussion on the need for the Corporation to raise capital. A discussion ensued on the capital raising options available to the Corporation. Mr. Baez stated that demand note financing was not a tenable long-term financing strategy for the Corporation. Mr. De Perio suggested the presence of a demand note had a chilling effect on potential interest from financing sources. Mr. G. Hall introduced the concept of approaching the demand note holder, GlassBridge, on a conversion in to equity or long-term debt. The Board discussed the merits of such an approach. Mr. Salerno opined that the Corporation should do nothing in the interim until the time GlassBridge demanded repayment of the note or another financing source is evidenced. Mr. Baez opined that the Corporation may be better off proactively working with GlassBridge today. The Board discussed the timing and new revenue opportunities.

At 6:30 pm Eastern Time, in light of the time and Board member commitments, at the Chairman's recommendation, the Board unanimously agreed to suspend further discussion temporarily. At Mr. Salerno's suggestion, the Board agreed to reconvene the meeting the next day at 3 pm Eastern.

Thereafter, being no further business before the Board. The Meeting was suspended at 6:35 p.m. Eastern Time.

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER                                                                                   GBE_0000508

_____
George E. Hall, Executive Chairman


ATTEST:

                                        _____
                                        Joseph A. De Perio, President and Secretary

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER      GBE_0000509