LAW OFFICES OF
# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100    FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS
FABIAN G. PALOMINO
(1924 - 2014)

July 24, 2024

Hon. Lorna Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Cypress Holdings, III, L.P. v. Sport-Blx, Inc., et al.*
              <u>Case No.: 22-cv-01243 (LGS)</u>

Your Honor:

      We represent Cypress Holdings, III, L.P. ("Cypress") in the above-referenced action. This letter is respectfully submitted in furtherance of this Court's Order, dated July 1, 2024, wherein the Court directed plaintiff to file a letter stating: (1) whether any indemnification or insurance coverage identified by defendants impacts plaintiff's adequacy of representation to bring derivative claims on behalf of Sport-BLX and (2) why at least the following purported "direct" causes of Action - Counts Six, Nine, Ten and Fifteen are not in fact derivative claims under Delaware law. See <u>Tooley v. Donaldson, Lufkin & Jenrette, Inc.</u>, 845 A.2d 1031 (Del. 2004) and its progeny including <u>Brookfield Asset Mgmt., Inc. v. Rosson</u>, 261 A.3d 1251 (Del. 2021), and <u>Miller v. Brightstar Asia, Ltd.</u>, 43 F.4th 112 (2d Cir. 2022).

      Plaintiff's answers to the Court's questions are as follows:

      **1.    Whether any indemnification or insurance coverage identified by Defendants impacts Plaintiff's adequacy of representation to bring derivative claims on behalf of Sport-BLX?**

      The individual defendants, in their letters to this Court, have claimed that the Certificate of Incorporation and Bylaws of Sport-BLX Inc. ("Sport-BLX") provide mandatory indemnification for Directors and Officers and discretionary indemnification to employees and agents unless that individual did not act "in good faith and in a matter he reasonably believed to be in or not opposed to the best interests of the Corporation."

      Further, the individual defendants have indicated that they are not covered by a Directors and Liability Insurance with the exception of Daniel Strauss and Francis Ruchalski who are covered by a policy issued to Glassbridge purportedly related to their positions at Glassbridge.

It is respectfully submitted that the indemnification clause contained in Sport-BLX's Certificate of Incorporation and Bylaws does not affect plaintiff's adequacy of representation. With respect to the acts and events at issue in this action, defendants are alleged to have acted neither "in good faith" nor "in a manner they reasonably believed to be in or not opposed to the best interests of" Sport-BLX. Accordingly, indemnity will be denied if plaintiff is successful in this action and no conflict of interest will arise by plaintiff's pursuit of both direct and derivative claims.

Nor does the policy covering defendants Strauss and Ruchalski affect plaintiff's adequacy of representation in that the Glassbridge policy will not result in any liability to Sports-BLX.

**1. Why at least the following purported "direct" causes of Action - Counts Six, Nine, Ten and Fifteen are not in fact derivative claims under Delaware law. See <u>Tooley v. Donaldson, Lufkin & Jenrette, Inc.</u>, 845 A.2d 1031 (Del. 2004) and its progeny including <u>Brookfield Asset Mgmt., Inc. v. Rosson</u>, 261 A.3d 1251 (Del. 2021), and <u>Miller v. Brightstar Asia, Ltd.</u>, 43 F.4th 112 (2d Cir. 2022)?**

Under Delaware Law, the analysis of whether a claim is direct or derivative is based on "who suffered the harm -- the corporation or the suing stockholder individually and -- who would receive the benefit of the recovery?" Tooley, supra at 1033. "[T]o plead a direct claim under Tooley , a stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." Brookfield Asset Mgmt., Inc., supra at 1266 (internal quotation marks omitted). However, the Delaware Supreme Court has clarified that "when a plaintiff asserts a claim based on the plaintiff's own right, such as a claim for breach of a commercial contract, Tooley does not apply." Miller, supra at 122 *quoting* Citigroup Inc. v. AHW Inv. P'ship , 140 A.3d 1125, 1139-40 (Del. 2016). If Plaintiff's claim is based on its own individual right, the claim is not derivative even if it cannot demonstrate injury without showing injury to the corporation.

Counts 6, 9, 10 and 15 are direct claims as they are based on Cypress' own rights independent of the corporation. These rights arise from the three written agreements between Cypress and defendants George Hall and Joseph De Perio (the "Founders") providing Cypress with tag along and anti-dilution rights, as well as a seat on the board of directors. Additionally, the Founders made numerous and repeated representations to Cypress both orally and in writing to induce its investment in Sport-BLX. These representations included the specific use of the proceeds of Cypress' investment for technology, related legal expenses and marketing only. The representations also included a specific business plan for Sport-BLX that provided for the development and monetization of a trading platform to trade sports related assets and to act as fund manager of an affiliated sport asset investment fund, allowing Sport-BLX to earn management, advisory and success fees and share in any profits in the fund investments. Cypress made its investment into Sport-BLX and entered into the written agreements in reliance on the Founders representations.

Despite the written agreements and representations made to induce Cypress' investment, the Founders used Cypress' investment to pay excessive rent to another entity wholly owned by defendant Hall. The Founders then surreptitiously transferred their shares of Sport-BLX to another

entity that they controlled for the specific purpose of stripping Cypress of its agreed upon board seat. After Cypress was removed from the board, the Founders proceeded to use other entities that they owned and controlled to siphon the assets out of Sport-BLX and carry out the exact business plan that they represented to Cypress would be the business plan of Sport-BLX.

Counts 6, 9, 10 and 15 are direct claims based Cypress' individual rights arising out of the written agreements and written and oral representations intended to induce and actually relied on by Cypress. The defendants violated these rights by their underhanded actions and damaged Cypress independent of the harm caused to Sports-BLX.

Count 6 for Unjust Enrichment is based on the Founders and entities they control siphoning Sport-BLX assets and business opportunities and frustrating the business plan represented to Cypress to be that of Sports-BLX. Count 9 for Tortious Interference with Contract against Clinton Group is a direct claim based on the Third Agreement prohibiting the use of Cypress' investment proceeds to be used for rent. Instead, Clinton Group, owned wholly by defendant Hall, charged and accepted an annual rent of $500,000.00 paid from Cypress' investment proceeds. Count 10 for Tortious Interference with Contract against Sport-BLX Securities Inc. ("S-BLX Securities") likewise was created and used by the Founders to carry out the exact represented business plan of Sport-BLX. Through the Founders control of both entities, the alternative sports trading platform was siphoned from Sport-BLX to S-BLX Securities making it impossible for Sport-BLX to achieve its purpose as represented by the Founders to Cypress. Count 15 for Breach of Fiduciary Duty is based on GlassBridge, an entity controlled by the Founders and other Sport-BLX board members, usurping the business plan of Sports-BLX by engaging in transactions leading to a success fee which again was part of the represented business plan of Sports-BLX.

For the for the foregoing reasons, Counts 6, 9, 10 and 15 are direct claims by Cypress against defendants under Delaware law based on Cypress' individual rights apart from the damage done to the corporation.

Thank you for your consideration.

Very truly yours,

Alexander M. Dudelson