

CHRISTIAN D. CARBONE
Partner and Co-Chair, Litigation

345 Park Avenue
New York, NY  10154

Direct   212.407.4852
Main    212.407.4000
Fax     212.937.3683
ccarbone@loeb.com

Via ECF

October 8, 2024

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

    We represent Defendants GlassBridge Enterprises, Inc. ("GlassBridge"), Daniel Strauss and Francis Ruchalski (collectively, the "GlassBridge Parties") in the above-referenced action and write in anticipation of the GlassBridge Parties' motion for summary judgment on all claims that Cypress Holdings, III, L.P. ("Cypress") asserts against them in its Second Amended Complaint. The GlassBridge Parties join in the arguments made by the Sport-BLX Parties and Joseph De Perio and write to highlight additional issues that ostensibly apply only to them.

    In late 2019, GlassBridge acquired a controlling interest in Sport-BLX and nominated an alternative slate of directors for consideration at Sport BLX's annual meeting. The crux of Cypress's two remaining claims against the GlassBridge Parties is the wholly unsubstantiated contention that GlassBridge was somehow controlled and dominated by Sport-BLX's founders, George Hall and Joseph De Perio. Cypress now knows that these allegations are false, and that GlassBridge acted independently and in accord with the judgment of its executives and independent board. GlassBridge made a substantial investment in Sport-BLX and incurred substantial losses in large part because of Cypress's fraud and misconduct.

    By Order dated September 23, 2024 (ECF #180), the Court dismissed Cypress' claims against the GlassBridge Parties for unjust enrichment (Count Six), aiding and abetting breach of fiduciary duty (Count Twelve), breach of fiduciary duty (Counts Fourteen and Fifteen), and minority shareholder oppression (Count Nineteen). As detailed below, summary judgment should be granted in the GlassBridge Parties' favor because Cypress's remaining claims against them fail as a matter of fact and law.

    ***Tortious Interference With Contract*** (Count 8). To prove its tortious interference claim, Cypress must demonstrate "(i) the existence of a valid contract; (ii) [Glassbridge's] knowledge of the contract; (iii) the intentional and unjustified inducement of a breach; (iv) a subsequent breach caused by [Glassbridge's] wrongful conduct; and (v) damages resulting from the breach." *Acorn United States Holdings Ltd. Liab. Co. v. Premark Int'l, Inc.*, No. 00C-10-226 HLA, 2003 Del. Super. LEXIS 499, at *8 (Del. Super. Ct. July 16, 2003), *aff'd*, 846 A.2d 237 (Del. 2004).

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Cypress contends that GlassBridge tortiously interfered with Cypress's "side letter" agreement with Sport-BLX in which Hall and De Perio agreed to vote their shares for Salerno to serve as a director of Sport-BLX. This claim fails at every level: there was no underlying breach of the side letter because Hall and De Perio voted their shares in favor of Salerno's board position; and, in any event, GlassBridge was justified in protecting its investment as Sport-BLX's majority shareholder by nominating an alternative board for consideration. *See Acorn*, 2003 Del. Super. LEXIS 499, at *23 ("Tortious interference with contract requires a breach of contract, which is not present in the instant case."); *WaveDivision Holdings, LLC v. Highland Capital Mgmt., Ltd. P'ship*, 49 A.3d 1168, 1174 (Del. 2012) (affirming summary judgment on justification grounds where defendants "were motivated at least in part by a desire to protect their investment …"). Accordingly, because there was no breach of the side letter and GlassBridge's actions were justified by, among other things, the misconduct of Cypress's principal, summary judgment is warranted.

***Corporate Waste*** (Count 18). To recover on a claim of corporate waste, Cypress "must shoulder the burden of proving that the exchange was so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration." *Brehm v. Eisner (In re Walt Disney Co. Derivative Litig.)*, 906 A.2d 27, 74 (Del. 2006). "A claim of waste will arise only in the rare, unconscionable case where directors irrationally squander or give away corporate assets." *Id.*

Cypress's waste claim alleges that (1) Sport-BLX received inadequate consideration for the sale of its trading platform to Sport-BLX Securities, Inc., and (2) that Sport-BLX's directors approved the sale "to serve an outside interest, their goal of siphoning assets out of Sport-BLX and putting them into entities over which they exercised full control." Setting aside the fact that Cypress's damages claim is unsupported and contradicted by expert testimony demonstrating that the software was sold for fair consideration (as detailed by the Sport-BLX Parties), this claim fails because Strauss and Ruchalski were not officers or directors of Sport-BLX Securities, Inc., and did not own any interest in the entity. Accordingly, they could not have been serving "an outside interest" of "siphoning assets out of Sport-BLX and putting them into entities over which they exercised full control," as Cypress wrongly alleges.

Respectfully submitted,

*/s/ Christian D. Carbone*

Christian D. Carbone
Loeb & Loeb LLP

cc: All counsel of record (via ECF)