LAW OFFICES OF

# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100    FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS

FABIAN G. PALOMINO
(1924 - 2014)

October 8, 2024

Hon. Lorna Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cypress Holdings, III, LLP v. George Hall, et al.*
             <u>Case No.: 22-cv-01243 (LGS)</u>

Your Honor:

      We represent Cypress Holdings, III, L.P. ("Cypress") in the above-referenced action. This letter is respectfully submitted in response to the Court's Order, dated September 24, 2024, wherein the Court directed that any party wishing to move for summary judgment shall file a pre-motion letter on or before October 8, 2024.  Cypress respectfully submits this pre-motion letter for leave to file a motion for partial summary judgment on the below-referenced counts of Cypress' Second Amended Complaint in the Cypress Action.

      As set forth further below, even when the facts are viewed in their most favorable light to Defendants, there is no genuine dispute that Defendants breached their fiduciary duties to Cypress, engaged in acts of oppression, and breached the covenant of good faith and fair dealing. Accordingly, Cypress respectfully requests leave to file a motion for partial summary judgment as to these causes of action.

      **I.**    *Count Five – Breach of Fiduciary Duty*

      Cypress has asserted a direct claim for breach of fiduciary duty claims against George Hall ("Hall"), Joseph Deperio (De Perio") and Sport-BLX Inc. (Sport-BLX).  These claims are premised on the fiduciary duty owed to Cypress based on their written agreements regarding Cypress' investment, promised seat on the board, and tag along rights.  Contrary to defendants' promise that Cypress' investment would be used for technology, the defendants improperly used Sport-BLX's resources on expenses actually incurred by Clinton Group, Inc. ("Clinton Group"), an entity owned by defendant George Hall ("Hall") and with which Defendant Joseph De Perio ("De Perio") is affiliated.  Specifically, Hall and De Perio caused Sport-BLX to enter into a purported lease agreement for commercial office space with Clinton Group, pursuant to which

Sport-BLX paid Clinton Group approximately $500,000.00 per year in "rent" to utilize the space then-leased by Clinton Group, without ever advising Cypress that this sublease was unlawful or that Clinton Group had become delinquent on and stopped making its rental payments on its lease. Notwithstanding this delinquency, Sport-BLX continued to make its "rental" payments to Clinton Group, thereby depleting Sport-BLX's assets for no legitimate purpose, but rather only to provide funding to an entity owned solely by Hall.

Moreover, when Michael Salerno, Cypress' principal, discovered that Defendants had made material misrepresentations regarding how its invested funds were being used, Defendants devised a plan to circumvent their obligation to provide Cypress the Board seat it was promised pursuant to the parties' contracts (as discussed further below), and confirmed this plan via email and during a Board Meeting, stating that they would simply "go around" Mr. Salerno. Hall and De Perio ultimately did so, by selling their controlling interests of Sport-BLX stock, on December 9, 2019, to Defendant GlassBridge Enterprises, Inc. ("GlassBridge"), a public company on which DePerio was a Board member, at a price of $355.00 per share—a significantly higher value than any price paid for the stock or the $50.00 per share price they told the Board it was worth earlier that same day. Further, co-defendant Strauss, the CEO of Glassbridge and a board member of Sport-BLX, and co-defendant Ruchalski, the CFO of Glassbridge and financial director of Sport-BLX, were present for the December 9, 2019 Board meeting.

Glassbridge then proceeded to vote Mr. Salerno off of Sport-BLX Board of Directors. For all of these reasons, Cypress believes it will be able to succeed on its claim that Defendants breached their fiduciary duties to Cypress. See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 191 (S.D.N.Y. 2011) (stating that a breach of fiduciary duty claim requires a plaintiff establish (1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach).

**II.     *Count Two – Breach of the Covenant of Good Faith and Fair Dealing:***

Cypress purchased shares in Sport-BLX. Cypress thereafter entered into a Side Letter Agreement with Defendants Hall and De Perio, wherein Sport-BLX, Hall, and De Perio represented that, as long as Cypress continued to hold in the aggregate at least 2.5% of the capital stock of Sport-BLX, Hall and De Perio would vote their capital stock (constituting approximately 83% of the outstanding stock at the time) in favor of a Cypress representative being elected to the Board of Directors. The Side Letter Agreement also contained anti-dilution protection tag-along rights, among other material provisions, concerning Cypress' purchase of Sport-BLX stock. Pursuant to these agreements, Sport-BLX, Hall, and De Perio were required to comply with the covenant of good faith and fair dealing. See, e.g., Nat'l Market Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520, 525 (2d Cir. 2004).

However, the undisputed facts in this matter demonstrate that they did not do so. Although Cypress was provided with tag-along rights in connection with any sale of control of

Sport-BLX (rights which were further confirmed by Hall during a Sport-BLX board meeting), neither Cypress nor any other shareholder was offered such tag-along rights when Hall and De Perio's controlling interests were sold. Further, Hall and De Perio used the sale of their controlling interest in Sport-BLX to GlassBridge to deprive Cypress of its seat on Sport-BLX's Board;[1] through these machinations, Defendants were able to deny Cypress access to information regarding Sport-BLX including the transfer of Sport-BLX's technology (for which it paid more than $2,000,000.00 to have developed) to a company controlled by Defendants for $225,000.00 and their repurchase of Sport- BLX stock through another affiliate for $2.00 per share. As a result of these series of self-interested transactions, Defendants Hall and De Perio received millions, and owned a controlling interest in Sport-BLX and Sport-BLX's technology, while Cypress was left with an interest in an empty shell.

      As set forth above, Defendants engaged in bad-faith, improper self-dealing in connection with their agreements with Cypress so as to avoid their obligations to provide Cypress with a seat on the Board or tag-along rights in the event of a change in control.

      For all of the above reasons, Cypress respectfully requests leave to file a partial summary judgment motion as to the above causes of action asserted in Cypress's Second Amended Complaint.

      Thank you for your consideration.

                                        Very truly yours,

                                        *Alexander Dudelson*

                                        Alexander M. Dudelson

**Via ECF:**
All parties

---

[1] While Defendants claim that this sale of stock was unrelated to Mr. Salerno, Cypress's expert uncovered a hidden portion of a spreadsheet produced by Defendants in discovery explicitly considering, in connection with this sale, which shareholders would vote Mr. Salerno off of the Board—undisputedly demonstrating Defendants' intention to frustrate Cypress' reasonable expectations of a Board seat through the transaction.