

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

October 8, 2024
**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

**Defendants shall respond by October 15, 2024. So Ordered.**

**Dated: October 9, 2024**
**New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

    Re:   *Sport-BLX, Inc. v. Michael Salerno and Cypress Holdings, III, L.P.*,
           No. 1:22-cv-0811 (LGS);
           Related case: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

      We represent Sport-BLX, Inc. ("Sport-BLX"), individually and derivatively on behalf of its stockholders, in the above-referenced action. Pursuant to Section III(A)(1) of Your Honor's Individual Rules and Procedures and the Court's Order entered September 24, 2024 in related case *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS), we submit this letter in anticipation of filing a motion seeking summary judgment on Sport-BLX's First, Second and Third causes of action in the Amended Complaint ("Am. Compl.").

      In its First and Second causes of action, for violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, and for common law fraud, respectively, Sport-BLX, Inc. seeks redress for certain false and deliberately misleading statements and omissions. But for Salerno's false statements and omissions to Sport-BLX regarding the composition of Cypress' ownership, Plaintiff would not have allowed Defendant Salerno to invest in its stock in Cypress' name, or to obtain a seat on its Board of Directors as Cypress' representative. But for those false statements and omissions, Sport-BLX would have been able to meet FINRA licensing requirements. The Sport-BLX expert report estimates the damages at least $28.86 million dollars.

      The evidence regarding Salerno's deceptive practices, which were intended to and did mislead Sport-BLX, is undisputed and dispositive. This includes but is not limited to: (i) Salerno's concealment prior to Cypress' investment that Cypress' ownership included at least [REDACTED], despite the fact that Salerno, as a registered investment advisor, knew or should have known that information could have barred Sport-BLX from the highly regulated securities industry in which it intended to; (ii) Salerno's literal last-hour modification of the parties' Agreement to insert Cypress as the nominal purchaser, after extensive negotiations through and repeated revisions to the Agreement by counsel, based on his false representation that Cypress was "his" and he was its sole owner, and; (iii) the deliberately deceptive language Defendants inserted in that Agreement to make Cypress the nominal purchaser. Plaintiff will show in its motion for summary judgment on the Amended Complaint's First and Second Causes of Action

that no evidence relevant to Defendants' statements and omissions presents a question of fact for which a jury's determination is required, and that it is entitled to judgment as a matter of law.

In its Third cause of action, for breach of fiduciary duty, Sport-BLX seeks redress for Defendants' breaches of the duties of loyalty and care. Again, the documentary evidence relevant to this claim is both indisputable and dispositive. There is no question of fact that (i) when Salerno was appointed to the Board he did not immediately disclose that the composition of Cypress' membership had the potential to prevent Sport-BLX's from obtaining FINRA membership and (ii) in response to Plaintiff's repeated requests that Salerno, in his capacity as a board member, provide the beneficial ownership of Cypress in response to FINRA interrogatories, he refused for purely personal reasons. There is no question of fact that Defendants were aware that Salerno's withholding of that information would be fatal to Sport-BLX's ability to execute its business plan, which it had already begun to implement. Plaintiff will establish in its motion for summary judgment that because Salerno violated his fiduciary duty of loyalty to Plaintiff, despite his knowledge that his conduct would prevent Plaintiff from operating and destroy its ability to achieve its corporate goals, Sport-BLX is entitled to judgment as a matter of law. Plaintiff will also show that Salerno violated his duty of care by regularly failing to inform himself on company affairs and participate in board meetings, and by threatening groundless litigation.

In response to the Court's Order of September 24 in related case 1:22-cv-1243, and in anticipation of the October 23 pre-motion conference in that matter, Plaintiff has conferred with counsel for Cypress parties concerning this motion. This is the proposed briefing schedule for each side's summary judgment motions: movants submit their motions by November 22, 2024; respondents submit their opposition by December 23, 2024; and movants submit their replies, if any, by January 15, 2025.

Respectfully submitted,

*/s/* Wylie Stecklow

Wylie Stecklow