# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
212-880-9410

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

October 15, 2024

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

   Re:   *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

   We represent Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("Sport-BLX Securities"), Clinton Group, Inc. ("Clinton Group"), George Hall, Cesar Baez, and Christopher Johnson (collectively, the "Sport-BLX Parties") in the above-referenced action. We submit this pre-motion letter pursuant to Section III(A)(1) of Your Honor's Individual Rules and Procedures in opposition to Cypress Holdings, III, L.P.'s ("Cypress") pre-motion letter seeking leave to file a motion for partial summary judgment on certain claims in the Second Amended Complaint ("SAC"). Dkt. No. 186. Defendant Joseph De Perio joins this letter.

   Cypress's arguments for summary judgment on Counts Two and Five should be rejected for three principal reasons. *First,* Cypress relies on derivative allegations that Hall and De Perio "stripp[ed] Sport-BLX of its assets and business opportunities" (Count Two) and "divert[ed] . . . money and opportunities from Sport-BLX" (Count Five) that this Court recently dismissed due to Cypress's impermissible conflict of interest (the "September 23 Order"). *See* Dkt. No. 180 at 6-7. *Second,* Cypress's proposed motion is based on claims regarding tag-along and other alleged contractual rights that are not asserted in Counts Two and Five in the SAC. *Third,* the extensive factual record developed in discovery confirms that the claims in Counts Two and Five are utterly without merit and, indeed, supports summary judgment for Defendants (as detailed in our October 8, 2024 letter, Dkt. No. 184).

   The Sport-BLX Parties and De Perio respectfully request that the Court preclude Cypress from moving on those portions of Counts Two and Five that have already been dismissed or were never alleged in the first place. Limiting Cypress's contemplated motion for summary judgment to the issue of the board seat—the only remaining pleaded aspect of Counts Two and Five—will conserve the Court's and the parties' resources and promote a swifter resolution of outstanding issues prior to trial.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
October 15, 2024
Page 2

***Count Five – Breach of Fiduciary Duty***.  Count Five alleges breach of fiduciary duty against Hall and De Perio.[1]  The September 23 Order held that any allegations "supporting the theory of stripping Sport-BLX of money and business opportunities" in Count Five were derivative in nature, and dismissed those claims for being in "direct competition with Cypress's similar direct claims for the same pool of damages."  *See* Dkt. No. 180 at 6-7.  Accordingly, the only surviving aspect of Count Five is the direct portion of the claim—namely, the allegations of misconduct "that post-date Cypress's investment (i.e., interfering with Cypress's board seat, but not wrongfully inducing the Cypress investment)."  *Id.* at 6.

In flagrant disregard of the September 23 Order, Cypress continues to raise asset-stripping allegations regarding supposedly improper rental payments by Sport-BLX to Clinton Group.  This derivative claim has already been dismissed by the September 23 Order.

Cypress also vaguely references the inclusion of tag-along rights in the Stock Purchase Agreements ("SPAs"), but tag-along rights are not part of any articulated claim in Count Five.  Cypress should not be permitted to move for summary judgment on claims that have been dismissed from the case and that it failed to properly allege in the first place.  *See Doe v. Holy Bagel Cafe II, Inc.*, No. 15CV3620RRMJMW, 2021 WL 4463025, at *6 (E.D.N.Y. Sept. 29, 2021) (while it is well-established that it is "inappropriate to raise new claims for the first time in submissions in opposition to summary judgment," . . . "[i]t is equally inappropriate for a plaintiff to raise new claims for the first time in [a] motion [seeking] summary judgment.").

As for the board seat claim, as part of the Side Agreement between the parties, Hall and De Perio agreed to vote their shares in favor of a board seat for Salerno under certain circumstances.  Hall and De Perio voted their shares as required, and Cypress has not claimed a breach of contract.  Realizing it has no contract claim, Cypress has attempted to manufacture a breach of fiduciary duty claim, but that attempt fails.  *First*, such a claim is contrary to controlling Delaware law, which holds that a fiduciary duty claim is not viable when it is based on a right that is "expressly addressed by contract."  *See Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010).[2]  Because Cypress's claim regarding a board seat is "expressly addressed" by the Side Agreement's contractual terms, this claim fails.  *Id.*  *Second*, despite seeking damages for this claim, Cypress has failed to assert, much less establish, any viable theory of damages proximately caused by loss of a board seat.  *Third*, Cypress's theory rests on an incorrect and disputed view of the facts.  Cypress contends that Hall and De Perio sold some of their shares to GlassBridge for the purpose of depriving Salerno of a board seat.  That theory is contradicted by compelling evidence that Hall and De Perio had legitimate business reasons for selling their shares to GlassBridge.  To the extent GlassBridge acquired voting control of Sport-BLX shares and decided to vote for a slate of directors that did not include Salerno, GlassBridge's actions were entirely reasonable

---

[1] In its letter, Cypress described this claim as also being against Sport-BLX, but the SAC states it is only against Hall and De Perio.

[2] Delaware law governs the state law claims.  Sport-BLX is a Delaware corporation, and Sport-BLX and Cypress chose Delaware law to govern the parties' relationship in the SPAs' choice of law provision.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lorna G. Schofield
October 15, 2024
Page 3

and appropriate, particularly given that Salerno had refused to vote for GlassBridge representatives serving on the Sport-BLX board.[3]

***Count Two – Covenant of Good Faith and Fair Dealing.***  Like Count Five, this Court dismissed the derivative portion of Count Two, thereby limiting it to only direct allegations regarding Cypress's loss of a board seat.  Cypress therefore cannot pursue Count Two's derivative allegations regarding the transfer of Sport-BLX's technology platform to Sport-BLX Securities for allegedly below market value.  Cypress also seeks summary judgment based on allegedly breached tag-along rights in the SPAs, but this new claim, too, is not alleged in Count Two.[4]  Accordingly, Cypress should be precluded from seeking summary judgment on these now-dismissed and improperly raised claims.

The remaining portion of Count Two rests on Salerno's loss of a board seat.  This claim fails as detailed above, and because the implied covenant of good faith and fair dealing "'will not infer language that contradicts a clear exercise of an express contractual right.'" *Bos.Consulting Grp., Inc. v. GameStop Corp.*, No. CV 22-363-CJB, 2023 WL 2683629, at *13 (D. Del. Mar. 29, 2023).  Here, Cypress, with the assistance of experienced counsel, inserted tag-along provisions in the SPAs that clearly contemplated Hall and De Perio potentially selling some of their shares in the future; however, the tag-along rights would only be triggered if Hall and De Perio sold more than 50 percent of the total outstanding stock of Sport-BLX, which did not occur.

Nor can Cypress prove any damages from its loss of a board seat.  Under Delaware law, "[d]amages are an essential element of breach of contract [and] breach of the implied covenant of good faith and fair dealing" claims, without which Cypress's claim must fail.  *Batchelor v. Alexis Properties, LLC*, 2018 WL 1053016, at *3 (Del. Super. Ct. Feb. 23, 2018); *see also Charlotte Broad., LLC v. Davis Broad. of Atlanta, L.L.C.*, No. CV13C04143WCCCCLD, 2015 WL 3863245, at *6 (Del. Super. Ct. June 10, 2015), *aff'd*, 134 A.3d 759 (Del. 2016) ("To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify a specific implied contractual obligation, a breach of that obligation, and damages resulting from the breach").

We look forward to discussing this matter further at our conference on October 23.

                                       Respectfully submitted,

                                       */s/ Jonathan S. Sack*
                                       Jonathan S. Sack

cc: Counsel of record (by ECF)

---

[3] Cypress refers to a "secret" spreadsheet regarding the number of shares needed to vote Salerno off the board.  The document was not a secret and does not support Cypress's claims.

[4] In addition, Cypress's letter vaguely references the Side Agreement's anti-dilution provision, but it is unclear if it seeks to bring a claim on that basis, and in any event, no such claim was made in the SAC.  Cypress also references Hall and De Perio's "repurchase of Sport-BLX stock through another affiliate for $2.00 per share," but again, it is unclear if it is attempting to bring a claim relating to that allegation, and no such claim was articulated in the SAC.