

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

November 26, 2024

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

  We represent Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities Inc. ("Sport-BLX Securities"), Clinton Group, Inc. ("Clinton Group"), George Hall, Mr. Johnson and Mr. Baez (together the "Sport-BLX Parties") in the above-referenced action. I write today to apologize to the Court for not better reading the Court's individual rules concerning exhibit limits in motions. Please accept the undersigned's apology for the filing that exceeded the limitation contained in this Court's individual rules and for the failure to submit this request prior to uploading the motion.

  Pursuant to the Court's Rule III (B)(3), please accept this correspondence as a request to exceed the limitations contained in that individual rule. Specifically, we request (a) leave to file a total of 76 exhibits, (b) permission to file few exhibits in excess of 15 pages, and (c) permission to file a single, non-substantive Attorney Declaration of 30 pages that simply attaches the Exhibits.

  We have identified certain overlaps in the originally filed Exhibits and request permission to resubmit 76 of the 83 Exhibits originally filed. Additionally, we request permission to file one exhibit in excess of 15 pages, Exhibit 2, which is 17 pages.[1] in excess of 15 pages.[2] Lastly, we also respectfully request permission to file a single, non-substantive Attorney Declaration of 30 pages to attach the Exhibits.

  Several reasons support the necessity of our request. First, we are filing both affirmative and defensive motions for summary judgment in one briefing. Second, as the Court is aware, this motion was filed on behalf of three distinct legal teams representing ten different parties. If the other two teams were to file their motions separately, each would submit up to 15 exhibits. If

---

[1] This is a 73 page document which requires 17 jump cites in the document to identify the information cited.

[2] Pursuant to Court Rule III (B)(3) the deposition transcripts (Exhibits 3, 50, 63, 65) and the Expert report exhibit (Exhibit 58) are being submitted as the entire document and will be shared with the Court in a searchable form.

Hon. Lorna G. Schofield
November 26, 2024
Page 2

Sport-BLX had filed its affirmative and defensive motions separately, it would have been permitted to submit 15 exhibits in support of each filing. The Court's Individual Rules indicate that each party is entitled to 15 exhibits; presumably the ten parties on whose behalf these motions were filed would be permitted 150 exhibits in total. Thankfully, the Court has already streamlined the briefing, so I acknowledge that this extrapolation is far from perfect, yet it would equal a total of 60 exhibits for these three teams.

    Third, in our joint motion papers, the ten parties represented by three teams moved to dismiss six of plaintiff's nine remaining claims. In addition, the Sport-BLX parties moved on three affirmative claims (fraud, 10b and fiduciary duty). Out of necessity, while trying to keep our arguments concise, our request for summary judgment requires identifying the indisputable record evidence (which is legion) proving (or disproving) each element of each claim. We have considerably narrowed the evidence for the Court to consider. There have been 16 distinct parties which have made produced 55,276 documents with a combined total of 351,965 pages in this litigation (see page 3). Please see the attached spreadsheet of document production.

    This letter request to expand the number of Exhibits which may be submitted to a total of 77, to file one exhibit in excess of 15 pages, and to file a single, non-substantive Attorney Declaration of 30 pages is made on behalf of all of the defendants. Earlier today I spoke with opposing counsel to seek plaintiff's consent. Plaintiff does not consent as it does not believe Sport-BLX's filing of a motion on its affirmative claims was authorized.

Respectfully submitted,

Wylie Stecklow

Hon. Lorna G. Schofield
November 26, 2024
Page 3

| Produced By | Prefix | No. of Docs. | No. of Pages |
|---|---|---|---|
| Plaintiffs Cypress Parties (Cypress Holdings, III, L.P., Michael M. Salerno, and Northeast Professional Planning Group (collectively, the "Cypress Parties") | CYPRESS | 695 | 3,503 |
| Defendant GlassBridge Enterprises, Inc. | GBE | 1,817 | 16,029 |
| Defendant Sports-BLX, Inc. | SPORTBLX | 46,819 | 285,481 |
| Defendant Clinton Group Inc. | CLINTON | 4,717 | 34,132 |
| Defendants Sport-BLX, Inc., George Hall & Joseph DePerio (collectively "Sport BLX Parties") | BLX | 42 | 189 |
| Defendant Cesar Baez | BAEZ | 112 | 818 |
| Defendant Joseph De Perio | DEPERIO | 9 | 63 |
| Defendant George Hall | HALL | 457 | 1,024 |
| Defendant Christopher Johnson | JOHNSON | 14 | 41 |
| Third-Party Orix PTP, Holdings, LLC | ORIX | 36 | 100 |
| Third-Party Tim Cross | CROSS | 5 | 44 |
| Third-Party David Roth | ROTH | 3 | 111 |
| Third-party Allen Cohen | COHEN | 4 | 7 |
| Third-party Gene Phillips of PF2 Securities Evaluations, Inc. | PF2 | 15 | 693 |
| Third-Party Luxor Financial Group | LFG | 306 | 3,502 |
| Third-party Mahdi Eslamimehr | ME | 14 | 107 |
| Third-party Marcie Bour | MB | 211 | 6,121 |
| Totals | | 55,276 | 351,965 |