*Execution Version*

# SPORTBLX, INC.

## COMMON STOCK PURCHASE AGREEMENT

This Common Stock Purchase Agreement (the "*Agreement*") is made as of February 28, 2019, by and among Sport-BLX, Inc., a Delaware corporation (the "*Company*"), Cypress Holdings III, L. P., a Delaware limited partnership (the "*Purchaser*") and, solely for the purposes of Section 4(F), the other shareholders of the Company set forth on Schedule A (the "*Founders*").

In consideration of the mutual covenants and representations set forth below, the Company and the Purchaser agree as follows:

1. **Purchase and Sale of the Shares.** Subject to the terms and conditions of this Agreement, the Company hereby issues and sells to the Purchaser and the Purchaser hereby purchases from the Company 2,497 shares of the Company's Common Stock, par value $0.001 per share (the "*Shares*"), at a price of $200.18 per share. No fractional shares will be issued. The Company will issue, as promptly as practicable, a stock certificate, registered in the name of the Purchaser, evidencing the Shares.

2. **Representations of Company.** The Company hereby makes the following representations:

    A. *Authorization.* The execution, delivery and performance by the Company of this Agreement and the consummation of the transactions contemplated hereby (a) are within the power of the Company and (b) have been duly authorized by all necessary actions on the part of the Company. This Agreement constitutes a legal, valid and binding obligation of the Company, enforceable against the Company in accordance with its terms. The Shares, upon issuance will be duly authorized, validly issued, fully paid and nonassessable.

    B. *No Conflicts.* The execution, delivery and performance of this Agreement by the Company, and the consummation of the transactions contemplated hereby and thereby, will not (a) result in any material violation of or be in material conflict with or constitute, with or without the passage of time and giving of notice, a material default under or breach of the Certificate of Incorporation or bylaws of the Company or any material provision of any instrument, judgment, order, writ, decree or contract to which the Company is a party or by which it is bound, or (b) result in any material violation of any provision of federal or state statute, rule or regulation applicable to the Company.

    C. *Capitalization.* Schedule B hereto sets forth the issued and outstanding capital stock of the Company as of the date hereof. Except as set forth on Schedule B there are no subscription rights, options, warrants, conversion rights, purchase rights or other agreements that may or would require the Company to issue, sell, transfer or otherwise cause to become outstanding any capital stock of the Company.

NY: 915746-4

Confidential – Subject to Protective Order

SPORTBLX00028976

**D. *Litigation and Claims.*** There is no (i) claim or (ii) legal, administrative, arbitration or other proceeding, suit or action, or governmental investigation or enforcement action ("**Proceeding**"), pending, or to the Company's knowledge, threatened against the Company, its employees to the extent involving or relating to the Company, the Company's assets or securities of the Company.

**E. *Absence of Material Debts.*** There are no material outstanding debts incurred by the Company other than those liabilities incurred in the ordinary course of business including the Company's business relationship with ConsenSys AG.

**F. *Compliance with Law.*** To the Company's knowledge at present, the he business of the Company is being conducted, and has been conducted, in compliance with all applicable laws and regulations in all material respects.

G. *No Infringement.* To the Company's knowledge at present, the intellectual property used by the Company in its business does not infringe upon the rights of any third party.

3. **Representations of Purchaser.** The Purchaser hereby makes the following representations:

A. *Authorization.* The execution, delivery and performance by the Purchaser of the this Agreement and the consummation of the transactions contemplated hereby (a) are within the power of the Purchaser and (b) have been duly authorized by all necessary actions on the part of the Company. This Agreement constitutes a legal, valid and binding obligation of the Purchaser, enforceable against the Purchaser in accordance with its terms.

B. ***Purchase for Own Account.*** Purchaser is purchasing the Shares solely for investment purposes for its own account, and not with a view to the resale or distribution of any part thereof. Purchaser is not a party to, and does not presently intend to enter into, any contract or other arrangement with any other person or entity involving the resale, transfer, grant of participation with respect to or other distribution of any of the shares.

C. *Access to Information.* Purchaser has had opportunity to discuss the plans, operations and financial condition of the Company with its officers, directors or controlling persons, and has received all information Purchaser deems appropriate for assessing the risk of an investment in the Shares.

D. ***Restricted Securities.*** Purchaser understands that the shares are "restricted securities" under applicable US federal and state securities laws and that Purchaser must hold the shares indefinitely, unless any subsequent proposed resale by Purchaser is registered under the Securities Act or an exemption from registration is otherwise available, and that the Company is under no obligation to register any subsequent proposed resale of the Shares.

E. *No Public Market*. The Purchaser understands that no public market now exists for the Shares, and that the Company has made no assurances that a public market will ever exist for the Shares.

Confidential – Subject to Protective Order                                                                                    SPORTBLX00028977