# MINUTES OF THE REGULAR MEETING
# OF THE BOARD OF DIRECTORS
# OF SPORT-BLX, INC.

### October 20, 2021

The Board of Directors (the "***Board***") of Sport-BLX, Inc. (the "***Corporation***" or ***"Company"*** or ***"SportBLX"***) held a regular meeting (the "***Meeting***") on Wednesday, October 20, 2021, commencing at approximately 10:00 am Eastern Time pursuant to notice provided pursuant to the Company's Bylaws:

All of the members of the board were present at the meeting (via zoom).

>George E. Hall, Executive Chairman
>Cesar A. Baez
>Joseph A. De Perio
>Francis A. Ruchalski
>Daniel A. Strauss
>Peter Rawlins
>Christopher Johnson

Mr. Hall presided at the Meeting. Mr. Rawlins will document the meeting minutes.

Mr. Hall opened the meeting addressing two topics from the prior meeting, the CF offering for SportBLX Inc. and the potential to expand the Board of Directors.

He then explained that an individual that is the managing member of an investors entity has once again asked for books and records. The individual is a former board member that has made a similar demand which despite great efforts on the part of George and Joe to make the material available, he never actually came in to review the material. This individual has taken legal action, arguing that the rent was too high and that there was an asset management business that was receiving money that SportBLX Inc. was entitled to. Mr Hall reminded the board that the rent was discussed and debated with the individual prior to his investment. Mr Hall confirmed for the board that there was not a fund in existence and the claim was always frivolous.

Mr. Hall stated that nothing would be given to this investor without proper purpose. Mr. Hall explained that he offered to speak on the phone with this investor on several occasions, however this investor did not show interest in doing so. It is his judgment that the individual has made frivolous accusations in an attempt to shake down the company for a buyout.

Mr. Hall also explained that because of a recent email from this investor, which made accusation about Mr. Hall and SportBLX Inc. (Email was shared). There would be no way to raise capital in the public market.

He went further to state that at this point with no capital and no ability to do a capital raise and Mr. Rawlins as the only employee there does not appear to be a viable path forward.

Mr. De Perio asked if there was anything other than the email, if there was anything from a lawyer? Mr. Hall said that was all. He also mentions a letter mailed to the office on 57th street. He told Mr. De Perio that it was addressed to him as well.

Mr. Hall reiterated that he has made great efforts to keep the company going. He spoke about the most recent phone call with investors where he explained the company's current financial state and the imminent reg CF offering that was planned. He mentioned to the existing investors that if there was any interest in investing in the campaign the early investments and momentum could help the process. There did not seem to be any interest from current group to invest further. In addition, Mr. Hall mentioned that he had not seen any current investors showing support through the Wefunder campaign webpage.

Mr. Strauss asked if this investor who was sending the email remarks knew what his actions would mean?

Mr. Hall explained that he informed the investor that there was no current capital, no employees and the only thing left was the platform code.

Mr. Hall also explained that he again informed the investor that Consensys came up with a business plan and had a percentage of the old rent in the spreadsheet. He also stated that this investor hired a lawyer to push SportBLX Inc. to move to a WeWork site. Mr. Hall stated that at that time SportBLX Inc. offered to buy this investor out however, the investor was looking for a multiple of what he paid only a short while after his investment.

Mr. Hall then said the "syphon" accusation was baseless and that both he and Mr. De Perio had worked for a long period of time without getting a paycheck.

Mr. Hall reiterated that the company had no capital and no ability to raise capital, and that there was just one current employee. He again said that it would be impossible to raise capital with this current accusation this investor has made.

Mr. De Perio asked if there was a chance that this investor would want to buy the company. Mr. Hall said that the investor would be welcome to purchase the software. However, he did not believe that was what this investor wanted to do.

Mr. De Perio asked if a public auction would be the way to go to give this investor the chance to bid.

Mr. Hall stated that the platform code was the value and that the books and records would not have any input in determining the value.

Mr. Hall then address the conversation about the two director candidates that he mentioned on the October 6th board call. He stated that the two candidates were not officially offered board seats at that time. Though they had each spent some time looking into the company and helping prepare to do a capital raise. It no longer made sense to add directors with the investor making accusations about the company.

Mr. De Perio asked Mr. Hall if we should send a letter to the current group of investors explaining why we can't go forward. Mr. Hall agreed.

Mr. Hall went on to address the topic of the SportBLX Inc. and SportBLX Securites Inc. technology subscription agreement. He reminded the board that there were fees paid to SportBLX Inc. from SportBLX Securities Inc. and that shortly after the agreement was signed, Mr Fisch the CTO at the time had quit. Mr. Hall also stated that more recently the lead engineer Robert Maguire has left the firm. Mr. Hall then went on to state that SportBLX Inc. has become insolvent and this likely triggers a default event. In the event of insolvency, the SportBLX inc. Platform Code would be given to SportBLX Securites Inc. for continued use.

Confidential – Subject to Protective Order

SPORTBLX0264433