## CONSENT TO SUBLEASE

THIS CONSENT TO SUBLEASE (this "**Consent**") dated as of the 31 day of August, 2015 by and between BP 510 MADISON LLC, a Delaware limited liability company ("**Landlord**"), WORLD GOLD TRUST SERVICES LLC, a Delaware limited liability company ("**Tenant**"), and CLINTON GROUP, INC., a Delaware corporation ("**Subtenant**"), is made with reference to the following:

## RECITALS

A.     By Lease dated April 22, 2011 (the "**Original Lease**") as amended by a letter dated March 21, 2012 from Landlord to Tenant regarding condenser water for Tenant's supplemental air conditioning unit (the "**Condenser Water Letter**; the Original Lease as amended by the Condenser Water Letter being collectively the "**Lease**"), BP 510 Madison Ave LLC, predecessor-in-interest to Landlord, leased to Tenant certain premises on the 9th floor of the building (the "**Building**") located at 510 Madison Avenue, New York, New York, which premises are more particularly described in the Lease (the "**Premises**").

B.     Tenant desires to sublease the entire Premises (the "**Subleased Premises**") to Subtenant upon the terms and conditions contained in a Sublease between Tenant and Subtenant dated as of August 31, 2015 (the "**Sublease**").

C.     Pursuant to the terms of the Lease, Tenant is required to obtain Landlord's prior written consent to the Sublease.

D.     Simultaneously herewith, Landlord is leasing to Subtenant certain premises on the 8th floor of the Building pursuant to a Lease between Landlord and Subtenant of even date herewith (the "**Clinton Direct Lease**"), which premises are more particularly described in the Direct Lease (the "**Clinton Direct Premises**").

E.     Subject to, and in reliance upon, the representations, warranties, covenants, terms and conditions contained in this Consent, Landlord desires to consent to the Sublease.

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, paid by each of the parties hereto to the other, the receipt and sufficiency of which is hereby acknowledged, and in further consideration of the provisions herein, Landlord, Tenant and Subtenant hereby agree as follows:

1.     Consent.   Landlord hereby consents to the Sublease subject to, and in reliance upon, the representations, warranties, covenants, terms and conditions contained in this Consent.

2.     Compliance by Subtenant; Enforcement.

s:\server docs\boston properties\510 madison\world gold council\consent to clinton sublease version 2.docx

Confidential – Subject to Protective Order

## SUBLEASE

**THIS SUBLEASE** is made as of the 31 day of August, 2015, by and between WORLD GOLD TRUST SERVICES LLC a Delaware limited liability company, having an address at 510 Madison Avenue, 9th Floor, New York, New York 10022 (hereinafter called "Overtenant"), and, CLINTON GROUP, INC., a Delaware corporation having an office at 601 Lexington Ave, New York, New York 10022 (hereinafter called "Subtenant").

## W I T N E S S E T H:

By lease dated as of April 22, 2011, (the "Overlease"), BP 510 Madison AVE LLC. ("Landlord"), leased to World Gold Services LLC, as tenant, the 9th Floor known (the "Demised Premises") in the building located at 510 Madison Avenue, New York, New York (the "Building").

Subtenant desires to sublease from Overtenant the Demised Premises, and Overtenant desires to sublet to Subtenant the same, all on the terms and conditions hereinafter set forth.

**NOW, THEREFORE**, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1.    **Term**.  Overtenant hereby subleases to Subtenant and Subtenant hereby hires from Overtenant the Demised Premises for a term commencing on the date that Landlord consents to this Sublease and Subtenant has met all other requirements hereunder, but no earlier than September 1, 2015 (the "Commencement Date"), and expiring, unless such term shall sooner cease or expire as hereinafter provided, on December 30, 2021 ("the Expiration Date"), on all of the terms, covenants and conditions hereinafter contained.

2.    **Rent Amount**.  Subtenant covenants to pay Overtenant, at the above address, or at such other address as Overtenant shall designate a fixed rental ("Fixed Rental") at a rate of:

(a)    $83,854.17 per month from the Commencement Date through December 31, 2016;

(b)    $85,531.25 per month from January 1, 2017 through December 31, 2017.

(c)    $87,241.88 per month from January 1, 2018 through December 31, 2018.

DOC ID - 23369228.1

- 1 -

Confidential – Subject to Protective Order    CLINTON00034119

5.  **Overlease.** Notwithstanding anything contained in this Sublease to the contrary, it is specifically understood that this is a sublease of the Demised Premises and is subject and subordinate, in all respects, to all of the terms, covenants and conditions of the Overlease as it relates to the Demised Premised, and that, except as otherwise expressly provided in this Sublease, all of such terms, covenants and conditions, insofar as they relate to the Demised Premises, are hereby incorporated by reference in this Sublease and made a part hereof as if herein set forth at length and shall, as between Overtenant and Subtenant (as if they were the Landlord and Tenant, respectively, under the Overlease), constitute the terms of this Sublease, except (i) the grace periods for defaults, if any, shall be two (2) days less than provided for Overtenant, as tenant, under the Overlease, (ii) Subtenant is not entitled to any rent abatement, credits, or other rent reductions provided for in the Overlease; (iii) all applicable dates referenced in the Overlease shall all have a commencement date commensurate with the Commencement Date of this Sublease; and (iv) the following provisions of the Overlease do not apply to Subtenant of this Sublease: Article 1.2 (except for the definitions of CPI, GAAP and Tenant's Share with respect to Taxes; Article 3.1, 3.2, 3.3; Article 4.3; Article 5.1, 5.2, 5.4, 5.5; Article 6.1(c) (solely with respect to the definition of Base Tax Year), 6.2; Article 20.5, 20.22, 20.23(a); Article 21; Exhibit C; and (v) such other terms of the Overlease as do not relate to the Subleased Premises or are specifically modified by the terms of this Sublease. In the event of any default under any of the terms, provisions or conditions of the Overlease or this Sublease, the non-defaulting party shall have the same rights and remedies against other under this Sublease as are available to Landlord and Overtenant under any of the provisions of the Overlease, such rights not being exclusive of each other but inclusive at the option of the non-defaulting party. Subtenant acknowledges that prior to executing this Sublease it has received and read a copy of the Overlease and that it is familiar with the contents hereof.

(a)  Subtenant covenants and agrees that it will perform and observe all of the terms, covenants and conditions contained in the Overlease, except as otherwise provided in this Sublease. Subtenant will and hereby does indemnify and hold Overtenant harmless from and against any and all actions, claims, demands, damages, liabilities and expenses (including, without limitation, reasonable attorneys' fees) based upon or incurred on account of any violation caused, suffered or permitted by Subtenant, its agents, servants, employees or invitees, of any of the terms, covenants or conditions of the Overlease, including the costs of enforcing this indemnity. Overtenant covenants and agrees it will perform and observe all of the terms, covenants and conditions in the Overlease except (i) for services to be provided by Landlord and (ii) as otherwise provided in this Sublease.

(b)  It is understood and agreed that whenever in the Overlease it is provided that Landlord's consent is required for any action on the part of Subtenant, for the purposes of this Sublease the consent of both Overtenant and the Landlord shall be required. Overtenant agrees to promptly forward to the Landlord any such request for consent by Subtenant.

6.  **Overtenant's Obligation.**

DOC ID - 23369228.1

Confidential – Subject to Protective Order

CLINTON00034121