UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
CYPRESS HOLDINGS, III, L.P., individually and :
derivatively on behalf of SPORT-BLX, INC., :
: Case No. 22-cv-01243 (LGS)
Plaintiff, :
:
-against- :
:
GEORGE HALL, JOSEPH DE PERIO, DANIEL :
STRAUSS, FRANCIS RUCHALSKI, CESAR :
BAEZ, CHRISTOPHER JOHNSON, SPORT- :
BLX, INC., SPORT-BLX SECURITIES, INC., :
CLINTON GROUP INC. and GLASSBRIDGE :
ENTERPRISES, INC., :
:
Defendants. :
:
------------------------------------------------------------- X

**DEFENDANTS GLASSBRIDGE ENTERPRISES INC., DANIEL STRAUSS AND FRANCIS RUCHALSKI'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR <u>MOTION FOR SUMMARY JUDGMENT</u>**

LOEB & LOEB LLP
Christian D. Carbone
David A. Forrest
345 Park Avenue
New York, New York 10154
(212) 407-4000

*Attorneys for Defendants GlassBridge Enterprises, Inc., Daniel Strauss and Francis Ruchalski*

## **TABLE OF CONTENTS**

        **Page**

ARGUMENT ........................................................................................................................1

I.     Cypress Cannot Establish its Tortious Interference Claim Against GlassBridge ...............1

        A.     The Underlying Side Agreement Was Not Breached ..............................................2

        B.     Cypress Cannot Establish that GlassBridge Caused a Breach ................................2

        C.     GlassBridge Acted With Economic Justification ......................................................3

II.    Cypress's Corporate Waste Claim Fails as a Matter of Fact and Law ................................5

CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beard Research, Inc. v. Kates*,
   8 A.3d 573 (Del. Ch. 2010), *aff'd sub nom. ASDI, Inc. v. Beard Research, Inc.*,
   11 A.3d 749 (Del. 2010) ...................................................................................................2

*Benihana of Tokyo, Inc. v. Benihana, Inc.*,
   906 A.2d 114 (Del. 2006) .................................................................................................5

*Brehm v. Eisner (In re Walt Disney Co. Derivative Litig.)*,
   906 A.2d 27 (Del. 2006) ...................................................................................................5

*Cohane v. NCAA*,
   612 F. App'x 41 (2d Cir. 2015) ........................................................................................4

*Conte v. Emmons*,
   895 F.3d 168 (2d Cir. 2018) .............................................................................................4

*Encore Preakness, Inc. v. Chestnut Health & Rehab. Grp., Inc.*,
   No. N17C-03-1677 MAA, 2021 WL 3280484 (Del. Super. Ct. July 30, 2021) ...............2

*Hollings v. TransactTools, Inc.*,
   128 F. App'x 820 (2d Cir. 2005) ......................................................................................4

*Lemond v. Manzulli*,
   No. 05 Civ. 2222 (ILG), 2009 WL 1269840 (E.D.N.Y. Feb. 9, 2009) .............................5

*Licci v. Lebanese Canadian Bank, SAL*,
   672 F.3d 155 (2d Cir. 2012) ..........................................................................................1, 5

*McCrae Assocs., LLC v. Universal Capital Mgmt., Inc.*,
   746 F. Supp. 2d 389 (D. Conn. 2010) ...............................................................................5

*Merck & Co. v. SmithKline Beecham Pharms. Co.*,
   No. 15443-NC, 1999 WL 669354 (Del. Ch. Aug. 5, 1999), *aff'd sub nom.
   SmithKline Beecham Pharms. Co., v. Merck & Co.*, 746 A.2d 277 (Del. 1999) ..............2

*Regeneron Pharms., Inc. v. Novartis Pharma AG*,
   96 F.4th 327 (2d Cir. 2024) ..............................................................................................4

*Schiff v. ZM Equity Partners, LLC*,
   No. 19cv4735, 2020 WL 5077712 (S.D.N.Y. Aug. 27, 2020) .........................................1

*Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*,
   2019 U.S. Dist. LEXIS 169560 (S.D.N.Y. Sept. 30, 2019) ..............................................4

*WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*,
    49 A.3d 1168 (Del. 2012) ..................................................................................................3

*WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*,
    No. 08C-11-132-JOH, 2011 WL 5314507 (Del. Super. Ct. Oct. 31, 2011),
    *aff'd*, 49 A.3d 1168 (Del. 2012)......................................................................................2

*Wellington Shields & Co. LLC v. Breakwater Inv. Mgmt. LLC*,
    No. 14-cv-7529 (RJS), 2016 WL 5414979 (S.D.N.Y. Mar. 18, 2016).......................................4

*Yookel, Inc. v. United States Steel Corp.*,
    No. 20-CV-4513 (KAM) (CLP), 2022 WL 542379 (E.D.N.Y. Feb. 23, 2022),
    *aff'd*, No. 22-655, 2023 WL 3033512 (2d Cir. Apr. 21, 2023)....................................................1

Pursuant to the Court's October 24, 2024 Order (Dkt. No. 191), Defendants GlassBridge Enterprises, Inc. ("GlassBridge"), Daniel Strauss and Francis Ruchalski (collectively, the "GlassBridge Parties") respectfully submit this supplemental brief in support of their motion for summary judgment on Plaintiff Cypress Holdings, III, L.P.'s ("Cypress") claims against them.[1]

## ARGUMENT

### I. Cypress Cannot Establish its Tortious Interference Claim Against GlassBridge

A cause of action for tortious interference under Delaware law[2] requires proof of: "'(1) a contract, (2) about which defendant knew, and (3) an intentional act that is a significant factor in causing the breach of such contract, (4) without justification, (5) which causes injury.'" *Schiff v. ZM Equity Partners, LLC*, No. 19cv4735, 2020 WL 5077712, at *11 (S.D.N.Y. Aug. 27, 2020) (quoting *Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 453 (Del. 2013)). Here, Cypress's tortious interference claim fails at every level because: (i) there was no breach of the February 28, 2019 Letter Agreement between Cypress, Sport-BLX, George Hall and Joseph De Perio (the "Side Agreement") since Defendants Hall and De Perio voted their shares in accordance with the agreement; (ii) the record lacks any evidence demonstrating that GlassBridge had actual

---

[1] The GlassBridge Parties join in the arguments made by all Defendants.

[2] "A federal court … adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." *Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012). Delaware law applies to Cypress's tortious interference claim (Count 8) because Delaware has a greater interest than any other state in resolving the issues in this litigation. As further explained in the Sport-BLX Parties' submission, Sport-BLX is a Delaware corporation, in which Cypress—a Delaware limited partnership—invested, and Cypress's tortious interference claim is primarily based upon Hall and De Perio (directors of a Delaware corporation) allegedly breaching their obligations under the Side Agreement due to actions taken by GlassBridge (a Delaware corporation). SUMF ¶¶ 112, 124-25, 128-29. Any harm that Cypress allegedly suffered as a result of GlassBridge's actions should be deemed to have occurred in Delaware, where Cypress was formed. *Yookel, Inc. v. United States Steel Corp.*, No. 20-CV-4513 (KAM) (CLP), 2022 WL 542379, at *4 (E.D.N.Y. Feb. 23, 2022), *aff'd*, No. 22-655, 2023 WL 3033512 (2d Cir. Apr. 21, 2023) (holding that tort occurred in company's state of incorporation and headquarters).

1

knowledge of the agreement and its terms; (iii) GlassBridge's actions were not the proximate cause of any compensable damage to Cypress; and (iv) GlassBridge's actions were justified in order to protect its investment in Sport-BLX.

### A. The Underlying Side Agreement Was Not Breached

Cypress's tortious interference claim against GlassBridge relies solely upon Section 2.A. of the Side Agreement, in which Hall and De Perio agreed "to vote, or cause to be voted, all shares of [Sport-BLX]'s capital stock owned by [them], or over which [they had] voting control, in favor of Salerno being elected to the Board," for as long as Cypress held at least 2.5% of the outstanding Sport-BLX stock. SUMF ¶ 128.[3] Hall and De Perio did so, and Cypress does not allege otherwise, which is fatal to its claim. SUMF ¶¶ 132-33. Because there was no "actual breach of contract," GlassBridge cannot be liable for tortious interference with the Side Agreement. *Beard Research, Inc. v. Kates*, 8 A.3d 573, 607 (Del. Ch. 2010), *aff'd sub nom. ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010).[4]

### B. Cypress Cannot Establish that GlassBridge Caused a Breach

"The third requirement has two parts: an intentional act and evidence that the act was a significant factor, *i.e.*, the proximate cause of the claimed damage." *Merck & Co. v. SmithKline Beecham Pharms. Co.*, No. 15443-NC, 1999 WL 669354, at *46 (Del. Ch. Aug. 5, 1999), *aff'd sub nom. SmithKline Beecham Pharms. Co., v. Merck & Co.*, 746 A.2d 277 (Del. 1999); *Encore Preakness, Inc. v. Chestnut Health & Rehab. Grp., Inc.*, No. N17C-03-1677 MAA, 2021 WL

---

[3] Citations to "SUMF" herein refer to Defendants' Local Rule 56.1 Statement of Material Undisputed Facts, submitted concurrently herewith.

[4] Cypress cannot establish the second element because there is nothing in the record that demonstrates GlassBridge's actual knowledge of the existence of the Side Agreement and its terms. *WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*, No. 08C-11-132-JOH, 2011 WL 5314507, at *41 (Del. Super. Ct. Oct. 31, 2011), *aff'd*, 49 A.3d 1168 (Del. 2012); SUMF ¶¶ 130-31.

3280484, at *4 (Del. Super. Ct. July 30, 2021) (summary judgment dismissal where, as here, "*nothing* direct or circumstantial that shows that any of the moving defendants' actions resulted in a breach of contract[.]"). Cypress cannot make this showing because, even if Hall and De Perio somehow breached the Side Agreement (which they did not), GlassBridge's actions were certainly not the proximate cause of any such breach. GlassBridge did not unilaterally cause Salerno's removal from Sport-BLX's board; the overwhelming majority of Sport-BLX's shares were not voted in Salerno's favor. *See* SUMF ¶¶ 47, 132-36. Because Cypress cannot establish any breach of the Side Agreement—much less that GlassBridge proximately caused any such breach—summary judgment should be granted.[5]

### C. GlassBridge Acted With Economic Justification

Delaware courts consider the following factors in determining if interference with another's contract "is improper or without justification"

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties.

*WaveDivision Holdings, LLC v. Highland Capital Mgmt., L.P.*, 49 A.3d 1168, 1174 (Del. 2012) (citing Section 767 of the Restatement (Second) of Torts). While Cypress alleges that GlassBridge interfered with the Side Agreement so as to ensure that Cypress's representative would not be elected to the Sport-BLX Board of Directors, the undisputed facts demonstrate exactly the opposite.

---

[5] Cypress also cannot establish any concrete damages from its loss of a board seat for the reasons detailed by the Sport-BLX Parties' Memorandum of Law at § III.B, p. 23-24.

3

GlassBridge obtained a significant economic interest in Sport-BLX over the first ten months of 2019 by purchasing shares of Sport-BLX (directly and through its subsidiaries) for more than $1.78 million, and making a $1,750,000 demand loan to Sport-BLX. SUMF ¶¶ 113-17. In December 2019, GlassBridge: (i) purchased additional shares of Sport-BLX stock from Hall and De Perio, (ii) proposed a slate of directors for consideration by Sport-BLX's shareholders at the December 23, 2019 Annual Meeting of Sport-BLX's Stockholders, and (iii) voted its own shares for the directors that it proposed. SUMF ¶¶ 118-27. None of GlassBridge's actions breached the Side Agreement (because there was no breach). Instead, GlassBridge acted in order to protect its own economic interests at all times. SUMF ¶¶ 34, 39-41, 58-62, 75-76, 121-24, 126-28, 134-36. Because there is no evidence in the record showing that GlassBridge acted with malice or illegality at any point, Cypress's claim fails.[6]

---

[6] The result would be the same under New York law, which requires proof of: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 96 F.4th 327, 343 (2d Cir. 2024). Cypress cannot demonstrate a breach, or that GlassBridge was the "but for" cause of any breach, and there is no evidence demonstrating that GlassBridge had actual knowledge of the Side Agreement and its terms. *See Cohane v. NCAA*, 612 F. App'x 41, 44-45 (2d Cir. 2015) ("Cohane fails to raise a genuine dispute as to whether that resignation contract was actually breached"); *Wellington Shields & Co. LLC v. Breakwater Inv. Mgmt. LLC*, No. 14-cv-7529 (RJS), 2016 WL 5414979, at *4 (S.D.N.Y. Mar. 18, 2016) (failure to "show that Defendants had actual knowledge of the terms of the contract and of the contractual obligation that was allegedly breached[.]"); *Conte v. Emmons*, 895 F.3d 168, 173 (2d Cir. 2018) (failure to establish that, "but for the defendants' actions, the third party would not have breached."). And, GlassBridge was justified in order to protect its pre-existing business relationship with Sport-BLX. *Variblend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*, 2019 U.S. Dist. LEXIS 169560, at *66 (S.D.N.Y. Sept. 30, 2019); *Hollings v. TransactTools, Inc.*, 128 F. App'x 820, 822 (2d Cir. 2005) (justification absent "showing of malice, illegality, or other wrongdoing").

4

## II. Cypress's Corporate Waste Claim Fails as a Matter of Fact and Law

To recover for corporate waste under Delaware law, [7] Cypress "must shoulder the burden of proving that the exchange was so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration." *Brehm v. Eisner (In re Walt Disney Co. Derivative Litig.)*, 906 A.2d 27, 74 (Del. 2006). "A claim of waste will arise only in the rare, unconscionable case where directors irrationally … give away corporate assets." *Id.*

Here, as detailed by the Sport-BLX Parties, Cypress failed to produce any expert testimony regarding the software's value, which is fatal to its claim of inadequate consideration. *See McCrae Assocs., LLC v. Universal Capital Mgmt., Inc.*, 746 F. Supp. 2d 389, 401 (D. Conn. 2010) (summary judgment on Delaware law waste claim where plaintiff failed "to produce evidence that could support a conclusion that corporate assets have been wasted"); SUMF ¶ 87. Cypress's claim is also belied by the undisputed evidence demonstrating that there was no waste including the (i) only expert valuation of the software in the record, from Dr. Eslamimehr, which determined that the software was sold for a fair price given the software code quality and the wide availability of free platforms; and (ii) evidence demonstrating that the Sport-BLX board agreed to the sale price after extensive deliberation. SUMF ¶¶ 62-63, 72-74, 76-77, 79-84, 86-87. Defendants Strauss and Ruchalski were thus entitled to rely upon the Sport-BLX board's exercise of its business judgment. *See Benihana of Tokyo, Inc. v. Benihana, Inc.*, 906 A.2d 114, 122 (Del. 2006) (affirming application of business judgment rule).

## **CONCLUSION**

Accordingly, the GlassBridge Parties' motion should be granted in the entirety.

---

[7] Under New York choice of law principles, *see Licci*, 672 F.3d at 157, the law of the state of incorporation (here, Delaware) governs an allegation of corporate waste (Count 18). *Lemond v. Manzulli*, No. 05 Civ. 2222 (ILG), 2009 WL 1269840, at *4 (E.D.N.Y. Feb. 9, 2009).

Dated: New York, New York
December 4, 2024

Respectfully Submitted,

LOEB & LOEB LLP

By: <u>*/s/ Christian D. Carbone*</u>
   Christian D. Carbone (ccarbone@loeb.com)
   David A. Forrest (dforrest@loeb.com)
   345 Park Avenue
   New York, New York 10154
   (212) 407-4000

*Attorneys for Defendants GlassBridge Enterprises Inc., Daniel Strauss and Francis Ruchalski*

240443062