

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

Via ECF
January 22, 2025

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243
     *SPORT-BLX, Inc. v. Salerno et al.*, No. 22-cv-08111

Dear Judge Schofield:

    We represent Defendants Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez, and Christopher Johnson (collectively, the "Sport-BLX Parties") in the first above-referenced action, and plaintiff Sport-BLX in the second-above referenced action. We write, pursuant to Your Honor's Individual Rule I.D., the S.D.N.Y. Standing Order on Sealing (21-mc-13), and § 6 of the S.D.N.Y. ECF Rules and Instructions, to respectfully request leave (i) to electronically file Exhibits 86, 88, 89 to the Declaration of Wylie Stecklow in Further Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment (the "Stecklow Declaration") under seal; (ii) to file the same Stecklow Exhibits 86, 88, 89 (media exhibits) in sealed hard-copy with the SDNY Open Records Clerks (and upload to the Court via link); and (iii) to file both redacted (public) and sealed versions of Defendants' Local Rule 56.1 Opposition Statement of Undisputed Material Facts and Memorandum of Law.

    Although "[t]he 'common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." *In re B&C KB Holding GmbH*, No. 22-mc-180 (LAK) (VF), 2023 U.S. Dist. LEXIS 27090, at *3 (S.D.N.Y. Feb. 14, 2023) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts in this District routinely permit parties to seal "commercially sensitive information in order to protect confidential business and financial information." *Id.* (collecting cases). These cases apply with equal force here.

    Here, the Confidential documents were exchanged in discovery by Cypress and were marked as "Confidential - Subject to Protective Order." The public has no legitimate interest in the confidential documents, which concern purely non-public sensitive business and financial information about the parties including Schedules K-1 and investment summaries for various investors in Cypress Holdings, III, L.P. ("Cypress"); recordings of board meetings and phone calls; Sport-BLX investment terms; confidential board minutes; and correspondence regarding business transactions.

Accordingly, Defendants respectfully request that access to the Confidential Exhibits be restricted to counsel for Cypress Holdings, III, L.P; Sport-BLX, Inc.; Glassbridge Enterprises, Inc.; George Hall; Joseph De Perio; Clinton Group, Inc.; Sport-BLX Securities, Inc.; Cesar Baez; Christopher Johnson; Francis Ruchalski; Daniel Strauss; Michael M Salerno; and Northeast Professional Planning Group, Inc. We thank the Court for its attention to this matter.

Respectfully,

*[signature]*

Wylie M. Stecklow

cc: All counsel of record (via ECF)