

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

Via ECF
March 12, 2025

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243
       *SPORT-BLX, Inc. v. Salerno et al.*, No. 22-cv-08111

Dear Judge Schofield:

      We represent Defendants Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez, and Christopher Johnson (collectively, the "Sport-BLX Parties") in the first above-referenced action, and plaintiff Sport-BLX in the second-above referenced action. We write, pursuant to Your Honor's Individual Rule I.D., the S.D.N.Y. Standing Order on Sealing (21-mc-13), and § 6 of the S.D.N.Y. ECF Rules and Instructions, to respectfully request leave (i) to electronically file both a redacted (public) and sealed version of Exhibits A and B to the Pre-Motion letter concerning an anticipated Motion for Rule 11 Sanctions (the "Avins letter") under seal; (ii) and to file both a redacted (public) and sealed version of the Avins letter.

      Although "[t]he 'common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." *In re B&C KB Holding GmbH*, No. 22-mc-180 (LAK) (VF), 2023 U.S. Dist. LEXIS 27090, at *3 (S.D.N.Y. Feb. 14, 2023) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts in this District routinely permit parties to seal "commercially sensitive information in order to protect confidential business and financial information." *Id.* (collecting cases). These cases apply with equal force here.

      Here, the Confidential documents were exchanged in discovery by Cypress and were marked as "Confidential - Subject to Protective Order." The public has no legitimate interest in the confidential documents, which concern purely non-public sensitive business and financial information about the parties including Schedules K-1 and investment summaries for various investors in Plaintiff Cypress Holdings, III, L.P. ("Cypress"); recordings of board meetings and phone calls; Sport-BLX investment terms; confidential board minutes; and correspondence regarding business transactions.

      Accordingly, Defendants respectfully request that access to the Confidential Exhibits be restricted to counsel for Cypress Holdings, III, L.P ; Sport-BLX, Inc.; Glassbridge Enterprises, Inc.; George Hall; Joseph De Perio; Clinton Group, Inc.; Sport-

BLX Securities, Inc.; Cesar Baez; Christopher Johnson; Francis Ruchalski; Daniel Strauss; Michael M Salerno; Northeast Professional Planning Group, Inc. We thank the Court for its attention to this matter.

Respectfully,

Wylie M. Stecklow

cc: All counsel of record (via ECF)

APPENDIX (Pursuant to Individual Rules 1(D)(3)

These documents should be available to all parties in the action:

| Party | Counsel |
|---|---|
| Cypress Holdings, III, L.P. | Alexander Dudelson, Julian White |
| Sport-BLX, Inc., Sport-BLX Securities, George Hall, Clinton Group Inc., Cesar Baez, Chris Johnson, | Ed Spiro, Jon Sack, Jon Avins, Joe Klemme, Remy Green, Wylie Stecklow |
| Glassbridge Enterprises, Inc., Francis Ruchalski, Daniel Strauss | Chris Carbone, David Forrest |
| Joseph Deperio | David Gold |