

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

January 27, 2025

**BY E-MAIL AND FIRST CLASS MAIL**
Alexander M. Dudelson, Esq.
26 Court Street – Suite 2306
Brooklyn, New York 11242

    Re:    *Cypress Holdings, III, L.P. v. Hall*, No. 22-cv-1243 (LGS)
              *Sport-BLX v. Salerno, et al*, 22-cv-08111 (LGS)

Mr. Dudelson:

       As you are aware, I represent Sport-BLX, Inc., Sport-BLX Securities Inc., Clinton Group, Inc., George Hall, Joseph Deperio, Christopher Johnson and Cesar Baez (together, "my clients") in the above-referenced action. I write today pursuant to Federal Rule of Civil Procedure R. 11(c)(2). This letter is the 21-day Safe Harbor Notice which Rule 11 requires prior to my clients filing, as they currently intend, a motion seeking monetary sanctions under Rules 11(c)(1, 2, and 4) against Cypress Michael Salerno (together, "your clients") and/or against your office.

       As you are aware, Fed.R.Civ.Pr. 11(b) is entitled "**Representations to the Court**" and states, as applicable and relevant here, that:

"By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
[…]
(3) the factual contentions have evidentiary support . . .; and
(4) the denials of factual contentions are warranted on the evidence. . . ."

       Numerous knowingly and plainly false representations which have been presented to the Court in your clients' combined motion for summary judgment and opposition to my clients' motion for summary judgment (Docket Nos. 218 [Cypress Brief] & 219 [Cypress R. 56.1 Counterstatement) violate Rules 11(b)(3-4). For example:

- The Cypress R. 56.1 Counterstatement represents to the Court that "Salerno did agree to disclose the beneficial ownership information in December 2019." [Dkt. 219, at ¶¶ 24, 28, 31, and 34.] The Cypress Brief represents to the Court that Cypress agreed to disclose that information "directly to Sport-BLX in December 2019." [Dkt. 218 at 11.]

Alexander M. Dudelson
January 27, 2025
Page 2

> **Proving that this representation to the Court was knowingly false**, the evidence includes Salerno's audio-recorded statement made over a year later specifically confirming that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (CYPRESS00000004, at 16:00-17:50).

- The Cypress Brief represents to the Court that "From the 2020 10-K," which was published on April 20, 2020, "Cypress learned of the success fee paid to Clinton Group rather than Sport-BLX for the Orix transaction." [Dkt. 218 at 12.]
  > **Proving that this representation to the Court was knowingly false**, the evidence includes Salerno's audio-recorded statement made on November 26, 2019 in which he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CYPRESS00000002, at 1:29:15 to 1:29:33; 1:31:20 to 1:31:39; 1:35:15 to 1:35:40; 2:07:06 to 2:08:06).

- The Cypress Brief represents to the Court that your clients' damages include "the diversion of the "$3,983,000 success fee to Hall's Clinton Group." [Dkt. 218 at 16.]
  > **Proving that this representation to the Court was knowingly false**, Glassbridge's 2019 10-K, a partial copy of which you submitted as Exhibit 12, specifies that $1,348,385 of that fee was for Clinton Group's work negotiating a settlement agreement with PBGC on behalf of Glassbridge. (See Dudelson Exh. 12A). Further, you claim that $1,348,385 as damages despite your explicit admission that "Negotiation of Settlement Agreements with PBGC on behalf of third parties had no relation to Sport-BLX, Inc.'s business plan or operations." [Dkt. 219, ¶ 98.]

- The Cypress R. 56.1 Counterstatement represents to the Court that "The due diligence materials do not state [Sport-BLX's] revenue would be generated exclusively from its activities as a broker dealer." [Dkt 218, ¶ 12 (your emphasis).]
  > **Proving that this representation to the Court was knowingly false**, the due diligence materials cited, quoted, and submitted as an Exhibit by my clients show 100% of the Company's revenue was to be generated by the broker dealer operation - specifically from "Issuing Revenue" and "Trading Revenue." Our moving 56.1 Statement directed you to the specific Excel spreadsheet cells in which the *pro forma* financials show 100% of revenue was to be earned from broker/dealer operations.

- The Cypress Brief represents to the Court that Cypress "paid for an illegal sublease to Hall's Clinton Group." [Dkt. 218 at 21.]
  - **Proving that this representation to the Court was knowingly false**, the brief makes that argument despite Cypress' admission that "Overlease provision 13.1(b) specifies that no consent by the Landlord is required for the Tenant to sublet the

2

Alexander M. Dudelson
January 27, 2025
Page 3

        space at 510 Madison Avenue to an Affiliate provided that the sublet does not result in a physical demise of separate space" [Dkt. 219, ¶ 111.]

        To be clear, the examples above are not exclusive. The Cypress Brief and Cypress R. 56.1 Counterstatement are rife with representations to the Court that are knowingly false. My clients' combined Opposition and Reply 56.1 Statement and Brief [Dkt. Nos. 233 and 234, respectively] show the knowing falsity of numerous of those representations to the Court. I incorporate herein the showings made in those filings.

        Please be advised that unless each knowingly false "contention, or denial" contained in your 56.1 Counterstatement and brief "is withdrawn or appropriately corrected" within 21 days of the date of this letter, my clients will thereafter move the Court under R.11(c)(4) for for a sanction, including the striking of the pleading, and "an order directing payment to [my clients] of part or all of the reasonable attorney's fees and other expenses" resulting from these knowingly false representations.

                                                                Govern yourself accordingly,

                                                                /s/

                                                                Wylie Stecklow