

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St. 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

March 6, 2025

**BY ECF**
The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Sport-BLX, Inc. v. Michael Salerno and Cypress Holdings, III, L.P.*,
           No. 1:22-cv-0811 (LGS);
           Related case: *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)

Dear Judge Schofield:

    We represent Sport-BLX, Inc. ("Sport-BLX"), individually and derivatively on behalf of its stockholders, in the above-referenced action, and, as relevant here, Defendants Sport-BLX, Sport-BLX Securities, Inc. ("SportBLX Securities"), Clinton Group, Inc. ("Clinton Group"), and George Hall (collectively, the "Sport-BLX Parties"), in related case 1:22-cv-1243 (LGS).

    Pursuant to Section III(A)(1) of Your Honor's Individual Rules and Procedures, I briefly write today to request a pre-motion conference in anticipation of bringing a motion pursuant to Federal Rule of Civil Procedure R. 11(b) against Michael Salerno, Cypress Holdings, III, L.P. (the "Salerno/Cypress parties") and those parties' counsel, the Law Offices of Alexander M. Dudelson, seeking the imposition of sanctions and an award of attorneys' fees.

    The parties recently submitted consolidated summary judgment motions addressing the claims and issues in both cases. On December 4, 2024, the Sport-BLX Parties filed a detailed Local Rule 56.1 Statement (Dkt. 208) and, with the Court's permission, eighty-five Exhibits, including audio recordings of many of the central events at issue in both matters. Briefing was completed on February 5, 2025, with the Salerno/Cypress Parties' filing of Reply submissions. (Dkt. 242.)

    In their Opposition submissions (Dkts. 216 & 218), the Salerno/Cypress Parties' made several material, factual contentions and denials that have no evidentiary support and are inarguably controverted by competent record evidence, as further discussed below. In response, on January 27, 2025, the Sport-BLX Parties served on Plaintiffs a detailed 21-day Rule 11 safe harbor letter addressing five of those false factual contentions. (Exh. A). The Salerno/Cypress Reply submissions maintained the baseless factual contentions addressed in the safe harbor letter, and made new arguments and factual contentions that lack any evidentiary support. On February 4 and again on February 12, 2025, (Exh. B) the Sport-BLX Parties served on Plaintiffs draft versions of their contemplated motion addressing specific, unsupported, false factual contentions and denials.

Hon. Lorna G. Schofield
October 8, 2024
Page 2

On March 4, 2025, the Salerno/Cypress Parties responded, conceding that one of the contentions addressed in the attached draft motion is indefensible and stating that they are "willing to withdraw" it. (Exh. C.) However, they assert that having made "a thorough review of the specific allegations of false representations" presented below, they "view the remainder of [those] allegations to be without merit."

*Legal and Other Grounds for the Motion*

Where factual contentions and denials presented to the Court are inarguably not supported by evidence, as here, a submission violates Rule 11(b). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir.2012) (internal quotation marks omitted). Where factual contentions are "utterly lacking in support," sanctions are warranted. *StreetEasy, Inc. v Chertok*, 752 F3d 298, 307 (2d Cir 2014).

The Sport-BLX Parties anticipate moving on many unsupported contentions (*see*, Exh. B) and in accordance with your Honor's Rule III(A)(1) cannot review each here. Below are two examples.

First, in their Opposition Memo of Law the Salerno/Cypress Parties represent that "Cypress learned of [a] success fee paid to Clinton Group rather than Sport-BLX for the Orix transaction" in or after April 2020 "from the 2020 10-K" that was published on April 20, 2020. [Dkt. 218 at 12.] This unsupported, knowingly false factual contention is the sole remaining basis on which the Cypress/Salerno Parties argue that their Rule 10-b5 fraud claim should not be dismissed as untimely.

However, Salerno is heard on the audio-recorded statement he made on November 26, 2019 questioning Mr. Hall closely ████████████████████████████████████████████ (Dkt. 209-22, [Stecklow Exh. 23], at 1:29:15 to 1:29:33; 1:31:20 to 1:31:39; 1:35:15 to 1:35:40; 2:07:06 to 2:08:06). The 8-K to which the Court can hear Salerno refer at the November 26, 2019 board meeting specifies, under the bold header "Transaction Fee to Clinton Group," that Clinton Group received "a success fee . . . equal to 15% of the Cash Consideration for its work on the Orix Transaction" – *i.e.*, the allegedly "diverted" fee of which the Salerno/Cypress Parties claim ignorance until April 2020. (Dkt. 226-1 [Stecklow Exh. 61-A].) Defendants submitted no evidence at all that conceivably supports their assertion.

Second, the Cypress/Salerno 56.1 parties represent to the Court that "Salerno did agree to disclose [Cypress'] beneficial ownership information in December 2019." [Dkt. 219, at ¶¶ 24, 28, 31, 34, and 76.] This is the crucial material fact on the claim against Mr. Salerno for his breach of the fiduciary duty of loyalty. The Cypress/Salerno Memo of Law likewise represents to the Court that Cypress agreed to disclose that information "directly to Sport-BLX in December 2019." [Dkt. 218 at 11.]

Hon. Lorna G. Schofield
October 8, 2024
Page 3

However, Salerno's audio-recorded statements in 2021 specifically confirm that ▮▮▮▮ (Dkt. 226-3 [Stecklow Exh. 86], at 16:00-17:50). The Court can hear Salerno state, in January 2021, that ▮▮▮▮ (Dkt. 233, ¶¶ 142, 143, citing Dkt. 226-3, at 16:00-17:50.) The Court can hear Salerno continue to insist in 2021 that ▮▮▮▮ Id. The Cypress/Salerno parties' continued contention that "Salerno did agree to disclose the beneficial owners of Cypress directly to the company in December of 2019" in the face of this patently dispositive evidence is frivolous under Rule 11 and should be sanctioned.

In plain English, the Salerno/Cypress Parties submissions rely on patent falsehoods that are dispositively disproven by audio recordings made by Salerno. The violations of Rule 11 are patent and egregious. None are ambiguous. None could possibly have been made by any attorney who conducted a reasonable inquiry. The Second Circuit has repeatedly emphasized that Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *AJ Energy LLC v Woori Bank*, 829 Fed Appx 533, 535 [2d Cir 2020] citing *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (quotation marks omitted).

In light of the above and of the further evidentiary showings made in the attached draft motion, the Sport-BLX Parties respectfully request that the Court schedule a pre-motion conference on March 17, 2025 to discuss their anticipated motion seeking the imposition of sanctions, and an award of attorneys' fees, against the Salerno/Cypress Parties and their counsel.

Respectfully submitted,

/s/

Jon Avins