LAW OFFICES OF

# ALEXANDER M. DUDELSON

ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100   FAX (718) 624-9552

OF COUNSEL
LOUIS R. ROSENTHAL
GEORGE H. VALLARIO, JR.
YEHUDA FARKAS
FABIAN G. PALOMINO
(1924 - 2014)

March 14, 2025

Hon. Lorna Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Cypress Holdings, III, LLP v. George Hall, et al.*
             <u>Case No.: 22-cv-01243 (LGS)</u>

Your Honor:

    I am the attorney for plaintiff Cypress Holdings, III, L.P. ("Cypress"), and Michael Salerno ("Salerno"), in related case 1:22-cv-0811 (LGS). Please accept this letter as a response to the defendants' pre-motion letter, which anticipates a motion pursuant to Federal Rule of Civil Procedure R. 11(b) against Michael Salerno, Cypress Holdings, III, L.P., and the undersigned, seeking the imposition of sanctions and an award of attorneys' fees.

    Under Rule 11, "[s]anctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." <u>Ipcon Collections LLC v. Costco Wholesale Corp.</u>, 698 F.3d 58, 63 (2d Cir. 2012) *citing* Fed. R. Civ. Proc. 11(b)-(c). The Supreme Court has stated that Rule 11 "must be read in light of concerns that it will. . . chill vigorous advocacy." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990). "Sanctions should be imposed only where it is patently clear that a claim has absolutely no chance of success." <u>Lee v. Grand Sichuan E. (N.Y.) Inc.</u>, No. 12-CV-08652 (SN), 2014 WL 199512, at *1 (S.D.N.Y. Jan. 17, 2014) (internal quotation marks and citation omitted). Generally, "liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 579 F.3d 143, 150–51 (2d Cir. 2009). In performing a Rule 11 analysis, the Court determines "a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." <u>Rates Tech., Inc. v. Mediatrix Telecom, Inc.</u>, No. CV 05-2755, 2007 WL 2021905, at *3 (E.D.N.Y. Mar. 16, 2007) at *3 *citing* <u>Cooter</u>, <u>supra</u> at 396).

    The evidence in the record gave plaintiff's counsel an objectively reasonable basis to make the arguments set forth in the Rule 56.1 counterstatement and the respective briefs. Many of the Sport-BLX parties contentions in their pre-motion letter were directly addressed in Cypress Holdings, III, L.P. and Michael Salerno's Reply Brief in further support of their Cross-Motion for

-1-

Summary Judgment (Dkt. 242). The pre-motion letter and its attachments is really styled as an opposition to the cross-motion for summary judgment and reply to the response to the motion for summary judgment. A Rule 11 motion is an improper mechanism for arguing the merits of a party's position. Lee, supra at *3 ("Nor should Rule 11 motions be prepared to emphasize the merits of a party's position." *citing* Rule 11 Advisory Committee Note); see also Kara Holding Corp. v. Getty Petroleum Mktg., Inc., 99 Civ. 0275, 2004 WL 1811427, at *22 (S.D.N.Y. Aug. 12, 2004) (disregarding arguments in a Rule 11 motion that pertained to the merits of a summary judgment motion). Further, the Second Circuit has noted that "[a] firmly held conviction of the correctness of one's position does not authorize collateral attack on an opponent's legal arguments by resort to Rule 11. To hold otherwise would be to condone wasteful motion practice as well as invite responsive cross-motions for sanctions." On Time Aviation, Inc., 570 F. Supp. 2d 328, 332 (D. Conn. 2008), *affirmed* 354 Fed. App'x 448, 451 (2d Cir. 2009). "Thus, 'the imposition of sanctions is an issue collateral to and independent from the underlying case,' as sanctions decisions are 'not a judgment on the merits of an action.'" Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 2000) *quoting* Cooter, supra at 395-96.

After reviewing the "safe harbor" letter, we advised counsel for the Sport-BLX parties that we were in agreement that the success fee set forth in "Third" of the Rule 11 brief should be modified from $3,983,000.00 to $2,634,615.00. However, all of the other 56.1 statements are objectively reasonable and supported:

First: Disclosure of Cypress beneficial owners directly to the company in December 2019, is supported by a December 11, 2019 email from Salerno's attorney, Grace Mack, to Sport-BLX attorney; separate emails to Hall and Deperio referenced in the Reply Brief; and Salerno's deposition testimony at pages 88-90.

Second: There is no dispute that Salerno first learned of Orix transaction in October 1, 2019 8-K, but the subsequent 10-Ks filed later expand on the disclosure, specifically with regard its connection with a sport related fund. Hall induced Salerno's investment with the promise of a sports related fund and related success fees, but afterwards continually denied the existence of any fund or fund related success fees. The success fee is only relevant if associated with a Sports Related Fund. Later, it was discovered that it was related to Sport Related Fund wholly owned by Hall.

Third: Numbers resolved as indicated above.

Fourth: As discussed in plaintiffs' Reply (Dkt. 242, page 3), the spreadsheet cited by Sport-BLX as evidence shows several categories of revenue in addition to broker dealer revenue. In the tab labeled "Detailed P&L," broker dealer revenue is specifically categorized as "BD Revenue" and "BD." The detailed P&L also lists additional categories of revenue such as "SportBLX," "Partner Revenue" and "Other Revenue," demonstrating that the revenue was not exclusively broker dealer. See Stecklow Decl. Ex. 31, SPORTBLX00023177, Tab: Detailed P&L, rows 14-24.

Fifth: Salerno stated that he downloaded the due diligence materials. He never stated that

he "printed" them.

Sixth: Although Landlord consent may have not been required, the overlease had other requirements to sublease which Sport-BLX did not adhere to. Clinton Group did not comply with the terms of the 13.1 of the overlease:

> *provided that: (i) a copy of any applicable instrument of assignment or sublease shall have been delivered to Landlord at least ten (10) days prior to the effective date of any such transaction, (ii) the successor to Tenant agrees directly with Landlord, by written instrument in form reasonably satisfactory to Landlord, to be bound by all the obligations of Tenant hereunder. . .*

Seventh: Counterstatement response to paragraph 61 provides citations and reasoning for the response.

Eighth: Consideration was $225,000.00 for the Sport-BLX software as explained in plaintiff's Reply. Hall's self-serving deposition testimony to the contrary does not make it an undisputed fact.

Ninth: It was represented to Salerno that transactions, such as Orix, would lead to success fees for Sport-BLX. Per Salerno, it was orally represented to him the Sport-BLX would pursue Sports related funds and corresponding success fees. Plaintiff's citation in counterstatement 103 shows Hall's acknowledgment of this representation by stating that he was unsuccessful in raising money for a fund (as opposed to denying that he made the representation to Salerno). This was also argued in plaintiff's reply brief. Also, it was later learned in 2020 and 202110-Ks that Hall did establish a fund.

Tenth: Whether there were 14 or 16 investors has absolutely no bearing on the claims and defenses in this proceeding. Salerno contends at the time of the investment, there were 14 investors.

In essence, defendants' argues that plaintiff's inconsistent recitation of the facts is misleading and deceptive. However, plaintiff is entitled to assert his theory of the case and the facts he sees which support that theory, even when doing so results in competing interpretations of the material facts. Plaintiff and counsel have not "abused" the judicial process by advancing their interpretations of what happened in this case.

Thank you for your consideration.

Very truly yours,

*Alexander Dudelson*

Alexander M. Dudelson

**Via ECF:** All parties