UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CYPRESS HOLDINGS, III, L.P.,                            :
                                                        :
                             Plaintiff,   :   22 Civ. 1243 (LGS)
                                                        :
            -against-                            :   22 Civ. 08111 (LGS)
                                                        :
SPORT-BLX, INC., et al.,                                :   **ORDER**
                                                        :
                             Defendant.   :
------------------------------------------------------------:
                                                        X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Defendants Sport-BLX, Inc., Sport-BLX Securities, Inc., Clinton Group, Inc., George Hall, Cesar Baez, and Christopher Johnson (collectively, the "Sport-BLX Parties" or "Defendants") have filed motions to seal at Dkt. Nos. 211, 224, 244 and 247 in case number 22 Civ. 1243.[1] All motions pertain to documents filed in connection with the parties' motions for summary judgment and the Sport-BLX Parties' motion for Rule 11 sanctions. For the reasons below, the motions to seal are denied without prejudice to renewal.

**Background**

      WHEREAS, the Sport-BLX Parties filed four separate motions to seal. On December 4, 2024, Defendants moved to (i) seal Exhibits 4, 9, 11, 16, 18, 23, 39, 40, 45, 46 and 47 to the Declaration of Wylie Stecklow in Support of Defendants' Motion for Summary Judgment ("Stecklow Declaration 1"); (ii) seal Exhibits 9 and 23 (media exhibits) to Stecklow Declaration 1 and (iii) file both redacted and sealed versions of Defendants' Local Rule 56.1 Statement of Undisputed Material Facts and Memorandum of Law. *See* Dkt. No. 211 (relevant documents filed at Dkt. Nos. 212, 213, 214).

---

[1] All docket cites are to 22cv1243 unless otherwise noted.

WHEREAS, on January 22, 2025, Defendants moved to (i) seal Exhibits 86, 88, 89 to the Declaration of Wylie Stecklow in Further Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment ("Stecklow Declaration 2"); (ii) seal Exhibits 86, 88, 89 (media exhibits) to Stecklow Declaration 2 and (iii) file both redacted and sealed versions of Defendants' Local Rule 56.1 Opposition Statement of Undisputed Material Facts and Memorandum of Law.  *See* Dkt. No. 224 (relevant documents filed at Dkt. Nos. 231-32).

WHEREAS, on March 5, 2025, Defendants moved to file (i) both a redacted and sealed version of Defendants' Pre-Motion letter concerning an anticipated Motion for Rule 11 Sanctions (the "Sanctions Letter") and (ii) both a redacted and sealed version of Exhibits A and B to the Sanctions Letter.  *See* Dkt. No. f244 (relevant document filed at Dkt. No. 245). Defendants filed an amended motion on March 12, 2025, requesting the same relief.  *See* Dkt. 247.

WHEREAS, other than the documents each motion seeks to seal, all motions are identical.  Cypress Holdings, III, L.P. and Michael Salerno (the "Cypress Parties") responded to the substance of Defendants' Sanctions Letter, but did not file a response to any of Defendants' sealing motions.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[2] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, for the first step of the inquiry, documents submitted to a court to consider a dispositive motion are, as a matter of law, judicial documents to which a strong presumption of public access attaches. *See Brown v. Maxwell*, 929 F.3d 41, 47, 50 (2d Cir. 2019); *Pall Corp. v. 3M Purification Inc.*, 764 F. Supp. 2d 478, 479 (E.D.N.Y. 2011) ("Where the information gained during discovery is offered in support of or opposition to a dispositive motion though, a qualified right of public access exists."). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

*Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the party moving to place documents under seal bears the burden of showing that higher values overcome the presumption of public access. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *New York City Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 CIV. 1123, 2025 WL 429714 at *1 (S.D.N.Y. Feb. 6, 2025). Examples of "higher values" include protecting attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel*, 2021 WL 1541385, at *3.

**Discussion**

WHEREAS, all documents at issue are judicial documents. They include summary judgment briefing and related exhibits, as well as a pre-motion letter seeking Rule 11 sanctions and accompanying exhibits. These documents thus carry a strong presumption of public access, which is rebuttable only with specific, on-the-record findings that closure is essential to preserve higher values. *See Brown*, 929 F.3d at 47, 50; *Pall Corp.*, 764 F. Supp. 2d at 479; *Lugosch*, 435 F.3d at 120. The moving party must therefore "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011).

WHEREAS, Defendants fail to meet this burden. First, Defendants' four motions -- which are essentially identical -- rely on the same argument to justify sealing:

> Here, the Confidential documents were exchanged in discovery by Cypress and were marked as "Confidential - Subject to Protective Order." The public has no legitimate interest in the confidential documents, which concern purely non-public sensitive business and financial information about the parties including

4

> Schedules K-l and investment summaries for various investors in Plaintiff Cypress Holdings, III, L.P. ("Cypress"); recordings of board meetings and phone calls; Sport-BLX investment terms; confidential board minutes; and correspondence regarding business transactions.

But the mere fact that a document was marked "confidential" during discovery does not establish that sealing is required. *See Lugosch*, 435 F.3d at 126; *accord Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019). "To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden." *Syntel*, 2021 WL 1541385, at *2. Defendants' boilerplate justification, without providing any information about the specific documents at issue or the harm unsealing would engender, amounts to "broad allegations of harm unsubstantiated by specific examples or articulated reasoning" and fails to satisfy their burden. *Lytle*, 810 F. Supp. 2d at 630.

WHEREAS, Defendants' singular citation is also unavailing. *In re B&C KB Holding GmbH*, as the opinion explains, granted sealing because the relevant documents (1) were key in a pending confidential arbitration; (2) reflected sensitive, non-public financial and business information related to that arbitration; (3) contained identifying information of specific individuals based in Europe in confidential or non-public proceedings; and (4) implicated the privacy interests of third parties and concern unadjudicated allegations of wrongdoing. No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). Defendants made no effort to explain how any of these harms apply to the instant documents beyond stating the documents concern "non-public sensitive business and financial information about the parties." For the foregoing reasons, it is hereby

**ORDERED** that the motions at Dkt. Nos. 211, 224, 244 and 247 are **DENIED** without prejudice to renewal.  Renewed motions to seal must be filed by **August 27, 2025**.  Should no party file motions to seal by August 27, 2025, the Court will direct the Clerk to unseal the relevant docket entries thereafter.  The parties are reminded that wholesale sealing is improper when specific confidential information can be redacted.

The Clerk of the Court is respectfully directed to close the motions at Dkt. Nos. 211, 224, 244 and 247; and to docket this Order in both cases.

Dated: August 20, 2025
       New York, New York

                                        _____
                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**