UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.

                           Plaintiff,

v.                              Civil Action No. 1:22-cv-1243-LGS

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR
BAEZ, CHRISTOPHER JOHNSON, SPORT-
BLX, INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP INC., and GLASSBRIDGE
ENTERPRISES, INC.,

                           Defendants.

------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF DISMISSED COUNTS AS PROOF OF COUNT TWO (MIL NO. 1)**

Defendants George Hall ("Hall"), Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("S-BLX Securities") and Clinton Group, Inc. ("Clinton Group" and collectively with Mr. Hall, Sport-BLX, and S-BLX Securities, the "Defendants") respectfully submit the following motion *in limine,* which seeks an order precluding, under Fed. R. Evid. 401 and 403, any argument or evidence that conflicts with the Court's prior Rule 23 and summary judgment orders on Count Two of the Second Amended Complaint. Those rulings significantly narrowed the claims remaining against the Defendants. Argument or evidence concerning dismissed counts is irrelevant to the issues to be tried, risks confusing the jury, and would unfairly prejudice the Defendants. It should be excluded.

# TABLE OF AUTHORITIES

**Cases**                                         **Page(s)**

*Gorbea v. Verizon New York, Inc.*,
  No. 11-CV-3758 KAM LB, 2014 WL 2916964 (E.D.N.Y. June 25, 2014) ................................ 6

*Jean-Laurent v. Hennessy*,
  840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...................................................................................... 2

*Luce v. United States*,
  69 U.S. 38 (1984) ...................................................................................................................... 2

*Okeke v. New York & Presbyterian Hosp.*,
  No. 16-CV-570 (CM), 2017 U.S. Dist. LEXIS 87449 (S.D.N.Y. June 6, 2017) ....................... 6

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996) ........................................................................................................ 2

*United States v. Gramin*,
  939 F.3d 429, 450 (2d Cir. 2019) .............................................................................................. 3

*United States v. Malka*,
  602 F. Supp. 3d 510 (S.D.N.Y. 2022) ....................................................................................... 3

*United States v. Paredes*,
  176 F. Supp. 2d 179 (S.D.N.Y. 2001) ....................................................................................... 2

**Rules**

Fed. R. Evid. 401 ............................................................................................................... 1, 3, 5, 6

Fed. R. Evid. 403 ....................................................................................................................... 1

## MOTION *IN LIMINE* 1

### STANDARD

District courts possess broad inherent authority to manage the course of trial, including resolving evidentiary issues in advance to streamline proceedings and avoid undue interruption. *See Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). Pretrial rulings on the admissibility and relevance of anticipated proof promote an efficient, orderly presentation of evidence and spare the jury from lengthy side-bar disputes. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011); *accord Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Where, as here, the challenged evidence is clearly inadmissible on all potential grounds, exclusion *in limine* is warranted. *See United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *United States v. Gramin*, 939 F.3d 429, 450 (2d Cir. 2019) (quoting Fed. R. Evid. 401). Evidence that does not bear on a charged violation should be excluded. *See id*. Even marginally relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. *United States v. Malka*, 602 F. Supp. 3d 510, 526-27 (S.D.N.Y. 2022) (internal citations omitted); *see* Fed. R. Evid. 403.

### ARGUMENT

The vast majority of Cypress' allegations against Defendants have been dismissed or resolved through summary judgment. Now, only three Counts remain: Count Two, alleging breach of the implied covenant of good faith and fair dealing based on Mr. Hall and Mr. De Perio's alleged use of stock transfers to GlassBridge to evade the Side Agreement and eliminate Cypress' board

seat; Count Eight, alleging that GlassBridge tortiously interfered with Cypress's board seat by orchestrating share purchases and advancing its own director slate; and Count Twelve against S-BLX Securities and Clinton Group, for allegedly aiding and abetting Mr. Hall and Mr. De Perio's breach of fiduciary duty to Cypress (though, the underlying breach claim in Count 5 was dismissed).

The Court granted summary judgment on Cypress's misrepresentation claims—Count One (federal securities fraud), Count Three (fraudulent inducement), and Count Four (negligent misrepresentation)—against Mr. Hall, Mr. De Perio, and Sport-BLX. (Dkt. No. 252 at 22.) These claims arose from allegations that Mr. Hall and Mr. De Perio, acting on behalf of Sport-BLX, made material misrepresentations and omissions to induce Cypress to purchase Sport-BLX stock, including that: (1) investor proceeds would be used for technology development, legal expenses, and marketing; (2) Cypress would retain its board seat so long as it held the requisite shares; and (3) Sport-BLX would manage a fund investing in sports-related assets that would generate revenue for Sport-BLX. (*Id*.)

The Court also granted summary judgment on Cypress's unjust enrichment claims— Counts Six, Seven, and Eleven. (*Id*. at 32.) Counts Six and Seven alleged unjust enrichment by S-BLX Securities through the alleged siphoning of Sport-BLX's assets via Sport-BLX's sale of its trading platform to S-BLX Securities. (*Id*. at 32-33.) Count Eleven, asserted against Clinton Group, alleged siphoning through "excessive" rent paid by Sport-BLX to Clinton Group for office space and "success fees" paid to Clinton Group, including in the PBGC and Orix transactions. (*Id*. at 34–35.)

As to Cypress's tortious interference claims, the Court granted summary judgment on Counts Nine and Ten. (*Id*. at 37-38.) Count Nine alleged that Clinton Group tortiously interfered

2

with the contract between Sport-BLX and Cypress by diverting success fees intended for Sport-BLX (including in the Orix transaction) and by extracting exorbitant rent. (*Id*. at 37.) Count Ten, like Counts Six and Seven, was predicated on alleged harm arising from S-BLX Securities' acquisition of Sport-BLX's trading platform. (*Id*. at 38.) With these claims out of the case, Cypress should be precluded from presenting evidence or argument concerning their underlying facts.

Even Count Two, which remains in the case, has been significantly narrowed. Before the Court's decisions, Count Two against Mr. Hall, Mr. De Perio and Sport-BLX alleged, in part, that Defendants breached the implied covenant of good faith and fair dealing owed to Cypress "by stripping Sport-BLX of its assets and business opportunities." (Dkt. 180, at p. 6) The alleged conduct included: (1) shifting Sport-BLX's business plan over Cypress's objections; (2) selling Mr. Hall and Mr. De Perio's controlling interests in Sport-BLX to GlassBridge, an entity they also controlled; 3) using GlassBridge, after it acquired a majority stake, to vote Cypress off the Board of Directors; 4) causing GlassBridge to form affiliated entities that competed with Sport-BLX; 5) selling Sport-BLX's intellectual property to another entity, S-BLX Securities; and 6) causing GlassBridge to divest all of its Sport-BLX shares to FinTech, another entity owned by Hall and De Perio. (Dkt.. 180, at p. 2-3) In its Order on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 23.1 (the "MTD Order"), the Court dismissed the derivative portions of Count Two, thereby limiting that claim solely to "the loss of Cypress' board seat." (ECF. 180, at pp. 21, 6.) As a result, vague allegations in Count Two premised on relating to the "stripping Sport-BLX of assets and opportunities" (*Id.*, at 21) are no longer part of the case.

The Court's September 30, 2025 summary-judgment opinion and order (the "SJ Order") further narrowed the claims remaining in this litigation, including Count Two. On liability, the Court identified a single triable issue: whether Mr. Hall and Mr. De Perio used the transfer of their

3

stock to an affiliate (GlassBridge) to evade the Side Agreement and eliminate Cypress' board seat. The Court denied summary judgment because, viewing the evidence in the light most favorable to Cypress, a reasonable jury could find that Mr. Hall, Mr. De Perio, and Sport-BLX "used a nominally permitted sale of shares to 'work around' the Side Agreement and eliminate Cypress' board seat." (*Id*. at 29.) With respect to damages on Count Two, the Court confined recovery to any "consequential injury to [Cypress'] investment" that resulted from the loss of the board seat. (*Id*. at 29-30.) Accordingly, Plaintiff should be precluded at trial from offering evidence or argument that is unrelated to this narrow issue as irrelevant under Fed. R. Evid. 401, and from seeking damages that do not specifically flow from the loss of the board seat.

Consistent with the Court's rulings, Defendants therefore move to preclude any argument or evidence inconsistent with the Court's decisions and unrelated to the remaining claims, including—but not limited to—any argument or evidence concerning: (1) the use of investor proceeds for legal expenses or marketing; (2) Sport-BLX's alleged obligation to maintain a fund investing in sports-related assets to generate revenue for Sport-BLX; (3) alleged siphoning of assets through Sport-BLX's sale of its trading platform to S-BLX Securities or rent payments to Clinton Group; and (4) alleged siphoning of assets through "success fees" paid to Clinton Group, including in the PBGC and Orix transactions. Each of these allegations underlies claims that are no longer in the case. The Court should not permit Cypress to re-litigate before the jury matters the Court has already decided and removed from the case. *See, e.g.*, *Okeke v. New York & Presbyterian Hosp.,* No. 16-CV-570 (CM), 2017 U.S. Dist. LEXIS 87449, at *5 (S.D.N.Y. June 6, 2017) ("[A]llegations about underlying claims that have been dismissed by this Court [] are irrelevant and inadmissible pursuant to Fed. R. Evid. 401, 402 and 403"); *Gorbea v. Verizon New York, Inc.,* No. 11-CV-3758 KAM LB, 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014)

4

("[P]reviously dismissed claims, and evidence thereof, are not 'of consequence in determining the action' and therefore will be excluded.").

Dated: November 19, 2025                                Respectfully submitted,

/s/ *Michael S. Schachter*
WILLKIE FARR & GALLAGHER LLP
Michael S. Schachter (MS0326)
Shaimaa M. Hussein (SH9276)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
mschacter@willkie.com
shussein@willkie.com

*Counsel for Defendants*