UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.,

Plaintiff,

v.

Civil Action No. 1:22-cv-1243-LGS

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR
BAEZ, CHRISTOPHER JOHNSON, SPORT-
BLX, INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP INC., and GLASSBRIDGE
ENTERPRISES, INC.,

Defendants.

------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF DISMISSED COUNTS AS PROOF OF COUNT TWELVE (MIL NO. 2)**

Defendants George Hall ("Hall"), Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities,

Inc. ("S-BLX Securities") and Clinton Group, Inc. ("Clinton Group" and collectively with Mr.

Hall, Sport-BLX, and S-BLX Securities, the "Defendants") respectfully submit the following

motion *in limine*, which seeks an order precluding, under Rules 401 and 403, any argument or

evidence that conflicts with the Court's prior Rule 23 and summary judgment orders on Count

Twelve of the Second Amended Complaint. Those rulings significantly narrowed the claims

remaining against the Defendants. Argument or evidence concerning dismissed counts is

irrelevant to the issues to be tried, risks confusing the jury, and would unfairly prejudice the

Defendants.[1]

---

[1] This Motion incorporates by reference the factual background and legal argument
contained within Defendants' Motion *in Limine* to Preclude Evidence of Dismissed Counts as
Proof of Count Two (Def. MIL No. 1) and other motions *in limine*. It also incorporates the factual

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*DiLaura v. Power Auth. of N.Y.*,

    982 F.2d 73 (2d Cir.1992) ........................................................................................................ 5

*Kolbeck v. LIT Am., Inc.*,

    939 F. Supp. 240 (S.D.N.Y. 1996) .......................................................................................... 5

*Marino v. Grupo Mundial Tenedora, S.A.*,

    810 F. Supp. 2d 601 (S.D.N.Y. 2011)...................................................................................... 4

*New York v. Adamowicz*,

    932 F. Supp. 2d 340 (E.D.N.Y. 2013) ..................................................................................... 5

*Silverman Partners, L.P. v. First Bank*,

    687 F. Supp. 2d 269 (E.D.N.Y. 2010) ..................................................................................... 4

*United States v. Quintieri*,

    306 F.3d 1217 (2d Cir.2002) ................................................................................................... 5

---

allegations in Defendants' Answer to the Amended Complaint (Dkt. No. 92) and Memoranda in support of its Motions to Dismiss (Dkt. No. 160) and for Summary Judgment (Dkt. No. 207).

**MOTION *IN LIMINE* 2**

Arguments and Evidence on Count Twelve Contrary to the Court's Rule 23.1 and Summary Judgment Orders Should be Excluded.  All bases for Count Twelve against Clinton Group and S-BLX Securities failed at summary judgment, and the underlying breach-of-fiduciary-duty claim has been dismissed.  Accordingly, no triable claims remain, and Plaintiff should be precluded under Fed. R. Evid. 401 and 403 from presenting evidence related to resolved claims.  Count Twelve alleged aiding and abetting a breach of fiduciary duty as a derivative claim on behalf of Sport-BLX based on four theories: (1) diversion of success fees away from Sport-BLX through the Orix transaction; (2) payment of rent by Sport-BLX to Clinton Group; (3) GlassBridge's purchase of Mr. Hall's and Mr. De Perio's Sport-BLX shares at $355 per share; and (4) a below-market sale of Sport-BLX's proprietary trading platform to S-BLX Securities.

In its Rule 23.1 Order, the Court dismissed Count Twelve against Mr. Hall and Mr. De Perio, limiting the claim to Clinton Group and S-BLX Securities.  (Dkt. 180, at 21-22.)  In its summary judgment order, the Court found three of Cypress' four theories unsupported by evidence. In dismissing Cypress' unjust enrichment claims, the Court addressed the same allegations Cypress used for Count Twelve, namely: (1) fees paid by Orix and the PBGC to Clinton Group, (2) rent paid by Sport-BLX to Clinton Group; and (3) the sale of Sport-BLX's trading platform.

First, as to <u>fees paid by Orix and the PBGC</u> to Clinton Group, the Court found no evidence that "the success fees were owed to, paid by or taken from Sport-BLX."  (Dkt. 252, at 35.)  The Court further held that: (1) no evidence creates a jury question as to Sport-BLX's involvement in the Orix transaction; (2) Cypress admits the PBGC fee had "no relation" to Sport-BLX's "business plan or operations;" and (3) no evidence shows Sport-BLX was harmed by payment of these fees to Clinton Group.  (*Id.*)

131903338.v1

Second, as to <u>rent paid to Clinton Group</u>, the Court found no evidence that Sport-BLX was harmed "in a way that corresponds" to rent payments made to Clinton Group.  (*Id.* at 35-36.)

Third, as to <u>sale of the trading platform</u>, the Court found no evidence proffered "from which a reasonable jury could find that S-BLX Securities was enriched or that Sport-BLX was impoverished without justification by the sale of the platform." (*Id*. at 32-33.)  In reaching this conclusion, the Court relied on "unrefuted expert testimony" that the price paid for the trading platform "was a fair price"; and noted Cypress offered "no evidence showing that the purchase price was unjust or unfair" and "no admissible valuation establishing a higher fair market value." (*Id*. at 33.)

Cypress' final theory—GlassBridge's purchase of Mr. Hall's and Mr. De Perio's Sport-BLX shares—was dismissed as to Mr. Hall and Mr. De Perio and does not implicate S-BLX Securities or Clinton Group.

Thus, the SJ Order resolves all conduct alleged under Count Twelve against S-BLX Securities and Clinton Group—there are no other allegations supporting a claim of aiding and abetting for which the Court found there remain competing issues of fact.  Moreover, dismissal of the underlying breach-of-fiduciary-duty claim (Count Five) (*see* SJ Order at 30) renders the aiding-and-abetting claim inadequately pled.  *See Marino v. Grupo Mundial Tenedora, S.A*., 810 F. Supp. 2d 601, 613 (S.D.N.Y. 2011) ("[A] claim for aiding and abetting a breach of fiduciary duty is dependent upon the underlying breach of fiduciary duty."); *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 286 (E.D.N.Y. 2010) (dismissing aiding and abetting breach of fiduciary duty and conversion claims where underlying torts were dismissed); *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 245 (S.D.N.Y. 1996) (existence of underlying breach is critical to claims of aiding and abetting, because analysis of secondary liability is necessarily based on the contours of the primary

2

violation). Thus, as a practical matter, nothing remains of Count Twelve after the dismissal of Count Five.

To the extent anything of Count Twelve remains, Plaintiff cannot revisit factual issues the Court has already resolved concerning the Orix transaction, rent payments from Sport-BLX to Clinton Group or the trading-platform sale. Nor can Plaintiff's evidentiary presentation on Count Twelve include GlassBridge's purchase of shares from Mr. Hall and Mr. De Perio because Count Twelve was dismissed as to Mr. Hall and Mr. De Perio, and neither S-BLX Securities nor Clinton Group were parties to that sale. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *New York v. Adamowicz*, 932 F. Supp. 2d 340, 345–46 (E.D.N.Y. 2013) (citing *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir.1992) (noting that although law of the case doctrine is discretionary, departure "is justified only when there are "cogent" and "compelling" reasons for doing so." [quoting *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir.2002)]])). The Court's determinations that these transactions did not harm Sport-BLX, made in the context of its analysis of Cypress' unjust enrichment claims on the same evidentiary record that is relevant to Count Twelve, show that these transactions also cannot support a finding that Sport-BLX was harmed by aiding and abetting a breach of fiduciary duty as alleged in Count Twelve.

3

Dated:  November 19, 2025                    Respectfully submitted,

                                            /s/ *Michael S. Schachter*
                                            WILLKIE FARR & GALLAGHER LLP
                                            Michael S. Schachter (MS0326)
                                            Shaimaa M. Hussein (SH9276)
                                            787 Seventh Avenue
                                            New York, NY 10019-6099
                                            (212) 728-8000
                                            mschacter@willkie.com
                                            shussein@willkie.com

                                            *Counsel for Defendants*