UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC.

                              Plaintiff,

v.                                           Civil Action No. 1:22-cv-1243-LGS

GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC.,

                              Defendants.

------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
**<u>*IN LIMINE*</u> TO PRECLUDE MONETARY-DAMAGES EVIDENCE (MIL NO. 4)**

      Defendants George Hall ("Hall"), Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("S-BLX Securities") and Clinton Group, Inc. ("Clinton Group" and collectively with Mr. Hall, Sport-BLX, and S-BLX Securities, the "Defendants") respectfully submit the following motion *in limine* to preclude Plaintiff from introducing inadmissible evidence at trial, including argument or evidence related to monetary damages.[1]

---

[1] This Motion incorporates by reference the factual background and legal argument contained within Defendants' Motion *in Limine* to Preclude Evidence of Dismissed Counts as Proof of Count Two (Def. MIL No. 1) and other motions *in limine*. It also incorporates the factual allegations in Defendants' Answer to the Amended Complaint (Dkt. No. 92) and Memoranda in support of its Motions to Dismiss (Dkt. No. 160) and for Summary Judgment (Dkt. No. 207).

# TABLE OF AUTHORITIES

**Cases**

*Agence France Presse v. Morel*,
　293 F.R.D. 682 (S.D.N.Y. 2013) .................................................................................................. 6

*ESPN, Inc. v. Office of the Comm'r of Baseball*,
　76 F. Supp. 2d 416 (S.D.N.Y. 1999) ........................................................................................... 7

*First Nat. Bank of Chi. V. Ackerley Commc'ns, Inc.*,
　No. 94 Civ. 7539, 2001 U.S. Dist. LEXIS 20895 (S.D.N.Y. Jan. 4, 2001) ................................. 6

*United States v. Garcia*,
　413 F.3d 201 (2d Cir. 2005), .................................................................................................... 6

*Johnson v. Reed*,
　No. 17-CV-8620 (NSR)(AEK), 2022 U.S. Dist. LEXIS 52619 (S.D.N.Y. Mar. 23, 2022) ........ 4

*Max Impact, LLC v. Sherwood Grp., Inc.*,
　No. 09 Civ. 902 (JGK) (HPB), 2014 U.S. Dist. LEXIS 30011 (S.D.N.Y. Mar. 7, 2014) ........... 5

*Powell v. AmGuard Ins. Co.*,
　C.A. No. K17C-11-003 JJC, 2019 WL 4509165 (Del. Super. Ct. Sept. 19, 2019) ..................... 4

*United States v. Garcia*,
　413 F.3d 201 (2d Cir. 2005), .................................................................................................... 6

*Washington v. Kellwood Co.*,
　2016 U.S. Dist. LEXIS 136612 (S.D.N.Y. Sept. 30, 2016) ........................................................ 7

**Rules**

Federal Rule of Civil Procedure 26 ......................................................................................... 3, 4, 5, 7
Federal Rule of Civil Procedure 37 ............................................................................................... 4, 5
Federal Rule of Evidence 701 ....................................................................................................... 6, 7

## **MOTION *IN LIMINE* 4**

The Court should limit Plaintiff to arguing nominal damages and preclude any evidence or argument related to monetary damages at trial. Cypress' monetary-damages figure is inadequate because it is based on the price of its shares under the GlassBridge transaction, <u>but Cypress had no right to join in that transaction because no tag-along rights were not triggered by that sale</u>. Accordingly, any evidence of damages based on that sale price is irrelevant under Rule 401 and should be excluded. Even assuming relevance, Cypress' figure is not compliant with Federal Rule of Civil Procedure 26. Nor has Cypress identified any admissible computation or evidence of monetary damages. It has designated no expert, and cannot rely on lay testimony to prove damages. Monetary-damages evidence and argument should therefore be excluded.[2]

A.   <u>Cypress' Damages Figure</u>

Cypress has <u>never</u> provided a damages computation related to the loss of its board seat. Its first computation, provided in response to Sport-BLX's and Mr. Hall's First Set of Interrogatories, generically claimed "compensatory and consequential damages as a result of Defendants' breaches, in an amount totaling no less than $5,000,000" and "incidental damages resulting from any and all expenses incurred as a result of the breach" and made no mention of the board seat. (ECF No. 122 at 1.) In its supplemental response, Cypress asserted that it "seeks compensatory damages in Count Two equating to the value of Cypress' Sport-BLX stock (at the $355.00 per share price at which the Founders sold their personal shares in Sport-BLX— in a purported arms'-length transaction—to GlassBridge) less any remaining value of the acquired stock at the time of

---

[2]   This Motion incorporates by reference the factual background and legal argument contained within Defendants' Motion *in Limine* to Preclude Evidence of Dismissed Counts as Proof of Count Two (Def. MIL No. 1) and other motions *in limine*. It also incorporates the factual allegations in Defendants' Answer to the Amended Complaint (Dkt. No. 92) and Memoranda in support of its Motions to Dismiss (Dkt. No. 160) and for Summary Judgment (Dkt. No. 207).

trial, as well as prejudgment and post-judgment interest and reasonable attorneys' fees." (ECF No. 161-10 at 5.)

Importantly, Cypress' supplemental figure is <u>not</u> based on its loss of the board seat. It is based on the amount it claims it would have received for its shares if permitted to tag along to the GlassBridge transaction.  However, the GlassBridge transaction did not trigger tag-along rights, so Cypress had no right to participate. (*See* MIL 4.)  Moreover, any dispute over tag-along rights is irrelevant to the loss of the board seat, which is the only claim remaining in this case. (*See* MILs 1 and 3.) Accordingly, evidence or argument concerning damages allegedly flowing from Cypress' inability to tag-along in the GlassBridge transaction is inadmissible under Rule 401 and should be excluded.

Plaintiff has not updated or supplemented its damages theory following the Court's rulings limiting the claims.  Nor could it, as there are no monetary damages to be had because the board seat carried no fixed compensation.   (*See* ECF No. 252 at 29.)  Without knowing how Plaintiff intends to tie its damages computation to the loss of its board seat, Defendants are left in the dark. *Johnson v. Reed*, No. 17-CV-8620 (NSR) (AEK), 2022 U.S. Dist. LEXIS 52619, at *4 (S.D.N.Y. Mar. 23, 2022) ("The purpose of Rule 26(e), and sanctions under Rule 37(c)(1), is to 'avoid surprise or trial by ambush.'").  Plaintiff should be limited to arguing only nominal damages.[3]

      B.      <u>Even Assuming Relevance, Cypress Has Not Complied with Rule 26.</u>

Even assuming relevance, Cypress' damages figure is insufficient under Rule 26.  Rule 26(a)(1)(A)(iii) requires a plaintiff to provide a "computation of each category of damages

---

[3] Delaware contract law recognizes that "[i]n the event a plaintiff proves a contractual breach, but fails to set forth a legally sufficient basis for a damages award, a plaintiff may only recover nominal damages." *Powell v. AmGuard Ins. Co.*, C.A. No. K17C-11-003 JJC, 2019 WL 4509165, at *5 (Del. Super. Ct. Sept. 19, 2019) (citations omitted).

2

claimed" along with the documents on which that computation is based. Cypress's disclosures do not satisfy this requirement. Rule 37 dictates that if a party fails to fulfill its obligations under Rule 26(a), then the party is prohibited from using the evidence at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

A Plaintiff may not "merely set[] forth the figures demanded." Instead, the rule contemplates an estimate supported by "some analysis." *See Max Impact, LLC v. Sherwood Grp., Inc*., No. 09 Civ. 902 (JGK) (HPB), 2014 U.S. Dist. LEXIS 30011, at *15 (S.D.N.Y. Mar. 7, 2014). Cypress' computation lacks analysis and requires Defendants to speculate as to how Cypress will attempt to prove damages at trial. For example, the GlassBridge transaction involved the sale of 37,924 shares of stock by Mr. Hall to GlassBridge for $1,346,302 in cash and $12,116,718 in the form of a promissory note. (*See* Dkt. 217-13 at 16). Per the terms of the sale, only 10% of the price was paid in cash. (*See Id*.) The remainder of GlassBridge's payment consisted of promissory notes—a speculative installment sale with no guaranteed return. (*See Id*.) GlassBridge never paid Mr. Hall or Mr. De Perio any principal on those notes. Instead, Mr. Hall and Mr. De Perio repurchased the notes from GlassBridge at a deep discount and they never realized the $355.00-per-share value. Cypress, however, calculates damages in his computation using an all-cash share price and offers no explanation for why that metric is appropriate, underscoring the speculative nature of its claim. This error alone renders Plaintiff's figure insufficient.

Cypress' figure also fails to provide a formula by which to calculate "remaining value of the acquired stock at the time of trial," "prejudgment and post-judgment interest," and offers no calculation of attorneys' fees. Where, as here, the "computation" is vague, speculative, unsupported, and unrelated to the remaining claims, preclusion is warranted. *Max Impact, LLC,* 2014 U.S. Dist. LEXIS 30011, at *17 (damage computation inadequate where it failed to provide

3

a calculation or formula through which the figures were derived); *First Nat. Bank of Chi. V. Ackerley Commc'ns, Inc.*, U.S. Dist. LEXIS 20895, at *6, n. 6 (S.D.N.Y. Jan. 4, 2001) ("dates and amounts" on a table were insufficient without more and plaintiff cannot expect defendant to "calculate the interest rate" or "do[] the research itself"). Nor is Cypress' failure to provide a sufficient damages computation substantially justified or harmless.[4] Without knowing Plaintiff's damage theory as to the loss of the board seat, Defendants had no reason to conduct discovery sufficient to defend against it. Defendants' damages expert has already issued a report, and responded to Plaintiff's rebuttal. Trial is quickly approaching. Preclusion is the only appropriate remedy.

   C. <u>Cypress Cannot Prove Monetary Damages Through Lay Testimony.</u>

Defendants anticipate that Cypress may seek to offer improper expert opinion testimony by lay witness Michael Salerno or another representative on behalf of Cypress regarding injury and damages. Defendants request that the Court exclude such evidence under Fed. R. Evid. 701 and 702. Cypress designated no expert to opine on damages, despite having engaged an expert to respond to Defendants' damages report. Cypress cannot now rely on lay witness testimony— whether from Michael Salerno or another of its representatives—to supply expert opinions regarding injury, valuation, or damages.

Under Rule 701, lay opinions "must be the product of reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005), citing FRE 701(c). Where an opinion rests "in any way" upon scientific, technical, or other specialized

---

[4]  In addressing this question, courts consider (1) the party's explanation for its failure to disclose; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013).

4

knowledge, it is expert testimony governed by Rule 702 and is not admissible as lay testimony. *Id.* (citing Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments.) The only live claim remaining for Cypress concerns the loss of the board seat. The Court should exclude any testimony by Mr. Salerno or another representative on behalf of Cypress concerning monetary damages, if any, resulting from the lost board seat because such testimony would not be the product of reasoning familiar to the average person. While Cypress may argue that such testimony is based on Mr. Salerno's "personal perception," if that is the case he should be allowed to testify only to the specific facts and events he perceived and not to any estimation of value or damages.[5] Cypress has not offered an expert opinion or estimation (or even a pleading allegation) as to any monetary harm it suffered as a result of the loss of the board seat and should not be permitted to improperly substitute Mr. Salerno's testimony on a subject that requires "technical, or other specialized knowledge." *Grabin v. Marymount Manhattan College*, 659 Fed. Appx. 7, 9 (2d Cir. 2016) (quoting Fed. R. Evid. 701(a), (c)).)

Because Cypress failed to comply with Rule 26, proposes damages that are irrelevant to the lone remaining claim, and has no admissible expert or lay testimony to prove monetary damages, the Court should limit Cypress to nominal damages and preclude any evidence or argument related to monetary damages at trial. *See ESPN, Inc. v. Office of the Comm'r of Baseball*, 76 F. Supp. 2d 416, 421 (S.D.N.Y. 1999) (granting plaintiff's motion to preclude damages evidence where defendants cited no specific examples, did not proffer a calculation method, and the claim was based on vague assertions).

---

[5] Nor can Mr. Salerno invoke Rule 701's business owner provision, as he is neither an owner nor operator of Sport-BLX, and lacks particularized in depth knowledge about the company. *See Washington v. Kellwood Co.*, 2016 U.S. Dist. LEXIS 136612, at *14 (S.D.N.Y. Sept. 30, 2016) (excluding damages testimony from business owner where it was not based on the particularized knowledge that the witness had).

5

Dated:  November 19, 2025

Respectfully submitted,

/s/ *Michael S. Schachter*
WILLKIE FARR & GALLAGHER LLP
Michael S. Schachter (MS0326)
Shaimaa M. Hussein (SH9276)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
mschacter@willkie.com
shussein@willkie.com

*Counsel for Defendants*

6