UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.

                            Plaintiff,

v.                                            Civil Action No. 1:22-cv-1243-LGS

GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC.,

                            Defendants.

------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTIONS *IN LIMINE* NUMBERS 5, 6, 7, and 8**

       Defendants George Hall ("Hall"), Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("S-BLX Securities") and Clinton Group, Inc. ("Clinton Group" and collectively with Mr. Hall, Sport-BLX, and S-BLX Securities, the "Defendants") respectfully submit motions *in limine* to preclude Plaintiff from introducing inadmissible evidence at trial, including argument or evidence regarding unrelated investigations (MIL No. 5); personal harm to Mr. Salerno or any entity apart from Cypress (MIL No. 6); liability insurance (MIL No. 7); and settlement negotiations (MIL No. 8). These rulings will ensure that the jury hears only admissible evidence and will promote an efficient, orderly presentation at trial.[1]

---

[1] This Motion incorporates by reference the factual background and legal argument contained within Defendants' Motion *in Limine* to Preclude Evidence of Dismissed Counts as Proof of Count Two (Def. MIL No. 1) and other motions *in limine*. It also incorporates the factual allegations in Defendants' Answer to the Amended Complaint (Dkt. No. 92) and Memoranda in support of its Motions to Dismiss (Dkt. No. 160) and for Summary Judgment (Dkt. No. 207).

# TABLE OF AUTHORITIES

**Cases**

*Discover Fin. Servs. v. Visa U.S.A. Inc.*,
 No. 04-CV-7844 (BSJ) (DFE), 2008 WL 4525407 (S.D.N.Y. Oct. 3, 2008) ............................. 4

*Fed. Ins. Co. v. Mertz*,
 2016 WL 1572995 (S.D.N.Y. Apr. 18, 2016) ............................................................................ 3

*Henry v. Wyeth Pharms., Inc.*,
 616 F.3d 134 (2d Cir. 2010) ..................................................................................................... 3

*Manbro Energy Corp. v. Chatterjee Advisors, LLC*,
 2023 U.S. Dist. LEXIS 45610 (S.D.N.Y. 2023) ....................................................................... 3

*Southerland v. City of New York*,
 681 F.3d 122 (2d Cir. 2012) ..................................................................................................... 4

*United States. v. Weinlein*,
 2000 U.S. App. LEXIS 27197 (2d Cir. Oct. 25, 2000) ............................................................ 5

*Vellali v. Yale Univ.*,
 2023 WL 3722274 (D. Conn. May 30, 2023) .......................................................................... 3

**Rules**

Federal Rule of Evidence 401 ....................................................................................................... 4

Federal Rule of Evidence 403 .................................................................................................. 3, 4

Federal Rule of Evidence 404 ............................................................................................. 2, 3, 4

Federal Rule of Evidence 408 .................................................................................................. 4, 5

Federal Rule of Evidence 411 ....................................................................................................... 4

Federal Rule of Evidence 608(b) .................................................................................................. 3

## MOTIONS *IN LIMINE* 5 – 8

**MIL No. 5:**   **Motion to Exclude Evidence and Argument Regarding Unrelated Investigations**

Federal Rule of Evidence 404 bars using a person's character or character traits as proof that the person acted in conformity with that character on a particular occasion. *See* Fed. R. Evid. 404(a)(1). The Rule likewise prohibits admitting evidence of other "crimes, wrongs, or acts" to show propensity to act in a particular way. *See* Fed. R. Evid. 404(b)(1). Applying these principles, the Court should exclude evidence of unrelated investigations or claims concerning Defendants or their affiliated entities because such evidence is irrelevant to the issues here, poses a substantial risk of unfair prejudice, and impermissibly invites the jury to decide the case on propensity rather than on admissible evidence.

Clinton Group and Mr. Hall have operated for more than three decades in the highly regulated financial services industry. Defendants expect Cypress to elicit testimony and offer evidence regarding past regulatory investigations and oversight, without any showing that those matters bear on a claim or issue in this case, and without evidence that any of those investigations resulted in a finding of wrongdoing of any kind (no such evidence exists). Evidence of unrelated past regulatory investigations is highly prejudicial because it "might dispose a jury to render a verdict for reasons unrelated to the merits of the case." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 150 (2d Cir. 2010). The Court should exclude such evidence because it can have no probative value and would be highly prejudicial. "Admitting evidence of regulatory investigations . . . carries a tremendous risk of unfair prejudice." *Vellali v. Yale Univ.*, 2023 WL 3722274, at *2 (D. Conn. May 30, 2023) (excluding such evidence because "[t]he jury may well believe that the investigations . . . relating to a service that is not at issue in this case, are proof of wrongdoing"); *Manbro Energy Corp. v. Chatterjee Advisors, LLC,* 2023 U.S. Dist. LEXIS 45610, at *8 (S.D.N.Y.

2023) (where this Court granted defendant's motion to exclude evidence or argument regarding unrelated SEC accusation pursuant to FRE 403, 404, and 608(b) given the time elapsed and that the matter settled with no finding of wrongdoing); *Fed. Ins. Co. v. Mertz*, 2016 WL 1572995, at *4 (S.D.N.Y. Apr. 18, 2016) (excluding evidence of FBI investigation "completely unrelated to the allegations in the instant case" due to "the danger of unfair prejudice in that it risks the jury concluding that [defendant] has a propensity to be involved in" improper conduct.).

For these reasons, the Court should exclude all evidence of other investigations into or claims against Defendants or the introduction of evidence related to any other case, whether pending or closed, against Defendants, or entities associated with them as irrelevant and unduly prejudicial under Rules 401 and 403, and as improper character evidence under Rule 404.

**MIL No. 6:    Harm to Mr. Salerno or any Entity Apart from Cypress is Irrelevant**

This Court should preclude Plaintiff from introducing argument or evidence regarding any harm to Mr. Salerno personally or to any entity affiliated with him apart from Cypress. Such evidence is irrelevant under Fed. R. Evid. 401 and unfairly prejudicial under Fed. R. Evid. 403 because the surviving claims and recoverable damages must be tied to injury to the actual plaintiff, Cypress, and the rights Cypress held under the Side Agreement. Thus, the Court should preclude their admission.

**MIL No. 7**:    **Liability Insurance**

Plaintiff should be barred from presenting any evidence or testimony concerning whether Defendants are or are not insured against liability. *See* Fed. R. Evid. ("FRE") 411; *Southerland v. City of New York*, 681 F.3d 122, 137 (2d Cir. 2012) ("[J]uries are not permitted to consider the availability of insurance in assessing fault" because of "the risk that jurors would disregard controlling principles in order to compensate plaintiffs without valid claims and over-compensate

4

those whose claims are valid."); *Discover Fin. Servs. v. Visa U.S.A. Inc.*, No. 04-CV-7844 (BSJ) (DFE), 2008 WL 4525407, at *3 (S.D.N.Y. Oct. 3, 2008) (noting that "proof of [the existence of liability insurance] is generally excluded" under FRE 411).

**MIL No. 8:   Settlement Negotiations**

Plaintiffs should be barred from presenting evidence or testimony concerning any pre-suit or post-suit compromise negotiations between the parties.  FRE 408 provides that evidence of "conduct or a statement made during compromise negotiations about the claim" is inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  FRE 408.  *See also United States. v. Weinlein*, 2000 U.S. App. LEXIS 27197, at *10 (2d Cir. Oct. 25, 2000) ("Federal Rule of Evidence 408 generally prohibits the admission of settlement offers for the purpose of proving liability for, or the validity of an account, claim[] or its amount).  Moreover, there is no probative value to testimony or other evidence reflecting that the parties have exchanged settlement offers and/or have not been able to settle this lawsuit.

## CONCLUSION

The Court should preclude the aforementioned evidence. Collectively, these rulings will confine the jury's consideration to admissible, case-specific proof and prevent confusion, unfair prejudice, and improper propensity inferences.

Dated:  November 19, 2025                                     Respectfully submitted,

/s/ *Michael S. Schachter*
WILLKIE FARR & GALLAGHER LLP
Michael S. Schachter (MS0326)
Shaimaa M. Hussein (MS9276)
787 Seventh Avenue
New York, NY 10019-6099

5

(212) 728-8000
mschacter@willkie.com
shussein@willkie.com

*Counsel for Defendants*