UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-1243-LGS <br><br> **Related case:** <br><br> Civil Action No. 1:22-cv-8111-LGS |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………..iii

PRELIMINARY STATEMENT………………………………………………………………….1

LEGAL STANDARD…………………………………………………………………………..2

ARGUMENT……………………………………………………………………………...3

I.  THE CHALLENGED EVIDENCE IS ADMISSIBLE
    TO PROVE MOTIVE AND INTENT FOR COUNT TWO")…………..…………..……3

II. THE EVIDENCE IS NECESSARY TO CALCULATE
    CONSEQUENTIAL DAMAGES)……………...…………………………………..4

III. THE PROBATIVE VALUE OUTWEIGHS ANY PREJUDICE
    (RULE 403)……………………………………………………..…………….………5


CONCLUSION………………………………………………………………………………5

# TABLE OF AUTHORITES

## Cases

*Case Citations:*

*Hamza v. Saks Inc.*,
2011 WL 6187078 at 18 (S.D.N.Y. December 5, 2011)……………………………………………….2

*Jean-Laurent v. Hennessy*,
840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011)…………………………………………………….3

*Leopold v. Baccarat, Inc.*,
174 F.3d 261, 270 (2d Cir. 1999)……………………………………………………………..5

*Luce v. United States*,
469 U.S. 38, 40 n.2 (1984)……………………………………………………………..…..2

*United States v. Brown*,
606 F. Supp. 2d 306, 311 (E.D.N.Y. 2009)…………………………………………………….2

*United States v. Chang*,
2024 WL 3303717 at 16 (E.D.N.Y. July 3, 2024)……………………………………………….4

*United States Football League v. NFL*,
842 F.2d 1335, 1370-71 & n.23 (2d Cir. 1988)………………………………………………….5

*United States v. Gonzalez*,
110 F.3d 936, 942 (2d Cir. 1997)…………………………………………………………..4

*United States v. Paredes*,
176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)…………………………………………………….2

*United States v. Pugh*,
162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016), aff'd, 937 F.3d 108 (2d Cir. 2019),
opinion amended and superseded,
945 F.3d 9 (2d Cir. 2019), and aff'd, 945 F.3d 9 (2d Cir. 2019)……………………………….3

Plaintiff Cypress Holdings, III, L.P. ("Cypress"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion in Limine No. 1 ("MIL No. 1").

## PRELIMINARY STATEMENT

Defendants seek to preclude evidence regarding dismissed counts, specifically evidence relating to (1) the use of investor proceeds for legal expenses or marketing; (2) Sport-BLX's alleged obligation to maintain a fund investing in sports-related assets to generate revenue for Sport-BLX; (3) alleged siphoning of assets through Sport-BLX's sale of its trading platform to S-BLX Securities or rent payments to Clinton Group; and (4) alleged siphoning of assets through "success fees" paid to Clinton Group, including in the PBGC and Orix transactions.. Defendants' motion is an attempt to litigate dispositive issues through an evidentiary motion and to sanitize the trial record of the very facts necessary to prove the surviving claims: Count Two (Breach of Implied Covenant), Count Eight (Tortious Interference), and Count Twelve (Aiding and Abetting Breach of Fiduciary Duty).

While this Court has narrowed the scope of claims to be tried, the jury should not be deprived of the factual context, motive, and consequences of Defendants' conduct relevant to Plaintiff's claims.  Defendants seek to exclude evidence regarding the "siphoning of assets" (via the trading platform sale, success fees, and rent payments). However, this evidence remains admissible for two critical reasons:

1. **Motive and Intent for Count Two:** The disputes over these specific financial transactions caused the conflict that motivated Defendants Hall and De Perio to "work around" the Side Agreement and remove Cypress from the Board.

1

2. **Consequential Damages:** This Court expressly held that Cypress may recover "consequential injury to [Cypress'] investment". The value of the lost board seat is measured, in part, by the diminution in value of Cypress' investment resulting from the unchecked transactions that occurred after Cypress was wrongfully removed.

## LEGAL STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Brown*, 606 F. Supp. 2d 306, 311 (E.D.N.Y. 2009) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) "Evidence should be excluded on a motion in limine **only when the evidence is clearly inadmissible on all potential grounds**." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001*) emphasis added*.

"Federal Rule of Evidence 402 presents the permissive general rule that 'all relevant evidence is admissible, except as otherwise provided.' 'Relevant evidence' is defined in Federal Rule of Evidence 401 as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' These general rules are consistently interpreted as being very permissive and intended to lead to liberal admission of evidence if it has any tendency to help to prove or disprove an actual issue in the case, no matter how slight." *Hamza v. Saks Inc*., 2011 WL 6187078 at 18 (S.D.N.Y. December 5, 2011)

Courts may exclude evidence if its probative value is "substantially outweighed" by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual

2

context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011). Further, a district court's ruling on a motion in limine is preliminary and "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion in limine. See *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016), aff'd, 937 F.3d 108 (2d Cir. 2019), opinion amended and superseded, 945 F.3d 9 (2d Cir. 2019), and aff'd, 945 F.3d 9 (2d Cir. 2019).

As set forth below, the challenged evidence is relevant to multiple surviving claims and its probative value outweighs any alleged prejudice.

## ARGUMENT

## I. THE CHALLENGED EVIDENCE IS ADMISSIBLE TO PROVE MOTIVE AND INTENT FOR COUNT TWO

In denying summary judgment on Count Two, this Court held that a reasonable jury could find Hall and De Perio transferred stock to an affiliate "to evade the Side Agreement and eliminate Cypress' board seat". Dkt. No. 252 at 29. The Court specifically cited Hall's statement to Salerno: "we can't put a high-class board together with your idiotic behavior. So we will have to work around you" Id. At 29.  The "idiotic behavior" Hall referred to was Salerno's persistent inquiries regarding the very topics Defendants now seek to exclude: the rent payments to Clinton Group, the success fees, and the management of Sport-BLX assets. To strip this evidence from the record would leave the jury with an incoherent narrative. The jury cannot determine if the stock transfer was a bad-faith "work around" (as required for Count Two) if they do not understand *why* Defendants were desperate to remove Salerno from the Board.

3

The Second Circuit has long recognized that evidence of other acts is admissible—and not considered improper "propensity" evidence—when it is "necessary to complete the story" of the conduct at issue. *See United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997) (holding evidence is admissible if it is "inextricably intertwined with the evidence regarding the charged offense"). Fed. R. Evid. 404(b)(1) permits such evidence for several defined uses, including motive, intent, preparation, knowledge, absence of mistake, or lack of accident." *United States v. Chang*, 2024 WL 3303717 at 16 (E.D.N.Y. July 3, 2024). This principle applies with equal force in civil litigation to ensure the jury hears a coherent narrative. See *Hamza* at 26 ("This Court finds this evidence may be probative of pretext and causal connection, and thus does not find it to be inadmissible pursuant to Federal Rules of Evidence 401 and 402.")

Here, the evidence of siphoning and self-dealing is "inextricably intertwined" with the breach of the Side Agreement. Excluding the background of the financial disputes and the asset transfers creates a factual void that risks confusing the jury. Without this evidence, Defendants will likely argue that the Glassbridge transactions and subsequent Board vote were valid business judgments. Plaintiff must be permitted to rebut this by showing the nefarious motive underlying those decisions. Under Fed. R. Evid. 401, this evidence is relevant because it has a "tendency to make a fact", specifically the intent to evade the contract, "more or less probable".

## II. THE EVIDENCE IS NECESSARY TO CALCULATE CONSEQUENTIAL DAMAGES

In the Summary Judgment Order, this Court rejected Defendants' argument that damages for the loss of a board seat are speculative. Dkt. No. 252 at 30. The Court noted that Cypress may recover for "loss of the bargained-for board representation and consequential injury to its investment". Id. At 30.

4

The "siphoning" evidence is relevant to the measure of consequential damages. Had Cypress retained its board seat, it would have exercised its oversight function to oppose transactions that depleted the value of its investment. The financial data regarding the platform sale and fees is the necessary factual predicate to calculate the "consequential injury to [Cypress'] investment" preserved by the Court.

### III. THE PROBATIVE VALUE OUTWEIGHS ANY PREJUDICE (RULE 403)

Defendants invoke Rule 403 but fail to articulate any *unfair* prejudice. They merely argue that the evidence is "irrelevant" or "risks confusing the jury". As demonstrated above, the evidence is highly relevant to motive, intent, and damages. "Unfair prejudice" does not mean evidence that is merely harmful to the adverse party's case. See *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270 (2d Cir. 1999) (upholding admission of evidence where both the probative value and the danger of unfair prejudice were significant, but not overwhelming). The fact that the evidence suggests self-dealing is not a ground for exclusion, it is the very reason that the breach occurred. Any risk of confusion regarding the dismissed claims can be easily cured by a limiting instruction informing the jury that specific causes of action (e.g., fraud) are not before them, without sanitizing the factual record of the parties' course of dealing. See, e.g., *United States Football League v. NFL*, 842 F.2d 1335, 1370-71 & n.23 (2d Cir. 1988).

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in Limine No. 1.

*Alexander Dudelson*
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*