**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYPRESS HOLDINGS, III, L.P., individually
and derivatively on behalf of SPORT-BLX, INC.,

                                        Plaintiff,

            v.

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ,
CHRISTOPHER JOHNSON, SPORT-BLX, INC.,
SPORT-BLX SECURITIES, INC., CLINTON
GROUP INC., and GLASSBRIDGE ENTERPRISES,
INC.,

                                        Defendants.

Civil Action No. 1:22-cv-1243-LGS

**Related case:**

Civil Action No. 1:22-cv-8111-LGS


# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES……………………………………………………………………..iii

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT………………………………………………………………………………...1

I.     MIL NO. 2 IS AN IMPROPER, DISGUISED
      MOTION FOR SUMMARY JUDGMENT…………………………...……………...…1

II.    THE DISMISSAL OF COUNT FIVE WAS PROCEDURAL,
      NOT EXCULPATORY…………………………………………………………………..2

      HARM TO MR. SALERNO IS RELEVANT TO THE
      CONSOLIDATED DISPUTE.……………………………………………………………2

III.   EVIDENCE OF "DISMISSED" TRANSACTIONS IS
      RELEVANT TO PROVE KNOWLEDGE AND RELATIONSHIP)…………………….3

IV.   JURY INSTRUCTIONS, NOT EXCLUSION, ARE THE REMEDY)…………………..3

CONCLUSION………………………………………………………………………………3

# TABLE OF AUTHORITES

## Cases

*Case Citations:*

*Okeke v. N.Y. & Presbyterian Hosp.*,
2017 WL 2484200 (S.D.N.Y. June 6, 2017)……………………………………………………..2

*Pavone v. Puglisi*,
No. 08-CV-2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013)………………………..…2

*Wechsler v. Hunt Health Sys., Ltd.*,
381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003)……………………………………………………2

# PRELIMINARY STATEMENT

Defendants move in limine to preclude evidence arguing that because the Court narrowed the issues at summary judgment, this evidence is irrelevant. Defendants further argue that because the underlying breach of fiduciary duty claim (Count Five) was dismissed, Count Twelve (Aiding and Abetting) effectively fails, and no evidence should be admitted.

Defendants' Motion in Limine No. 2 ("MIL No. 2") ignores the plain language of this Court's September 30, 2025 Opinion and Order (the "SJ Order"). Dkt. No. 252.  The Court explicitly **denied** Defendants' motion for summary judgment on Count Twelve. Having failed to brief or win dismissal of Count Twelve at the summary judgment stage, Defendants now attempt to use an evidentiary motion to obtain a dispositive ruling. This is procedurally improper.[1]

# ARGUMENT

## I. MIL NO. 2 IS AN IMPROPER, DISGUISED MOTION FOR SUMMARY JUDGMENT

Defendants argue that "as a practical matter, nothing remains of Count Twelve after the dismissal of Count Five" and therefore all evidence should be precluded. This constitutes a dispositive legal argument, not an evidentiary objection.  The Court has already ruled on this issue. In the SJ Order, the Court expressly held:  "Count Twelve alleges that S-BLX Securities and Clinton Group aided and abetted Hall and De Perio's breach of fiduciary duty to Cypress. The claim survives because the Sport-BLX parties moved for summary judgment on the claim but offered no substantive argument in support." DKT. No. 252 at 38.

The Court denied Defendants' motion on Count Twelve. A motion in limine is not a vehicle to relitigate summary judgment or to cure a party's failure to brief a claim. *See, e.g.,*

---

[1] This Opposition incorporates by reference the factual background and legal argument contained within Plaintiff's Memoranda of Law in Opposition to Defendants' Motions In Limine.

*Pavone v. Puglisi*, No. 08-CV-2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013); see also *Okeke v. N.Y. & Presbyterian Hosp.*, 2017 WL 2484200 (S.D.N.Y. June 6, 2017); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). Defendants had their opportunity to argue that the dismissal of Count Five mandated the dismissal of Count Twelve. They failed to do so. They cannot now ask the Court to effectively dismiss the claim by excluding all evidence in support of it.

## II. THE DISMISSAL OF COUNT FIVE WAS PROCEDURAL, NOT EXCULPATORY

In its Rule 23.1 Order, the Court recast portions of Count five that alleged stripping of Sport-BLX assets as derivative. Dkt. No. 180 at 21.   The derivative portion of Count five was dismissed due to conflict, not based on the merits.  Count 12 however survived since Cypress was not conflicted in bring a derivative claim against Sport-BLX Securities and Clinton Group. Likewise Defendants' premise, that the dismissal of Count Five (Fiduciary Breach) eliminates the basis for Count Twelve, mischaracterizes the SJ Order. The Court did not find that Hall and De Perio's conduct was proper. Rather, the Court dismissed Count Five solely because it was **duplicative** of the surviving contract claim (Count Two).  The Court held that the direct "Fiduciary duty claims based on 'the same facts that underlie the contract obligations' are 'foreclosed as superfluous.'"  Specifically, the Court found that the obligations regarding the Board seat were governed by the Side Agreement.  Dkt. No. 252 at 30

Since the derivative portion of count five was not dismissed on the merits, Plaintiff should be permitted to present evidence that defendants aided Hall's and Deprio's breach of the ficuciary duties to Sport-BLX.

## III. EVIDENCE OF "DISMISSED" TRANSACTIONS IS RELEVANT TO PROVE KNOWLEDGE AND RELATIONSHIP

Even accepting the Court's rulings on Unjust Enrichment (Counts Six, Seven, Eleven), evidence regarding the rent, Orix fees, and platform sale remains relevant under Fed. R. Evid. 401 to prove the remaining claims. Count Eight (Tortious Interference against GlassBridge) explicitly survives. The Court found a jury could conclude GlassBridge's stock purchases were a pretext to defeat Cypress's board seat. Evidence of the broader web of transactions between these related entities (Clinton Group, S-BLX Securities, and GlassBridge) provides the necessary *res gestae*—the context—for the jury to understand why GlassBridge acted as it did.

## IV. JURY INSTRUCTIONS, NOT EXCLUSION, ARE THE REMEDY

Defendants rely on Rule 403, claiming jury confusion. This is meritless. The risk that the jury might award damages for the dismissed "Unjust Enrichment" theories can be cured by a clear instruction: *The jury may consider the rent and platform transactions only as evidence of the relationship between the parties and their state of mind, not as independent grounds for damages.* Blanket exclusion would leave the jury with an incomplete picture of the entities explicitly named in the surviving Count Twelve.

## <u>CONCLUSION</u>

The Court explicitly preserved Count Twelve for trial. Defendants' Motion in Limine No. 2 is an untimely attempt to correct their failure to brief this claim at summary judgment. Plaintiff respectfully requests that the Court deny the motion.

*Alexander Dudelson*

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*

3