**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CYPRESS HOLDINGS, III, L.P., individually
and derivatively on behalf of SPORT-BLX, INC.,

                                    Plaintiff,

        v.

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ,
CHRISTOPHER JOHNSON, SPORT-BLX, INC.,
SPORT-BLX SECURITIES, INC., CLINTON
GROUP INC., and GLASSBRIDGE ENTERPRISES,
INC.,

                                    Defendants.

---

Civil Action No. 1:22-cv-1243-LGS

**Related case:**

Civil Action No. 1:22-cv-8111-LGS

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..iii

PRELIMINARY STATEMENT………………………………………………………………….1

ARGUMENT…………………………………………………………………………………...2

I.    THE SPAs ARE INEXTRICABLY INTERTWINED WITH
THE SIDE AGREEMENT AND THE "FRUITS OF THE BARGAIN")…………..……2

II.    THE STRUCTURING OF THE DEAL TO AVOID
TAG-ALONG RIGHTS IS EVIDENCE OF
INTENT AND BAD FAITH (COUNT TWO)…………………………………………..3

III.    HALL'S STATEMENTS REGARDING TAG-ALONG RIGHTS
ARE ADMISSIBLE AS TO STATE OF MIND)………………………………..………3

IV.    THE EVIDENCE IS RELEVANT TO CONSEQUENTIAL DAMAGES)………...…...4

CONCLUSION……………………………………………………………………………4

## TABLE OF AUTHORITES

## Cases

*Case Citations:*

*Dunlap v. State Farm Fire & Ca. Co.*,
878 A.2d 434, 442 (Del. 2005)………………………………………………………………2

*United States v. Gonzalez*,
110 F.3d 936, 942 (2d Cir. 1997)………………………………………….…………………..2

Plaintiff Cypress Holdings, III, L.P. ("Cypress"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion in Limine No. 3 ("MIL No. 3"). [1]

## PRELIMINARY STATEMENT

Defendants seek to preclude evidence regarding the Stock Purchase Agreements ("SPAs") and "tag-along" rights. Defendants argue this evidence is irrelevant because the specific contract claims based on the SPAs were dismissed.

This argument fundamentally misapprehends the nature of the surviving claims, Breach of the Implied Covenant of Good Faith and Fair Dealing, Count Two, as well as Count Eight. To determine whether Defendants acted in "bad faith" to deprive Cypress of the "fruits of the bargain," the jury must understand what that bargain was. The SPAs and the Side Agreement were executed on the same day as part of a single investment transaction. Furthermore, the structuring of the GlassBridge transaction to *avoid* triggering tag-along rights is direct evidence of the calculated "work around" that this Court expressly identified as a triable issue of fact. In its Summary Judgment Order, this Court held that Count Two survives because a reasonable jury could find that Defendants "used a nominally permitted sale of shares to 'work around' the Side Agreement and eliminate Cypress' board seat".

Defendants now ask the Court to exclude the very evidence that proves this "work around" was intentional rather than coincidental. Specifically, Defendants seek to hide the fact that the SPAs contained "tag-along" rights triggered at a 50% sale threshold , and that Defendants sold exactly 40.7% of the stock. This careful engineering of the transaction to avoid

---

[1] This Opposition incorporates by reference the factual background and legal argument contained within Plaintiff's Memoranda of Law in Opposition to Defendants' Motions In Limine.

contractual triggers while stripping the board seat is compelling evidence of bad faith. It is not irrelevant, it is central to the narrative of evasion and intent required for Counts Two and Eight.

## ARGUMENT

## I. THE SPAs ARE INEXTRICABLY INTERTWINED WITH THE SIDE AGREEMENT AND THE "FRUITS OF THE BARGAIN"

Evidence is relevant if it has "any tendency to make a fact more or less probable" and that fact is "of consequence in determining the action". Fed. R. Evid. 401. Under the "inextricably intertwined" doctrine, evidence is admissible when it is necessary to complete the story of the conduct at issue. See *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). Exclusion under Rule 403 is an extraordinary remedy reserved for evidence where the probative value is substantially outweighed by unfair prejudice.

Defendants argue that the Side Agreement is the "only binding instrument governing Cypress' board seat" and therefore the SPAs are irrelevant. This artificial separation ignores the commercial reality and the Court's findings. Cypress purchased its shares via the SPAs on February 28, 2019. The Side Agreement was executed "[t]he same day". Dkt. No. 252 at 2. Together, these documents form the deal that Cypress entered into with Sport-BLX. The implied covenant requires a party to "refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party from receiving the fruits of the bargain". *Dunlap v. State Farm Fire & Ca. Co*., 878 A.2d 434, 442 (Del. 2005). The "fruit" was not just the board seat in isolation, but the board seat *as a protection for the investment made under the SPAs*. The jury cannot determine if Defendants' conduct was "arbitrary or unreasonable" if they are blind to the broader contractual relationship. The SPAs explain *how* Cypress became a shareholder and *why* the board seat protections in the Side Agreement were necessary.

## II. THE STRUCTURING OF THE DEAL TO AVOID TAG-ALONG RIGHTS IS EVIDENCE OF INTENT AND BAD FAITH (COUNT TWO)

Defendants argue that because the sale to GlassBridge (40.7%) was below the 50% threshold for tag-along rights, the tag-along provisions are irrelevant.  Plaintiff contends that the tag-along provisions are relevant *precisely because* the threshold was not met.  This Court found a triable issue regarding whether Defendants used a "nominally permitted sale of shares to 'work around' the Side Agreement".  The fact that Defendants sold a massive block of shares (transferring effective control) but stopped short of the 50% line is strong circumstantial evidence of a sophisticated scheme to evade obligations. It demonstrates that the removal of Cypress was a calculated effort, not a standard business transaction.

Defendants will likely argue the GlassBridge sale was a valid business decision or as the Court recognized in the SJ Order, "Sport-BLX may argue that he SPAs' tag along clauses contemplated control-shifitng sales." DKT 232 at 29.  Evidence that the sale was sized specifically to bypass minority shareholder protections (tag-along rights) while simultaneously killing the board seat rights (Side Agreement) rebuts the defense of "honest business judgment."

## III. HALL'S STATEMENTS REGARDING TAG-ALONG RIGHTS ARE ADMISSIBLE AS TO STATE OF MIND

Defendants seek to preclude evidence of Mr. Hall's "offhand comment" regarding tag-along rights, arguing it did not create a contract.  Plaintiff is not offering this statement to prove a breach of oral contract (a claim that was not asserted). Plaintiff offers it to show intent and knowledge.  If Hall assured Salerno that Cypress had tag-along rights (even informally), and then secretly structured a transaction to defeat those rights while also eliminating the board seat, that is quintessentially "arbitrary or unreasonable conduct".  Hall's statement is an admission of a

party-opponent under Fed. R. Evid. 801(d)(2). It is relevant to his state of mind and the deceptive nature of the Defendants' course of dealing.

## IV. THE EVIDENCE IS RELEVANT TO CONSEQUENTIAL DAMAGES

Defendants argue that even if tag-along rights were exercised, Cypress would have no damages. This ignores the Court's explicit ruling on damages.  The Court ruled Cypress may recover for "consequential injury to its investment".  Tag-along rights represent an exit opportunity or a chance to sell shares at the same price as the founders. By structuring the deal to avoid the tag-along, Defendants trapped Cypress in the company while stripping them of their board seat. The value of that lost exit opportunity is relevant to calculating the "consequential injury" to the investment.

## CONCLUSION

Defendants' Motion in Limine No. 3 seeks to blind the jury to the "work around" mechanics that this Court has already deemed a triable issue. The SPAs and tag-along provisions are the necessary context to understand the bad faith scheme. Plaintiff respectfully requests that the Court deny Defendants' Motion in Limine No. 3.

*Alexander Dudelson*
_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*