UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-1243-LGS <br><br> **Related case:** <br><br> Civil Action No. 1:22-cv-8111-LGS |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..iii

PRELIMINARY STATEMENT………………………………………………………………….1

ARGUMENT……………………………………………………………………………………...2

I.     THE COURT HAS ALREADY RULED THAT CONSEQUENTIAL DAMAGES ARE RECOVERABLE (RES JUDICATA/LAW OF THE CASE)……………………………...…………………2

II.    THE GLASSBRIDGE TRANSACTION PRICE IS RELEVANT EVIDENCE OF VALUATION, NOT A "BACKDOOR" TAG-ALONG CLAIM …………………………………………………………..2

III.   CYPRESS COMPLIED WITH RULE 26 BY DISCLOSING ITS DAMAGES METHODOLOGY)……………………………………………………3

IV.   MR. SALERNO MAY TESTIFY AS TO VALUE UNDER FED. R. EVID. 701)……...4

CONCLUSION……………………………………………………………………………………4

**TABLE OF AUTHORITES**

## Cases

*Case Citations:*

*Design Strategy, Inc. v. Davis*,
469 F.3d 284, 296 (2d Cir. 2006)……………………………………….…………………..3

Plaintiff Cypress Holdings, III, L.P. ("Cypress"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion in Limine No. 4 ("MIL No. 4"). [1]

## PRELIMINARY STATEMENT

Defendants seek to preclude all evidence of monetary damages, arguing that Cypress has no admissible damages theory for the loss of its board seat and failed to comply with disclosure rules. This motion ignores the explicit findings of this Court in its Summary Judgment Order ("SJ Order") and seeks to impose an expert witness requirement where none exists.

Defendants' Motion in Limine No. 4 is an attempt to re-litigate summary judgment. In their motion for summary judgment, Defendants argued that "damages are speculative because the board seat carried no fixed compensation". This Court rejected that argument, holding that Cypress identified "consequential injury to its investment" and that "[a]ny difficulty quantifying that loss goes to the measure of damages, not liability".  Dkt. No. 252 at 30.

Defendants now repackage the same argument as an evidentiary motion, claiming damages are "irrelevant" or "speculative". They further contend that because the specific "tag-along" contract claim was dismissed, the value established by the GlassBridge transaction is inadmissible. This conflates a cause of action with evidence of value.

Finally, Defendants attempt to prevent Mr. Salerno from testifying about the value of his own company's investment, contrary to established law permitting lay opinion testimony by business owners.  The loss of the board seat was not merely the loss of a title. It was the deprivation of the fundamental benefit for which Cypress contracted, specifically, the ability to

---

[1] This Opposition incorporates by reference the factual background and legal argument contained within Plaintiff's Memoranda of Law in Opposition to Defendants' Motions In Limine.

1

protect the investment from the very self-dealing and asset stripping that followed Cypress's removal.

## ARGUMENT

## I. THE COURT HAS ALREADY RULED THAT CONSEQUENTIAL DAMAGES ARE RECOVERABLE (RES JUDICATA/LAW OF THE CASE)

Defendants argue that Cypress should be limited to "nominal damages". This argument is foreclosed by the Court's September 30, 2025 Opinion & Order (the "SJ Order"). In the SJ Order, the Court expressly recognized that damages for Count Two (Breach of Implied Covenant) include "consequential injury to [Cypress's] investment". Dkt. No. 252 at 30. The Court held that while the board seat carried no fixed salary, it allowed Cypress to argue that its removal was "a loss of the bargained for board representation and consequential injury to its investment." Id. The Court ruled: "Any difficulty quantifying that loss goes to the measure of damages, not liability". Id. .

Defendants' motion to preclude any evidence or argument related to monetary damages directly contradicts this ruling. Under the law of the case doctrine, Defendants cannot relitigate the viability of consequential damages via a motion in limine.

## II. THE GLASSBRIDGE TRANSACTION PRICE IS RELEVANT EVIDENCE OF VALUATION, NOT A "BACKDOOR" TAG-ALONG CLAIM

Defendants argue that because the "tag-along" rights were not triggered (as the sale was for 40.7%, just under the 50% threshold), evidence of the price paid in that transaction ($355/share) is irrelevant. This argument confuses the basis of liability with evidence of damages. Cypress is not arguing at trial that it is contractually entitled to the tag-along right.

2

Rather, Cypress offers the GlassBridge transaction as a contemporaneous data point of the stock's fair market value at the time the board seat was stripped.

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable (Fed. R. Evid. 401). The fact that willing buyers, GlassBridge, paid Defendants $355 per share at nearly the exact moment Defendants engineered Cypress's removal from the Board is highly probative of the value of the investment before it was left unprotected.  The consequential damages are calculated by comparing the value of the investment at time of loss against the diminished value of the investment after the board seat was lost and assets were allegedly siphoned.

## III. CYPRESS COMPLIED WITH RULE 26 BY DISCLOSING ITS DAMAGES METHODOLOGY

Defendants claim Cypress failed to provide a "computation" of damages. This is incorrect. As Defendants admit, Cypress disclosed its methodology: "the value of Cypress' Sport-BLX stock... less any remaining value of the acquired stock at the time of trial".  In a case involving the diminution of value of a closely held corporation, the "remaining value... at the time of trial"  is a fact issue for the jury to determine based on the evidence presented. Cypress cannot provide a static number in a disclosure when the current value is the subject of the litigation itself.

As noted in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006), preclusion is a "drastic remedy" not warranted where the failure to disclose is harmless or the theory is known to the defense.  Defendants know exactly what the theory is, the difference between the high valuation realized by the Founders (via GlassBridge) and the current low valuation of Cypress's

3

holdings. Defendants have engaged their own damages expert that supports this very theory. There is no trial by ambush here.

### IV. MR. SALERNO MAY TESTIFY AS TO VALUE UNDER FED. R. EVID. 701

Defendants seek to preclude Mr. Salerno from offering "lay opinion" regarding injury or damages. This contravenes the well-established "owner-witness rule." Under Fed. R. Evid. 701, an officer or business owner may testify to the value or projected profits of the business "without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."

Mr. Salerno's testimony is not based on "specialized knowledge" within the meaning of Rule 702. It is based on his personal knowledge as the manager of Cypress, a shareholder and board member of Sport-BLX, his participation in the relevant transactions, his review of the SPAs, and his direct knowledge of the offers made and prices paid for the stock (e.g., the GlassBridge transaction). Mr. Salerno is competent to testify regarding what he paid for the stock, what Defendants sold their stock for, and the operational decline he observed after being removed from the Board. These are not complex economic theories.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in Limine No. 4 and permit Cypress to present evidence of the consequential injury to its investment as authorized by the Summary Judgment Order.

*Alexander Dudelson*
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*