UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-1243-LGS <br><br> **Related case:** <br><br> Civil Action No. 1:22-cv-8111-LGS |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE NOS. 5, 6, 7 AND 8

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

ii

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………..1

ARGUMENT………………………………………………………………………………...1

I. OPPOSITION TO MIL NO. 5:
   EVIDENCE OF REGULATORY INVESTIGATIONS IS
   ADMISSIBLE FOR NON-PROPENSITY PURPOSES (RULE 404(b))……………..…1

II. OPPOSITION TO MIL NO. 6:
    HARM TO MR. SALERNO IS RELEVANT TO THE
    CONSOLIDATED DISPUTE…………………………………………………………2

III. OPPOSITION TO MIL NO. 7:
     INSURANCE EVIDENCE MAY BE ADMISSIBLE
     FOR PERMITTED PURPOSES (RULE 411)………………………………………….3

IV. OPPOSITION TO MIL NO. 8:
    PRE-LITIGATION "BUYOUT" OFFERS ARE
    NOT SETTLEMENT NEGOTIATIONS (RULE 408)………………..……………….3

CONCLUSION……………………………………………………………………………4

Plaintiff Cypress Holdings, III, L.P. ("Cypress"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motions in Limine Nos. 5, 6, 7, and 8.[1]

## PRELIMINARY STATEMENT

Defendants seek to sanitize the trial record by excluding evidence that is essential to the jury's understanding of the surviving claims and the related action. Specifically, Defendants seek to preclude evidence of regulatory investigations (MIL No. 5) and harm to Michael Salerno (MIL No. 6), while applying blanket exclusions to insurance (MIL No. 7) and settlement discussions (MIL No. 8). Defendants' motions ignore the current posture of this litigation. As the Court noted in its Summary Judgment Order, this case is related to *Sport-BLX, Inc. v. Salerno*, 22-cv-8111, and the actions have been consolidated for trial. Sport-BLX has sued Salerno individually for fraud and breach of fiduciary duty. While Plaintiff acknowledges the general prohibitions of Rules 404, 408, and 411, Defendants' motions are overbroad and seek to preclude evidence that may be admissible for permitted purposes, such as proving intent, bias, or control, which must be determined in context at trial rather than by a categorical pretrial order.

## ARGUMENT

**I. OPPOSITION TO MIL NO. 5: EVIDENCE OF REGULATORY INVESTIGATIONS IS ADMISSIBLE FOR NON-PROPENSITY PURPOSES (RULE 404(b))**

Defendants move to exclude "evidence of unrelated investigations or claims concerning Defendants or their affiliated entities" under Rule 404(b). This motion should be denied because

---

[1] This Opposition incorporates by reference the factual background and legal argument contained within Plaintiff's Memoranda of Law in Opposition to Defendants' Motions In Limine.

1

under Rule 404(b)(2), the evidence is admissible for purposes other than propensity, including motive, intent, and state of mind.

The core of Plaintiff's claim in Count Two is that Defendants acted in bad faith to evade the Side Agreement. If Defendants have a history of regulatory findings or investigations involving similar conduct, such as the use of complex affiliate transactions to siphon assets or disadvantage minority investors, such evidence is highly probative of their intent and plan in this case. It demonstrates that the structuring of the GlassBridge transaction was a calculated maneuver (a modus operandi), not an innocent business decision.

Furthermore, should Defendants open the door by testifying to their good character or unblemished record in the financial industry, Plaintiff is entitled to impeach that testimony with specific instances of conduct under Rule 608(b). A blanket preclusion order now would improperly hamstring Plaintiff's ability to challenge Defendants' credibility.

The Court should deny the motion as premature and reserve ruling until the specific evidence is proffered at trial, where its relevance to intent (under Rule 404(b)) or impeachment can be properly assessed.

## II. OPPOSITION TO MIL NO. 6: HARM TO MR. SALERNO IS RELEVANT TO THE CONSOLIDATED DISPUTE

Defendants seek to preclude evidence of "harm to Mr. Salerno personally". This motion ignores the reality that Salerno is a party to the related litigation. As noted, in the related action, Sport-BLX has sued Salerno individually for fraud and breach of fiduciary duty. To the extent the trials are consolidated, evidence regarding Salerno's conduct, and the harm inflicted upon him by Defendants, is relevant to the totality of the circumstances surrounding the fiduciary duty claims.

## III. OPPOSITION TO MIL NO. 7: INSURANCE EVIDENCE MAY BE ADMISSIBLE FOR PERMITTED PURPOSES (RULE 411)

While Rule 411 generally prohibits evidence of insurance to prove negligence, it expressly permits such evidence for other purposes, such as "proving a witness's bias or prejudice or proving agency, ownership, or control". Plaintiff opposes a blanket exclusion. Issues of indemnification and control are central to this case. The Court's 23.1 Order extensively discussed indemnification and the "good faith" requirement for coverage. To the extent Defendants claim they acted in "good faith" to preserve insurance coverage or indemnification rights, or if insurance coverage dictates the control of the defense between conflicted parties (e.g., Sport-BLX and the individual defendants), such evidence may be admissible to show bias or motive.

## IV. OPPOSITION TO MIL NO. 8: PRE-LITIGATION "BUYOUT" OFFERS ARE NOT SETTLEMENT NEGOTIATIONS (RULE 408)

Defendants seek to exclude "settlement negotiations". Plaintiff does not seek to introduce offers made to compromise *this* litigation. However, Defendants attempt to cloak pre-litigation business conduct under Rule 408.

Paintiff's second amended complaint alleges that "Hall and De Perio offered to purchase Cypress's shares at a drastically undervalued sum, which Cypress declined". Dkt. No. 252 at 2. This occurred in 2019/early 2020, years before this litigation commenced in 2022. This offer was not a "compromise negotiation" regarding a disputed legal claim. The offer price is also relevant to the valuation of the stock and the "bad faith" element of Count Two. Rule 408 does not exclude evidence of business communications simply because they involved an offer to buy shares.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motions in Limine Nos. 5, 6, 7, and 8, or, in the alternative, reserve ruling until the context of the evidence can be evaluated at trial.

_Alexander Dudelson_
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*