**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 22-cv-01243 (LGS) *Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 22-cv-08111 (LGS)

Dear Judge Schofield:

We represent defendant George Hall and defendant/counterclaimant Sport-BLX in the above-captioned matters. We write to respectfully request leave to file a Renewed Motion to Dismiss Count Twelve of the Second Amended Complaint. The proposed renewed motion is attached as an exhibit to this letter.

In the Court's Order on Defendants' Motion to Dismiss (Dkt. 180) in Case No. 22-cv-01243, the Court indicated it may revisit dismissal "if a conflict arises" or "if it becomes clear that any of the remaining direct claims should be recast as derivative." (Dismissal Order at 22.)

Such a conflict has now materialized between the Court's prior rulings and Cypress' current position regarding the evidence and claims that remain in this case. As set forth in Cypress' motion at Dkt. 272, Cypress seeks to use Count Twelve as a vehicle to introduce evidence that S-BLX Securities and Clinton Group aided and abetted Hall and De Perio in breaching fiduciary duties owed to Sport-BLX. But the Court dismissed the derivative component of Count Five on which that theory was predicated, and expressly narrowed Count Twelve to the claim that S-BLX Securities and Clinton Group aided and abetted Hall and De Perio in breaching fiduciary duties owed to Cypress. Subsequently, Count Five was dismissed in its entirety, leaving Count Twelve without any viable basis on which to proceed. Because the breach of fiduciary duty claims failed, there can be no cause of action for aiding and abetting breach of that fiduciary duty. *See, e.g.*, *Feldman v. AS Roma SPV GP, LLC*, 2021 Del. Ch. LEXIS 155, at *33 (Del. Ch. July 22, 2021) ("It is axiomatic that to state a claim for aiding and abetting a breach of fiduciary [duty], a plaintiff must allege an underlying breach of fiduciary duty.").

Allowing Cypress to cure this defect through amended pleadings would be futile. Its motion at Dkt. 272 makes clear that it intends to use this meritless count to introduce evidence concerning dismissed claims and matters irrelevant to the issues to be tried. For these reasons, and consistent with the Court's invitation to revisit dismissal under these circumstances, we respectfully request leave to file the attached Renewed Motion to Dismiss Count Twelve.

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)
December 10, 2025

Page 2

      We are available for a conference if helpful and are prepared to proceed on the following briefing schedule:

| | |
|---|---|
| December 12, 2025: | Moving Brief by Sport-BLX Parties (attached) |
| January 2, 2026: | Opposition Brief by Cypress Parties |
| January 9, 2026: | Reply Brief by Sport-BLX Parties |

We appreciate the Court's attention to this matter and stand ready to address any questions.

      Respectfully submitted,

/s/ Michael S. Schachter
Michael S. Schachter
Shaimaa M. Hussein
Meredith E. Mayer-Dempsey
WILLKIE FARR & GALLAGHER LLP
Counsel for George Hall and Sport-BLX