# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.,

                            Plaintiff,

            v.

                                                            Civil Action No. 1:22-cv-1243-LGS

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR
BAEZ, CHRISTOPHER JOHNSON, SPORT-
BLX, INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP INC., and GLASSBRIDGE
ENTERPRISES, INC.,

                            Defendants.

----------------------------------------------------------x

RENEWED MOTION TO DISMISS COUNT 12
BASED ON CYPRESS' RESPONSES TO MOTIONS *IN LIMINE*

Defendants George Hall, Joseph De Perio, Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX

Securities, Inc. ("S-BLX Securities"), Clinton Group, Inc. ("Clinton Group"), and GlassBridge

Enterprises, Inc. ("GlassBridge,") respectfully move for the dismissal of Count Twelve, pursuant

to the Court's September 23, 2024 Order on Defendants' Motions to Dismiss ("Dismissal Order")

at Dkt. 180, which recognizes that the Court may reconsider dismissal under certain conditions,

including "if a conflict arises" or "if it becomes clear that any of  the remaining direct claims

should be recast as derivative." (Dismissal Order at 22 (citing *Tatintsian ex rel. Shoplink, Inc. v.

Vorotyntsev*, 2018 WL 2324998, at *3 (S.D.N.Y. May 22, 2018).)

**PROCEDURAL HISTORY**

On January 30, 2023, Cypress Holdings, III, L.P., individually and derivatively on behalf

of Sport-BLX, Inc., filed its Second Amended Complaint ("SAC") against the above defendants.

The SAC asserted nineteen counts and included eight derivative claims brought on behalf of Sport-

BLX alleging the "siphoning" of assets from Sport-BLX to other entities allegedly controlled by Hall and others. (Dkt. 160 at 7.)

On October 23, 2023, the Sport-BLX parties moved to dismiss the derivative claims, arguing they suffered from "pervasive and impermissible conflicts of interest." (Dkt. 160 at 1.) The asserted conflicts included: (1) Cypress sued Sport-BLX while simultaneously purporting to act on Sport-BLX's behalf; (2) Cypress' direct claims competed with its derivative claims for the same pool of damages; and (3) the relief Cypress sought, if granted, would cause it to lose shareholder status, and thus standing to sue derivatively on Sport-BLX's behalf. (*Id*. at 11). The Sport-BLX parties further argued that Cypress did not adequately represent other minority shareholders under Rule 23.1 and therefore should not be permitted to file a derivative action on Sport-BLX's behalf. (*Id*. at 7.)

The Court granted in part and denied in part the Sport-BLX parties' motion. (Dkt. 180.) In the dismissal order, the Court found that Cypress was conflicted from bringing derivative claims on behalf of Sport-BLX and its shareholders where it also had direct claims against the same defendants. (Dkt. 180 at 10-11). This included the derivative portions of Counts Two (breach of the implied covenant of good faith and fair dealing), Five (breach of the fiduciary duty Hall and De Perio owed to Sport-BLX) and Twelve (aiding and abetting the breach of fiduciary duty Hall and De Perio owed to Sport-BLX). (*See id*.) The Court also noted that Cypress was not conflicted from bringing a derivative claim for aiding and abetting a breach of fiduciary duty against S-BLX Securities and Clinton Group because S-BLX Securities and Clinton Group were neither indemnified nor subject to similar claims. (Dkt. 180 at 16, 21-22.). In doing so, the Court reemphasized that the derivative claim in Count Twelve was dismissed as to Hall, De Perio, and Glassbridge. (*Id*.)

The parties later moved for summary judgment. In its summary judgment order, the Court made clear that, following its Rule 23.1 ruling, the <u>only</u> portion of Count Twelve that remained was the claim that "S-BLX Securities and Clinton Group aided and abetted Hall and De Perio's breach of fiduciary duty to <u>Cypress</u>." (Dkt. 252 at 38 (emphasis added).) This result follows from the conflict inherent in allowing a derivative aiding-and-abetting claim premised on a breach of fiduciary duty to Sport-BLX by Hall and De Perio to proceed alongside Cypress's direct claim, as alleged in Count Five. *See Baliga on behalf of Link Motion Inc. v. Link Motion Inc*., No. 18-CV-11642 9VM) (DF), 2021 WL 2137613, at *7 n. 7 (S.D.N.Y. May 26, 2021 ("In most situations where the plaintiff's monetary recovery on a direct claim could result in a reduction of the corporation's potential recovery on the derivative claim, the plaintiff will be found to have an 'actual' (not merely a 'theoretical') conflict, and will be disqualified from pursuing both types of claims in the same action.").

The Court then granted summary judgment to the Sport-BLX parties on Count Five, holding that the fiduciary duty claim against Hall and De Perio arises from "the same facts that underly the contract obligations" in Count Two. (Dkt. 252 at 30.). The Court allowed Count Two (implied covenant) to proceed on Cypress' theory that Hall and De Perio employed stock transfers to an affiliate as a device to frustrate the Side Agreement's board-seat commitment, finding a triable "gap" in the contract that could support the implied covenant claim. (*Id*. at 29.)

In granting dismissal, the Court stated that it <u>may reconsider dismissal</u> under certain conditions, including "if a conflict arises" or "if it becomes clear that any of the remaining direct claims should be recast as derivative." (Dismissal Order at 22 (citing *Tatintsian*, 2018 WL 2324998, at *3).)

## ARGUMENT

Here, a conflict has arisen between the Court's prior decisions and Cypress' interpretation of what evidence and claims remain in the case. Cypress' Motion at Dkt. 272 makes plain that it intends to use Count Twelve to introduce evidence that S-BLX Securities and Clinton Group aided and abetted Hall and De Perio in breaching fiduciary duties owed to Sport-BLX. The Court, however, has dismissed the breach of fiduciary duty claim on which Count Twelve was predicated and there can be no aiding and abetting a breach of fiduciary duty without an adequately plead underlying breach. Nor can Cypress cure this defect by invoking Count Two as a basis to sustain Count Twelve, for the reasons explained below. Accordingly, Count Twelve should be dismissed.

### 1. The Court Dismissed All Fiduciary Duty Claims Against Hall and De Perio.

The aiding and abetting claims in Count Twelve were based on the fiduciary breaches alleged in Count Five. The Court construed Count Five as alleging two fiduciary duty theories against Hall and De Perio: one derivative, asserting a duty owed to Sport-BLX; and one direct, asserting a duty owed to Cypress. (Dkt. 180, Dismissal Order, at 6.) Neither theory remains.

The portion of Count Five asserting that Hall and De Perio breached fiduciary duties owed to Sport-BLX by "stripping" the company of assets and opportunities was dismissed because it is a derivative claim that cannot be brought directly by Cypress. (Dkt. 180, Dismissal Order, at 6–7 (citing *Tooley v. Donaldson, Lufkin, & Jenrette, Inc*., 845 A.2d 1031, 1039 (Del. 2004)). The portion of Count Five asserting that Hall and De Perio breached fiduciary duties owed to Cypress initially survived, but was limited to alleged post-investment misconduct "supporting the surviving direct claims that post-date Cypress' investment (i.e., interfering with Cypress' board seat, but not wrongfully inducing the Cypress investment)." (Dkt. 180, Dismissal Order, at 6.)

The Court then granted summary judgment on what remained of Count Five by holding that Hall and De Perio's obligation to vote for Salerno's board seat was entirely contractual in nature. The Court held that the alleged interference by Hall and De Perio with Cypress' board seat arises from the same facts and obligations memorialized in the Side Agreement and therefore sounds exclusively in contract, not fiduciary duty. (Dkt. 252 Summary Judgement Order (SJ Order) at 28, 30 (holding that (1) Hall and De Perio's obligation to vote for Salerno was contractual; (2) that the Side Agreement "governs all aspects of Cypress' alleged right to the board seat"; and (3) that the fiduciary theory is foreclosed by the contract claim. *Id*. at 30.)) In short, Hall and De Perio owed no fiduciary duty to Salerno to vote for him; any such obligation was purely contractual. With that ruling, the last remaining fiduciary theory against Hall and De Perio collapsed.

The derivative fiduciary breach claim against Hall and De Perio to Sport BLX was dismissed via the Dismissal Order and the direct fiduciary breach claim against Hall and De Perio to Cypress was foreclosed by the Summary Judgment Order. There is no remaining claim against Hall and De Perio for breach of fiduciary duty. Accordingly, there can be no aiding and abetting a breach of fiduciary claim remaining. *See*, *e.g*., *Feldman v. AS Roma SPV GP, LLC*, 2021 Del. Ch. LEXIS 155, at *33 (Del. Ch. July 22, 2021) ("It is axiomatic that to state a claim for aiding and abetting a breach of fiduciary [duty], a plaintiff must allege an underlying breach of fiduciary duty."); *Weil v. Morgan Stanley DW Inc.*, 877 A.2d 1024, 1039 (Del. Ch. 2005) ("[H]aving failed to state an underlying claim for breach of fiduciary duty…[the] aiding and abetting claim… necessarily fails."), *aff'd*, 894 A.2d 407 (Del. 2005).

**2. Cypress May Not Use Count Twelve as a Vehicle to Introduce Evidence that Hall and De Perio Breached Fiduciary Duties to Sport-BLX.**

In its response to Defendant's Motion *in Limine* No. 2 (Dkt. 272), Cypress claims that it "should be permitted to present evidence that defendants aided Hall's and De Perio's breach of the fiduciary duties to Sport-BLX" as part of its claim for Count Twelve  (Dkt. 272 at 2 (emphasis added).)   It cannot.   Not only have all the underlying fiduciary breach claims already been dismissed by the Court, thereby leaving nothing left for the aiding and abetting claim—but if Cypress were to seek to introduce such evidence to somehow revive Count Twelve, such a claim would be a derivative one belonging to Sport-BLX, not a direct claim that could be asserted directly by Cypress.  (Dkt. 180 at 6–7.)  And the Court dismissed the derivative portion of Count Five against Hall and De Perio on which Count Twelve was based. (*Id.* at 7 ("The derivative claim[] in Count…Five…[is] dismissed against Defendant's Hall, De Perio, and GlassBridge because they are in direct competition with Cypress' similar direct claims for the same pool of damages…")

To the extent Cypress invokes the Court's earlier observation that it was not conflicted from asserting certain derivative theories against S-BLX Securities and Clinton Group (Dkt. 180 at 16), that does not resuscitate Count Twelve.  The operative orders have since dismissed the fiduciary predicates that Count Twelve would require. (Dkt. 180 at 6; Dkt. 252 at 28, 30.) Recasting the same corporate-injury allegations as aiding and abetting cannot cure the absence of a surviving fiduciary breach.  *See Weil,* 877 A.2d at 1039 (above).  Nor does Cypress' characterization of the dismissal as merely "procedural" (Dkt. 272 at 2) change the outcome: there is no fiduciary duty claim remaining—derivative or direct—and absent a viable underlying breach, there can be no aiding and abetting claim.

**3.  Cypress Cannot Use The Remaining Contract Claim to End Run the Dismissal of the Fiduciary Duty Claims**

All that remains of the claim by Cypress against Hall and De Perio is a claim based in contract.  Cypress cannot recast those same contractual allegations as a breach of fiduciary duty and effectively end-run the Court's prior dismissals.  Count Twelve does not give Cypress a vehicle by which to recast the contract claims.

Delaware law precludes bootstrapping contract claims into fiduciary duty claims where both arise from the same nucleus of operative facts. *See Marsh & McLennan Agency, LLC v. Alliant Ins. Servs.*, 2025 U.S. Dist. LEXIS 202689, at *27–28 (S.D.N.Y. Oct. 14, 2025) ("The general rule under Delaware law…is that a plaintiff may not 'bootstrap' a breach of fiduciary duty claim into a breach of contract claim merely by restating the breach of contract claim as a breach of fiduciary duty.").  Where the fiduciary claim is duplicative of a contract claim, courts dismiss it as foreclosed.  It is not a mere procedural disposition as Cypress alleges (Dkt. 272 at 2).  New York law also recognizes this restriction.  Indeed, its Pattern Jury Instructions state explicitly that "where a breach-of-fiduciary-duty claim was dismissed as duplicative of plaintiffs' breach-of-contract claim against defendant, an aiding and abetting claim against other defendants also had to be dismissed[]."  *See* N.Y. Pattern Jury Instr.–Civil 3:59 (collecting authorities, including *Crestview SPV, LLC v. Crestview Fin.*, LLC, 217 A.D.3d 473, 474 (1st Dep't 2023) (where the obligation was based in contract, the fiduciary duty claim failed); *Slifka v. Slifka*, 177 A.D.3d 418 (1st Dep't 2019); *Kassover v. Prism Venture Partners, LLC*, 53 A.D.3d 444, 449 (1st Dep't 2008) ("Because the breach of fiduciary duty claim fails, there can be no cause of action for aiding and abetting breach of that fiduciary duty.")); *see also CIM Urban Lending GP, LLC v. Cantor Com. Real Estate Sponsor, L.P.*, 2016 Del. Ch. LEXIS 47, at *1 (Del. Ch. Feb. 26, 2016) (where breach of fiduciary duty claim was dismissed as duplicative of a contract claim, plaintiff could likewise

not state a claim for aiding and abetting the breach). Because the Court has already determined that the alleged duty to seat Salerno arises solely from contract, there is no fiduciary breach to aid and abet. Cypress cannot create a new alleged fiduciary duty breach using the same contract-based allegations.

### 4. Conclusion

Based on the foregoing, a conflict exists. Cypress seeks to present evidence against Hall and De Perio through purporting to assert, on Sport-BLX's behalf, a claim against them. It further endeavors to bypass the Court's orders by submitting evidence the Court precluded under the guise of an aiding and abetting claim. Moreover, Cypress has named Sport-BLX as a defendant in the same lawsuit where he purports to allege claims on behalf of Sport-BLX. Accordingly, Defendants respectfully renew their Motion to Dismiss, consistent with the Court's statement that reconsideration may be warranted "if a conflict arises" or "if it becomes clear that any of the remaining direct claims should be recast as derivative." (Dismissal Order at 22 (citing *Tatintsian*, 2018 WL 2324998, at *3).)

Dated: December 10, 2025                   Respectfully submitted,

/s/ *Michael S. Schachter*
WILLKIE FARR & GALLAGHER LLP
Michael S. Schachter (MS0326)
Shaimaa M. Hussein (SH9276)
Meredith E. Mayer-Dempsey (5213202)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
mschacter@willkie.com
shussein@willkie.com
mmayer-dempsey@willkie.com

*Counsel for Defendants*