# Exhibit A

## VERDICT FORM

Please begin with question 1 and follow the instructions listed after each question to determine which question to answer next.

## CYPRESS CLAIM 1:

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(*See* Section ___ of the Court's Jury Instructions)

1. Did Plaintiff, Cypress Holdings, III, L.P., establish, by a preponderance of the evidence, that there was a specific, implied contractual obligation between it and Defendants Sport-BLX, Inc., George Hall, or Joseph De Perio?

    a. Record your answer as to Sport-BLX (1a):

    Yes _____        No _____

    b. Record your answer as to George Hall (1b):

    Yes _____        No _____

    c. Record your answer as to Joseph De Perio (1c):

    Yes _____        No _____

*If your answer to question 1a was yes, answer question 2a. If your answer to question 1b was yes, answer question 2b. If your answer to question 1c was yes, answer question 2c. If you answered no to all questions, skip to question 5.*

2. Did Plaintiff, Cypress Holdings, III, L.P., establish, by a preponderance of the evidence, that Sport-BLX, Inc., George Hall, or Joseph De Perio breached that obligation?

    a. Record your answer as to Sport-BLX (2a):

    Yes _____        No _____

    b. Record your answer as to George Hall (2b):

    Yes _____        No _____

    c. Record your answer as to Joseph De Perio (2c):

    Yes _____        No _____

*If your answer to question 2a was yes, answer question 3a. If your answer to question 2b was yes, answer question 3b. If your answer to question 2c was yes, answer question 3c. If you answered no to all questions, skip to question 5.*

3. Did Plaintiff, Cypress Holdings, III, L.P., establish, by a preponderance of the evidence, that it suffered damages as a result of a defendant's breach?

    a. Record your answer as to Sport-BLX (3a):

      Yes _____          No _____

    b. Record your answer as to George Hall (3b):

      Yes _____          No _____

    c. Record your answer as to Joseph De Perio (3c):

      Yes _____          No _____

*If your answer to question 3a was yes, answer question 4a. If your answer to question 3b was yes, answer question 4b. If your answer to question 3c was yes, answer question 4c. If you answered no to all questions, skip to question 5.*

4. Did Plaintiff, Cypress Holdings, III, L.P., establish, by a preponderance of the evidence, that it suffered actual damages (*i.e.*, an amount in excess of nominal damages) resulting from a defendant's breach?

    a. Record your answer as to Sport-BLX (4a):

      Yes _____          No _____

    b. Record your answer as to George Hall (4b):

      Yes _____          No _____

    c. Record your answer as to Joseph De Perio (4c):

      Yes _____          No _____

# CYPRESS CLAIM 2:

# TORTIOUS INTERFERENCE WITH CONTRACT

(*See* Section \_\_\_ of the Court's Jury Instructions)

*If you did not answer yes to questions 3a, 3b, or 3c, skip to question 13. If your answers to questions 3a, 3b, and 3c were no, skip to question 13. If your answers to question 3a, 3b, or 3c were yes, answer question 5.*

5. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc. had knowledge of the existence of the Side Agreement?

   Yes _____        No _____

*If your answer to question 5 was yes, answer question 6. If your answer to question 5 was no, skip to question 13.*

6. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc. had knowledge of the fact that it was interfering with the performance of the Side Agreement?

   Yes _____        No _____

*If your answer to question 6 was yes, answer question 7. If your answer to question 6 was no, skip to question 13.*

7. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc. desired that its actions result in a breach of the Side Agreement, or, in the alternative, that GlassBridge Enterprises Inc. knew that a breach of the Side Agreement was substantially certain to result from its actions?

   Yes _____        No _____

*If your answer to question 7 was yes, answer question 8. If your answer to question 7 was no, skip to question 13.*

8. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc.'s actions directly produced the harm it allegedly suffered, and that, but for Glassbridge Enterprises Inc.'s actions, the harm would not have occurred?

    Yes _____          No _____

*If your answer to question 8 was yes, answer question 9. If your answer to question 8 was no, skip to question 13.*

9. Did GlassBridge Enterprises Inc. share a common economic interest with George Hall, Joseph De Perio or Sport-BLX?

    Yes _____          No _____

*If your answer to question 9 was yes, answer question 10. If your answer to question 9 was no, skip to question 13.*

10. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc. was not pursuing, in good faith, the legitimate profit seeking activities of its affiliated enterprise or was motivated by some malicious or other bad faith purpose to injure Plaintiff?

    Yes _____          No _____

*If your answer to question 10 was yes, answer question 11. If your answer to question 10 was no, skip to question 13.*

11. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that GlassBridge Enterprises Inc. acted without justification?

    Yes _____          No _____

*If your answer to question 11 was yes, answer question 12. If your answer to question 11 was no, skip to question 13.*

12. Did Plaintiff Cypress Holdings, III, L.P. establish that it suffered actual damages (*i.e.*, an amount in excess of nominal damages) resulting from the loss of its board seat?

    Yes _____          No _____

## CYPRESS CLAIM 3:

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY – Cypress Proposed

(*See* Section _____ of the Court's Jury Instructions)

13. Did Plaintiff prove by a preponderance of the evidence that George Hall and/or Joseph De Perio breached their fiduciary duties to Sport-BLX regarding the excess rent or the diversion of fees to Clinton Group?

    Yes _____      No _____

*(If you answered "NO" to Question 13, proceed to Question 17. If you answered "YES", proceed to Question 14.)*

14. Did Plaintiff prove by a preponderance of the evidence that Clinton Group Inc. knowingly participated in the Founders' breach of fiduciary duty?

    Yes _____      No _____

*(If you answered "NO" to Question 14, proceed to Question 17. If you answered "YES", proceed to Question 15.)*

15. What amount of damages, if any, did Sport-BLX, Inc. sustain as a direct result of the conduct of Clinton Group that you found liable in Question 6?

    Damages caused by Clinton Group's conduct: $ _____

16. Did Plaintiff prove by a preponderance of the evidence that George Hall and/or Joseph De Perio breached their fiduciary duties to Sport-BLX regarding the sale of the proprietary trading platform to S-BLX Securities?

    Yes _____      No _____

*(If you answered "NO" to Question 8, stop and sign the verdict sheet. If you answered "YES", proceed to Question 9.)*

17. Did Plaintiff prove by a preponderance of the evidence that the S-BLX Securities, Inc. knowingly participated in the Founders' breach of fiduciary duty?

    Yes _____      No _____

**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY – SPORT-BLX Proposed**

(*See* Section ____ of the Court's Jury Instructions)

13. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that George Hall and/or Joseph De Perio breached fiduciary duties owed to Sport-BLX?

    Yes _____          No _____

*If your answer to question 13 was yes, answer question 14. If your answer to question 13 was no, skip to question 17.*

14. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that Clinton Group, Inc., or S-BLX Securities, Inc. knowingly participated in George Hall and/or Joseph De Perio's breach of fiduciary duties to Sport-BLX?

    a. Record your answer as to Clinton Group (14a):

        Yes _____          No _____

    b. Record your answer as to S-BLX Securities (14b):

        Yes _____          No _____

*If your answer to question 14a was yes, answer question 15a. If your answer to question 14b was yes, answer question 15b. If you answered no to both questions, skip to question 17.*

15. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that Clinton Group, Inc. or S-BLX Securities, Inc. had actual or constructive knowledge that George Hall and/or Joseph De Perio's conduct was legally improper?

    a. Record your answer as to Clinton Group (15a):

        Yes _____          No _____

    b. Record your answer as to S-BLX Securities (15b):

        Yes _____          No _____

*If your answer to question 15a or 15b was yes, answer question 16. If you answered no to both questions, skip to question 17.*

16. Did Plaintiff Cypress Holdings, III, L.P. establish, by a preponderance of the evidence, that Sport-BLX sustained damages because of George Hall and/or Joseph De Perio's breach of fiduciary duties to Sport-BLX?

    Yes _____          No _____

6

**SPORT-BLX CLAIM 1:**

**FEDERAL SECURITIES FRAUD**

(*See* Section ___ of the Court's Jury Instructions)

17. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno knowingly made a material misrepresentation or omission to the Sport-BLX parties in connection with the purchase or sale of securities?

    a.  Record your answer as to Cypress Holdings (17a):

        Yes _____        No _____

    b.  Record your answer as to Michael Salerno (17b):

        Yes _____        No _____

*If your answer to question 17a was yes, answer question 18a. If your answer to question 17b was yes, answer question 18b. If you answered no to both questions, skip to question 21.*

18. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno used an instrumentality of interstate commerce, such as the mail, telephone, or internet, in connection with the material representation or omission?

    a.  Record your answer as to Cypress Holdings (18a):

        Yes _____        No _____

    b.  Record your answer as to Michael Salerno (18b):

        Yes _____        No _____

*If your answer to question 18a was yes, answer question 19a. If your answer to question 18b was yes, answer question 19b. If you answered no to both questions, skip to question 21.*

19. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that it reasonably relied on Cypress Holdings, III, L.P.'s or Michael Salerno's untrue statement or omission of material fact in selling securities?

    a.  Record your answer as to Cypress Holdings (19a):

        Yes _____        No _____

    b.  Record your answer as to Michael Salerno (19b):

        Yes _____                  No _____

*If your answer to question 19a was yes, answer question 20a. If your answer to question 19b was yes, answer question 20b. If you answered no to both questions, skip to question 21.*

20. Did Counterclaimant Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P.'s or Michael Salerno's misrepresentation or omission caused Sport-BLX to suffer damages?

    a.  Record your answer as to Cypress Holdings (20a):

        Yes _____                  No _____

    b.  Record your answer as to Michael Salerno (20b):

        Yes _____                  No _____

## SPORT-BLX CLAIM 2:

## COMMON-LAW FRAUD

(*See* Section ___ of the Court's Jury Instructions)

21. Did Counterclaimant Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno falsely represented or omitted facts that it had a duty to disclose?

    a. Record your answer as to Cypress Holdings (21a):

    Yes _____     No _____

    b. Record your answer as to Michael Salerno (21b):

    Yes _____     No _____

*If your answer to question 21a was yes, answer question 22a. If your answer to question 21b was yes, answer question 22b. If you answered no to both questions, skip to question 26.*

22. Did Counterclaimant Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno knew or believed that the representation or omission was false or misleading, or made the representation or omission with a reckless indifference to the truth or its misleading nature?

    a. Record your answer as to Cypress Holdings (22a):

    Yes _____     No _____

    b. Record your answer as to Michael Salerno (22b):

    Yes _____     No _____

*If your answer to question 22a was yes, answer question 23a. If your answer to question 22b was yes, answer question 23b. If you answered no to both questions, skip to question 26.*

23. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno intended to induce Sport-BLX to act or refrain from acting?

    a. Record your answer as to Cypress Holdings (23a):

    Yes _____     No _____

9

    b. Record your answer as to Michael Salerno (23b):

        Yes _____        No _____

*If your answer to question 23a was yes, answer question 24a. If your answer to question 23b was yes, answer question 24b. If you answered no to both questions, skip to question 26.*

24. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that it acted, or declined to act, in justifiable reliance on the false statements or omissions?

    a. Record your answer as to Cypress Holdings (24a):

        Yes _____        No _____

    b. Record your answer as to Michael Salerno (24b):

        Yes _____        No _____

*If your answer to question 24a was yes, answer question 25a. If your answer to question 24b was yes, answer question 25b. If you answered no both questions, skip to question 26.*

25. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that it was injured as a result of its reliance?

    a. Record your answer as to Cypress Holdings (25a):

        Yes _____        No _____

    b. Record your answer as to Michael Salerno (25b):

        Yes _____        No _____

## SPORT-BLX CLAIM 3:

## BREACH OF FIDUCIARY DUTY

(*See* Section ____ of the Court's Jury Instructions)

26. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno had a fiduciary duty to Sport-BLX?

    a. Record your answer as to Cypress Holdings (26a):

        Yes _____      No _____

    b. Record your answer as to Michael Salerno (26b):

        Yes _____      No _____

*If your answer to question 26a was yes, answer question 27a.  If your answer to question 26b was yes, answer question 27b. If you answered no to both questions, skip to question 29.*

27. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that Cypress Holdings, III, L.P. or Michael Salerno breached that duty?

    a. Record your answer as to Cypress Holdings (27a):

        Yes _____      No _____

    b. Record your answer as to Michael Salerno (27b):

        Yes _____      No _____

*If your answer to question 27a was yes, answer question 28a.  If your answer to question 27b was yes, answer question 28b. If you answered no to both questions, skip to question 29.*

28. Did Sport-BLX, Inc. establish, by a preponderance of the evidence, that it suffered damages that were caused by Cypress Holdings, III, L.P.'s or Michael Salerno's breach of fiduciary duty?

    a. Record your answer as to Cypress Holdings (28a):

        Yes _____      No _____

    b. Record your answer as to Michael Salerno (28b):

        Yes _____      No _____

## **DAMAGES**

Proceed to question 29 only if you answered yes to question 4. Otherwise, please skip this section.

29. If you found that Cypress Holdings, III, L.P. established, by a preponderance of the evidence, that it suffered monetary damages as a result of Cypress Claim 1 (breach of the implied covenant of good faith and fair dealing against Defendant Sport-BLX, Hall, or De Perio), in a lump sum, state the amount of your award of damages to Cypress.

    $_____

Proceed to question 30 only if you answered yes to question 12. Otherwise, please skip this section.

30. If you found that Cypress Holdings, III, L.P. established, by a preponderance of the evidence, that it suffered monetary damages as a result of Cypress Claim 2 (tortious interference with contract against Defendant GlassBridge), in a lump sum, state the amount of your award of damages to Cypress.

    $_____

Proceed to question 31 and 32 only if you answered yes to question 16. Otherwise, please skip this section.

31. [Cypress Proposed] If you found that Cypress Holding III, L.P. established, by a preponderance of the evidence, that Sport-BLX suffered damages as a result of Cypress Claim 3, aiding and abetting a breach of fiduciary duty as against Defendant Clinton Group, Inc., in a lump sum, state the amount of your award of damages to Cypress.

    [Sport-BLX Proposed] If you found that Cypress Holding III, L.P. established, by a preponderance of the evidence, that Sport-BLX suffered damages as a result of Cypress Claim 3, aiding and abetting a breach of fiduciary duty as against Defendant Clinton Group, Inc., in a lump sum, state the amount of your award of damages to Sport-BLX.

    $_____

32. [Cypress Proposed] If you found that Cypress Holding III, L.P. established, by a preponderance of the evidence, that Sport-BLX suffered damages as a result of Claim 3, aiding and abetting a breach of fiduciary duty as against Defendant Sport-BLX Securities, Inc., in a lump sum, state the amount of your award of damages to Cypress.

    [Sport-BLX Proposed] If you found that Cypress Holding III, L.P. established, by a preponderance of the evidence, that Sport-BLX suffered damages as a result of Cypress Claim 3, aiding and abetting a breach of fiduciary duty as against Defendant Clinton Group, Inc., in a lump sum, state the amount of your award of damages to Sport-BLX.

$_____

Proceed to question 33 only if you found Cypress Holdings, III, L.P. or Michael Salerno liable on Sport-BLX claims 1, 2, or 3.  Otherwise, please skip this section.

33. If you found that Sport-BLX, Inc. established, by a preponderance of the evidence, that it suffered monetary damages as a result of Sport-BLX Claims 1, 2, or 3, in a lump sum, state the amount of your award of damages to Sport-BLX.

    $_____

**SIGNATURE PAGE**

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____

Dated: _____