UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYPRESS HOLDINGS, III, L.P., individually and derivatively on behalf of SPORT-BLX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE HALL, JOSEPH DE PERIO, DANIEL STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ, CHRISTOPHER JOHNSON, SPORT-BLX, INC., SPORT-BLX SECURITIES, INC., CLINTON GROUP INC., and GLASSBRIDGE ENTERPRISES, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-1243-LGS |

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MEMORANDUM OF LAW BY DEFENDANT GLASSBRIDGE ENTERPRISES, INC.

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………ii

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT…………………………………………………………………………………...1

    I.   GLASSBRIDGE IMPROPERLY RELITIGATES
        THE EXISTENCE OF A BREACH ……………………….………………..….…1

    II.  GLASSBRIDGE IGNORES THE COURT'S RULING
        ON CAUSATION AND INTENT. ………………………….……….......……2

    III. THE "ECONOMIC JUSTIFICATION" DEFENSE
        HAS ALREADY BEEN DEEMED PRETEXTUAL. ……………………………….3

    IV. DAMAGES ARE A TRIABLE ISSUE…………………………………………...3

CONCLUSION……………………………………………………………….………...4

**TABLE OF AUTHORITES**

**Cases**

*DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73 (2d Cir.1992)………………………2

*Dunlap v. State Farm Fire & Cas. Co.,*
878 A.2d 434, 442 (Del. 2005)…….……………………………………………….2

*New York v. Adamowicz,*
932 F. Supp. 2d 340, 345–46 (E.D.N.Y. 2013)………………………………….2

*United States v. Quintieri,*
306 F.3d 1217, 1230 (2d Cir.2002)……….………………………………………..2

*Wave Division Holdings, LLC v. Highland Capital Management., L.P.,*
49 A.3d 1168, 1174 (Del. 2012)……………………………………………….....3

**PRELIMINARY STATEMENT**

Defendant GlassBridge Enterprises, Inc.'s ("GlassBridge") Pretrial Memorandum of Law constitutes a transparent waste of judicial resources. GlassBridge has filed a pretrial brief that is, in substance and often in text, a resuscitation of the exact arguments this Court rejected in its September 30, 2025 Opinion & Order (the "SJ Decision").

In its prior *Supplemental Brief in Support of Summary Judgment*, GlassBridge argued that "Cypress's tortious interference claim fails. . . because. . . there was no breach. . . [and] GlassBridge's actions were not the proximate cause." Dkt. 210 at 1-2. The Court considered and rejected these precise arguments, holding that Count Eight survives because a reasonable jury could find that GlassBridge's actions were a "significant factor" in a breach of the implied covenant of good faith and fair dealing. Dkt. 252 at 36-37.

Despite this dispositive ruling, GlassBridge's Pretrial Memorandum ignores the law of the case. It repeats the failed argument that Cypress "cannot establish. . . a breach" and "cannot establish that GlassBridge caused a breach." Dkt. 280 at 1. By forcing the Plaintiff and the Court to revisit legal theories already adjudicated as presenting triable issues of fact, GlassBridge disregards the Court's summary judgment ruling and unnecessarily burdens the docket.

**ARGUMENT**

**I.  GLASSBRIDGE IMPROPERLY RELITIGATES THE EXISTENCE OF A BREACH.**

GlassBridge's Pretrial Memorandum argues that "Cypress Cannot Demonstrate a Breach" because Hall and De Perio voted their shares in favor of Mr. Salerno. Dkt. 280 at 5. This is a verbatim repetition of the argument GlassBridge made in its Supplemental Brief, claiming "The Underlying Side Agreement Was Not Breached" because "Hall and De Perio voted their shares in accordance with the agreement." Dkt. 210 at 2.

1

The Court has already ruled against this argument. In the SJ Decision, the Court held that despite the technical vote, a reasonable jury could find that the Founders "used the transfer of their stock to an affiliate to evade the Side Agreement." Dkt. 252 at 29. The Court specifically found that this "work around" could constitute a breach of the implied covenant of good faith and fair dealing. Dkt. 252 at 29 quoting *Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d 434, 442 (Del. 2005). "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *New York v. Adamowicz,* 932 F. Supp. 2d 340, 345–46 (E.D.N.Y. 2013) citing *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir.1992) (noting that although law of the case doctrine is discretionary, departure "is justified only when there are "cogent" and "compelling" reasons for doing so." quoting *United States v. Quintieri*, 306 F.3d 1217, 1230 [2d Cir.2002]).

GlassBridge's attempt to re-argue that there was "no 'actual breach of contract'" (Dkt. 280 at 9), the exact phrase used in its failed summary judgment brief (Dkt. 210 at 2), is a waste of resources that ignores the Court's finding that the evasion of the contract creates a triable issue.

## II. GLASSBRIDGE IGNORES THE COURT'S RULING ON CAUSATION AND INTENT

In its Supplemental Brief, GlassBridge argued it was "not the proximate cause" of the breach because the "overwhelming majority" of other shareholders voted against Salerno. Dkt. 210 at 3. GlassBridge repeats this identical argument in its Pretrial Memorandum, asserting it did not cause the breach because the "overwhelming majority of Sport-BLX's shareholders. . . voted against" Salerno. Dkt. 280 at 2.

The Court has already disposed of this argument. The SJ Decision held that GlassBridge's "stock purchases from Hall and De Perio. . . subsequent solicitation of votes for its

2

own slate and the ensuing vote removing Salerno" created sufficient evidence for a jury to find GlassBridge was a "significant factor" in the breach. Dkt. 252 at 36-37. GlassBridge's continued insistence that it cannot be the cause is contrary to the Court's express ruling that this is a question for the jury.

### III. THE "ECONOMIC JUSTIFICATION" DEFENSE HAS ALREADY BEEN DEEMED PRETEXTUAL.

GlassBridge recycles its "Economic Justification" defense almost word-for-word. The supplemental brief argues that GlassBridge acted to "protect its own economic interests" and cited the factors from *WaveDivision Holdings*. Dkt. 210 at 3. *Wave Division Holdings, LLC v. Highland Capital Management., L.P.*, 49 A.3d 1168, 1174 (Del. 2012). The pretrial memorandum argues that GlassBridge acted "to protect the economic interest it shared with Sport-BLX" and cites the factors from *WaveDivision Holdings*. Dkt. 280 at 11-12.

The Court explicitly addressed and rejected this defense as a basis for judgment as a matter of law. The SJ Decision states: "[A] reasonable jury could find, based on the timing, solicitation of votes and the election's result, that GlassBridge's 'economic interest' was pretextual and that its actions were aimed at defeating Cypress's bargained-for board seat." Dkt. 252 at 37. GlassBridge's repetition of this defense without acknowledging the Court's finding of potential pretext is legally frivolous.

### IV. DAMAGES ARE A TRIABLE ISSUE.

Finally, GlassBridge repeats its argument that Cypress cannot prove "actual damages." Dkt. 210 at 3, FN5; Dkt. 280 at 12. The Court has already ruled that "difficulty quantifying that loss goes to the measure of damages, not liability" and that "nominal damages could be awarded for any breach." Dkt. 252 at 30. GlassBridge's continued reliance on the argument that nominal damages will not suffice is a direct contradiction of the Court's holding in this very case.

3

## **CONCLUSION**

GlassBridge's Pretrial Memorandum is a near-duplicate of its failed Supplemental Brief for Summary Judgment. It raises no new legal issues and ignores the Court's specific findings that disputes of fact exist regarding breach, causation, justification, and damages. This filing serves only to waste judicial resources. Cypress respectfully requests that the Court reject GlassBridge's arguments for the reasons already set forth in the SJ Decision.

Dated:  Brooklyn, New York
       December 30, 2025

                                          */s/ Alexander M. Dudelson*
                                          ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                          *Attorney for Plaintiff*
                                          26 Court Street – Suite 2306
                                          Brooklyn, New York 11242
                                          (718) 855-5100