UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CYPRESS HOLDINGS, III, L.P., individually and
derivatively on behalf of SPORT-BLX, INC.

                Plaintiff,

       v.

GEORGE HALL, JOSEPH DE PERIO, SPORT-
BLX, INC., SPORT-BLX SECURITIES, INC.,
CLINTON GROUP INC., and GLASSBRIDGE
ENTERPRISES, INC.,

                Defendants.

Civil Action No. 1:22-cv-1243-LGS

---------------------------------------------------------------x

SPORT-BLX, INC.,

                Plaintiff,

       v.

CYPRESS HOLDINGS, III, L.P., and
MICHAEL M. SALERNO,

                Defendants.

Civil Action No. 1:22-cv-8111-LGS

---------------------------------------------------------------x

## **JOINT PROPOSED PRETRIAL ORDER**

Pursuant to Rule I(A)(5) of the Court's Individual Trial Rules and Procedures, Defendants George Hall, Joseph De Perio, Sport-BLX, Inc. ("Sport-BLX"), Sport-BLX Securities, Inc. ("S-BLX Securities"), Clinton Group, Inc. ("Clinton Group"), and GlassBridge Enterprises, Inc. ("GlassBridge," and together with Hall, De Perio, Sport-BLX, S-BLX Securities, and Clinton Group, the "Sport-BLX Parties") and Plaintiffs Cypress Holdings, III, L.P. ("Cypress") and Michael Salerno (together with Cypress, the "Cypress Parties") respectfully submit this joint pretrial order.

a) **Case Caption**

The case caption for case 22-cv-01243 (LGS) is *Cypress Holdings, III, L.P., individually and derivatively on behalf of Sport-BLX, Inc. v. Sport-BLX, Inc., GlassBridge Enterprises, Inc., Clinton Group, Inc., Sport-BLX Securities, Inc., George Hall, and Joseph De Perio*.

The case caption for case 22-cv-8111 (LGS) is *Sport-BLX, Inc., individually and derivatively on behalf of its shareholders v. Cypress Holdings III, L.P. and Michael M. Salerno*.

b) **Trial Counsel**

**Counsel for Plaintiffs Cypress Holdings, III, L.P. and Michael M. Salerno**

Alexander M. Dudelson, Esq.
Law Offices of Alexander M. Dudelson
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
Email: adesq@aol.com

Julian K. White, Esq.
60 East 42nd Street - Suite #4000
New York, New York 10165
(212) 701-4550
Email: jwhite@jwhitelawfirm.com

**Counsel for Defendants George E. Hall, Sport-BLX, Inc., Clinton Group, and S-BLX Securities, Inc.**

Michael S. Schachter (mschachter@willkie.com; 212-728-8102)
Shaimaa M. Hussein (shussein@willkie.com; 212-728-8638)
Meredith E. Mayer-Dempsey (mmayer-dempsey@willkie.com; 202-303-1156)

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

**Counsel for Defendant Joseph De Perio**

David Gold (DGold@coleschotz.com; 201-525-6305)
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601

**Counsel for Defendant GlassBridge Enterprises, Inc.**

Christian D. Carbone (ccarbone@loeb.com; 212-407-4852)
David A. Forrest (dforrest@loeb.com; 212-407-4877)
LOEB & LOEB LLP
345 Park Avenue, New York, NY 10154

**c) Jurisdiction**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332,

and 28 U.S.C. § 1367. Original federal-question jurisdiction exists because the Second Amended

Complaint in case 22-cv-01243 (LGS), and the Amended Complaint in case 22-cv-8111 (LGS)—

the related action—assert claims arising under the laws of the United States, specifically Section

10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

Although the federal claim in case 22-cv-01243 (LGS) has been dismissed, the federal

claim in the related action (22-cv-8111 (LGS)) remains active. The Court retains supplemental

jurisdiction over the remaining state-law claims because they are so related to the federal securities

claims that they form part of the same case or controversy. They arise from a common nucleus of

operative fact, including the same investment transactions, the same alleged fraudulent

misrepresentations, and the same alleged scheme to divest Plaintiff of its shareholder rights.

In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332. In case 22-cv-8111

(LGS), complete diversity exists because Plaintiff Sport-BLX, Inc. is a Delaware corporation with

its principal place of business in New York, while Defendants Michael Salerno and Cypress

Holdings, III, L.P. are citizens of New Jersey. The amount in controversy exceeds $75,000, as the

3

dispute involves Cypress' initial investment of approximately $1,000,000 in Sport-BLX and claims for substantial compensatory damages.

**d) Claims and Defenses to be Tried**

    i.   Case No. 22-cv-1243 (LGS): *Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*

        a)  <u>Plaintiff Cypress Holdings, III, L.P.'s Position</u>

Plaintiff asserts three remaining causes of action arising from its investment in Sport-BLX, Inc. As to Count Two, Plaintiff claims Defendants Hall, De Perio, and Sport-BLX breached the implied covenant of good faith and fair dealing by transferring their shares of Sport-BLX to Defendant GlassBridge to circumvent a contractual obligation to vote for a Cypress representative on the Sport-BLX Board of Directors. As to Count Eight, Plaintiff claims Defendant GlassBridge intentionally interfered with the voting agreement between Plaintiff and the Founders by voting its acquired shares to remove Plaintiff's representative from the Board. As to Count Twelve, Plaintiff claims Defendants Clinton Group, Inc. and Sport-BLX Securities, Inc. aided and abetted breaches of fiduciary duty by participating in transactions—including the "Orix Transaction," the payment of excessive rent, and the undervaluation of the trading platform sale, that siphoned assets from Sport-BLX.

        b)  <u>Defendants' Positions</u>

Defendants each deny Cypress' allegations and contend that Cypress cannot meet its burden of proof as to any element of its claims. Moreover, without assuming any burden it would not otherwise bear and without diminishing or shifting Cypress' burden of proof on its claims, Defendants reassert and reallege each and every Affirmative Defense set forth in their respective Answers, as amended, to Cypress' Complaint.

As to Count Twelve, Defendants maintain that Cypress' allegations involving siphoned assets from Sport-BLX are no longer in the case and reassert its arguments as set forth in Sport-BLX's Request for Leave to File a Renewed Motion to Dismiss Count Twelve, Dkt. 276, and its Motions *in Limine* to Preclude Evidence of Dismissed Counts, Dkt. 260 and 262. As outlined therein, all bases for Count Twelve against Clinton Group and S-BLX Securities failed at summary judgment, and the underlying breach of fiduciary duty claim in Count Five has been dismissed. (Dkt. 262 at 1.) As the Court explained at Summary Judgment:

> Count Eleven, against Clinton Group, challenges alleged siphoning through (i) "excessive" rent Sport-BLX paid to Clinton Group for office space and (ii) "success fees" paid to Clinton Group.…Even viewing the record in favor of Cypress, no reasonable jury could find for Cypress on its unjust enrichment claims. Summary judgment is granted to the Sport-BLX parties named in Counts Six, Seven and Eleven…

> …Count Six fails because Cypress has not proffered evidence from which a reasonable jury could find that S-BLX Securities was enriched or that Sport-BLX was impoverished without justification by the sale of the platform…

> …Cypress has pointed to no evidence showing that the purchase price was unjust or unfair. In exchange for taking sole ownership rights to the platform, S-BLX Securities paid Sport-BLX $225,000 in December 2021. At the point of sale, S-BLX Securities had already taken possession of the platform due to Sport-BLX's default on the parties' subscription agreement. Defendants proffered unrefuted expert testimony that $225,000 "was a fair price given the software code quality and the wide availability of high quality platforms that were available for free." Cypress admits it offers no expert testimony to the contrary and identifies no admissible valuation evidence establishing a higher fair market value.

(Dkt. 252 at 31-33.) Thus, no triable claims underlying Count Twelve remain.

      ii.    Case No. 22-cv-8111 (LGS): *Sport-BLX, Inc. v. Cypress Holdings III, L.P. and Michael M. Salerno*

          a)    Plaintiff Sport-BLX, Inc.'s Position

Sport-BLX asserts claims against Cypress and Salerno for federal securities fraud (Count One (Dkt. 40 at pp. 22-24)), common-law fraud (Count Two (Dkt. 40 at pp. 24-25)) and breach of fiduciary duty (Count Three (Dkt. 40 at pp. 25-26)) These claims arise from Cypress and Salerno's

false statements and misrepresentations to Sport-BLX regarding Cypress' ownership and structure. They are further supported by Cypress' delay in responding and ultimate refusal to disclose the beneficial-ownership information required for Sport-BLX's FINRA registration in a manner that would permit the application to proceed.

        b)   <u>Defendant Cypress' and Salerno's Position</u>

Defendants Cypress and Salerno deny making material misrepresentations or breaching fiduciary duties. They contend that the requested disclosures were not obligatory, that their conduct was not the proximate cause of Plaintiff's business failures, and that the claims are retaliatory in nature. Furthermore, Defendant's assert that the claims in Counts One and Two are untimely. Sport-BLX's securities fraud claims are barred by the applicable two-year statute of limitations. 28 U.S.C. § 1658(b)(2). Sport-BLX's common law fraud claim are barred by the applicable three-year statute of limitations. 10 Del. C. §8106. Finally, Defendants asserts a defense of mandatory indemnification pursuant to Article V, Section 2 of Sport-BLX's Bylaws, which stipulates that the corporation "shall indemnify" any person made a party to a suit "by reason of the fact that he is or was a director." Because the claims asserted by Sport-BLX, including breach of fiduciary duty, are brought specifically by reason of Salerno's status as a former director, Sport-BLX is contractually obligated to cover all expenses and attorneys' fees Salerno incurs in his defense. Furthermore, Sport-BLX is liable for the costs Salerno incurs to enforce these rights, creating a direct conflict wherein the Plaintiff is financially responsible for funding the Defendant's opposition to its own lawsuit.

        c)   <u>Plaintiff Sport-BLX's Response</u>

Cypress and Salerno should be precluded from presenting issues of retaliation or indemnification to the jury. To sustain a relation claim predicated on the filing of a lawsuit or

counterclaim, a plaintiff must allege "that the lawsuit or counter claim was filed both 'with a retaliatory motive' and that it was filed 'without a reasonable basis in fact or law.'" *Kim v. Lee*, 576 F. Supp. 3d 14, 31 (S.D.N.Y. 2021), aff'd, No. 22-61, 2023 U.S. App. LEXIS 5088 (2d Cir. Mar. 2, 2023). Here, Sport-BLX's claims readily clear that bar, as reflected in the Court's Summary Judgment Order (Dkt. 252), which confirms the substantial factual and legal grounding for Sport-BLX's positions. Allowing Cypress and Salerno to argue retaliation at trial would therefore serve only to confuse the issues, invite mini-trials on collateral issues, and unfairly prejudice Sport-BLX, warranting exclusion under Fed. R. Evid. 403. As to indemnification, that issue is not ripe for the jury. Under Delaware law, indemnification must await the entry of a non-appealable, final judgment in the underlying proceeding. *Sun-Times Media Group, Inc. v. Black*, 954 A.2d 380, 395 (Del. Ch. 2008); Donald J. Wolfe and Michael A. Pittenger, Corporate and Commercial Practice in the Delaware Court of Chancery, § 8.02(a)(1) (2008) (same).

      iii.    <u>Claims and Defenses Not to Be Tried</u>

The following claims asserted by Cypress in the Second Amended Complaint in case 22-cv-1243 (LGS) are not to be tried:

| | |
|---|---|
| Count One: | Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. |
| Count Three: | Fraud in the Inducement. |
| Count Four: | Negligent Misrepresentation. |
| Count Five: | Breach of Fiduciary Duty (against Hall and De Perio). |
| Count Six & Seven: | Unjust Enrichment (Direct and Derivative). |
| Count Nine & Ten: | Tortious Interference with Contract (against Clinton Group and S-BLX Securities). |
| Count Eleven: | Unjust Enrichment (Derivative against Clinton Group). |

Counts Thirteen – Sixteen:     Breaches of Fiduciary Duty (Derivative against various Individual
                                     Defendants).

Count Seventeen:              Usurpation of Corporate Opportunity.

Count Eighteen:               Corporate Waste.

Count Nineteen:               Minority Shareholder Oppression.

The Court granted summary judgment on Cypress's misrepresentation claims—Count One (federal securities fraud), Count Three (fraudulent inducement), and Count Four (negligent misrepresentation)—against Hall, De Perio, and Sport-BLX. (Dkt. No. 252 at 22.) These claims arose from allegations that Hall and De Perio, acting on behalf of Sport-BLX, made material misrepresentations and omissions to induce Cypress to purchase Sport-BLX stock, including that: (1) investor proceeds would be used for technology development, legal expenses, and marketing; (2) Cypress would retain its board seat so long as it held the requisite shares; and (3) Sport-BLX would manage a fund investing in sports-related assets that would generate revenue for Sport-BLX. (*Id*.)

The Court also granted summary judgment on Cypress's unjust enrichment claims— Counts Six, Seven, and Eleven. (*Id*. at 32.) Counts Six and Seven alleged unjust enrichment by S-BLX Securities through the alleged siphoning of Sport-BLX's assets via Sport-BLX's sale of its trading platform to S-BLX Securities. (*Id*. at 32-33.) Count Eleven, asserted against Clinton Group, alleged siphoning through "excessive" rent paid by Sport-BLX to Clinton Group for office space and "success fees" paid to Clinton Group, including in the PBGC and Orix transactions. (*Id*. at 34– 35.) As to Cypress's tortious interference claims, the Court granted summary judgment on Counts Nine and Ten. (*Id*. at 37-38.) Count Nine alleged that Clinton Group tortiously interfered with the contract between Sport-BLX and Cypress by diverting success fees intended for Sport-BLX (including in the Orix transaction) and by extracting exorbitant rent. (*Id*. at 37.) Count Ten, like

Counts Six and Seven, was predicated on alleged harm arising from S-BLX Securities' acquisition of Sport-BLX's trading platform. (*Id*. at 38.). The remaining claims not to be tried were dismissed at Dkt. 180.

The following claim asserted by Sport-BLX in the Amended Complaint in case 22-cv-8111 (LGS) is not to be tried:

Count Four:                    Tortious Interference with Prospective Economic Advantage.

### e) Trial Days Requested

The parties estimate that seven days will be needed to try the case. The case is to be tried before a jury.

### f) Trial Request

All parties have not consented to trial by a magistrate judge.

### g) Witness Lists

#### 1. Plaintiff Cypress' Anticipated Witness List

Plaintiff Cypress Holdings, III, L.P. expects to present testimony of the following witnesses:

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| Michael Salerno | Michael Salerno will testify that the intent of the "side agreement" was that Cypress would have a board seat as long as George Hall and Joseph De Perio controlled Sport-BLX, Inc. Michael Salerno states that George Hall and Joseph De Perio removed him from the Board because he made allegations that they were siphoning Sport-BLX Inc. assets to other entities that they controlled. Michael Salerno will testify that he was voted off of the Sport-BLX, Inc. board of directors | 5 hours | Live. |

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---------|---------------------|---------------------|---------------------|
| | shortly after George Hall and Joseph De Perio sold their personal shares of Sport-BLX, Inc. stock to GlassBridge Enterprises, Inc.[1] | | |
| George Hall | Plaintiff expects that George Hall will testify that he sold 37,924 of his personal share in Sport-BLX, Inc. to GlassBridge for $355 per share on December 12, 2019.[2] | 6 hours | Live. |
| Joseph De Perio | Plaintiff expects that Joseph De Perio will testify that he sold 17,076 of his  personal share in Sport-BLX, Inc. to GlassBridge for $355 per share on December 12, 2019. Joseph De Perio will testify that he was the Chairman of the Board of GlassBridge Enterprises, Inc. as the time of the sale. Joseph De Perio will testify that he prepared an excel spreadsheet calculating the number of shares that he and George Hall needed to sell to vote Michael Salerno off of the Sport-BLX, Inc. board of directors. | 6 hours | Live. |
| Daniel Strauss | Plaintiff expects that Daniel Strauss will testify that he was on the Sport-BLX, Inc. board and also the CEO of GlassBridge Enterprises, Inc. when George Hall and Joseph De Perio sold their Sport-BLX, Inc. shares on December 12, 2025. | 6 hours | Live. |

---

[1] The Sport-BLX Parties will object to portions of Salerno's testimony, including speculation regarding Hall's or De Perio's intent or motive.

[2] The Sport-BLX Parties do not expect Hall, De Perio, Strauss, or Ruchalski to testify in a manner wholly consistent with Plaintiff's summaries or that supports Plaintiff's claims.

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| Francis Ruchalski | Plaintiff expects that Francis Ruchalski will testify that he was on the Sport-BLX, Inc. board and also the CFO of GlassBridge Enterprises, Inc. when George Hall and Joseph De Perio sold their Sport-BLX, Inc. shares on December 12, 2025. | 3 hours | Live. |
| Marcie Bour | Marcie Bour will testify as to the value of Sport-BLX, Inc. stock before and after the time of the revised business plan. | 2 hours | Live. |

If the need arises, Plaintiff may present the testimony, either live or by deposition, or both, of the following witnesses:

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| Marcie Bour | Marcie Bour will testify in rebuttal of the expert report prepared on behalf of defendants by Gene B. Phillips regarding the valuation of Sport-BLX, Inc. | 3 hours | Live. |
| Tim Cross | Tim Cross will testify in rebuttal that Salerno had full discretion regarding investments made by Cypress. | 1 hour | Live. |
| John Harris | John Harris will testify in rebuttal that Salerno had full discretion regarding investments made by Cypress. | 1 hour | Live. |
| David Roth | David Roth will testify in rebuttal that Salerno had full discretion regarding investments made by Cypress. | 1 hour | Live. |
| Dennis Nathan | Dennis Nathan will testify that Salerno had no knowledge of his felony conviction until the time of the instant litigation. | 1 hour | Live. |

## 2. **Sport-BLX's Anticipated Witnesses**

Defendants expect to present testimony of the following witnesses:

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| George Hall | The business and operations of Sport-BLX, S-BLX Securities, and Clinton Group. His relationship with GlassBridge. The companies' interactions with Michael Salerno. The harm Salerno caused to Sport-BLX's business. | 6 hours | Live. |
| Joseph De Perio | The business and operations of Sport-BLX, S-BLX Securities, and Clinton Group. His relationship with GlassBridge. The companies' interactions with Michael Salerno. The harm Salerno caused to Sport-BLX's business. | 6 hours | Live. |
| Daniel Strauss | The business and operations of GlassBridge and its subsidiaries. His experience on the Sport-BLX board of directors and interactions with Salerno. GlassBridge's transactions involving Sport-BLX. | 6 hours | Live. |
| Francis Ruchalski | The business and operations of GlassBridge. His experience on the Sport-BLX board of directors and interactions with Salerno. GlassBridge's transactions involving Sport-BLX. | 3 hours | Live. |
| Gene B. Phillips | Phillips will serve as an expert witness and testify regarding the damages Sport-BLX sustained as a result of withdrawing its broker-dealer registration and pursuing an alternative business plan. | 4 hours | Live. |
| Ken Norensberg | Norensberg is the principal of Luxor Financial Group and is expected to testify about his firm's engagement by Sport-BLX to advise and assist with the FINRA broker-dealer application. | 3 hours | Live. |

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| William Mack | Mack is the co-chair of the Financial Regulatory and Compliance Practice at Greenberg Traurig and former Principal Counsel for Enforcement at FINRA. He is expected to testify about his 2019 advice to Sport-BLX regarding its broker-dealer application. | 3 hours | Live. |
| Michael Salerno | Cypress' business and operations. Transactions involving GlassBridge and Sport-BLX. | 6 hours | Live. |

If the need arises, Defendants may present the testimony, either live or by deposition[3], or both, of the following witnesses:

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| Alex Spiro | GlassBridge's transactions involving Sport-BLX. | 3 hours | Live |
| Robert G. Torricelli | GlassBridge's transactions involving Sport-BLX. | 3 hours | Live |
| Peter Rawlins | Sport-BLX's operations. | 2 hours | Live |
| Cesar Baez | Sport-BLX's transactions involving GlassBridge. His experience on the Sport-BLX board of directors and interactions with Salerno. | 3 hours | Live |
| Christopher Johnson | Sport-BLX's transactions involving GlassBridge. His experience on the Sport-BLX board of directors and interactions with Salerno. | 3 hours | Live |
| Neil Winward or other corporate Representative of Orix Corporation, USA | Transactions involving GlassBridge and the Orix Corporation. | 2 hours | Live |

---

[3]    Deposition designations will be filed before trial.

| Witness | Subject of Testimony | Length of Testimony | Format of Testimony |
|---|---|---|---|
| Gregory Raykher or another corporate representative of Orix Corporation, USA | Transactions involving GlassBridge and the Orix Corporation. | 3 hours | Live |
| Paul Edwards, Adam Parr, Mark Fuhrman, and/or other corporate representative of Structured Capital Solutions | Opinions rendered in connection with GlassBridge's transactions involving Sport-BLX. | 3 hours | Live. |
| Joseph C. Hassan, CFA, ASA, Matthew D. Fine, and/or other corporate Representative of Management Planning, Inc. | Opinions rendered in connection with GlassBridge's transactions involving Sport-BLX. | 3 hours | Live |
| Other corporate representatives. | In the event (i) the above-listed potential witnesses are not available; or (ii) other corporate representatives are necessary for rebuttal, impeachment, or to establish authenticity or admissibility of any trial exhibit that is challenged by Plaintiffs. | 3 hours | Live |

**h) Deposition Designations**

Defendants do not intend to submit any deposition designations at this time, but reserve the right to introduce the sworn testimony of any witness for impeachment, rebuttal, or any other purpose allowed by the Federal Rules.

**i) *In Limine* Motions**

The following motions *in limine* are outstanding:

- Defendants' Motion *in Limine* to Preclude Evidence of Dismissed Counts as Proof of Count Two (MIL No. 1) (Dkt. 260) and Plaintiff's Opposition at Dkt. 271.

- Defendants' Motion *in Limine* to to Preclude Evidence of Dismissed Counts as Proof of Count Twelve (MIL No. 2) (Dkt. 262) and Plaintiff's Opposition at Dkt. 272.

- Defendants' Motion *in Limine* to Preclude Argument or Evidence on the Terms of the Stock Purchase Agreements or Alleged Tag-Along Rights (MIL No. 3) (Dkt. 273) and Plaintiff's Opposition at Dkt. 273.

- Defendants' Motion *in Limine* to Preclude Monetary-Damages Evidence (MIL No. 4) (Dkt. 266) and Plaintiff's Opposition at Dkt. 274.

- Defendants' Motion *in Limine* to Preclude Argument or Evidence Regarding Unrelated Investigations (MIL No. 5), Personal Harm to Mr. Salerno or Any Entity Apart from Cypress (MIL No. 6); Liability Insurance (MIL No. 7); and Settlement Negotiations (MIL No. 8) (collectively, at Dkt. 268), and Plaintiff's Response at Dkt. 275.

**j)  Proposed Exhibits**

Plaintiff's Exhibit List is attached hereto as Exhibit A. Defendants' Exhibit List is attached hereto as Exhibit B. Defendants reserve the right to supplement this list including, without limitation, following any decisions by the Court on the pending motions *in limine*, and to use any other documents or materials for impeachment or rebuttal.

**k)  Stipulations of Uncontested Fact**

The parties have not agreed to stipulations at this time.

**l)  Damages Statement**

    i.  <u>Plaintiff's Statement of Relief</u>

Compensatory Damages:   (Counts Two and Eight): Cypress seeks recovery of the difference of the value of its investment, which was effectively rendered valueless due to Defendants' breach of the covenant of good faith and fair dealing (Count Two) and GlassBridge's tortious interference with the shareholder agreements (Count Eight). It will be shown that the value

of the at the time of the breach was $355 per share. The most recent transaction of shares of Sport-BLX, Inc. was at $2 per share. Plaintiff's loss is $353 per share or $2,739,280 ($7,760 shares). In the alternative, Cypress seeks recovery of its total investment principal of $999,834.46.

Derivative Damages (Count Twelve):  On behalf of Sport-BLX, Cypress seeks damages for corporate waste and the aiding and abetting of breaches of fiduciary duty, measured by the value of assets and revenue streams siphoned from the company. Cypress seeks damages against Clinton Group in the amount of $380,000 per annum representing the annual excess "rent" paid by Sport-BLX to Clinton Group (an entity solely owned by Defendant Hall) for office space, which was unrelated to the actual space needed or used. Cypress seeks from Clinton Group an amount to be determined at trial for the Orix transaction success fees representing the value of success fees, management fees, and advisory fees generated by the Orix investment that were diverted to Clinton Group instead of Sport-BLX, in violation of representations that Sport-BLX would retain such revenue. Cypress seeks an amount to be determined at trial against Sport-BLX Securities Inc. representing the difference between the fair market value of Sport-BLX's proprietary trading platform and the $225,000.00 sale price paid by Sport-BLX Securities. Sport-BLX Securities had previously agreed to pay Sport-BLX a monthly subscription fee of $100,000.00 (increasing to $137,500.00) for use of the same platform, establishing a valuation significantly higher than the ultimate sale price.

Prejudgment Interest: Cypress seeks statutory prejudgment interest on all liquidated sums from the date of the respective breaches and fraudulent transfers.

Attorneys' Fees and Costs: Cypress seeks recovery of all legal fees and costs incurred in prosecuting this action and defending its rights as a shareholder in an amount to be determined upon motion.

16

ii.    Defendant Sport-BLX's Statement of Relief

Defendant Sport-BLX, Inc. seeks compensatory damages of $29.5 million, prejudgment interest in the amount of $17.1 million[4], and reasonable attorney's fees.

Sport-BLX is entitled to prejudgment interest on its state law claims "as a matter of right." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011). Where there is no expressed contract rate, the legal rate of interest is "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due…" 6 Del. C. § 2301(a). Prejudgment interest runs from the date liability accrued. *Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 409 (Del. 1988) (finding a plaintiff is "entitled to interest on money damages as a matter of right from the date liability accrues"). An award of prejudgment interest on the state-law claims would likewise entitle Sport-BLX to prejudgment interest on its federal claim. *Charney v. Zimbalist*, 2016 U.S. Dist. LEXIS 97406, at *15 (S.D.N.Y. July 26, 2016) (where plaintiff obtained a judgment of liability for federal securities fraud and common law fraud, state law applied to the claim for prejudgment interest).[5]

Sport-BLX seeks attorney's fees on the basis that Cypress and Salerno have acted in bad faith, including through asserting frivolous claims. *Dover Historical Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1093 (Del. 2006) (finding Delaware courts have the power to shift attorneys' fees where a "losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'").

---

[4] Prejudgment interest is calculated here on a $29.5 million judgment accruing at 8.5% simple interest per year from February 28, 2019 through the date of this filing. Interest as of the date of judgment may differ. 8.5% assumes a Federal rate of 3.5% plus 5%.

[5] Sport-BLX acknowledges that prejudgment interest is not mandatory should the jury find liability solely on the federal claim; however, it reserves the right to seek such interest in that event.

On October 13, 2025, Sport-BLX served Cypress with an offer of judgment pursuant to Federal Rule of Civil Procedure 68(a), which required a Total Global settlement payment of $22,373,000. Cypress did not accept the offer and it expired on October 17, 2025. Accordingly, Sport-BLX will seek costs and attorney's fees under Rule 54(d).

As to Plaintiff's request for relief, the Sport-BLX Parties reassert that Cypress should be precluded from offering monetary damages evidence and, alternatively, that Cypress' damages have been limited to the loss of its board seat.

**m) Other requested relief**

The parties do not have additional requests for relief at this time but reserve the right to bring any such requests before the Court at the appropriate time.

**n)  Unanimity**

The parties do not consent to any verdict that is not unanimous.


Dated: December 30, 2025                          Respectfully submitted,

                                                  /s/ *Michael S. Schachter*
                                                  WILLKIE FARR & GALLAGHER LLP
                                                  Michael S. Schachter (MS0326)
                                                  Shaimaa M. Hussein (SH9276)
                                                  Meredith E. Mayer-Dempsey (5213202)
                                                  787 Seventh Avenue
                                                  New York, NY 10019-6099
                                                  (212) 728-8000
                                                  mschacter@willkie.com

                                                  /s/ *Christian D. Carbone*
                                                  Christian D. Carbone
                                                  David A. Forrest
                                                  LOEB & LOEB LLP
                                                  345 Park Avenue, New York, NY 10154

_/s/ David Gold_
David Gold
Cole Schotz, P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601

*Counsel for Defendants*


_s/ Alexander Dudelson_
Alexander M. Dudelson, Esq.

*Counsel for Cypress Holdings, III, L.P.*