# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 9, 2026

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc, v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS) --- Objections to Cypress Holdings' Trial Exhibits

Your Honor:

We represent George Hall, Sport-BLX, Inc., Clinton Group, Inc., and Sport-BLX Securities, Inc. in the above-captioned matters. Pursuant to the Court's Individual Trial Rules I(B)(2), we respectfully submit this Letter outlining the bases for our objections to Cypress' proposed trial exhibits. We stand ready to further address these arguments at the final pretrial conference.

1. **Written Reports and Valuations**

The Sport-BLX Parties object to Exhibits X, Y, Z, JJ, KK, LL, MM, QQ pursuant to Federal Rules of Evidence 801 and 702. Each Exhibit is an out-of-court statement offered to establish Sport-BLX's value, and thus constitutes hearsay under Rule 801. In addition, the documents proffer opinions on valuation that have not been vetted for reliability, qualification, or methodology as required by Rule 702. Accordingly, the Court should exclude these Exhibits.

- **Plaintiff's Ex. QQ: Rebuttal Report of Marcie D. Bour.**

Plaintiff designated Marcie D. Bour as a rebuttal expert to address the opinions of defense valuation expert Gene Phillips. Ms. Bour did not provide an independent valuation of Sport-BLX. Instead, her report cites third-party materials that she contends bear on Sport-BLX's value and faults Mr. Phillips for not relying on these materials. Plaintiff seeks to admit Bour's written report (Ex. QQ) in its entirety.

As an initial matter, the report is inadmissible hearsay and should be excluded. *See, e.g., In re Quigley Co., Inc.*, 437 B.R. 102, 151 (Bankr. S.D.N.Y. 2010) ("As a rule, expert reports are hearsay"); *Ake v. General Motors Corp.*, 942 F. Supp. 869, 877–78 (W.D.N.Y. 1996) (same). In addition, the Bour Report summarizes and comments on third-party statements that are themselves hearsay, including Exhibits JJ, KK, LL, and MM.

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

- **Structured Capital Solutions Valuation Report (Ex. JJ), Sport-BLX, Inc. Valuation Materials (Ex. KK), Orix Memorandum (Ex. LL), and Final Orix Model (Ex. MM).**

Exhibits KK, JJ, LL, and MM are out-of-court statements which Plaintiff contends bear on Sport-BLX's value—a matter central to this litigation. Plaintiff has articulated no applicable basis for their admissibility. Nor could it, as Plaintiff plainly seeks to admit these documents and the conclusions contained within for their truth. *See, e.g., Diamond v. Beltman N. Am. Van Lines*, 29 Fed. App'x 49, 50 (2d Cir. 2002) (appraisal report and other documents that described value of property were "properly excluded on hearsay grounds"); *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, 2023 U.S. Dist. LEXIS 197114, at *8 (W.D.N.Y. Nov. 2, 2023) (finding a claim letter's valuation of Boeing's cost was hearsay if offered to prove the truth of that valuation).

Although Ms. Bour cites to and summarizes these Exhibits in her report, Rule 703 does not render them admissible. Plaintiff may not smuggle hearsay into evidence under the guise of impeaching or attaching Phillips' credibility—particularly where, as here, the declarants are not subject to cross-examination, making admission doubly problematic. *See United States v. Smith*, 2025 U.S. Dist. LEXIS 195207, at *68 (S.D.N.Y. Oct. 2, 2025) (holding that using an expert to recite an individual's out-of-court statements without subjecting that individual to cross-examination was improper under Rule 801). As the court explained in *ValveTech, Inc.*, "[a]lthough Rule 703 'permit[s] experts some leeway with respect to hearsay evidence, a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." 2023 U.S. Dist. LEXIS 197114, at *10 (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)). Accordingly, Rule 703 does not render Exhibits JJ, KK, LL, or MM admissible at trial.

- **The GlassBridge Board Packet**

Exhibit X is a 71-page packet of materials purportedly distributed to members of the Board of Directors of GlassBridge Enterprises in December 2019. Exhibit X includes 1) a letter from Salerno's then-attorney to Hall threatening legal action, 2) a Sport-BLX marketing slide deck aimed at a specific athlete outlining why he should partner with Sport-BLX, 3) a document titled "Shareholder Register" whose authorship is unclear, 4) various stock purchase agreements, and 5) the slide deck entitled "Sport-BLX Valuation Materials"— separately offered as Exhibit KK. The athlete-targeted presentation is irrelevant under Rule 401 and constitutes inadmissible hearsay under Rule 801. The letter from Salerno's attorney is likewise hearsay and, in any event, is unduly prejudicial under Rule 403 because it outlines alleged claims by Salerno against Hall that are not at issue in this case. Notably, many of the would-be claims contained therein were dismissed by this Court.

As to Exhibit KK, the Sport-BLX Valuation Materials, Plaintiff plainly seeks to offer them for their truth to establish the company's value. Exhibit KK is not only hearsay but it is also irrelevant and misleading if proffered to establish Sport-BLX's value as of the relevant period of time. Sport-BLX has offered a damages figure premised on the value of the company as of December 2019, once Sport-BLX was forced to abandon its prior business model which would have included obtaining a broker-dealer license. Sport-BLX was forced to abandon that business

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

model due to Salerno's conduct. Thus, Exhibit KK—even if it were not hearsay—should still be excluded as irrelevant evidence because it reflects a valuation of Sport-BLX that *includes* the broker-dealer model. Despite being part of the December 2019 GlassBridge board packet, it reflects a business model that was no longer possible due to Salerno's conduct and therefore has no relevance in valuing the company as of that point in time.

- **Imation's October 2019 Purchase of Sport-BLX Shares**

Exhibits Y and Z are inadmissible for similar reasons. They reference that Imation Enterprises Corporation—a GlassBridge subsidiary—purchased Sport-BLX stock in October 2019 at a particular price per share. To the extent Plaintiff seeks to use these documents to opine on Sport-BLX's value or to suggest what Imation believed the company was worth, that is improper lay opinion under Rule 701, speculative, and hearsay. Having elected not to offer expert valuation testimony, Plaintiff may not substitute unauthenticated, out-of-court statements—via documents whose authors are not qualified as experts or subject to cross examination—to advance an alternative valuation theory.

2. **Hearsay and Documents that Lack Foundation**

The Sport-BLX Parties object to a number of Plaintiff's Exhibits on foundational and hearsay grounds, as outlined below.

- **Documents**

Plaintiff seeks to introduce various documents, including an Excel spreadsheet (Ex. C), an informal shareholder register (Ex. D), and informal notes from Sport-BLX's annual shareholder meeting (Ex. O). The Sport-BLX Parties object to the admission of these Exhibits if Plaintiff seeks to introduce them through Michael Salerno or another witness who lacks personal knowledge of their authorship or mode of preparation, and further object for lack of foundation and authentication. Assuming Plaintiff fails to establish that any such document is admissible under Rule 801(d)(2)(A) or (D), the Sport-BLX Parties further object on hearsay grounds.

- **Michael Salerno's Self-Serving Statements in Recordings and Emails**

Plaintiff seeks to admit a wide array of emails and audio recordings—Exhibits AA – II and P – T—replete with Salerno's own, self-serving statements. The Sport-BLX Parties object to Plaintiff offering Salerno's self-interested assertions for their truth. Even assuming discrete portions might fall within a hearsay exception, the sheer breadth of the submissions renders them improper absent specificity. For example, Exhibits P – T are audio recordings of Sport-BLX Board Meetings on August 14, September 10, November 26, December 9, and December 10, 2019, which Salerno surreptitiously recorded and which span hours of discussion. Without guidance from Plaintiff identifying the particular portions it intends to offer, the Sport-BLX Parties cannot evaluate with precision whether any particular excerpt is admissible under a hearsay exception.

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

### 3. Claims No Longer in the Case

Beyond the hearsay defects identified above, many of the email communications and recorded Board meetings are inadmissible because they concern claims and issues no longer in the case.[1] Because they have no tendency to prove any fact of consequence to the claims to be tried, they are irrelevant under Rule 401 and unduly prejudicial under Rule 403.

Separately, Plaintiff seeks to admit unredacted Board minutes for each meeting date.[2] The Sport-BLX Parties will also offer the Board minutes, but in redacted form to ensure that only issues relevant to the remaining claims are presented to the jury. A comparison of the parties' labeling appears below:

| Sport-BLX Board Minutes | Plaintiff's Exhibit | Sport-BLX Exhibit |
|---|---|---|
| August 14, 2019 | I | 45 |
| September 10, 2019 | J | 48 |
| November 26, 2019 | K | 58 |
| December 9, 2019 | M | 61 |
| December 10, 2019 | N | 62 |

The redactions are necessary and appropriate because substantial portions of the minutes memorialize Salerno's complaints about Hall, De Perio, and Sport-BLX—complaints that formed the basis of claims already dismissed, including those concerning alleged excessive rent payments, purported siphoning, and other purported misconduct. These topics are irrelevant to the issues remaining for trial under Rule 401. In any event, any marginal probative value is substantially outweighed by the risk of unfair prejudice and juror confusion under Rule 403, for the reasons set forth in Sport-BLX's Motions *in Limine* (Dkts. 260 and 262). Accordingly, Plaintiff's unredacted versions should be excluded, and only the Sport-BLX Parties' redacted versions should be admitted.

Thank you for your consideration.

---

[1] For example, Exhibit BB reflects a request from Salerno to Sport-BLX for detailed financial information and inquiries regarding a Fund. Salerno's now-dismissed fraud claims rested on allegations that Hall and De Perio misrepresented information about this Fund to induce his investment. Likewise, Exhibit GG consist of email communications regarding efforts to secure alternative, less expensive office space for Sport-BLX—another claim that has since been dismissed.

[2] Exhibits I, J, K, M, and N were provided to the Sport-BLX Parties in unredacted form on December 29, 2025, and in redacted form on January 8, 2026. To the extent Plaintiff intends to offer the redacted versions proposed by Sport-BLX, Sport-BLX withdraws its objections.

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

Respectfully submitted,

/s/ Michael S. Schachter
Michael S. Schachter
Shaimaa M. Hussein
Meredith E. Mayer-Dempsey
WILLKIE FARR & GALLAGHER LLP
Counsel for George Hall, Sport-BLX, Inc., Clinton Group, Inc., and Sport-BLX Securities, Inc.

5