LAW OFFICES OF

# ALEXANDER M. DUDELSON

ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100   FAX (718) 624-9552

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS
FABIAN G. PALOMINO
(1924 - 2014)

January 12, 2026

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Cypress Holdings, III, LLP v. George Hall, et al.*
     <u>Case No.: 22-cv-01243 (LGS)</u>

Your Honor:

  I am the attorney for plaintiff Cypress Holdings, III, L.P. ("Cypress"), and Michael Salerno ("Salerno"), in related case 1:22-cv-0811 (LGS).  This letter is respectfully submitted pursuant to the Court's Individual Trial Rules I(B)(2) and this Court's directive from January 10, 2026, setting forth the objections to the defendants' trial exhibits.

  1. <u>Negotiation of Stock Purchase and Side Agreement</u>:

  In deciding the summary judgment motions, this Court held that: "a reasonable jury could find for Sport-BLX on the federal fraud claim.  First, Salerno described "Cypress" as his "holding company" while omitting that it had multiple limited partners, including one with a criminal history, and he attributed non-disclosure to concerns about his "estate plan."  A reasonable jury could find that such representations "would have misled a reasonable investor," and that Salerno's omission was "significant" because, had Sport-BLX known the true facts, it would not have accepted Cypress's investment.  Second, a reasonable jury could infer scienter from Salerno's course of conduct leading Sport-BLX to believe that he "was Cypress" while, because of his position, he knew of -- and ultimately refused to identify -- Cypress's other investors.  The Defendants proposed Exhibits 14 through 28 are drafts of stock purchase agreements and side letter agreements in the individual name of Michael Salerno.  Later, Cypress was substituted as the purchaser.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "Evidence is cumulative when it replicates other admitted evidence, and the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court." <u>United States v. Jamil</u>, 707 F.2d 638, 643 (2d Cir. 1983).  In the matter at bar, the negotiation of drafts of

agreement are not germane to the crux of whether Salerno represented that he was the sole owner of Cypress. Such proof would be prejudicial, confusing, and indeed collateral and cumulative. For these reasons, the evidence should be precluded.

Exhibit 4 through 11 contain a calender invite, an email referencing documents, template agreements, pitch decks, FAQs and wire instructions. Although Exhibit 11 is described as "Email - De Perio to Salerno (Hall cc'ed) attaching draft SPAs and Side Letter," the email exchange also contains other highly prejudicial emails regarding the plaintiff's failure to timely tender payment after the purchase agreement and side letter were executed. "Rule 402 of the Federal Rules of Evidence dictates that evidence that is not relevant is not admissible[;] [r]elevant evidence is evidence that has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence." N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., No. 17-CV-5495 (HG), 2024 WL 4744612, at *2 (E.D.N.Y. Oct. 28, 2024) *citing* Fed. R. Evid. 401. In addition to the necessity of having the Exhibit 11 redacted, none of the documents offered tend to prove a material fact that relates to fraud or the breach of fiduciary purportedly committed by the plaintiffs. The documents are irrelevant and therefore inadmissible.

2.   ORIX PTP's Purchase of Imation stock from GlassBridge.

Exhibit 54 is a purchase agreement between GlassBridge and ORIX PTP, and Exhibit 55 is ORIX PTP's resolution to purchase GlassBridge's Imation stock. As part of the transaction, ORIX PTP also purchased notes in the amount $13,000,000.00 that were given to Imation by Sport-BLX. The documents are not relevant to any issue in dispute or to a defense to Count 12 in the Second Amended Complaint -- Aiding and Abetting Breach of Fiduciary Duty (Against S-BLX Securities and Clinton Group).

3.   GlassBridge's Purchase of Hall and De Perio's SPORT-BLX stock.

Exhibit 70 is comprised of various proxy cards signed between December 19, 2019 and December 23, 2019, to determine the board of directors of Sport-BLX (which did not include Salerno). The only vote relevant to the claims and defenses of this action was the vote of GlassBridge. Hall and De Perio sold GlassBridge the exact amount of shares necessary to remove Salerno from the board. In furtherance of their side agreement, Hall and De Perio were required to vote to keep Salerno on the board. The vote of the other shareholders is absolutely irrelevant. Those shareholders were furnished with a proxy that excluded Salerno's name and voted in favor of the board presented on the document. The evidence would be highly prejudicial and serves no probative value. Further, this Exhibit would confuse the issues, and mislead the jury.

Likewise, Exhibit 66, the December 12, 2019 minutes approving GlassBridge's purchase of Hall and De Perio's shares of Sport-BLX, is irrelevant to the Defendants' defenses. It would confuse the issues, and mislead the jury. Exhibit 75 is GlassBridge Enterprises 10-Q for the period ending September 30, 2020. The quarterly report is a year after the plaintiff's alleged

breach and has no relevance to the defendants' claim or defenses. Exhibits 76 through 78 relate to GlassBridge's Goodwill Impairment Analysis related to Sport-BLX. Exhibit 76 is the actual report, which is hearsay and lacks any foundation. No employee from Management Planning, Inc. is identified as a witness for the defendants and they are not being identified as an expert witness. Further, Exhibits 76 through 78 are from 2021, years after the purported fraud and breach, and after Sport-BLX modified the direction of the business away from a broker dealer.

    4.    <u>Hearsay and Foundation</u>:

Plaintiff objects to Exhibits 38, 40, 46, 47 on hearsay and foundation grounds. Exhibits 38 and 40 are email from a party defendant containing self-serving hearsay and should be excluded. Exhibit 40 is an attachment to an email, which purports to be Standards and requests received from FINRA. The document lacks foundation and its contents are hearsay. Likewise Exhibit 47, an email from Mitchell Cobert lacks foundation. The witness is not identified on the defendants' witness list.

Thank you for your consideration.

    Very truly yours,

    *Alexander Dudelson*

    Alexander M. Dudelson

**Via ECF:** All parties