**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYPRESS HOLDINGS, III, L.P., individually
and derivatively on behalf of SPORT-BLX, INC.,

                                        Plaintiff,

            v.

GEORGE HALL, JOSEPH DE PERIO, DANIEL
STRAUSS, FRANCIS RUCHALSKI, CESAR BAEZ,
CHRISTOPHER JOHNSON, SPORT-BLX, INC.,
SPORT-BLX SECURITIES, INC., CLINTON
GROUP INC., and GLASSBRIDGE ENTERPRISES,
INC.,

                                        Defendants.

Civil Action No. 1:22-cv-1243-LGS

**Related case:**

Civil Action No. 1:22-cv-8111-LGS

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS COUNT TWELVE

ALEXANDER M. DUDELSON, ESQ.
26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 FAX

*Attorneys for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………………………………..ii

PRELIMINARY STATEMENT………………………………………………………………….1

ARGUMENT……………………………………………………………………………...2

I.     The Court Did Not Dismiss All Fiduciary Duty Claims
       Against Hall and De Perio on the Merits…...……………………………….……………2

II.    Cypress May Introduce Evidence that Hall and De Perio Breached
       Fiduciary Duties to Sport-BLX Because Count Twelve is
       A Derivative Claim Brought on Behalf Of Sport-BLX…………………………………..3

CONCLUSION…………………………………………………………………..…………5

## TABLE OF AUTHORITES

## Cases

*Case Citations:*

*Bocock v. INNOVATE Corp.*
2022 WL 15800273,  (Del. Ch. Oct. 28, 2022))……………………………………………..5

*Bocock v. Innovate Corp.*
2022 WL 171014482 (Del. Ch. Nov. 22, 2022))……………………………………………5

*City of Fort Meyers Gen. Employees' Pension Fund v. Haley*
235 A.3d 702, 721 (Del. 2020)…………………………………..…………….………………4

*Khan v. Mediamorph, Inc.*
2022 WL 1057037 (Sup Ct. N.Y. Cnty Apr. 8, 2022)………………………………………4

*Miller v. Brightstar Asia*, Ltd.
43 F.4th 112 (2d Cir. 2022)…………….……………..…………………………..5

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*
845 A.D 2d 1031, 1039 (Del. 2004)………………….………….……………….…..3

## PRELIMINARY STATEMENT

Defendants' renewed motion is a transparent attempt to relitigate settled issues by conflating and misconstruing two distinct rulings by this Court. They argue that because the direct fiduciary duty claim against George Hall ("Hall") and Joseph De Perio ("De Perio") was dismissed as duplicative of a contract claim, there remains no "underlying breach" to support the derivative aiding and abetting claim in Count Twelve against Sport-BLX Securities, Inc. ("S-BLX Securities") and Clinton Group, Inc. ("Clinton Group"). This premise is legally and factually flawed.

The Court's dismissal of the derivative fiduciary duty claims against Hall and De Perio (Count Five) in its September 23, 2024 Order (the "Dismissal Order") was based on a conflict of interest, not a merits-based finding that no breach occurred.  Furthermore, the Court explicitly ruled that no such conflict exists regarding Plaintiff's pursuit of Count Twelve as against S-BLX Securities and Clinton Group.  Defendants cannot now use a dismissal based on conflict against specific defendants to insulate third-party aiders and abettors in which no conflict exists.

The crux of defendants' argument is that the fiduciary breach relevant to Count Twelve is limited to breaches of fiduciary duties owed only to Cypress Holdings, III, L.P. ("Cypress"). This premise is wholly unsupported by the record.  The Second Amended Complaint (the "SAC") specifically alleges Hall and Deperio's fiduciary breaches to Sport-BLX, Inc. ("Sport-BLX") as part of the derivative claims.  Moreover, the Court's rulings never made such limitation.  On the contrary, the Dismissal Order states that the derivative portion of the fiduciary breaches assert a duty owed to Sport-BLX.

**ARGUMENT**

**I.    The Court Did Not Dismiss All Fiduciary Duty Claims Against Hall and De Perio on the Merits.**

Count Twelve of the SAC contains derivative claims brought on behalf of Sport-BLX, Inc. for aiding and abetting a breach of fiduciary duty.  Specifically, Count Twelve alleges that defendants Clinton Group, Inc., Sport-BLX Securities, Inc. and GlassBridge Enterprises, Inc. aided and abetted defendants Hall and Deperio's breach of fiduciary duties to Sport-BLX and Cypress.  (Dkt. 80 at 35-38).  The SAC contains specific allegations that Hall and Deperio breached their fiduciary duty to Sport-BLX.  (Dkt. 80, ¶¶ 176, 181, 183, 185, 186, 188, 189, and 190).

In the Dismissal Order, the Court recast Count Five alleging Breach of Fiduciary Duty against Hall and Deperio as derivative in part and direct in part.  (Dkt. 180 at 21)  As Defendants themselves state in their motion, "(t)he Court construed Count Five as alleging two fiduciary duty theories against Hall and De Perio: <u>one derivative, asserting a duty owed to Sport-BLX</u>; and one direct, asserting a duty owed to Cypress. (Dkt. 180, Dismissal Order, at 6.)"  See Defendants' Motion, Dkt. 276-1 at 5 (emphasis added).[1]  Since Count Twelve is a derivative claim, the only relevant fiduciary breach theories are likewise derivative, namely those that assert a duty owed to Sport-BLX.

The derivative portion of Count Five against Hall and Deperio was dismissed "because they are in direct competition with Cypress's similar direct claims for the same pool of damages, creating an impermissible conflict of interest."  (Dkt. 180 at 7)  Likewise, Count Twelve, a derivative claim, was dismissed against defendant GlassBridge, also because Cypress had a

---

[1] Since Defendants' Motion does not contain page numbers, reference will be made to the page of the filing.

direct claim against Glassbridge.  (Id.)  However, as against Clinton Group and S-BLX Securities, Count Twelve survived, since Cypress had no direct claims against those defendants and since these parties were not indemnified by Sport-BLX.  (Dkt. 180 at 17)

In the Court's September 30, 2025 Decision on the summary judgment motions (the "SJ Order"), only the <u>direct</u> fiduciary breach theory was addressed regarding the removal of Cypress from the Sport-BLX board.  (Dkt. 252 at 30) The Court dismissed the claim as duplicative of Cypress' breach of contract claim.  (Id.)  However, the derivative fiduciary breach claims were neither addressed nor dismissed in the SJ Decision.  (Id. At 38)

Cypress has alleged derivative fiduciary breaches of duty to Sport-BLX by Hall and Deperio underlying its aiding and abetting claim in Count Twelve.  Those theories have not been dismissed by the Court in either the Dismissal Order of the SJ Order.

## II.    Cypress May Introduce Evidence that Hall and De Perio Breached Fiduciary Duties to Sport-BLX Because Count Twelve is A Derivative Claim Brought on Behalf Of Sport-BLX.

Curiously, defendants argue that "if Cypress were to seek to introduce such evidence to somehow revive Count Twelve, such a claim would be a derivative one belonging to Sport-BLX, not a direct claim that could be asserted directly by Cypress."  (Dkt. 276-1 at 7)  However, <u>Count Twelve is a derivative claim brought on behalf of Sport-BLX</u>, not a direct claim brought by Cypress.  As the Court notes in its dismissal Order, the correct inquiry as to whether a claim is direct or derivative is "whether the harm falls on the corporation."  (Dkt 180 at 7 quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.D 2d 1031, 1039 (Del. 2004)).  Thus, breaches of a fiduciary duty to Sport-BLX, are within the scope of Count Twelve, as the damage would be suffered by Sport-BLX.

The SAC makes specific allegations of a breach of fiduciary duty to Sport-BLX with regard to Count Twelve:

> - The fiduciary duty of loyalty "'requires an undivided and unselfish loyalty to [Sport-BLX]' and 'demands that there shall be no conflict between duty and self-interest.'" *Khan v. Mediamorph, Inc.*, 2022 WL 1057037, at *6 (Sup Ct. N.Y. Cnty Apr. 8, 2022) (citing *City of Fort Meyers Gen. Employees' Pension Fund v. Haley*, 235 A.3d 702, 721 (Del. 2020)). (Dkt. 80, ¶176)
>
> - The Orix Transaction breached Defendant Hall's fiduciary duty of loyalty to SportBLX because it funneled success fees to Defendant Clinton Group and away from Sport-BLX, directly circumventing the express purpose of Sport-BLX to generate success fees for such Transactions. (Dkt. 80, ¶181)
>
> -As Defendant Clinton Group's authorized agent, Defendant Hall's knowledge that the Orix Transaction violated his fiduciary duty of loyalty to Sport-BLX is presumptively imputed to Defendant Clinton Group. (Dkt. 80, ¶183).
>
> -Defendant Clinton Group knowingly and willfully participated in that breach By accepting rent payments paid by Sport-BLX from Cypress, also facilitated by Defendant Hall. (Dkt. 80, ¶185).
>
> -Defendant GlassBridge was another such entity used by the Founders to circumvent their fiduciary duties owed to Sport-BLX and Cypress. More specifically, GlassBridge knowingly and willingly participated in the Founders' breach of their duty of loyalty to SportBLX by purchasing Hall's and De Perio's shares of Sport-BLX at $355 per share, when Hall, De Perio, Strauss and Ruchalski had represented to Cypress that those shares had a fair market value of only $60 per share. (Dkt. 80, ¶186).
>
> -The Founders further breached their duty of loyalty to Sport-BLX by facilitating the below-market value sale of Sport-BLX's proprietary trading platform to S-BLX Securities, which is owned and controlled by the Founders. (Dkt. 180, ¶188)
>
> -As the authorized agents of S-BLX Securities, the Founders' knowledge that the purchase price of the Sport-BLX proprietary trading platform was well below market value and constituted a breach of their duty of loyalty to Sport-BLX is presumptively imputed to S-SLX Securities. (Dkt. 180, ¶189)
>
> -Thus, Defendant S-BLX Securities knowingly and willfully participated in the breach by engaging in a transaction with Sport-BLX for the proprietary trading platform at a price far below market value and even below what had been agreed to as a monthly licensing fee. (Dkt. 180, ¶190)

Cypress alleges specific breaches to duties to Sport-BLX by Hall and De Perio.

Moreover, as the Court noted in its Dismissal Order, since "Plaintiff cannot prevail on this claim

4

without showing an injury to Sport-BLX and any recovery would necessarily be owed to Sport-BLX, this claim is properly derivative. *See Miller v. Brightstar Asia*, Ltd., 43 F.4th 112, 123 (2d Cir. 2022) (holding a claim was derivative where plaintiff alleged that unfavorable transactions violated a duty to the corporation and '"[a]lthough the impact on [corporation's] EBIT, productivity, and indebtedness negatively affected the value of [plaintiff's] options rights, that effect depends on an injury to [corporation]'; *Bocock v. INNOVATE Corp*., No. 2021-0224, 2022 WL 15800273, at 16 (Del. Ch. Oct. 28, 2022) (finding claims derivative because they 'focus[ed] primarily on the alleged looting of [corporation's] assets and forcing [corporation] into unfavorable agreements that negatively impact[ed] [its] financial position', *reargument denied sub nom. Bocock v. Innovate Corp*., No. 2021-0224, 2022 WL 17101448 (Del. Ch. Nov. 22, 2022). (Dkt. 180 at 5-6)  Since the claims are derivative, they were not dismissed as part of the Court's dismissal of Count Five in the SJ Order (Dkt. 252 at 30) and expressly allowed to proceed per the Court's dismissal Order.  (Dkt. 180 at 16).

## CONCLUSION

For the reasons set forth above, Defendants' renewed motion to dismiss Count Twelve should be denied in its entirety.


Dated:  New York, New York
       January 12, 2026

                             /s/ Alexander M. Dudelson
                            ALEXANDER M. DUDELSON, ESQ. (AD4809)
                            *Attorney for Plaintiff*
                            26 Court Street – Suite 2306
                            Brooklyn, New York 11242
                            (718) 855-5100