LAW OFFICES OF
# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100   FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS

FABIAN G. PALOMINO
(1924 – 2014)

January 15, 2026

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    *Cypress Holdings, III, L.P. v. Hall*, No. 1:22-cv-1243 (LGS)
            Related Case: *Sport-BLX, Inc. v. Salerno, et al.*, No. 22-cv-08111 (LGS)

Dear Judge Schofield:

      Plaintiff Cypress Holdings, III, L.P. ("Cypress") submits this letter in response to the Court's January 13, 2026 Order to address whether Count Twelve (Aiding and Abetting Breach of Fiduciary Duty) should be severed under Federal Rule of Civil Procedure 21. Plaintiff respectfully submits that severance is unwarranted. Courts "will consider the following factors in making such a decision: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Morris v. Nothrop Grumman Corp.,* 37 F. Supp.2d 556, 580 (E.D.N.Y. February 17, 1999). Count Twelve arises from the same nucleus of operative facts as the surviving claims (Counts Two and Eight), involves the same evidence and witnesses, and its severance would undermine judicial economy without curing any prejudice.

I. Count Twelve Involves The Facts And Witnesses As The Surviving Claims Of Both Actions

      Under Rule 21, courts consider whether the claims arise out of the same transaction or occurrence and present common questions of law or fact. Here, the factual predicates for Count Twelve is inextricably intertwined with the surviving claims for Breach of Contract (Count Two) and Tortious Interference (Count Eight). As detailed in Plaintiff's Opposition to Defendants' Motion in Limine No. 2, the evidence required to prove Count Twelve, specifically regarding the "web of transactions" involving the Orix fees, rent payments, and the platform sale, is necessary res gestae for the surviving claims. For example, Salerno's complaints of payment of excessive rent and diversion of fees to Hall's affiliated companies provide the motive for Defendant's scheme to strip Cypress of its board seat.

      Likewise, the facts supporting Count Twelve are probative to Plaintiff's defense in the related action which has been consolidated for trial. Specifically, evidence of the Hall and Deperio's breach of fiduciary duties to Sport-BLX are relevant both to liability and damages that the actions of Cypress and Salerno caused the value of Sport-BLX to fall. Severing Count Twelve would artificially bifurcate a singular narrative regarding how the Defendants allegedly stripped assets and manipulated corporate machinery to prejudice Cypress and Sport-BLX.

## II. Severance Would Harm Judicial Economy

Judicial economy strongly disfavors severance here. Because the evidence regarding the underlying transactions is relevant to prove knowledge, intent, and the relationship of the parties for the surviving claims, the same witnesses (including Hall, De Perio, Salerno and others) and the same documentary evidence would be required in both trials.

If Count Twelve were severed, the Court and the parties would be forced to litigate the same factual disputes regarding the looting of Sport-BLX's assets and forcing Sport-BLX into unfavorable agreements in two separate proceedings. This duplication of effort serves no purpose, particularly where the Court has already acknowledged that Count Twelve survives against Sport-BLX Securities and Clinton Group because no conflict of interest exists regarding those defendants.

## III. The Dismissal of Count Five Does Not Mandate Severance

Defendants have argued in their pending Renewed Motion to Dismiss that Count Twelve should be effectively removed because the underlying fiduciary breach claim (Count Five) was dismissed. However, as Plaintiff argued in opposition, the dismissal of the portion of Count Five relevant to Count Twelve was based on a conflict of interest (Cypress suing directly while also suing derivatively), not a merits-based finding that Hall and De Perio did not breach their duties to Sport-BLX. The "bad acts" underlying Count Twelve, the breaches of duty owed to Sport-BLX, remain factually pleaded and viable predicates for an aiding and abetting claim. Because the underlying conduct (breach of loyalty to Sport-BLX) remains a central factual issue in the consolidated dispute, severing the aiding and abetting claim based on that conduct would fragment the case illogically.

## IV. Prejudice to Plaintiff

Severance under Rule 21 is discretionary, but it should not be used where it prejudices a party. Severing Count Twelve on the eve of trial would prejudice Plaintiff by delaying the resolution of a claim that has survived the pleading stage and summary judgment. It would force Plaintiff to incur the cost of two trials to prove the same set of facts against closely related entities. In fact, Defendant Hall is the majority owner and sole owner of the two Count Twelve defendants, S-BLX Securities and Clinton Group, who are also represented by the same counsel. Conversely, Defendants face no unfair prejudice by trying these claims together, as the underlying facts will be admissible either in Cypress case in chief or in Cypress defense of the related action. A clear jury instruction can cure any potential confusion regarding the distinct theories of liability.

Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to sever Count Twelve and allow it to proceed to trial alongside the remaining claims.

Thank you for your consideration.

Very truly yours,

/s/ Alexander M. Dudelson
_____
Alexander M. Dudelson