# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Cypress Holdings, III, L.P. v. Hall, et al.*, Docket No. 22-cv-01243 (LGS) *Sport-BLX, Inc. v. Salerno, et al.*, Docket No. 22-cv-08111 (LGS)

Dear Judge Schofield:

      We represent George Hall, Sport-BLX, Sport-BLX Securities, and Clinton Group in the above-captioned matters. We submit this letter in response to the Court's January 13, 2026 Minute Order requesting briefing on whether Count Twelve should be severed under Federal Rule of Civil Procedure 21. As outlined herein, the Sport-BLX parties maintain that Count Twelve should be dismissed. However, should the Court conclude that Count Twelve survives, it should be severed.

## Count Twelve Should Be Dismissed

      In its order addressing the parties' motions to dismiss, this Court meticulously parsed the various allegations of the SAC to distinguish between the direct and derivative claims. (*See* Dkt. 180, Opinion and Order, the "MTD Order"). The present issue implicates Counts Two, Five, and Twelve. The table below identifies, on the left, the allegations of each count as plead in the SAC and then includes, on the right, the Court's decision with regard to each count in its MTD Order.

| SAC Allegations | MTD Decision |
|---|---|
| **Count Two**: Breach of the Covenant of Good Faith and Fair Dealing against Hall, De Perio, and Sport-BLX<br>¶ 122: "The Founders and Sport-BLX precluded Cypress from realizing the full benefit of its bargain . . . by engaging in the GlassBridge Transfer so as to circumvent, in bad faith, the requirement in the Third Agreement that requires the Founders to vote in favor of Cypress for it to hold a Sport-BLX Board Seat, and by otherwise utilizing GlassBridge and other entities they owned and controlled to strip Sport-BLX of its assets." | **Page 6**: "The following two causes of action assert claims that purport to be direct but are in part derivative . . . Count Two alleges conduct that harmed Cypress's investment because Sport-BLX lost assets and business opportunities, which is an injury to the corporation and thus a derivative claim. The non-derivative portion of Count Two alleges the loss of Cypress's board seat . . . Count Five incorporates and relies on the preceding factual allegations, which support both direct and derivative claims. To the extent it is based on allegations supporting the theory of stripping Sport-BLX of money and business opportunities, Count Five must be brought |

| | derivatively on behalf of Sport-BLX. The non-derivative portion of the claim in Count Five is based on any alleged misconduct supporting the surviving direct claims that post-date Cypress's investment (i.e., interfering with Cypress's board seat, but not wrongfully inducing the Cypress investment)." <br><br> **Result**: "Counts Two and Five are dismissed as to the derivative portion of the claims alleging conduct that harmed Cypress' investment, but not as to the direct portion of the claims alleging deprivation of separate contractual rights held only by Cypress" (Dkt. 180 MTD at 17). <br> "For clarity, the surviving direct claims are: the direct claims against Hall, De Perio, and Sport-BLX contained in Counts One, Two, Three, Four, and Five." (MTD at p. 22). |
|---|---|
| **Count Five**: Breach of Fiduciary Duty against Hall and De Perio <br> ¶¶ 139, 141: Cypress incorporates by reference each of the allegations set forth in the preceding paragraphs . . . By reason of the foregoing unlawful conduct, the Founders have breached their fiduciary duty." | *See above* |
| **Count Twelve**: Aiding and Abetting a Breach of Fiduciary Duty against Clinton Group, GlassBridge, and S-BLX Securities <br> ¶¶ 175-186: "the Founders owe and owed to Cypress a fiduciary duty of loyalty . . . Defendants Hall and De Perio breached that duty by using other entities to circumvent Sport-BLX from realizing profit under the Agreement, instead funneling those profits into other entities over which Defendants Hall and De Perio exercise significant control." | "The derivative claims in Count Two, Five, Six, Seven, Twelve, Thirteen, Seventeen, Eighteen, and Nineteen are dismissed against Defendants Hall, De Perio and GlassBridge because they are in direct competition with Cypress' similar direct claims for the same pool of damages, creating an impermissible conflict of interest." (MTD at 7, *see also* 10-11). <br> The derivative claims in Count Eighteen against Defendants Ruchalski, Strauss, Baez and Johnson survive the motion as 'the existence of a conflict is unclear.' . . . The same is true for Counts Six, Seven, Nine, Ten, Eleven and Twelve against Defendants Clinton Group and S-BLX Securities." (*Id*. at 8) |

Thus, following the MTD Order, only the direct claims of Counts Two and Five remained (relating to the loss of Cypress' board seat). (Dkt. 180 MTD at p. 22). As to Count Twelve, the claims against Hall and De Perio (although not plead in the SAC) were dismissed, but Count Twelve was permitted to go forward against the Clinton Group and S-BLX Securities.

Following the Court's decision on summary judgment, these claims were further narrowed. With regard to Count Five, the Court acknowledged that all that was left following the MTD Order "pertained only to the loss of Cypress's board seat." (Dkt. 252, Opinion and Order on Summary Judgment ("SJ Order") at 27). And because the "fiduciary duty claim against Hall and De Perio arises from 'the same facts that underlie the contract obligations' in Count Two," the Court granted summary judgment to Hall and De Perio on Count Five. (*Id*. at 30).

As to Count Twelve—which remained only against S-BLX Securities and Clinton Group following the MTD Order—the Court allowed the claim to proceed because it found that there had been no substantive argument offered in support of dismissing the claim on summary judgment (*Id*. at 38). But, following the dismissal of Count Five's breach of fiduciary duty claim, the aiding and abetting claim necessarily fails. (*See* Renewed Motion to Dismiss, Dkt. 276-1.) Moreover, all the factual allegations underlying Count Twelve were resolved by the Court in its decisions with regard to other counts. Specifically, Cypress asserted multiple unjust enrichment theories premised on the same alleged "siphoning" underlying Count Twelve—the sale of the trading platform, the success fees, and the rent payments. With respect to the trading platform sale, the Court held that Cypress identified no evidence that the purchase price was unfair. (Dkt. 252, SJ Order, at 32). On the success-fee theory, the Court found no evidence that Sport-BLX paid a success fee or was otherwise "impoverished" by it. (Dkt. 252, SJ Order, at 35). And as to the rent, the Court noted that Salerno reviewed diligence materials before investing that disclosed the rent and Cypress failed to show that any rent payments unjustly enriched Clinton Group. Because none of these theories has evidentiary support, they cannot sustain Count Twelve on a derivative basis either. In fact, the Court recently recognized that all theories based on these factual allegations are no longer in the case. In its order on the parties' motions in line, the Court held "Cypress may not argue that rent payments, the platform sale or success fees independently establish liability, and Cypress may not invite the jury to award damages on those dismissed theories rather than on the claims that remain." (Dkt. 300 Order on Motions *in Limine*, at 3).

## If Count Twelve Survives, It Should be Severed

If the Court finds that Count Twelve has not been dismissed through its prior findings, then it must be severed. Courts evaluating severance under Rule 21 routinely look to the joinder standards in Rule 20, including whether the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and whether there is a common question of law or fact." *Syville v. New York City of New York*, No. 20-CV-00570, 2020 U.S. Dist. LEXIS 86345, at *2 (S.D.N.Y. May 15, 2020); Fed. R. Civ. P. 20(a)(2).

Following the MTD Order, all that conceivably remains of Count Twelve is a derivative claim against Defendants Clinton Group and S-BLX Securities relating to the alleged "siphoning" of assets. (MTD at 7, 10-11, 21-22). Plaintiff argues that Count Twelve need not be severed because it arises from a purported "web of transactions" involving "Orix fees, rent payments, and the platform sale" and the supposed "looting of Sport-BLX's assets." (Dkt. 302 at 2). But as the Court recognized just days ago in its order on the motions *in limine*, there are no theories of liability remaining in the case that rely on those facts. The only remaining claims—Counts Two and Eight—concern whether Hall and De Perio breached an implied covenant in the Side Agreement by transferring their shares to GlassBridge, which then voted for an alternative Sport-BLX director rather than Salerno. S-BLX Securities and Clinton Group were not involved in those alleged acts,

Page 4

and Cypress never alleged their involvement in these Counts.  As courts have recognized, "the overlap in questions of law or fact must be *substantial* in order for joinder to be appropriate." *Wilson-Phillips v. Metro. Transp. Auth.*, No. 18-CV-00417, 2018 U.S. Dist. LEXIS 194201, at *1 n1 (S.D.N.Y. Nov. 14, 2018) (emphasis added).  It is not here, so Count Twelve should be severed.

      Nor does the possibility of some overlap in witnesses or background evidence compel joinder.  The question is whether any overlap is substantial and whether it would actually promote efficiency and fairness. *See N. Jersey Media Grp. Inc.*, 312 F.R.D. at 117.  To the contrary, keeping Count Twelve with the remaining claims would risk confusing the issues and burdening the jury and the parties with sprawling, unrelated evidence. Where joinder would require the Court to "constantly caution the jury to not consider evidence that is irrelevant or inadmissible", severance is appropriate. *See Saleh v. Digital Realty Tr., Inc.*, No. 21-CV-09005, 2022 U.S. Dist. LEXIS 139769, at *8 (S.D.N.Y. Aug. 5, 2022) (granting motion to sever).

Respectfully submitted,

/s/ *Michael S. Schachter*
Michael S. Schachter
Shaimaa M. Hussein
Meredith E. Mayer-Dempsey
WILLKIE FARR & GALLAGHER LLP
Counsel for George Hall, Sport-BLX, Sport-BLX Securities, and Clinton Group