# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 22, 2026

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Cypress Holdings, III, L.P. v. George Hall, et al.*,
     Case No. 22-cv-01243 (LGS)

Dear Judge Schofield,

On behalf of Sport-BLX and George Hall, we respectfully but urgently ask the Court to increase each side's time for presenting evidence from four hours to six. We have worked to pare our witness list and streamline examinations, but believe four hours will not allow the jury to fairly assess the claims and defenses.

Although the claims are limited, the jury cannot fairly evaluate the case without first understanding several industry-specific concepts. For example, a broker-dealer application is not a simple form; it requires months of intensive work. Here, Sport-BLX spent around $5 million and seven months just to reach the point when FINRA requested information about Cypress' owners. Without time to explain what occurred during that period, the jury will lack the factual context necessary to decide liability and damages.

Similarly, and as another example, the jury cannot accurately assess damages from the loss of the broker-dealer application without first understanding Sport-BLX's revenue model and the technology built for it –which depended almost entirely on earning commissions with a broker-dealer license. It is critical that Sport-BLX have the opportunity to explain this business model and its anticipated different streams of income. The jury will also be unable to assess damages without understanding how Sport-BLX raised capital and how the various company valuations were derived. These are all concepts that at least some of the jurors may be unfamiliar with and learning for the first time.

These are only two examples. We have no intention of belaboring points or wasting the Court's time, but believe limiting the presentation to four hours would deprive the jury of the tools it needs to reach a fair judgment. The requested increase applies equally to both sides and is narrowly tailored to what we believe this case requires.

So that the Court may further assess this request, we identify here the witnesses we intend to examine and the brevity of each witness's planned examination:

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

| Witness | Time for Examination |
|---|---|
| George Hall | 1.5 hour direct examination. |

George Hall will testify about the founding of Sport-BLX, its business model, and its plan to become a broker-dealer. He will describe the steps the company took toward registration, including the months of work required to assemble the application and the significant resources devoted to the effort. This includes hiring consultants and specialists to build the Sport-BLX technology platform so it could operate as an exchange, as well as negotiations and marketing directed at sports leagues, teams, and athletes. Hall will further explain that Sport-BLX retained outside consultants specifically to assist with the broker-dealer application process. Hall will provide figures supporting the cost expended to become a broker-dealer.

Hall will then address his interactions with Salerno, beginning with Salerno's February 2019 investment. He will testify that FINRA issued requests for information to Sport-BLX, that Sport-BLX relayed those requests to Salerno to advance the application, and that the company made numerous attempts to obtain the requested information from him. Hall will describe how the board emphasized the importance of Salerno's compliance and how, from August through November 2019, Sport-BLX consultants and FINRA experts presented to the Sport-BLX board—including Salerno—regarding the necessity of providing the requested information. Hall will testify that Salerno continued to refuse to respond in a manner sufficient to allow the application to succeed and will recount the company's interactions with its broker-dealer advisors that ultimately led Sport-BLX to withdraw the application.

Hall will also testify about his sale of a portion of his Sport-BLX stock to GlassBridge and the reasons for the transaction. He will explain that the sale was favorable for Sport-BLX in several respects, including that GlassBridge had made significant loans to keep the company operating at a time when it could not generate issuing or trading revenue without a broker-dealer license. He will further explain that the GlassBridge transaction was part of GlassBridge's broader effort to formalize a deal with a Japanese company. Finally, Hall will describe his interactions with the Sport-BLX board, GlassBridge, and Salerno leading up to the board vote.

| Joseph De Perio | 45 minute direct examination. |
|---|---|

Joseph De Perio's testimony will fill several critical gaps left by Hall's testimony. Most importantly, De Perio—and not Hall—primarily interacted with Salerno in the period leading up to Salerno's investment. Those interactions included multiple exchanges of draft contracts and agreements in which Salerno provided comments, edits, and suggestions; sought advice from his attorney; and relayed that advice back to De Perio. Throughout the negotiations, Salerno requested various terms and protections—some of which Hall and De Perio accepted, and others they rejected.

These negotiations are central to defending against Salerno's implied covenant claim because they show that Salerno understood the confines of the agreements. The negotiation history will establish that Salerno knew Hall and De Perio could sell their stock based on terms that Salerno (with his own counsel) proposed or accepted. It will further show that Salerno sought additional protections related to his board seat—specifically by requesting a lower

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

| | |
|---|---|
| ownership threshold—which Hall and De Perio rejected. The terms Hall and De Perio declined are critical to demonstrate that, had Salerno asked them to limit their ability to sell their shares or to guarantee him a board seat, they would have refused. Without parsing these negotiations, the jury will lack the factual basis necessary to assess whether "it is evident from the contract that the parties would have forbidden the conduct had they considered it," a key component of the Court's charge. <br><br> De Perio will **not** needlessly repeat material already covered by Hall. Rather, he will testify to his individual exchanges with Salerno in which, on behalf of Sport-BLX, he requested disclosure of Cypress's owners, and he will address his direct interactions with Sport-BLX's FINRA advisors and counsel regarding the necessity of obtaining that information from Cypress. De Perio is also distinct from Hall in that he served on the GlassBridge board of directors. He is necessary to explain the negotiation process with GlassBridge and why, from GlassBridge's perspective, it was favorable to purchase Sport-BLX stock for reasons independent of Salerno's board seat. | |
| Kenneth Norensberg | 30 minute direct examination. |
| Ken Norensberg, principal of Luxor Financial Group, was retained by Sport-BLX in late 2018 to advise on the preparation and submission of its broker-dealer application. A former member of FINRA's Board of Governors, Norensberg will describe FINRA's requirements and process and the work he performed to ready Sport-BLX's application for filing. He will further explain that, after submission, he was engaged to assist Sport-BLX in responding to FINRA inquiries necessary for the application to advance and succeed. He will testify regarding FINRA's specific requests for information relating to Cypress, and why Sport-BLX's ability to respond to those requests dictated the fate of the application. He will also testify that, on August 16, he addressed the Sport-BLX board of directors, emphasized the critical need to provide this information, and warned that delays or incomplete responses could cause the application to lapse or be rejected. He will discuss his interactions with the Sport-BLX board leading up to its October 17, 2019 withdrawal of the FINRA application. | |
| William Mack | 30 minute direct examination. |
| William Mack is the co-chair of the Financial Regulatory and Compliance Practice at Greenberg Traurig and a former Principal Counsel for Enforcement at FINRA. He is expected to testify about his 2019 advice to Sport-BLX concerning its broker-dealer application. Specifically, Sport-BLX expects Cypress and Salerno to attempt to defend their actions by claiming that Cypress offered to provide its ownership information directly to FINRA. The evidence will show that the Sport-BLX board sought counsel on whether this was a workable solution and learned that it was not. William Mack will testify to the advice he gave Sport-BLX at a board meeting, at which Salerno was present and asked Mr. Mack questions directly, that FINRA would not accept an application unless the applicant, Sport-BLX, knew the identity of its owners, and he explained the reasons for that requirement. Thus, Mr. Mack's testimony is necessary to establish that any purported workaround proposed by Salerno was one he knew would not work and did not reflect a genuine attempt to help the company secure approval of its application. | |

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc., et al.*, No. 1:22-cv-1243 (LGS) and *Sport-BLX, Inc., v. Cypress Holdings, III, L.P. and Michael M. Salerno*, No. 1:22-cv-8111 (LGS)

| | |
|---|---|
| Gene Phillips | 45 minute direct examination. |
| Phillips will serve as an expert witness and testify regarding the damages Sport-BLX sustained as a result of withdrawing its broker-dealer registration and pursuing an alternative business plan. | |
| Michael Salerno | 1.5 hour cross examination. |
| Marcie Bour | 30 minute cross examination. |
| Marcie Bour will testify in rebuttal of the expert testimony by Gene Phillips regarding the valuation of Sport-BLX, Inc. | |

Further, Cypress has indicated that it intends to call witnesses beyond those identified above, whom we may also need to examine.

Our clients have devoted years and significant sums to claims and defenses they believe are just, and which will soon be adjudicated by a jury. We respectfully request an additional two hours so that we may do our best to ensure that the jury deciding these claims has before it the evidence and understanding it needs to render a fair and informed verdict. We anticipate that even with six hours for each side, this trial will conclude by Thursday, February 5th (assuming opening statements proceed at the latest on Monday afternoon). The parties have conferred, and opposing counsel opposes the relief requested.

Thank you for your consideration.

Respectfully submitted,

/s/ *Michael S. Schachter*
Michael S. Schachter
Shaimaa M. Hussein
Meredith E. Mayer-Dempsey
WILLKIE FARR & GALLAGHER LLP
Counsel for George Hall and Sport-BLX