LAW OFFICES OF
# ALEXANDER M. DUDELSON

ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100    FAX (718) 624-9552

OF COUNSEL
LOUIS R. ROSENTHAL
JULIAN K. WHITE
YEHUDA FARKAS
FABIAN G. PALOMINO
(1924 - 2014)

January 22, 2026

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cypress Holdings, III, LLP v. George Hall, et al.*
             <u>Case No.: 22-cv-01243 (LGS)</u>

Your Honor:

      I am the attorney for plaintiff Cypress Holdings, III, L.P. ("Cypress"), and Michael Salerno ("Salerno"), in related case 1:22-cv-0811 (LGS). This letter is respectfully submitted in opposition to the request by defendants' Sport-BLX and George Hall to increase the allotted time for presenting evidence from four hours to six hours per side.

      As this Court may recall, Sport-BLX and George Hall had already requested an increase of time to present their evidence during the pre-trial conference. As a result of the application, the Court increased the allotted time from three and half hours to four hours. The Court determined that the current four hour limit, and indeed even three and half hours, would sufficient for a case with such limited claims.

      The defendants' argue that "industry-specific concepts" and the complexity of broker-dealer applications necessitate more time. However, the proposed witness list reveals significant redundancy that can be streamlined within the existing four hour time-frame. The defense intends to call George Hall, Joseph De Perio, Kenneth Norensberg, and William Mack to all testify regarding the same core issue: the FINRA application process and the requests for Cypress's ownership information. Specifically, both Mr. Norensberg and Mr. Mack are slated to testify about the exact same 2019 board meetings and the advice provided therein. Both Mr. Hall and Mr. De Perio are purportedly scheduled to testify extensively on the Sport-BLX business model and the negotiations surrounding Mr. Salerno's investment. Further, the defense has allocated substantial time for expert testimony regarding damages and valuations. These issues, while important, do not require the expanded schedule requested if the examinations remain focused on the material facts.

The defendants' claim that they have "pared" their witness list is undermined by their own letter, which identifies seven different witnesses for what they admit are "limited" claims. The Court has already addressed the Defendants' request and extended the time.  Cypress and Salerno have already scheduled their rebuttal witness based on the parameters set by this Court. Granting this further request would likely lead to the belaboring of points the defense claims they wish to avoid.

For these reasons, we believe the current four-hour allocation is more than adequate to allow both sides to present their case fairly to the jury.  We respectfully request that the Court deny the motion for additional time.

Thank you for your consideration.

Respectfully submitted,

*Alexander Dudelson*
Alexander M. Dudelson

**Via ECF:** All parties