UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYPRESS HOLDINGS, III, L.P.,
*individually and derivatively on
behalf of Sport-BLX, Inc.*,

                              Plaintiff,

                  -against-

SPORT-BLX, INC. et al.,

                            Defendants.
------------------------------------------------------------X

22 Civ. 1243 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this action and 22 Civ. 8111 are scheduled to be tried together to a jury. Cypress Holdings, III, L.P. ("Cypress") has two surviving claims, Count Two and Count Twelve. Cypress brings Count Two against George Hall and Sport-BLX, Inc. ("Sport-BLX") and Count Twelve against Sport-BLX Securities, Inc. ("Sport-BLX Securities") and Clinton Group, Inc. ("Clinton Group," and all four collectively, the "Sport-BLX Parties"). Count Twelve is hereby severed and dismissed without prejudice for the reasons explained below.

**Background**

WHEREAS, Count Twelve asserts that Sport-BLX Securities and Clinton Group aided and abetted a breach of fiduciary duty by George Hall and Joseph De Perio. The alleged conduct that gave rise to the breach included facilitating or participating in transactions to divert corporate value from Sport-BLX.

WHEREAS, the underlying claim for breach of fiduciary duty against Hall and De Perio is not a part of the trial because it is a derivative claim that was previously dismissed without prejudice, along with other derivative claims. These claims were dismissed on conflict grounds

under Rule 23.1 because Cypress pursued overlapping direct and derivative theories that competed for the same recovery. *See Cypress Holdings, III, L.P. v. Sport-BLX, Inc.*, No. 22 Civ. 1243, 2024 WL 4265645, at *4 (S.D.N.Y. Sept. 23, 2024) (granting in part and denying in part the Sport-BLX Parties' motion to dismiss).

WHEREAS, Count Twelve was permitted to proceed against Sport-BLX Securities and Clinton Group at the pleading stage because Cypress asserted no direct claims against those entities, and any conflict was unclear as to them.

WHEREAS, the parties were asked to submit letters addressing whether Count Twelve should be tried with the remaining claims or should be severed and tried with the claims that were dismissed due to conflict.

WHEREAS, in response, Cypress argued that Count Twelve should be tried with the remaining claims because Count Twelve overlaps with the surviving theories, relies on many of the same witnesses and documents and supplies context and motive. Cypress also argued that any risk of juror confusion can be addressed through limiting instructions.

WHEREAS, the Sport-BLX Parties responded that trying Count Twelve would expand the consolidated trial into a separate set of disputed transactions and fiduciary-duty theories that otherwise will not be tried, and would "risk confusing the issues and burdening the jury and the parties with sprawling, unrelated evidence."

**Legal Standard**

WHEREAS, Rule 21 permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988); *accord Saleh v. Digital Realty Tr., Inc.*, No. 21 Civ. 9005, 2022 WL 3139733, at *6 (S.D.N.Y.

Aug. 5, 2022). "The caselaw of this Circuit has established that Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation."[1] *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003); *accord Saleh*, 2022 WL 3139733, at *6.

**Discussion**

WHEREAS, including Count Twelve in the trial would risk inconsistent verdicts and duplicative proceedings, and would materially broaden the trial.

WHEREAS, Count Twelve first requires a jury to find whether Hall and De Perio breached their fiduciary duty -- even though that claim has been severed from this action -- and then determine whether Sport-BLX Securities and Clinton Group aided and abetted that breach. This creates an avoidable risk of duplicative proceedings and inconsistent outcomes -- such as a finding in this trial that Hall and De Perio breached fiduciary duties (which Defendants Sport-BLX Securities and Clinton Group aided and abetted), followed by a later litigation in which a different factfinder determines there was no breach of fiduciary duty.  Courts in this District avoid requiring overlapping factual issues to be tried by different factfinders because that circumstance creates an avoidable risk of inconsistent verdicts.  *Cf. BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 126 (S.D.N.Y. 2000) (denying severance because of the risk of inconsistent verdicts); *Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 563 (S.D.N.Y. 1996) (same); *Foremost Guar. Corp. v. Pub. Equities Corp.*, No. 86 Civ. 6421, 1988 WL 125667, at *6 (S.D.N.Y. Nov. 10, 1988) (same).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

WHEREAS, without Count Twelve, the trial is limited to two sets of facts and does not include Sport-BLX Securities and Clinton Group as parties.  The Cypress claim in Count Two is against Hall and relates to Cypress's loss of its seat on the Sport-BLX Board of Directors.  The two triable claims brought by Sport-BLX, Inc. relate to Cypress and its principal Michael Salerno's non-disclosure of Cypress's owners.  Count Twelve would introduce additional transactions and disputes about whether Sport-BLX Securities and Clinton Group improperly diverted corporate value from Sport-BLX.  Thus, the inclusion of Count Twelve would significantly broaden this trial, with the risk that the same ground would need to covered again in a separate proceeding to adjudicate the underlying claim for breach of fiduciary duty.

WHEREAS, judicial efficiency and consistency favor litigating the claims for breach of fiduciary duty and aiding and abetting that breach together in a single proceeding.  Doing so avoids litigating the fiduciary duty claim twice and allows Cypress to pursue Count Twelve alongside the dismissed fiduciary duty claim in a separate action.  It is hereby

**ORDERED** that Count Twelve is severed and dismissed without prejudice to renewal in a separate action.

The Clerk of Court is respectfully directed to dismiss Sport-BLX Securities, Inc. and Clinton Group, Inc. from this action.

Dated: January 28, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE