

**CHRISTIAN D. CARBONE**
Partner and Co-Chair,
Litigation

345 Park Avenue
New York, NY  10154

**Direct**    212.407.4852
**Main**     212.407.4000
**Fax**       212.937.3683
ccarbone@loeb.com

Via ECF

January 29, 2026

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Cypress Holdings, III, LP v. Sport-BLX, Inc. et al.*, No. 22-cv-01243

Dear Judge Schofield:

      We represent Defendant GlassBridge Enterprises, Inc. ("GlassBridge") in the above-referenced action and write pursuant to Rule III.A.1. of Your Honor's Individual Rules and Procedures to respectfully request an emergent pre-motion conference regarding GlassBridge's motion for an order enforcing the binding settlement reached between GlassBridge, Daniel Strauss and Francis Ruchalski (collectively, the "GlassBridge Parties"), on the one hand, and Plaintiff Cypress Holdings, III, LP ("Cypress") and Michael Salerno (collectively, the "Cypress Parties"), on the other hand.

      Between January 8, 2026 and January 14, 2026, counsel for the GlassBridge Parties and the Cypress Parties negotiated settlement terms by exchanging demands and counteroffers.  Each offer from the GlassBridge Parties contained a settlement payment that was expressly conditioned upon Cypress's agreement to dismissal as against GlassBridge "with prejudice and a general release of [the GlassBridge Parties]." Ex. 1 at 3-8. On January 14, 2026, after the Cypress Parties lowered their settlement demand to $60,000, the GlassBridge Parties confirmed their agreement and sought confirmation that the settlement terms included "1) $60,000; 2) Dismissal of GlassBridge, with prejudice; 3) General release that covers GlassBridge, Strauss and Ruchalski." *Id.* at 3-5.  The Cypress Parties' counsel replied, "[c]orrect.  But I will still need them to appear for trial as witnesses." *Id.* at 4. Counsel for the GlassBridge Parties confirmed: "[w]e have a deal. 1. $60,000; 2. Dismissal of the lawsuit with prejudice; 3. General release from your clients in favor of GlassBridge, Strauss and Ruchalski." *Id.* at 3-4. Counsel for the GlassBridge Parties further agreed to accept service of trial subpoenas. *Id.*

      On January 16, 2026, Cypress confirmed that "[w]e have a deal in principle," *id.* at 2*,* and confirmed the agreement to Your Honor during the January 16, 2026 Pre-Trial Conference.  On January 23, 2026, as agreed, counsel for the GlassBridge Parties accepted service of trial subpoenas directed to Messrs. Strauss and Ruchalski.  *Id.* at 4.

242902877.2
233797-10018



The GlassBridge Parties have fully honored their commitments. The Cypress Parties have not. Despite their repeated, express, and unambiguous confirmation of the material terms of the settlement, both to counsel and, through counsel, to this Court, and despite GlassBridge's part performance, the Cypress Parties have now refused to execute a settlement agreement memorializing the terms they agreed to.

We have attempted to resolve these issues without seeking court intervention. Unfortunately, the Cypress Parties and their counsel have refused. Instead, in a transparent attempt to hold up GlassBridge on the eve of trial, the Cypress Parties have brazenly conditioned the entire settlement upon new, additional terms that were never discussed during the parties' negotiations and formed no part of the parties' agreement whatsoever.

This is textbook bad faith. Cypress reached a deal, told this Court a deal had been reached, allowed GlassBridge to be released from trial obligations in reliance on that deal, accepted GlassBridge's performance and now seeks to extract additional concessions at the eleventh hour. Such conduct should not be countenanced. The law is clear: a party may not renege on a binding settlement agreement to extort material terms that were never part of the bargain. The Court should enforce the settlement based upon the terms the Cypress Parties repeatedly and expressly agreed to. *See Elysium Health, Inc. v. ChromaDex, Inc.*, No. 22-1059-CV, 2023 WL 7037442, at *3 (2d Cir. Oct. 26, 2023) (affirming enforcement of settlement agreement set forth in email exchanges where, as here, "neither party expressed an intent not to be bound absent a writing through either its words or behavior"); *Struggs v. Kia Motors Fin.*, No. 22-CV-6 (DG)(PK), 2024 WL 1530688, at *8 (E.D.N.Y. Mar. 28, 2024) (enforcing settlement where "multiple email exchanges between counsel for Defendants and Plaintiff's Counsel, discussing and then agreeing to terms of the settlements" contained "no express reservation of the right not to be bound").

We thank the Court for its attention to this urgent matter and will be prepared to address it at the Court's convenience.

Respectfully submitted,

*/s Christian D. Carbone*

Christian D. Carbone
Loeb & Loeb LLP

cc:  All counsel of record (via ECF)